IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division
In Admiralty

| | |
|---|---|
| In the Matter of COEYMANS MARINE TOWING, LLC D/B/A CARVER MARINE TOWING as Owner and Operator of M/T Mackenzie Rose, (IMO No. 8968765) her cargo, engines, boilers, tackle, equipment, apparel, and appurtenances, etc., *in rem*, ("M/T MACKENZIE ROSE"), petitioning for Exoneration from or Limitation of Liability in allision with Norfolk and Portsmouth Belt Line Railroad Company Main Line Railroad Bridge (the "Bridge") occurring June 15, 2024 in and about the Elizabeth River, Virginia. | Civil Action No: 2:24-cv-00490 |

**ANSWER AND AFFIRMATIVE DEFENSES OF CLAIMANT/RESPONDENT NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY TO THE COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

Claimant/Respondent Norfolk and Portsmouth Belt Line Railroad Company ("Claimant" or "Belt Line"), by counsel, for its Answer and Affirmative Defenses to the Complaint for Exoneration of Limitation of Liability ("Complaint") of Coeymans Marine Towing, LLC d/b/a Carver Marine Towing ("Petitioner"), as owner and operator of M/T MACKENZIE ROSE ("Mackenzie Rose"), states as follows:

To the extent any allegation in the Complaint is not expressly admitted herein, it is denied.

1. The Belt Line admits Petitioner's allegations in Paragraph 1 of the Complaint that it was and is the owner and operator of the Mackenzie Rose. The Belt Line denies the remaining allegations in Paragraph 1 of the Complaint.

2. The Belt Line admits that the Mackenzie Rose is a steel-hulled tugboat but lacks sufficient knowledge to admit or deny the length or tonnage as alleged in Paragraph 2 of the

Complaint and therefore denies them. The Belt Line denies the remaining allegations in Paragraph 2 of the Complaint.

3. The Belt Line admits that on June 15, 2024, the Mackenzie Rose allided with the Norfolk and Portsmouth Belt Line Railroad Company Main Line Railroad Bridge (the "Bridge"). The Belt Line denies the remaining allegations in Paragraph 3.

## JURISDICTION AND VENUE

4. The Belt Line admits that the allision giving rise to the Complaint occurred on the Southern Branch of the Elizabeth River and that the Southern Branch of the Elizabeth River is a navigable waterway of the United States as alleged in Paragraph 4 of the Complaint. The remaining allegations in Paragraph 4 of the Complaint are conclusions of law to which no response is required.

5. The Belt Line admits that it filed suit against the Petitioner on June 25, 2024 as alleged in Paragraph 4 of the Complaint. The Belt Line lacks sufficient knowledge to admit or deny the allegations regarding the current location of the Mackenzie Rose and whether it has been attached or arrested and therefore denies them. The remaining allegations of Paragraph 5 of the Complaint are conclusions of law to which no answer is required.

## FACTS

**A. The Transit and Allision**

6. The Belt Line admits the allegations in Paragraph 6 of the Petition.

7. The Belt Line admits that the Mackenzie Rose was pushing the deck barge WEEKS 281 as alleged in Paragraph 7 of the Complaint. The Belt Line lacks sufficient knowledge to admit or deny the remaining allegations of Paragraph 7 and therefore denies them.

8. The Belt Line admits that the Mackenzie Rose allided with the Bridge on June 15, 2024 as alleged in Paragraph 8 of the Complaint. The Belt Line denies the remaining allegations in Paragraph 8.

9. The Belt Line admits that the allision of the Mackenzie Rose with the Bridge has resulted in monetary damages to the Belt Line as alleged in Paragraph 9 of the Complaint. The Belt Line denies the remaining allegations in Paragraph 9 of the Complaint, and expressly avers that the Mackenzie Rose was traveling at excessive speed while pushing the barge, that the allision with the Bridge was of great force, pushing the Bridge structure several feet off its pier, and rendered it unusable for train service.

**B. Belt Line's Claim in the United States District Court, Eastern District of Virginia, Norfolk Division**

10. The Belt Line admits the allegations in Paragraph 10 of the Complaint.

**C. Petitioner Is Not Entitled to Exoneration from Fault or Limitation of Liability**

11. The Belt Line denies the allegations in Paragraph 11 of the Complaint, and expressly avers that Petitioner and/or persons for whose acts and omissions Petitioner is responsible, was negligent, at fault, and fully responsible for the damages sustained by the Belt Line as a result of the allision.

