UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA: NORFOLK DIVISION
------------------------------------------------------------------------x
IN THE MATTER OF COEYMANS MARINE TOWING,
LLC D/B/A CARVER MARINE TOWING AS OWNER                    Case No.: 2:24-CV00490
AND OPERATOR OF M/T MACKENZIE ROSE, (IMO
NO. 8968765), HER CARGO, ENGINES, BOILERS,
TACKLE, EQUIPMENT, APPAREL, AND                            In Admiralty
APPURTENCES, ETC., IN REM ("M/T MACKENZIE
ROSE") PETITIONING FOR EXONERATION FROM
OR LIMITATION OF LIABILITY IN ALLISION WITH
NORFOLK AND PORTSMOUTH BELT LINE
RAILROAD COMPANY MAIN LINE RAILROAD
BRIDGE (THE "BRIDGE") OCCURING JUNE 15, 2024
IN AND ABOUT THE ELIZABETH RIVER, VIRGINIA
------------------------------------------------------------------------x

## ANSWER OF COEYMANS MARINE TOWING, LLC d/b/a CARVER MARINE TOWING, AS OWNER OF THE VESSEL, M/T MACKENZIE ROSE, TO THE CLAIM OF EVANSTON INSURANCE COMPANY a/s/o NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY (HEREINAFTER "EVANSTON")

COEYMANS MARINE TOWING, LLC d/b/a CARVER MARINE TOWING, as owner of the vessel, M/T MACKENZIE ROSE (hereinafter "Petitioner"), by its attorneys, CLYDE & CO US LLP, answers the Claim of Evanston as follows:

### PARTIES

1.  Petitioner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Claim.

2.  Petitioner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Claim, and refers all questions of law to this Honorable Court.

3.  Petitioner admits to the allegations contained in Paragraph "3," except denies it caused damages.

4.  Petitioner admits the allegations contained in Paragraph "4 of the Claim."

39392643

## JURISDICTION AND VENUE

5. Petitioner admits the allegations contained in Paragraph "5 of the Claim."

6. Petitioner admits the allegations contained in Paragraph "6 of the Claim."

## FACTUAL BACKGROUND

7. Petitioner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "7" of the Claim.

8. Petitioner admits the allegations contained in Paragraph "4."

9. Petitioner denies each and every allegation contained in Paragraph "9" of the Claim, and refers all questions of law to this Honorable Court.

10. Petitioner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Claim.

11. Petitioner denies each and every allegation contained in Paragraph "11" of the Claim.

12. Petitioner denies each and every allegation contained in Paragraph "12" of the Claim, and refers all questions of law to this Honorable Court.

13. Petitioner denies each and every allegation contained in Paragraph "13" of the Claim, and refers all questions of law to this Honorable Court.

14. Petitioner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Claim.

15. Petitioner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Claim.

16. Petitioner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Claim.

17. Petitioner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Claim.

## AFFIRMATIVE DEFENSES

Petitioner, as Owner of the Vessel M/T Mackenzie Rose, by its attorneys, Clyde & Co., as to its Affirmative Defenses to the claims of Evanston avers as follows:

## FIRST AFFIRMATIVE DEFENSE

Evanston's Claim is barred in whole or in part, on the grounds that Evanston fails to state a claim or cause of action against Petitioner upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Petitioner's alleged actions or omissions did not give rise to any duty owed to Evanston or its subrogor, by Petitioner.

## THIRD AFFIRMATIVE DEFENSE

Evanston's damages, if any, were the direct and proximate result of the acts of negligence or intentional acts of other persons or entities not under the control of Petitioner and for whom Petitioner cannot be held liable.

## FOURTH AFFIRMATIVE DEFENSE

At all times referred to in Evanston's Claim, Vessel M/T Mackenzie Rose was in a seaworthy condition.

**FIFTH AFFIRMATIVE DEFENSE**

At all times referred to in Evanston's Claim, Petitioner took reasonable precautions to protect property and persons from injury, loss or damage.

**SIXTH AFFIRMATIVE DEFENSE**

Evanston's damages, if any, were caused by a new, independent, and/or intervening and/or superseding cause, and were not caused by Petitioner, thereby barring recovery from Petitioner.

**SEVENTH AFFIRMATIVE DEFENSE**

Evanston failed to take such reasonable measures so as to mitigate and reduce the losses and damages, if any, as alleged in Evanston's Claim.

