IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division
In Admiralty

| | |
|---|---|
| NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY,<br><br> Plaintiff,<br><br>and<br><br>EVANSTON INSURANCE COMPANY,<br><br> Intervening Plaintiff,<br><br>v.<br><br>JAMES MORRISSEY<br><br> Defendant. | Civil Action No.: 2:24-cv-00407<br><br>*consolidated with* |
| In the Matter of COEYMANS MARINE TOWING, LLC d/b/a CARVER MARINE TOWING AS OWNER AND OPERATOR OF M/T MACKENZIE ROSE, (IMO No. 8968765), Her Cargo, Engines, Boilers, Tackle, Equipment, Apparel, and App,<br><br> Petitioner. | Civil Action No.: 2:24-cv-00490 |

**VERIFIED AMENDED INTERVENING COMPLAINT**

 COMES NOW the Intervening Plaintiff, Evanston Insurance Company, by and through undersigned counsel, and alleges and says the following:

**JURISDICTION AND VENUE**

 1. This is a case of admiralty and maritime jurisdiction arising out of a vessel allision with a railroad bridge upon the navigable waters of the United States. This is also an admiralty or

maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has original admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Intervening Plaintiff, Evanston Insurance Company ("Evanston"), is a corporation approved as an insurer in the Commonwealth of Virginia with a principal place of business in a State/Commonwealth other than Virginia. Evanston provided insurance coverage to Norfolk and Portsmouth Belt Line Railroad Company ("Belt Line") against losses arising from certain hazards to its real and business property. This insurance was provided and issued under Evanston policy number RRP1549-11 (the "Policy").

4. At all times relevant hereto, the Belt Line was and is a railroad company organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business in Chesapeake Virginia.

5. At all times relevant hereto, Defendant James Morrissey was and is an individual who was the vessel master onboard the M/T MACKENZIE ROSE at the time of the Allision described below. Upon informaiton and belief, Defendant Morrissey is a citizen of New York where he resides.

## FACTUAL BACKGROUND

6. The Belt Line is the owner of the Norfolk and Portsmouth Belt Line Railroad Company Main Line Railroad Bridge (the "Bridge"), which crosses the Southern Branch of the Elizabeth River between the cities of Chesapeake and Portsmouth, Virginia. The Bridge is a

single-track railroad vertical lift bridge and remains in the open position such that vessel traffic may pass underneath it, except when lowered to allow trains to pass. *See* 33 C.F.R. § 117.997.

7. The M/T MACKENZIE ROSE (IMO No. 8968765) is a U.S. flagged tugboat registered under the laws of New York, approximately 96 feet in length overall.

8. On or about June 15, 2024, Defendant Morrissey was operating the M/T MACKENZIE ROSE as the tug transitioned north on the Southern Branch of the Elizabeth River in the vicinity of the Bridge upon the navigable waters of the United States. The M/T MACKENZIE ROSE was pushing ahead a 200-foot unmanned deck barge owned by Weeks Marine named WEEKS 281.

9. While approaching the Bridge, Defendant Morrissey negligently and recklessly operated the M/T MACKENZIE ROSE, pushing the WEEKS 281 outside the western edge of the navigational channel and allided with the western section of the Bridge (the "Allision").

10. At the time of the Allision, the Bridge was in the open position and did not block or otherwise restrict access to the navigational channel.

11. At the time of the Allision, Defendant was the vessel master onboard the M/T MACKENZIE ROSE.

12. Upon information and belief, Defendant failed to navigate and operate with due regard for prevailing circumstances; failed to properly direct the movements of the M/T MACKENZIE ROSE so as to prevent the Allision; failed to use all available means appropriate to the prevailing circumstances and conditions to determine if risk of allision existed; failed to make proper use of equipment to assess the risk of allusion and failed to avoid the Bridge; employed autopilot system known to be defective; failed to keep and maintain an alert and efficient lookout; misjudged the distance between the M/T MACKENZIE ROSE and the Bridge during approach;

navigated too closely to the Bridge; failed to keep the M/T MACKENZIE ROSE under control so as to be able to stop the M/T MACKENZIE ROSE from striking the Bridge; failed to take into consideration the effects of the times, currents or wind; proceeded at an excessive speed under the circumstances; and failed to take timely or effective steps to avoid striking the Bridge.

