**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division
**In Admiralty**

| | |
|---|---|
| In the Matter of COEYMANS MARINE TOWING, LLC D/B/A CARVER MARINE TOWING as Owner and Operator of M/T Mackenzie Rose, (IMO No. 8968765) her cargo, engines, boilers, tackle, equipment, apparel, and appurtenances, etc., *in rem*, ("M/T MACKENZIE ROSE"), petitioning for Exoneration from or Limitation of Liability in allision with Norfolk and Portsmouth Belt Line Railroad Company Main Line Railroad Bridge (the "Bridge") occurring June 15, 2024 in and about the Elizabeth River, Virginia. | **Civil Action No: 2:24-cv-00490** |

**NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO COEYMANS MARINE TOWING, LLC D/B/A CARVER MARINE TOWING**

Claimant/Respondent Norfolk and Portsmouth Belt Line Railroad Company (the "**Belt Line**"), by counsel, pursuant to Fed. R. Civ. P. Rules 26 & 34, and EDVA Local Rule 26, and propounds the following Request for Production of Documents and Things to Defendant/Petitioner Coeymans Marine Towing, LLC d/b/a Carver Marine Towing, Inc., to be answered under oath within thirty (30) days. Any documents or things produced in response to this request should be produced for inspection and copying at the offices of Crenshaw, Ware & Martin, P.L.C., 150 W. Main Street, Suite 1923, Norfolk, Virginia 23510.

**DEFINITIONS**

As used herein, unless the context clearly requires otherwise, the following words have the following meanings:

1. **Belt Line** means the Norfolk and Portsmouth Belt Line Railroad Company, Claimant and Respondent herein.

EXHIBIT A

2. **The Belt Line's Railroad Bridge** means the Norfolk and Portsmouth Belt Line Railroad Company's Main Line Railroad Bridge which crosses the Southern Branch of the Elizabeth River between the cities of Chesapeake and Portsmouth, Virginia.

3. **Document** means anything containing, transmitting, or preserving information of whatever kind or character, whether verbal, pictorial, numeric, or otherwise; and including, without limitation, drafts, letters, reports, photographs, films, videotape, books, messages, email, text messages (SMS, MMS, RCS, etc.), notes, recordings, electronically stored information (including digital data that have been deleted but can be recovered), optical disks, computer drives, SD cards, sketches, diagrams, etc.

4. **Incident** means the allision with the **Belt Line's Railroad Bridge** of the M/T MACKENZIE ROSE and attached barge WEEKS 281 during their transit of the Elizabeth River on June 15, 2024.

5. **Vessel** means the M/T MACKENZIE ROSE.

6. **Barge** means the barge WEEKS 281.

7. **You, your, yours**, and the like mean and refer to Defendant/Petitioner Coeymans Marine Towing, LLC d/b/a Carver Marine Towing, Inc., its management, employees, agents, and counsel, and the person answering these Interrogatories.

## REQUEST FOR PRODUCTION

1. Produce any and all **documents** listing the officers or crew members assigned to the **Vessel** on or before June 15, 2024.

   **RESPONSE**:

2. Produce the personnel file of each and every officer and crew member assigned to or present aboard the **Vessel** or **Barge** on June 15, 2024, including, as to each, his or her last known home address and his or her last W-2 form.

**RESPONSE**:

3. Produce each and every **document** that indicates or contains the last known address of James Morrissey.

**RESPONSE**:

4. Produce each and every **document** that portrays, describes, or purports to portray or describe, the course, position, and speed of the **Vessel** at any time from June 10 through June 20, 2024.

**RESPONSE**:

5. Produce the towing plan, if any, in effect for the **Vessel** at the time of the **Incident.**

**RESPONSE**:

6. Produce any and all data records or transcripts from the **Vessel** on June 15, 2024, for any and all voice recorders whether in electronic, paper, or other form.

**RESPONSE**:

7. Produce any and all data records or transcripts from the **Vessel** on June 15, 2024, for any and all chart-plotters, whether in electronic, paper, or other form.

**RESPONSE**:


8.      Produce any and all data records or transcripts from the **Vessel** on June 15, 2024, for any and all voyage data recorders, whether in electronic, paper, or other form.

**RESPONSE**:


9.      Produce any and all data records or transcripts from the **Vessel** on June 15, 2024, for any and all video recorders, whether in electronic, paper, or other form.

**RESPONSE**:


10.     Produce any and all data records or transcripts from the **Vessel** on June 15, 2024, for any and all radars, whether in electronic, paper, or other form.

**RESPONSE**:


11.     Produce any and all data records or transcripts from the **Vessel** on June 15, 2024, for any and all Automatic Identification Systems ("AIS"), whether in electronic, paper, or other form.

**RESPONSE**:


12.     Produce any and all data records or transcripts from the **Vessel** on June 15, 2024, for any and all Automatic Radar Plotting Aid ("ARP A") devices, whether in electronic, paper, or other form.

**RESPONSE**:

13. Produce each and every **document** containing any video or data depicting or reflecting the display of any radar, AIS, or ARP A aboard the **Vessel** during its transit of the Elizabeth River on the day of the **Incident**.

**RESPONSE**:


14. Produce each and every document containing any photograph, video, or audio recording of any communications or activities on the **Barge** on June 15, 2024, including any video or photograph showing the Barge making contact with, or in the vicinity of, the Belt Line's Railroad Bridge..

