IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division
In Admiralty

| | |
|---|---|
| In the Matter of COEYMANS MARINE TOWING, LLC D/B/A CARVER MARINE TOWING as Owner and Operator of M/T Mackenzie Rose, (IMO No. 8968765) her cargo, engines, boilers, tackle, equipment, apparel, and appurtenances, etc., *in rem*, ("M/T MACKENZIE ROSE"), petitioning for Exoneration from or Limitation of Liability in allision with Norfolk and Portsmouth Belt Line Railroad Company Main Line Railroad Bridge (the "Bridge") occurring June 15, 2024 in and about the Elizabeth River, Virginia. | **Civil Action No: 2:24-cv-00490** |

**NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY'S FIRST SET OF INTERROGATORIES TO**
**COEYMANS MARINE TOWING, LLC D/B/A CARVER MARINE TOWING**

Claimant/Respondent Norfolk and Portsmouth Belt Line Railroad Company (the "**Belt Line**"), by counsel, pursuant to Fed. R. Civ. P. Rules 26 and 33, propounds the following interrogatories to Petitioner/Defendant Coeymans Marine Towing, LLC d/b/a Carver Marine Towing, Inc., to be answered fully and under oath within thirty days.

**DEFINITIONS**

As used herein, unless the context clearly requires otherwise, the following words have the following meanings:

1. **Belt Line** means the Norfolk and Portsmouth Belt Line Railroad Company.

2. The **Belt Line's Railroad Bridge** means the Belt Line's Main Line Railroad Bridge that crosses the Southern Branch of the Elizabeth River between the cities of Chesapeake and Portsmouth, Virginia.


EXHIBIT C

3. **Document** means anything containing, transmitting, or preserving information of whatever kind or character, whether verbal, pictorial, numeric, or otherwise; and includes, without limitation, drafts, letters, reports, photographs, films, videotape, books, messages, notes, recordings, electronically stored information (including digital data), optical disks, computer drives, SD cards, sketches, diagrams, etc.

4. **Identify**,

    a. as to a natural person, means to state the full legal name of such person; his or her last known address; present location, if different; e-mail address; and telephone number;

    b. as to a company or other business organization, means to state its full legal name; last known postal address; telephone number; place of incorporation or registration, if any; principal place of business; and, if incorporated in another State, its registered agent in Virginia;

    c. as to a **document**, means to state its title or character (letter, report, e-mail message, digital recording, etc.); its present location; and the **identity** of its author, recipients, and present custodian as natural persons are to be **identified;**

    d. as to any other thing, means to state its name or function (radio, guidance system, recorder, etc.); manufacturer; vendor; brand; model name; serial number; any other individual identifier; present location; and present custodian.

5. **Incident** means the allision with the **Belt Line's Railroad Bridge** of the M/T MACKENZIE ROSE and attached barge on June 15, 2024.

6. **Vessel** means the M/T MACKENZIE ROSE.

7. **Barge** means the Barge WEEKS 281.

8. **You, your, yours**, and the like mean and refer to Petitioner/Defendant Coeymans Marine Towing, LLC d/b/a Carver Marine Towing, Inc.

## INTERROGATORIES

1. **Identify** all persons who assisted in preparing answers to these Interrogatories.

    **ANSWER**:


2. **Identify** every person known or believed by **You** to have knowledge of any information relating to the allegations in the Complaint. For each person identified, state the subject matter of the information that person possesses, and **identify** all **documents** evidencing or supporting your answer.

    **ANSWER:**


3. Describe in detail how the **Barge** WEEKS 281 was made up to the M/T MACKENZIE ROSE at the time of the **Incident**.

    **ANSWER:**


4. With regard to any operator of the **Vessel** on June 15, 2024, state the following:

    a. The Coast Guard licenses he held on June 15, 2024;

    b. The length of time prior to the **Incident** he was licensed to operate a tug;

    c. The dates during which he was employed by **You** and in what capacity;

    d. Whether his licenses were ever suspended or revoked;

    e. Whether he has been involved in any prior accidents while operating a vessel, and the details of such accidents, if any.

