LAW OFFICES
# CRENSHAW, WARE & MARTIN, P.L.C.
150 WEST MAIN STREET, SUITE 1923
Norfolk, Virginia 23510
www.cwm-law.com

TELEPHONE (757) 623-3000
FACSIMILE (757) 623-5735

MACKENZIE PENSYL
EMAIL: mpensyl@cwm-law.com
Also licensed in Ohio

February 28, 2025

**VIA ELECTRONIC MAIL**

James H. Rodgers, Esq.
CLYDE & CO US LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
James.Rodgers@clydeco.us

Michael Roman, Esq.
Dawn Johnson, Esq
CLYDE & CO US LLP
30 S. Wacker Drive, Ste 2600
Chicago, IL 60606
Michael.Roman@clydeco.us
Dawn.Johnson@clydeco.us

Harold L. Cohen. Esq.
CLYDE & CO US LLP
1221 Brickell Ave #1600
Miami, FL 33131
Harry.Cohen@clydeco.us

Re:   COEYMANS MARINE TOWING, LLC D/B/A CARVER MARINE TOWING as Owner and Operator of M/T Mackenzie Rose (IMO No. 8968765), etc.
United States District Court, Eastern District of Virginia, Case No. 2:24-cv-00490

Dear Mr. Rodgers:

We received your February 19, 2025 Objections to the Belt Line's First Set of Requests for Production of Documents. The purpose of this letter is to request that Carver withdraw all objections as described below.

## Carver Already Waived All Objections

The Belt Line propounded its Requests on January 10, 2025. EDVA Local Rule 26(C) and Paragraph 3 of the Rule 26(f) Pretrial Order required any objections within 15 days of service, or by January 27, 2025. Carver failed to serve any objections until February 19, 2025. In our meet and confer on February 14, 2025, Mr. Chapman specifically cited this deficiency as a waiver. In Mr. Snow's confirmation email on February 19, 2025, Mr. Snow likewise identified this waiver, even while the Belt Line agreed to extend Carver's production date. Thus, the objections served by Carver are waived.





James H. Rodgers, Esq.
February 28, 2025
Page 3

## Carver's General Objections are Prohibited in EDVA

Even if the objections were not waived, EDVA Local Rule 26(C) requires that all objections to discovery be specifically stated, which the Court has consistently held prohibits boilerplate objections. *See Acosta v. Med. Staffing of Am., LLC*, 2019 U.S. Dist. LEXIS 206674, at *13 (E.D. Va. Mar. 15, 2019). Thus, Carver should withdraw its general objections.

## Carver's Specific Objections are Improper

Carver's specific objections to the following requests are also without merit (without affecting the Belt Line's position that all objections are waived):

Objection to Request for Production No. 34.

Request No. 34 asks for all documents and records memorializing communications related to the allision from on or after the incident. Carver objects to Request No. 34 on grounds that the information sought is "remedial in nature." However, Carver fails to provide any reasoning as to why, even if Carver is correct, this prevents discovery of the documents. Any communication relating to the allision is highly relevant to the limitation action and likely to lead to discovery of other information, regardless of whether it relates to remedial action or repairs. *See Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 422 (5th Cir. 2006). Thus, Carver's objection to Request No. 34 is without merit.

Objections to information from before or after June 15, 2024.

Carver's objections to Request Nos. 1, 4, 16, 17, 20, 21, 22, and 33 assert that information sought from "before the date of the incident" or "post-incident" is irrelevant and remedial. These assertions are without merit. The requests are all relevant to the Belt Line's claims and defenses, particularly that the M/T MACKENZIE ROSE was known to have been unseaworthy at the time of the allision. Carver's knowledge and actions before and after the allision reflect on that information directly.

Request No. 1 asks for documents listing the officers and crew on the M/T MACKENZIE ROSE on and before June 15, 2024.

Request No. 4 asks for documents that describe the course, position, and speed of the M/T MACKENZIE ROSE from June 10, 2024 through June 20, 2024, a 10-day period.

Request No. 16 asks for the deck log, wheel house bell book, bearing book, gyrocompass log, engine room log, engine bell log, and depth recorder trace during the period of January 1, 2024 through September 15, 2024, a 9-month period.

Request No. 17 asks for all reports, log entries, and other records memorializing the displacement, drafts, trim, or lists for June 10 through June 20, 2024, a 10-day period.



James H. Rodgers, Esq.
February 28, 2025
Page 2

Request No. 20 asks for radar logs for June 10 through June 20, 2024, a 10-day period.

Request No. 21 asks for radio logs for June 10 through June 20, 2024, a 10-day period \.

Request No. 22 asks for telex and facsimile logs for June 10 through June 20, 2024, a 10-day period.

Request No. 33 asks for all documents relating to surveys, appraisals, valuations, or refinancing of the M/T MACKENZIE ROSE during the period from January 1, 2019 through December 31, 2024, a 5-year period relevant to valuation for limitation purposes.

These requests provide a reasonable time frame for the documents and are not unduly burdensome to Carver.

<u>Objections to requests containing statutory information.</u>

Carver objects to Request Nos. 26 and 30 "to the extent [they] require an interpretation of statutory law." Yet, the requests at issue require no interpretation of statutory law and the objections are without merit.

Request No. 26 provides a list of requested documents and cites 46 C.F.R. § 4.05-15, which requires retention of voyage records in the event of a marine casualty. This request does not require interpretation of § 4.05-15. The statute is an anti-spoliation statute mandating that the owner of a vessel preserve the listed documents. In accordance with this mandate, Carver should have preserved the information.

Likewise, Request No. 30 seeks any documents memorializing or evidencing steps taken to report the allision under 46 C.F.R. § 4.05-1. 46 C.F.R. § 4.05-1 requires a party to notify the Sector Office, Marine Inspection Office, or Coast Guard Group Office when there has been an "unintended strike of (allision with) a bridge." No statutory interpretation is necessary.

### **Carver's Privilege Objections Lack a Privilege Log**

Finally, Carver's objections to Request Nos. 4, 16, 17, 20, 21, 22, 30, and 33 state that the information sought is privileged, yet no privilege log is included.

Fed. R. Civ. P. 26(a)(5)(A) requires that when a party withholds information based on a claim of privilege, the party must "describe the nature of the documents" it claims to be privileged. Carver fails to do so and the objections for privileged documents are waived. *See* EDVA Local Rule 26.

Kindly confirm your withdrawal of all the above objections by March 4, 2025. In the alternative, if you wish to meet and confer regarding the foregoing objections, please reach out as soon as possible. Thank you for your attention to this matter.



James H. Rodgers, Esq.
February 28, 2025
Page 3

                                            Very truly yours,

                                            Mackenzie R. Pensyl

MRP/lah
cc:   James L. Chapman, IV, Esq.
      W. Ryan Snow. Esq.
      Zachary M. Jett, Esq.
      Mark C. Nanavati, Esq.
      Norfolk and Portsmouth Belt Line Railroad Company

