**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**
**In Admiralty**

| | |
|---|---|
| In the Matter of COEYMANS MARINE TOWING, LLC D/B/A CARVER MARINE TOWING as Owner and Operator of MiT Mackenzie Rose, (IMO No. 8968765) her cargo, engines, boilers, tackle, equipment, apparel, and appurtenances, etc., *in rem,* ("M/T MACKENZIE ROSE"), petitioning for Exoneration from or Limitation of Liability in allision with Norfolk and Portsmouth Belt Line Railroad Company Main Line Railroad Bridge (the "Bridge") occurring June 15, 2024 in and about the Elizabeth River, Virginia. | Civil Action No: 2:24-cv-00490 |

**ANSWERS TO NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY'S FIRST SET OF INTERROGATORIES**

Petitioners Coeymans Marine Towing, LLC d/b/a Carver Marine Towing ("Carver Marine") by counsel, pursuant to Fed. R. Civ. P. Rules 26 & 34, and EDVA Local Rule 26, and for its answers to Norfolk and Portsmouth Line Railroad Company (the "Belt") First Set of Interrogatories.

**INTERROGATORIES**

1. **Identify** all persons who assisted in preparing answers to these Interrogatories.

**ANSWER:**

Carver Marine objects to this request as it seeks information pertaining to personnel at Carver Marine with whom counsel consulted with to discuss its answers and is therefore subject to attorney-client privilege and attorney work product.

2. **Identify** every person known or believed by **You** to have knowledge of any information relating to the allegations in the Complaint. For each person identified, state the subject matter of the information that person possesses, and **identify** all **documents** evidencing or supporting your answer.

**ANSWER:**



**Carver Marine objects to this request as it is overbroad and potentially privileged as it is subject to work product doctrine. Notwithstanding and subject to its objection, please see Carver's Response to Norfolk's First Request for Production of Documents, and CARVER 00001 - CARVER 00795 and Rosepoint data produced in connection with same.**

3. Describe in detail how the **Barge** WEEKS 281 was made up to the M/T MACKENZIE ROSE at the time of the **Incident**.

**ANSWER:**

4. With regard to any operator of the **Vessel** on June 15, 2024, state the following;

    a. With regard to any operator of the Vessel on June 15, 2024, state the following;

    b. The length of time prior to the **Incident** he was licensed to operate a tug;

    c. The dates during which he was employed by **You** and in what capacity;

    d. Whether his licenses were ever suspended or revoked;

    e. Whether he has been involved in any prior accidents while operating a vessel, and the details of such accidents, if any.

**ANSWER:**

**Carver Marine objects to this Interrogatories 4.d. and 4.e. on the ground that the interrogatories are overbroad, in that they are not limited in time or scope, and encompass five separate Interrogatories. Notwithstanding and subject to its objection, please see Carver's Response to Norfolk's First Request for Production of Documents, and CARVER 00001 - CARVER 00795 and Rosepoint data produced in connection with same.**

5. Identify each crewmember, officer, and other person aboard the **Vessel** and/or **Barge** during their transit of the Elizabeth River on June 15, 2024, and state his or her job title or office, specific location at the time of the **Incident,** watch station (if any), and job responsibilities.

**ANSWER:**

2

6. **Identify** all witnesses to the **Incident** of whom **You** are aware, whether on or off the **Vessel**, and for each person identified, state the character and subject matter of his or her knowledge (e.g., eyewitness, causation, damages, investigation, repairs, etc.) and i**dentify** all documents (including witness statements) that evidence or related to such knowledge.

**ANSWER:**

7. Describe in detail the actions taken by each crewmember, officer, and other person aboard the **Vessel** and/or **Barge** immediately after the **Incident** including, but not limited to, any operational or reporting actions. If any actions were taken to report the **Incident**, identify all person(s) who took such action(s) and all **documents** memorializing or evidencing the action(s) taken.

**ANSWER:**

**Carver Marine objects to this Interrogatory as it is more properly subject to deposition testimony as it requires a narrative. Notwithstanding and subject to its objection, please see Carver's Response to Norfolk's First Request for Production of Documents, and CARVER 00001 - CARVER 00795 and Rosepoint data produced in connection with same.**

8. **Identify** all communications pertaining to the **Incident** to or from **You**, the **Vessel's** crewmembers or officers any repair facility and/or any government entity, including but not limited to the United States Coast Guard, from **June 15, 2024 to present**.

