LAW OFFICES
# CRENSHAW, WARE & MARTIN, P.L.C.

150 WEST MAIN STREET, SUITE 1923
Norfolk, Virginia 23510
www.cwm-law.com

TELEPHONE (757) 623-3000
FACSIMILE (757) 623-5735

MACKENZIE PENSYL
EMAIL: mpensyl@cwm-law.com
Also licensed in Ohio

March 14, 2025

**VIA ELECTRONIC MAIL**

James H. Rodgers, Esq.
CLYDE & CO US LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
James.Rodgers@clydeco.us

Harold L. Cohen. Esq.
CLYDE & CO US LLP
1221 Brickell Ave #1600
Miami, FL 33131
Harry.Cohen@clydeco.us

Michael Roman, Esq.
Dawn Johnson, Esq
CLYDE & CO US LLP
30 S. Wacker Drive, Ste 2600
Chicago, IL 60606
Michael.Roman@clydeco.us
Dawn.Johnson@clydeco.us

Re: COEYMANS MARINE TOWING, LLC D/B/A CARVER MARINE TOWING
as Owner and Operator of M/T Mackenzie Rose (IMO No. 8968765), etc.
United States District Court, Eastern District of Virginia, Case No. 2:24-cv-00490

Dear Mr. Rodgers:

We received your March 7, 2025 Objections to the Belt Line's Interrogatories and Second Requests for Production of Documents. The purpose of this letter is to request that Carver withdraw all objections as described below. We can discuss as necessary in our meet and confer on March 17, 2024.

### Carver's Objections to Interrogatories

Carver's specific objections to the following interrogatories are without merit:

Objection to Interrogatory No. 4.

Interrogatory No. 4 asks for information relating to the operator of the M/T MACKENZIE ROSE and his previous license suspensions and accidents. Carver objects on the ground that it is overbroad and not limited in time or scope. However, the interrogatory seeks information directly related to the claims and defenses in this matter. A limit on time or scope is not required, as any prior accident or suspension would be important. Please withdraw the objection

EXHIBIT I



James H. Rodgers, Esq.
March 14, 2025
Page 2 of 4

Objection to Interrogatory No. 8

Interrogatory No. 8 asks Carver to identify any communication relating to the allision. Carver objects on the ground that it is vague because Carver is unsure to what it is referring. It is clear from the interrogatory that the Belt Line is seeking any communication between Carver, its members, a repair facility, and/or a government agency relating to the allision. Therefore, any "vague" term has now been clarified, and Carver can fully answer Interrogatory No. 8.

Objection to Interrogatory No. 10

Interrogatory No. 10 asks Carver to identify when Carver notified the Belt Line of the allision including who did so, how it was done, and the identity of related documents. Carver objected because it asserts that the Belt Line already has this information within its knowledge. That is not a valid objection. The Belt Line is entitled to an answer from Carver as to its actions. Please withdraw the objection.

Objections to Information Claimed to be More Properly Subject to Deposition

Carver's objections to Interrogatory Nos. 7, 11, and 20 assert that the information sought is more properly subject to deposition testimony. These objections lack merit. The interrogatories are all relevant to the Belt Line's claims and defenses, and Carver fails to offer any reason why its objection would excuse it from answering the interrogatories.

For example, Interrogatory No. 7 asks for information regarding actions taken by the crewmembers to report the allision. Interrogatory No. 11 seeks information related to the investigations conducted as a result of the allision. And Interrogatory No. 20 asks for information relating to Carver's inspection or testing of the steering, navigation, and autopilot systems on the date of the allision. These interrogatories all pertain to the claims and defenses in this matter and therefore require answers.

Objections to Interrogatories Pertaining to the Ultimate Issue

Carver objects to Interrogatory Nos. 17 and 18 because they seek information "pertaining to the ultimate issue" in this matter. However, again, Carver fails to explain why this excuses it from answering.

For example, Interrogatory No. 17 asks for information related to any act by the Belt Line that Carver contends contributed to the Belt Line's damages in the case. And Interrogatory No. 18 asks for information related to any act by another party or person outside Carver's control that Carver may contend contributed to the damages in this case. Both are directly related to the damages sought in this case and defenses asserted by Carver, and therefore require answers.



James H. Rodgers, Esq.
March 14, 2025
Page 3 of 4

Objections that Information Sought is Overbroad and Unduly Burdensome

Carver objects to Interrogatory Nos. 19 and 21 because it claims the requests are overbroad and unduly burdensome. It does not explain either point. Both interrogatories seek information relevant to the Belt Line's claims and defenses, particularly that the M/T MACKENZIE ROSE was known to have been unseaworthy at the time of the allision. The tug's prior issues with steering and navigation reflect on that claim directly.