12. The Belt Line denies the allegations in Paragraph 12 of the Complaint, and expressly avers that Petitioner and/or any persons or property for whom or which Petitioner is responsible is not entitled to be exonerated or exempted from liability for the damages sustained by the Belt Line as a result of the allision.

13. The Belt Line denies that Petitioner is entitled to the limit its liability pursuant to the Limitation of Liability Act as alleged in Paragraph 13 of the Complaint, and expressly avers that the acts, omissions, unseaworthiness or other causes of the allision were within the privity and

3

knowledge of Petitioner, or should reasonably have been known by Petitioner, or could have been prevented by Petitioner.

14. The Belt Line is without information or knowledge sufficient to respond to the allegations in Paragraph 14 of the Complaint that the maximum value of the Mackenzie Rose is $2,500,000.00, and therefore denies it and demands strict proof thereof. The remaining allegations either state conclusions of law or compliance with procedural requirements to which an answer is not required.

15. Paragraph 15 of the Complaint states conclusions of law to which no response is required. To the extent a response is required, the Belt Line is without information or knowledge sufficient to respond to the allegations regarding the responsibilities of Petitioner's insurers and therefore denies the allegations of Paragraph 15 of the Complaint.

## PETITIONER'S PRAYER FOR RELIEF

16. The Belt Line denies that Petitioner is entitled to any of the relief requested in the Complaint.

## CLAIMANT'S AFFIRMATIVE DEFENSES

1. The Belt Line reserves the right to challenge the Petitioner's alleged value of the Mackenzie Rose, her engines, apparel, appurtenances, pending freight any other assets described or whose existence is implied in the Complaint, and the adequacy of the security posted.

2. Petitioner is not entitled to exoneration or to limit its liability in the instant case because, at all times relevant to this litigation, the Mackenzie Rose was operated in a willful, wanton, or reckless manner, or in the alternative, the acts, omissions, errors and/or conditions which led to the Belt Line's damages and losses were within the privity and knowledge of Petitioner and the owners, managing owners, owners *pro hac vice*, and/or operators of the

Mackenzie Rose. The Belt Line specifically incorporates the allegations in its Claim in this action as if set forth in this affirmative defense.

3. Petitioner is not entitled to exoneration or to limit its liability in the instant case because the Mackenzie Rose was known by Petitioner and by the owners, managing owners, owners *pro hac vice*, and/or operators of the Mackenzie Rose, to be unseaworthy at the time of the voyage for, among other things, failing to properly train the crew, failing to follow safe work and operational procedures, failing to properly maintain the vessel and its appurtenances, failing to provide a competent crew and safe equipment, and/or other failures, acts, or omission of the Petitioners and of the Mackenzie Rose which may be shown at trial. The Belt Line specifically incorporates the allegations in its Claim in this action as if set forth in this affirmative defense.

4. Petitioner is not entitled to exoneration or to limit its liability in the instant case because it and the owners, managing owners, owners *pro hac vice*, and/or operators of the Mackenzie Rose did not use due diligence to make the vessel seaworthy at the outset of the voyage on which the allision occurred. The Belt Line specifically incorporates the allegations in its Claim in this action as if set forth in this affirmative defense.

5. The events culminating in the damages and losses sustained by the Belt Line were not the result of any negligence, fault, or want of due care of the Belt Line.

6. The Belt Line reserves the right to assert any other affirmative defense of which it becomes aware up to and through the trial of this action.

WHEREFORE, having fully answered, the Norfolk and Portsmouth Belt Line Railroad Company moves for the entry of an order dismissing the Complaint, for judgment in its favor on its Claim against Petitioner, and for an award of all costs expended on its behalf.

Dated: December 5, 2024

                                                NORFOLK AND PORTSMOUTH BELT
LINE RAILROAD COMPANY

By:      /James L. Chapman, IV
     James L. Chapman, IV, VSB No. 21983
     W. Ryan Snow, VSB No. 47423
     Mackenzie R. Pensyl VSB No. 100012
     CRENSHAW, WARE & MARTIN, P.L.C.
     150 W. Main Street, Suite 1923
     Norfolk, Virginia 23510
     Telephone: (757) 623-3000
     Facsimile: (757) 623-5735
     jchapman@cwm-law.com
     wrsnow@cwm-law.com
     mpensyl@cwm-law.com
     *Attorneys for Norfolk and Portsmouth Belt Line Railroad Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of December 2024, I electronically filed the foregoing using the CM/ECF system, which will send notification of such filing to all counsel of record.

              /James L. Chapman, IV
James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Mackenzie R. Pensyl VSB No. 100012
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
mpensyl@cwm-law.com
*Attorneys for Norfolk and Portsmouth Belt Line Railroad Company*