**EIGHTH AFFIRMATIVE DEFENSE**

Evanston failed to comply with all conditions precedent.

**NINTH AFFIRMATIVE DEFENSE**

The alleged defects to Petitioner's vessel and equipment, if any, were latent and undetectable even in the exercise of due care.

**TENTH AFFIRMATIVE DEFENSE**

Petitioner denies that it acted negligently with regard to Evanston and denies that it is liable to Evanston.

**ELEVENTH AFFIRMATIVE DEFENSE**

Petitioner did not engage in any acts or omissions which were a proximate cause of the alleged damages of which Evanston complains.

**TWELFTH AFFIRMATVIE DEFENSE**

Evanston's Claim is barred by General Maritime Law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Petitioner is entitled to limit its liability in accordance with maritime statutory and common law, including, but not limited to, Supplemental Rules for Certain Admiralty and Maritime Claims Rule F and 46 U.S.C. §30501, *et seq.*

**FOURTEENTH AFFIRMATIVE DEFENSE**

Evanston's Claim is barred, in whole or in part, by the doctrine of estoppel.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Evanston's Claim is barred, in whole or in part, by the doctrine of waiver.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Evanston's Claim is barred, in whole or in part, to the extent that Evanston and/or others failed to preserve evidence.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Petitioner had no prior notice of any defective or hazardous condition which allegedly caused damage to Evanston.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Petitioner complied with all applicable laws, regulations, standards, and the available knowledge and technology of the marine industry.

## NINETEENTH AFFIRMATIVE DEFENSE

Evanston's Claim, in whole or in part, is barred by the applicable Statute of Limitations.

## TWENTIETH AFFIRMATIVE DEFENSE

Petitioner breached no duty, if any, to Evanston under common law or general maritime law of negligence.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Petitioner had no privity or knowledge of any negligent acts or omissions alleged by Evanston, nor of any alleged unseaworthiness of the vessel M/T Mackenzie Rose.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Evanston has failed to acquire rights of subrogation and, therefore, has no standing to bring this Claim as subrogee of Norfolk and Portsmouth Belt Line Railroad Company.

WHEREFORE, COEYMANS MARINE TOWING, LLC d/b/a CARVER MARINE TOWING, as owner of M/T Mackenzie Rose, prays that the Claim of Evanston be dismissed in its entirety, and for such other and further relief as this Honorable Court deems just and proper.

Dated:  New York, NY
       December 16, 2024

Respectfully submitted,

CLYDE & CO US LLP

By: /s/    *Harold L. Cohen*
    Harold L. Cohen. Esq. (98148)
    Clyde & Co US LLP
    Attorneys for Petitioner
    1221 Brickell Ave #1600
    Miami, FL  33131

    James H. Rodgers, Esq. (JR-4798)
    *Pro Hac Vice*
    Clyde & Co US LLP
    The Chrysler Building
    405 Lexington Avenue, 16th Floor
    New York, NY 10174

cc:    Mark C. Nanavati, Esq. (BSB #38709)
    G. Christopher Jones, Jr., Esq. (VSB #82260)
    SINNOT, NUCKOLS & LOGAN, P.C.
    13811 Village Mill Drive
    Midlothian, Virginia 23114
    (804) 893-3866 (Nanavati)
    (804) 893-3862 (Jones)
    (804) 378-2610 (Facsimile)
    mnanavati@snllaw.com
    cjones@snllaw.com

*Counsel for Evanston Insurance Company,*
*s/s/o Norfolk and Portsmouth Belt Line*
*Railroad Company*

Zachary M. Jett, Esq. (VSB #93285)
BUTLER WEIHMULLER KATZ CRAIG LLP
11525 North Community House Road, Suite 300
Charlotte, North Carolina 28277
(704) 543-2321 (Telephone)
(704) 543-2324 (Facsimile)
zjett@butler.legal
*Counsel for Evanston Insurance Company,*
*s/s/o Norfolk and Portsmouth Belt Line*
*Railroad Company*

James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Mackenzie R. Pensyl VSB No. 100012
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
mpensyl@cwm-law.com

*Counsel for Norfolk and Portsmouth Belt*
*Line Railroad Company*

CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of December 2024, I electronically filed the foregoing using the CM/ECP system, which will send notification of such filing of all counsel of record.

By: /s/ *Harold L. Cohen*
Harold L. Cohen. Esq. (98148)
Clyde & Co US LLP
Attorneys for Petitioner
1221 Brickell Ave #1600
Miami, FL  33131

8