13. Upon information and belief, Defendant negligently and recklessly failed to notify the local Coast Guard and the Belt Line of the Allision before departing as required by 46 C.F.R. § 4.05-1.

14. The Allision was not due to any fault of neglect on the part of the Belt Line, its agents, servants, or employees, and was not due to any fault or defect in the Bridge.

15. As a result of the Allision, the Bridge was severely damaged.

16. Pursuant to its policy of insurance with the Belt Line, Evanston reimbursed the Belt Line in an amount of $5,000,000.00 for a portion of the damages incurred by the Belt line as a result of the incident described above, with additional payments anticipated.

17. By virtue of its payment, Intervening Plaintiff is subrogated to the Belt Line's right of recovery against any third-party for damages arising out of the June 15, 2024 incident.

18. On August 8, 2024, Coeymans Marine Towing, LLC d/b/a Carver Marine Towing, as owner of the M/T MACKENZIE ROSE, filed a Complaint for Exoneration from or Liability of Liability in this Court as Civil Action No. 2:24-cv-490. Evanston has filed a claim and answer in the Liability Action. *See* ECF 20 and 22 in Civil Action no. 2:24-cv490.

19. By statute, a complaint for exoneration from or limitation of liability "does not affect the liability of an individual as a master, officer, or seaman, even [if] the individual is also an owner of the vessel." 46 U.S.C. § 30530

WHEREFORE, Intervening Plaintiff, by counsel, prays that this Court enter judgment in Evanston's favor in the full amount of its damages against Defendant James Morrissey, together with pre-judgment and post-judgment interest, expenses, punitive damages, and costs, and grant Evanston all other just relief.

Respectfully submitted this 8th day of January, 2025.

BUTLER WEIHMULLER KATZ CRAIG LLP

s/ Zachary M. Jett, Esq.
Zachary M. Jett, Esq.
VA Bar No.: 93285
11525 N. Community House Road, Suite 300
Charlotte, North Carolina  28277
Telephone: (704) 543-2321
Facsimile:   (704) 543-2324
Email: zjett@butler.legal
*Attorney for Intervening Plaintiff*

## **VERIFICATION**

PERSONALLY APPEARED Vivian Conley, who, under penalty of perjury, deposes and says:

1. My name is Vivian Conley and I am an Executive Subrogation Specialist on behalf of Evanston Insurance Company in the instant action. I am over the age of 18, of sound mind, and a resident of Fulton County in Georgia.

2. I have read the forgoing VERIFIED AMENDED INTERVENING COMPLAINT and know the contents therefore, and the same are true and correct to the best of my knowledge, except as to the matters therein stated to be on information and belief, and as to those matters, I believe them to be true.

3. I have specific knowledge as to the amounts paid by Evanston Insurance Company to its insured, Norfolk and Portsmouth Belt Line Railroad Company, under its policy of insurance, with said amount being $5,000,000.00. It is anticipated that additional payments will be made under its policy of insurance.

4. The sources of my information and the grounds of my belief are my personal knowledge and the documents in my possession.

5. The above statements are true and correct under penalty of perjury.

Evanston Insurance Company

*Vivian Conley*
Vivian Conley
Executive Subrogation Specialist

6 January, 2025
Date

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of January, 2025, the foregoing *Verified Amended Intervening Complaint* was filed electronically through the Court's CM/ECF electronic filing system, which will automatically deliver electronic notification of the same to the following counsel of record:

> James L. Chapman IV, Esq.
> W. Ryan Snow, Esq.
> Alexander R. McDaniel, Esq.
> Crenshaw, Ware & Martin, P.L.C.
> 150 W. Main Street, Suite 1923
> Norfolk, Virginia  23510
> P: 757-623-3000
> F: 757-623-5735
> jchapman@cwm-law.com
> wrsnow@cwm-law.com
> amcdaniel@cwm-law.com
> *Attorneys for Plaintiff Norfolk and Portsmouth Belt Line Railroad Company*

                                                    s/ Zachary M. Jett
                                                    Zachary M. Jett, Esq.