**RESPONSE**:


15. Produce each and every document containing any photograph, video, or audio recording of any communications or activities on the bridge (or wheelhouse), decks, or line handling stations of the **Vessel** on June 15, 2024, including any video or photograph showing the **Vessel** making contact with, or in the vicinity of, the **Belt Line's Railroad Bridge.**

**RESPONSE**:


16. Produce each and every (rough, smooth, official, or unofficial): deck log, wheel house bell book, bearing book, gyrocompass log, engine room log, engine bell log, and depth recorder trace for the **Vessel** during the period of January 1, 2024 through September 15, 2024.

**RESPONSE**:

17. Produce any and all reports, log entries, or other records memorializing the displacement, drafts, trim, or list of the **Vessel** or the **Barge** for the period of June 10 through June 20, 2024.

**RESPONSE:**

18. Produce any and all **documents** that describe or indicate how the **Barge** was made up to the **Vessel** at the time of the **Incident**.

**RESPONSE**:

19. Produce the **Vessel**'s power graphs pertaining or relating to engine speed and operation applicable on the day of the **Incident**.

**RESPONSE:**

20. Produce the **Vessel**'s radar logs for the period of June 10 - 20, 2024.

**RESPONSE:**

21. Produce the **Vessel**'s VHF log and any other radio logs for the period of June 10 - 20, 2024.

**RESPONSE:**

22. Produce the **Vessel**'s telex and facsimile logs for the period of June 10 - 20, 2024.

**RESPONSE:**

23.     Produce any and all records from the **Vessel**'s INMARSAT and any other satellite communications system for the period 0001 hours to 2400 hours on the day of the **Incident**.

**RESPONSE:**


24.     Produce any and all **documents,** including, but not limited to, contracts, invoices, and indemnity agreements, pertaining to the provision of pilotage, including federal, state, and docking or tug pilots, to the **Vessel** on June 15, 2024.

**RESPONSE**


25.     Produce any and all **documents** pertaining or relating to or referencing the relevant tides or currents during the course of the **Vessel**'s transit of the Southern Branch of the Elizabeth River on June 15, 2024.

**RESPONSE**:


26.     To the extent not produced in response to previous requests, produce any and all voyage records for the **Vessel** or **Barge** pertaining to June 15, 2024, including without limitation, all official logs, rough and smooth deck and engine room logs, bell books, navigation charts, navigation work books, compass deviation cards, gyro records, stowage plans, records of draft, aids to mariners, night order books, radiograms sent and received, radio logs, crew and passenger lists, and articles of shipment. This request specifically relates to information and records required to be retained on behalf of the vessel pursuant to the requirements of 46 C.F.R. § 4.05-15.

**RESPONSE**:

27. Produce any and all photos or videos relating or pertaining to the **Incident**, or the aftermath thereof, taken at any time by anyone, including, but not limited to, photographs and videos of damage to the **Vessel**, the **Barge**, or the **Belt Line's Railroad Bridge**.

**RESPONSE**:


28. Produce any and all photos or videos relating or pertaining to the **Belt Line's Railroad Bridge** or its fendering system taken at any time by anyone.

**RESPONSE**:


29. Produce any and all **documents** obtained from any government entity, including but not limited to the United States Coast Guard, pertaining to the **Incident**, whether pursuant to any request under the Freedom of Information Act or otherwise.

**RESPONSE:**


30. Produce any and all **documents** and records memorializing or evidencing steps taken by anyone to report the **Incident** under 46 CFR 4.05-1.

**RESPONSE:**


31. Produce any and all **documents you** have provided to any government entity, including but not limited to the United States Coast Guard, pertaining to the **Incident**.

**RESPONSE:**

32. Produce any and all **documents** pertaining to management and operation of the **Vessel** or **Barge**, including, but not limited to, charters, subcharters, and management and/or operating agreements pertaining to any period inclusive of June 15, 2024.

**RESPONSE:**

33. Produce any and all documents relating to surveys, appraisals, valuations, or refinancing of the M/T MACKENZIE ROSE during the period from January 1, 2019 through December 31, 2024.

**RESPONSE**:

34. Produce any and all **documents** and records not already produced, reflecting or memorializing communications pertaining to the Incident to or from **you**, the **Vessel's** officers or crewmembers, or any government entity, including but not limited to the United States Coast Guard, **on or after June 15, 2024** .

**RESPONSE**:

Dated: January 10, 2025

NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY

By: _____
James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Mackenzie R. Pensyl  VSB No. 100012
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com

9

wrsnow@cwm-law.com
mpensyl@cmw-law.com
*Attorneys for Norfolk and Portsmouth Belt Line Railroad Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of January 2025, I served the foregoing by electronic mail on the following:

James H. Rodgers, Esq.
CLYDE & CO US LLP
The Chrysler Building
405 Lexington Avenue
New York, New York l O 174
Tel No.: (212) 702-6771
Fax No.: (212) 710-3950
Email: *james.rodgers@clydeco.us*

Joseph Macy, Esq.
CLYDE & CO US LLP
1775 Pennsylvania Avenue NW Suite 400
Washington, DC 20006
Tel No.: (202) 747-5108
Fax No.: (202) 747-5150
Email: *joseph.macy@clydeco.us*
*Attorneys for Coeymans Marine Towing, LLC, d/b/a Carver Marine Towing*

James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Mackenzie R. Pensyl VSB No. 100012
Crenshaw, Ware & Martin, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
mpensyl@cwm-law.com
*Attorneys for Norfolk and Portsmouth Belt Line Railroad Company*