    **ANSWER**:

5. **Identify** each crewmember, officer, and other person aboard the **Vessel** and/or **Barge** during their transit of the Elizabeth River on June 15, 2024, and state his or her job title or office, specific location at the time of the **Incident**, watch station (if any), and job responsibilities.

**ANSWER**:


6. **Identify** all witnesses to the **Incident** of whom **You** are aware, whether on or off the **Vessel**, and for each person identified, state the character and subject matter of his or her knowledge (e.g., eyewitness, causation, damages, investigation, repairs, etc.) and **identify** all documents (including witness statements) that evidence or relate to such knowledge.

**ANSWER**:


7. Describe in detail the actions taken by each crewmember, officer, and other person aboard the **Vessel** and/or **Barge** immediately after the **Incident** including, but not limited to, any operational or reporting actions. If any actions were taken to report the **Incident**, identify all person(s) who took such action(s) and all **documents** memorializing or evidencing the action(s) taken.

**ANSWER:**


8. **Identify** all communications pertaining to the **Incident** to or from **You**, the **Vessel's** crewmembers or officers, any repair facility, and/or any government entity, including but not limited to the United States Coast Guard, **from June 15, 2024 to present**.

**ANSWER**:

9.      State when **You** first notified the United States Coast Guard of the **Incident** and in what manner **You** did so, including the **identity** of all person(s) who prepared or communicated such notice and all **documents** memorializing or evidencing the steps **You** took to report the **Incident** under 46 CFR 4.05-1.

**ANSWER**:

10.     State when **You** first notified the **Belt Line** of the **Incident** and in what manner **You** did so, including the **identity** of all person(s) who prepared or communicated such notice and all **documents** memorializing or evidencing the steps Y**ou** took to notify the **Belt Line**.

**ANSWER**:

11.     For each investigation, inspection, or analysis of the facts and circumstances of the **Incident**, state all results, findings, and determinations thereof, and **identify** the person(s) who conducted such investigation, inspection, or analysis, all **document**s that evidence or relate to the same, and the person or organization on whose behalf such investigation, inspection, or analysis was conducted.

**ANSWER**:

12.     **Identify** all communications equipment or systems available or aboard the **Vessel** during the voyage in which the **Incident** occurred, including, without limitation, radios, satellite communication systems, electronic mail, facsimile devices, cellular phones in use on the **Vessel**, and any identifying or account information for the use of such systems.

**ANSWER**:

13. **Identify** all navigation equipment or systems available or aboard the **Vessel** during the voyage in which the **Incident** occurred, including, without limitation, Automatic Identification System ("AIS") equipment, satellite navigation devices, chart plotters or recorders, depth sounding equipment, radars, Automatic Radar Plotting Aid ("ARP A") radar equipment, speed log, engine order bell logger, voyage recording device or system, and any identifying or account information for the use of such systems.

**ANSWER**:

14. **Identify** any voice or video recording systems that were available aboard the **Vessel** in June 2024, whether or not actually in use at the time of the **Incident**, that could record, without limitation, radio communications with other vessels or shore side entities, conversations or activities of persons on the bridge, internal communications among vessel watch stations, and/or communications between line handling stations and others, etc., and identify all documents that show or memorialize their use on June 15, 2024.

**ANSWER**:

15. **Identify** all vessel voyage records, including electronic data, relating to the **Incident**, that have been retained pursuant to the requirements of 46 C.F.R. § 4.05-15 or otherwise, and **identify** the custodian of said records.

**ANSWER**:

16.     **Identify** all **documents** relating to any survey, appraisal, valuation, or refinancing of the M/T MACKENZIE ROSE during the period from January 1, 2020 through December 31, 2024.

**ANSWER**:


17.     If **you** contend that the **Incident**, or any part of the **Belt Line**'s damages, was caused or contributed to by any act or omission of the **Belt Line**, its agents or employees, please state with particularity what each such act or omission was, when and where it occurred, who committed or omitted it, and how it caused or contributed to the **Incident** or damages; and **identify** all persons and **documents** from whom or from which **You** obtained information concerning the same; and if **You** make no such contention, so state.