**ANSWER:**

**Carver Marine objects to this request as it is confusing and vague because it is unclear what or who "or officers any repair facility and/or any government entity" describes or refers to. Notwithstanding and subject to its objection, please see Carver's Response to Norfolk's First Request for Production of Documents, and CARVER 00001 - CARVER 00795 and Rosepoint data produced in connection with same.**

3

9. State when **You** first notified the United States Coast Guard of the **Incident** and in what manner **You** did so, including the **identity** of all person(s) who prepared or communicated such notice and all **documents** memorializing or evidencing the steps **You** took to report the **Incident** under 46CFR 4.05-1.

**ANSWER:**

10. State when **You** first notified the **Belt Line** of the **Incident** and in what manner **You** did so, including the **identify** of all person(s) who prepared or communicated such notice and all **documents** memorializing or evidencing the steps **You** took to notify the **Belt Line**.

**ANSWER:**

**Defendant objects to the Belt Line's request regarding who it spoke to and the method and content of any communication as any information that the Belt Line itself received and is particularly within its knowledge.**

11. For each investigation, inspection, or analysis of the facts and circumstances of the **Incident**, state all results, findings, and determinations, thereof, and **identify** the person(s) who conducted such investigation, inspection, or analysis, all **documents** that evidence or relate to the same, and the person or organization on whose behalf such investigation, inspection, or analysis was conducted.

**ANSWER:**

**Carver Marine objects to this request to the extent it seeks information subject to the attorney client privilege and work product doctrine. Carver Marine objects to this Interrogatory as it is more properly subject to deposition testimony as it requires a narrative. Notwithstanding and subject to its objection, please see Carver's Response to Norfolk's First Request for Production of Documents, and CARVER 00001- CARVER 00795 and Rosepoint data produced in connection with same. To the extent that this Interrogatory seeks expert testimony and/or reports, Carver Marine will timely produce same in accordance with this Court's Order(s).**

12. **Identify** all communications equipment or systems available or aboard the **Vessel** during the voyage in which the **Incident** occurred, including, without limitation, radios, satellite, communication systems,

4

electronic mail, facsimile devices, cellular phones in use on the **Vessel**, and any identifying or account information for the use of such systems.

**ANSWER:**

13. **Identify** all navigation equipment or systems available or aboard the **Vessel** during the voyage in which the **Incident** occurred, including, without limitation, Automatic Identification System ("AIS") equipment, satellite navigation devices, chart plotters or recorders, depth sounding equipment, radars, Automatic Radar Plotting Aid ("ARP A") radar equipment, speed log, engine order bell logger, voyage recording device or system, and identifying or account information for the use of such systems.

**ANSWER:**

14. **Identify** any voice or video recording systems that were available aboard the **Vessel** in June 2024, whether or not actually in use at the time of the **Incident**, that could record, without limitation, radio communications with other vessels or shore side entities, conversations or activities of persons on the bridge, internal communications among vessel watch stations, and/or communications between line handling stations and others, etc., and identify all documents that show or memorialize their use on June 15, 2024.

**ANSWER:**

15. **Identify** all vessel voyage records, including electronic data relating to the Incident, that have been retained pursuant to the requirements of 46 C.F.R. § 4.05-15 or otherwise, and identify the custodian of said records.

**ANSWER:**

**To the extent that this Interrogatory requires legal analysis, Carver Marine objects to this Interrogatory as requiring information subject to attorney-client privilege or the work product doctrine as it requires interpretation of a statute. Notwithstanding and subject to its objection, please see Carver's Response to Norfolk's First Request for Production of Documents, and CARVER 00001- CARVER 00795 and Rosepoint data produced in connection with same.**

16.  **Identify** all **documents** relating to any survey, appraisal, valuation, or refinancing of the M/T MACKENZIE ROSE during the period from January 1, 2020 through December 31, 2024.

**ANSWER:**

17.  If **you** contend that the **Incident**, or any part of the **Belt Line's** damages, was caused or contributed to by any act or omission of the **Belt Line**, its agents or employees, please state with particularity what each such act or omission was, when and where it occurred, who committed or omitted it, and how it caused or contributed to the **Incident** or damages; and **identify** all persons and **documents** from whom or from which **You** obtained information concerning the same; and if **You** make no such contention, so state.