For example, Interrogatory No. 19 asks Carver to identify any time the M/T MACKENZIE ROSE had issues with steering or navigation in the past 10 years. Interrogatory No. 21 asks for the basis of Carver's affirmative defenses as stated in the pleadings. All of this is discoverable, and the 10-year time period for steering or navigation issues is tailored to explore Carver's knowledge of those issues in the decade before the date of the allision. Both require answers.

### Carver's Objections to Requests for Production of Documents

Carver's specific objections to the following requests are also without merit:

Objection to Request No. 1.

Request No. 1 seeks Carver's Safety Management System in effect from 2020 to present. Carver objects that this is a vague request because the term Safety Management System is undefined. However, this term is defined by regulation and Carver is required to have one. See, for example, 33 C.F.R. § 96, defining safety management system as "a structured and documented system enabling Company and vessel personnel to effectively implement the responsible person's safety and environmental protection policies." Please withdraw the objection.

Objection to Request No. 4.

Request No. 4 seeks information relating to the disciplinary history of James Morrissey, the operator of the tug. Carver objects on grounds that these documents relate to "post incident remedial action." "Post incident remedial action" is an issue (potentially) of admissibility, not discovery. Carver's knowledge and actions taken regarding James Morrissey are directly related to the Belt Line's claim and defense that Carver was aware of the circumstances that led to the allision. Request No. 4 is therefore relevant and the objection should be withdrawn.

Objection to Information from Before 2024

Carver's objections to Requests Nos. 2, 3, 5, 6, 7, 9, 10, 11, 12, 13, and 14 assert that the requests are unduly burdensome and overbroad as they each seek information from before 2024. This objection is without merit. The requests are all relevant to the Belt Line's claims and defenses, particularly that the M/T MACKENZIE ROSE was known to be unseaworthy at the time of the allision and that the tug was operated in a reckless manner, and the 5-year and 10-year time frames are narrowly tailored to that purpose.



James H. Rodgers, Esq.
March 14, 2025
Page 4 of 4

For example, Request No. 2 asks for documents relating to safety and training programs since 2020. Request No. 3 asks for relating to James Morrissey's training from Carver since 2020. Request No. 5 asks for documents including "near miss" reports relating to the steering, navigation, and autopilot system on the M/T MACKENZIE ROSE since 2020. Request No. 6 asks for documents relating to prior accidents of the M/T MACKENZIE ROSE from the past 10 years. Request No. 7 asks for documents relating to prior accidents involving James Morrissey from the past 10 years. Request No. 9 asks for documents evidencing repairs to the steering, navigation, and autopilot system on the M/T MACKENZIE ROSE since 2020. Request No. 10 asks for documents evidencing malfunctions of the steering, navigation, and autopilot system on the M/T MACKENZIE ROSE for the past 10 years. Request No. 11 asks for documents evidencing training relating to the steering, navigation, and autopilot system on the M/T MACKENZIE ROSE since 2020. Request No. 12 asks for documents evidencing company protocols for lookouts on vessels in effect since 2020. Request No. 13 asks for documents evidencing company protocols for the steering, navigation, and autopilot system on the M/T MACKENZIE ROSE in effect since 2020. And Request No. 14 asks for documents evidencing company protocols for reporting allisions that have been in effect since 2020.

All these requests provide reasonable timeframes given the information sought and are not unduly burdensome to Carver, particularly given the magnitude of damage it caused.

### Carver's Privilege Objections Lack a Privilege Log

Finally, Carver's objections to Interrogatory Nos. 1, 2, 11, 15, 17, 18, and 21 state that the information sought is privileged, yet no privilege log is included. Fed. R. Civ. P. 26(a)(5)(A) requires that when a party withholds information based on a claim of privilege, the party must "describe the nature of the documents" it claims to be privileged. Carver fails to do so and the objections for privileged documents are waived. *See* EDVA Local Rule 26.

Kindly confirm your withdrawal of all the above objections. We look forward to talking with you next week. Thank you for your attention to this matter.

Very truly yours,

Mackenzie R. Pensyl

MRP/lah
cc: James L. Chapman, IV, Esq.
　　W. Ryan Snow. Esq.
　　Zachary M. Jett, Esq.
　　Mark C. Nanavati, Esq.
　　Norfolk and Portsmouth Belt Line Railroad Company