**ANSWER:**


18.     If **you** contend that the **Incident**, or any part of the **Belt Line**'s damages, was caused or contributed to by any act, omission, event, condition, or other thing outside **Your** supervision and control, not mentioned in **your** Answer to the previous Interrogatory, please state with particularity what each such act, omission, event, condition, or other thing was, when and where it occurred or was located, and how it caused or contributed to the **Incident** or damages; and **identify** all persons and **documents** from whom or from which **You** obtained information concerning the same; and if **You** make no such contention, so state.

**ANSWER:**

19. If, at any time during the voyage on which the **Incident** occurred, or in the ten years prior to that voyage or the time since that voyage to present, any navigational, steering, electronic guidance, or autopilot system or device aboard the **Vessel** malfunctioned or failed to operate as intended or expected, please state, as to each such occurrence, the date and time thereof, the facts and circumstances thereof, and any action taken by **You** as a consequence thereof; and **identify** all persons involved and all **documents** that evidence or relate to the same.

**ANSWER:**


20. Describe everything **You** did to inspect and/or test the navigational, steering, electronic guidance, and autopilot systems on June 15, 2024, before beginning **your** voyage from Virginia to New York and prior to the **Incident**, and identify all persons involved and all documents that evidence or relate to the same.

**ANSWER**:


21. State the basis for Affirmative Defenses 1 through 21 as stated in **Your** Answer to the Belt Line's Claim and **identify** all **documents** supporting **Your** answer.

**ANSWER:**


Dated: February 20, 2025

NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY

By: _____
James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Mackenzie R. Pensyl VSB No. 100012
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923

8

Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
mpensyl@cmw-law.com
*Attorneys for Norfolk and Portsmouth Belt Line Railroad Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of February 2025, I served the foregoing by electronic mail on the following:

James H. Rodgers, Esq.
CLYDE & CO US LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Tel No.: (212) 702-6771
Fax No.: (212) 710-3950
*James.Rodgers@clydeco.us*

Harold L. Cohen. Esq.
CLYDE & CO US LLP
1221 Brickell Ave #1600
Miami, FL 33131
Tel No.: (202) 747-5108
Fax No.: (202) 747-5150
*Harry.Cohen@clydeco.us*

Michael Roman, Esq.
CLYDE & CO US LLP
30 S. Wacker Drive, Ste 2600
Chicago, IL 60606
Tel No.: (312) 635-6971
Fax No.: (312)635-6950
*Michael.Roman@clydeco.us*
*Attorneys for Coeymans Marine Towing, LLC, d/b/a Carver Marine Towing*

Mark C Nanavati, Esq. (BSB #38709)
G. Christophen Jones, Jr., Esq. (VSB #82260)
SINNOT, NUCKOLS & LOGAN, P.C.
13811 Village Mill Drive
Midlothian, Virginia 23114
(804) 893-3866 (Nanavati)
(804) 893-3862 (Jones)
(804) 378-2610 (Facsimile)
mnanavati@snllaw.com
cjones@snllaw.com
*Counsel for Evanston Insurance Company, s/s/o Norfolk and Portsmouth Belt Line Railroad Company*

Zachary M. Jett, Esq. (VSB #93285)
BUTLER WEIHMULLER KATZ CRAIG LLP
11525 N. Community House Rd, Suite 300
Charlotte, North Carolina 28277
(704) 543-2321 (Telephone)
(704) 543-2324 (Facsimile)
zjett@butler.legal
*Counsel for Evanston Insurance Company s/s/o Norfolk and Portsmouth Belt Line Railroad Company*

_____
James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Mackenzie R. Pensyl VSB No. 100012

>CRENSHAW, WARE & MARTIN, P.L.C.
>150 W. Main Street, Suite 1923
>Norfolk, Virginia 23510
>Telephone: (757) 623-3000
>Facsimile: (757) 623-5735
>jchapman@cwm-law.com
>wrsnow@cwm-law.com
>mpensyl@cwm-law.com
>*Attorneys for Norfolk and Portsmouth Belt Line Railroad Company*