**ANSWER:**

**Carver Marine objects to this Interrogatory as it seeks information pertaining to the ultimate issue(s) in the instant litigation. Carver Marine further objects to this request to the extent it seeks information subject to the attorney client privilege and work product doctrine.**

18.  If **you** contend that the **Incident**, or any part of the **Belt Line's** damages, was caused or contributed to by any act, omission, event, condition, or other thing outside **Your** supervision and control, not mentioned in your Answer to the previous Interrogatory, please state with particularity what each such act, omission, event, condition, or other thing was, when and where it occurred or was located, and how it caused or contributed to the **Incident** or damages; and **identify** all persons and **documents** from whom or from which **You** obtained information concerning the same; and if **You** make no such contention, so state.

**ANSWER:**

**Carver Marine objects to this Interrogatory as it seeks information pertaining to the ultimate issue(s) in the instant litigation.  Carver Marine further objects to this request to the extent it seeks information subject to the attorney client privilege and work product doctrine.**

19. If, at any time during the voyage on which the **Incident** occurred, or in the ten years prior to that voyage or the time since that voyage to present, any navigational, steering, electronic guidance, or autopilot system or device aboard the **Vessel** malfunctioned or failed to operate as intended or expected, please state, as to each such occurrence, the date and time thereof, the facts and circumstances thereof, and any action taken by **You** as a consequence thereof; and **identify** all persons involved and all **documents** that evidence or relate to the same.

**ANSWER:**

**Carver Marine objects to this request as overbroad and unduly burdensome as it seeks information a decade prior to the incident which is the subject of the Complaint.**

20. Describe everything **You** did to inspect and/or test the navigational, steering, electronic guidance, and autopilot systems on June 15, 2024, before beginning **your** voyage from Virginia to New York and prior to the **Incident**, and identify all persons involved and all documents that evidence or relate to the same.

**ANSWER:**

**Carver Marine objects to this Interrogatory as it is more properly subject to deposition testimony as it requires a narrative. Notwithstanding and subject to its objection, please see Carver's Response to Norfolk's First Request for Production of Documents, and CARVER 00001- CARVER 00795 and Rosepoint data produced in connection with same.**

21. State the basis for Affirmative Defenses 1 through 21 as stated in **Your** Answer to the Belt Line's Claim and **identify** all **documents** supporting **Your** answer.

**ANSWER:**

**Carver Marine objects to this request unduly burdensome and overbroad in time and scope. Furthermore, the Interrogatory requires legal analysis and therefore, subject to the work product doctrine.**

7

Dated:  New York, New York
         March 7, 2025

          Respectfully submitted,

          **CLYDE & CO US LLP**

          By:<u>*/s/ Harold L. Cohen*</u>
          Harold L. Cohen, Esq.
          VSB No.: 98148
          1221 Brickell Avenue, Ste. 1600
          Miami, Florida 33131

          James H. Rodgers, Esq., *Pro Hac Vice*
          CLYDE & CO US LLP
          The Chrysler Building
          405 Lexington Avenue
          New York, New York 10174
          Tel No.: (212) 702-6771
          Fax No.: (212) 710-3950
          Email: james.rodgers@clydeco.us

          Michael H. Roman, Esq. *Pro Hac Vice*
          Dawn L. Johnson Esq., *Pro Hac Vice*
          30 S. Wacker Drive, Ste. 2600
          Chicago, IL 60606
          Dawn L. Johnson, Esq.
          Pro Hac Vice Forthcoming
          Tel: (312) 635-6971
          Fax: (312) 635-6950
          Email: Michael.roman@clydeco.us;
          Dawn.johnson@clydeco.us
          ***Attorneys For Coeymans Marine Towing, LLC***
          ***D/B/A Carver Marine Towing***

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## Norfolk Division
## In Admiralty

| | |
|---|---|
| In the Matter of COEYMANS MARINE TOWING, LLC D/B/A CARVER MARINE TOWING as Owner and Operator of MiT Mackenzie Rose, (IMO No. 8968765) her cargo, engines, boilers, tackle, equipment, apparel, and appurtenances, etc., *in rem*, ("M/T MACKENZIE ROSE"), petitioning for Exoneration from or Limitation of Liability in allision with Norfolk and Portsmouth Belt Line Railroad Company Main Line Railroad Bridge (the "Bridge") occurring June 15, 2024 in and about the Elizabeth River, Virginia. | **Civil Action No: 2:24-cv-00490** |

**RESPONSE TO NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. Pro. 26 and 34 and Eastern District of Virginia Local Rule 26, Petitioners Coeymans Marine Towing, LLC d/b/a Carver Marine Towing ("Carver Marine") by counsel, responds to Claimant/Respondent Norfolk and Portsmouth Line Railroad Company's (the "Belt Line") Second Set of Request for Production of Documents pursuant to F.R.C.P Rule 34 and Local Civil Rule 26(C) as follows:

1. Produce **Your** safety management system(s) in effect from January 1, 2020 to present.

**RESPONSE:**

Carver Marine objects to the request as vague, overbroad, unduly burdensome given the scope and nature of the matter at hand. The request is "vague" to the extent that the term "safety management system" is undefined. Further, time period contemplated within this request is overbroad.

2. Produce all **documents** relating to **Your** safety and/or training program(s), if any, in effect from January 1, 2020 to present, including all **documents** identifying who received training and when.

**RESPONSE:**

Carver objects to the request as overbroad, unduly burdensome given the scope and nature of the matter at hand. The time period contemplated within this request is overbroad. Notwithstanding objections, Carver will endeavor to locate and produce documents responsive to Request No. 2 for the period of January 1, 2024 - June 15, 2024, the date of the Incident.

9

3. Produce all **documents** relating to James Morrissey's participation in **Your** safety and/or training program(s) from January 1, 2020 to present.

**RESPONSE:**

**Carver objects to the request as overbroad, unduly burdensome given the scope and nature of the matter at hand. The time period is overbroad. Notwithstanding objections, Carver will endeavor to locate and produce documents responsive to Request No. 2 for the period of January 1, 2024 - June 15, 2024, the date of the Incident.**

4. Produce all **documents** relating to or evidencing disciplinary history of James Morrissey, including but not limited to, any disciplinary actions taken against James Morrissey.

**RESPONSE:**

**Carver objects to this request to the extent that it asks for post-Incident remedial actions. Notwithstanding objections, Carver will endeavor to locate any pre-Incident documents relating to any disciplinary actions relating to James Morrissey to the extent they exist and to the extent that they are not protected by law.**

5. Produce all "Near Miss Reports" related to the navigation, steering, or autopilot system on the **Vessel** from January 1, 2020 to present.

**RESPONSE:**

**Carver objects to the request as overbroad, unduly burdensome given the scope and nature of the matter at hand. The time period contemplated within this request is overbroad. Notwithstanding objections, Carver will endeavor to locate and produce documents responsive to Request No. 2 for the period of January 1, 2024 - June 15, 2024, the date of the Incident.**

6. Produce all **documents** relating to prior accidents and/or marine casualties involving the **Vessel** within the past 10 years.

**RESPONSE:**

**Carver objects to the request as overbroad, unduly burdensome given the scope and nature of the matter at hand. Further, the request fails to confine the documents requested to those which show any similarity to the facts of the issue at bar.**

7. Produce all **documents** relating to prior accidents and/or marine casualties involving James Morrissey within the past 10 years.

**RESPONSE:**

**Carver objects to the request as overbroad, unduly burdensome given the scope and nature of the matter at hand. The time period contemplated within this request is overbroad. The portion of the Request "involving James Morrissey" is vague and fails to confine itself to instances specific to James Morrissey.**

8. Produce all **documents** relating to or evidencing the repairs and/or work done on the **Vessel** for the period of June 12, 2024 through June 14, 2024, including, but not limited to, documents identifying who performed the work and a description of the work done.

**RESPONSE:**

9. Produce all **documents** identifying or evidencing repairs conducted relating to the navigation, steering, or autopilot system on the **Vessel** from January 1, 2020 to present.

**RESPONSE:**

**Carver objects to the request as overbroad, unduly burdensome given the scope and nature of the matter at hand. The time period contemplated within this request is overbroad. Notwithstanding objections, Carver will endeavor to locate and produce documents responsive to Request No. 9 for the period of January 1, 2024 - June 15, 2024, the date of the Incident.**

10. Produce all **documents** relating to or evidencing any time within the past 10 years that the navigation, steering, or autopilot system on the **Vessel** malfunctioned.

**RESPONSE:**

**See Response to Request No. 9.**

11. Produce all **documents** identifying or evidencing training conducted relating to the navigation, steering, or autopilot system on the **Vessel** from January 1, 2020 to present, including who performed it and who received it.

**RESPONSE:**

**See Response to Request No. 9.**

11

   12. Produce all **documents** evidencing company rules or protocols in effect from January 1, 2020 to present relating to the use of lookouts on the **Vessel**.

**RESPONSE:**

   **Carver objects to the request as overbroad, unduly burdensome given the scope and nature of the matter at hand. The time period contemplated within this request is overbroad. Notwithstanding objections, Carver will endeavor to locate and produce documents responsive to Request No. 12 for the period of January 1, 2024 - June 15, 2024, the date of the Incident.**

   13. Produce all **documents** evidencing company rules or protocols in effect from January 1, 2020 to present that identify procedures for testing/inspecting the "Steering System," "Navigation Equipment," and "Propulsion Controls/Systems" as described in the Master Daily Vessel reporting forms for the **Vessel**.

**RESPONSE:**

   **Carver objects to the request as overbroad, unduly burdensome given the scope and nature of the matter at hand. The time period contemplated within this request is overbroad. Notwithstanding objections, Carver will endeavor to locate and produce documents responsive to Request No. 13 for the period of January 1, 2024 - June 15, 2024, the date of the Incident.**

   14. Produce all **documents** evidencing company rules or protocols in effect from January 1, 2020 to present that identify when, how, and/or where **Your** employees must report collision or allision encountered by the Vessel.

**RESPONSE:**

   **Carver objects to the request as overbroad, unduly burdensome given the scope and nature of the matter at hand. The time period contemplated within this request is overbroad. Notwithstanding objections, Carver will endeavor to locate and produce documents responsive to Request No. 14 for the period of January 1, 2024 - June 15, 2024, the date of the Incident.**

Dated: March 7, 2025

                                                Respectfully submitted,

**CLYDE & CO US LLP**

By:/s/ *Harold L. Cohen*
Harold L. Cohen, Esq.
VSB No.: 98148
1221 Brickell Avenue, Ste. 1600
Miami, Florida 33131

James H. Rodgers, Esq., *Pro Hac Vice*
CLYDE & CO US LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Tel No.: (212) 702-6771
Fax No.: (212) 710-3950
Email: james.rodgers@clydeco.us

Michael H. Roman, Esq. *Pro Hac Vice*
Dawn L. Johnson Esq., *Pro Hac Vice*
30 S. Wacker Drive, Ste. 2600
Chicago, IL 60606
Dawn L. Johnson, Esq.
Pro Hac Vice Forthcoming
Tel: (312) 635-6971
Fax: (312) 635-6950
Email: Michael.roman@clydeco.us;
Dawn.johnson@clydeco.us
***Attorneys For Coeymans Marine Towing, LLC D/B/A Carver Marine Towing***

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 7th day of March 2025, I served the foregoing by electronic mail on the following:

Mark C. Nanavati, Esq. (VSB #38709)
G. Christopher Jones, Jr., Esq. (VSB #82260)
SINNOT, NUCKOLS & LOGAN, P.C.
13811 Village Mill Drive
Midlothian, Virginia 23114
(804) 893-3866
(Nanavati) (804) 893-3862
(Jones) (804) 378-2610
(Facsimile)
mnanavati@snllaw.com
cjones@snllaw.com
*Counsel for Evanston Insurance Company, s/s/o Norfolk and Portsmouth Belt Line Railroad Company*

Zachary M. Jett, Esq. (VSB #93285)
BUTLER WEIHMULLER KATZ CRAIG LLP
11525 North Community House Road, Suite 300
Charlotte, North Carolina 28277
(704) 543-2321 (Telephone)
(704) 543-2324 (Facsimile)
zjett@butler.legal
*Counsel for Evanston Insurance Company, s/s/o Norfolk and Portsmouth Belt Line Railroad Company*

James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Mackenzie R. Pensyl VSB No. 100012
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
mpensyl@cwm-law.com
*Counsel for Norfolk and Portsmouth Belt Line Railroad Company*