IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division
In Admiralty

| | |
|---|---|
| In the Matter of COEYMANS MARINE TOWING, LLC D/B/A CARVER MARINE TOWING as Owner and Operator of MiT Mackenzie Rose, (IMO No. 8968765) her cargo, engines, boilers, tackle, equipment, apparel, and appurtenances, etc., *in rem,* ("M/T MACKENZIE ROSE"), petitioning for Exoneration from or Limitation of Liability in allision with Norfolk and Portsmouth Belt Line Railroad Company Main Line Railroad Bridge (the "Bridge") occurring June 15, 2024 in and about the Elizabeth River, Virginia. | **Civil Action No: 2:24-cv-00490** |

**RESPONSE TO NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. Pro. 26 and 34 and Eastern District of Virginia Local Rule 26, Petitioners Coeymans Marine Towing, LLC d/b/a Carver Marine Towing ("Carver Marine") by counsel, responds to Claimant/Respondent Norfolk and Portsmouth Line Railroad Company's (the "Belt Line") Second Set of Requests for Production of Documents pursuant to F.R.C.P Rule 34 and Local Civil Rule 26(C) as follows:

1. Produce **Your** safety management system(s) in effect from January 1, 2020 to present.

**RESPONSE:** Subject to and without waiving its written objections served on March 7, 2025, see Safety Management Forms: CARVER 000148-149, 5.1 Master's Responsibility And Authority, CARVER 000150-151 6.12 Deckhand, CARVER 000152-154, 6.13 Mate/Captain/Relief Captain, CARVER 000155 7.16 Look Out, CARVER 000194 – 199 Safety Management Form, CARVER 000150 - 1517.9 K Navigation Watch Assessment, Norfolk, VA Data, CARVER 000162 8.8 M Steering Failure, CARVER 000163-169 9.5 Accident/Incident Reporting, CARVER 000201 – 226 Safety Management Form, 7.9 K Navigation Watch Assessment, Norfolk, VA-NC/SC State Line Data - Voyage Planning Information previously produced. Carver will endeavor to locate and produce documents responsive to Request No. 1 to the extent they exist.

2. Produce all **documents** relating to **Your** safety and/or training program(s), if any, in effect from January 1, 2020 to present, including all **documents** identifying who received training and when.

**RESPONSE:** See Carver's written objection to Request No. 2 served on March 7, 2025.



3. Produce all **documents** relating to James Morrissey's participation in **Your** safety and/or training program(s) from January 1, 2020 to present.

**RESPONSE: See Carver's written objection to Request No. 3 served on March 7, 2025.**

4. Produce all **documents** relating to or evidencing disciplinary history of James Morrissey, including but not limited to, any disciplinary actions taken against James Morrissey.

**RESPONSE: See Carver's written objection to Request No. 4 served on March 7, 2025.**

5. Produce all "Near Miss Reports" related to the navigation, steering, or autopilot system on the **Vessel** from January 1, 2020 to present.

**RESPONSE: Subject to and without waiving its written objections served on March 7, 2025, see CARVER 000037 - 042 9.2 Near Miss Report previously produced.**

6. Produce all **documents** relating to prior accidents and/or marine casualties involving the **Vessel** within the past 10 years.

**RESPONSE: See Carver's written objection to Request No. 6 served on March 7, 2025.**

7. Produce all **documents** relating to prior accidents and/or marine casualties involving James Morrissey within the past 10 years.

**RESPONSE: See Carver's written objection to Request No. 7 served on March 7, 2025.**

8. Produce all **documents** relating to or evidencing the repairs and/or work done on the **Vessel** for the period of June 12, 2024 through June 14, 2024, including, but not limited to, documents identifying who performed the work and a description of the work done.

**RESPONSE: Subject to and without waiving its written objections served on March 7, 2025, see CARVER 000249 Mackenzie Rose_ 6-15-2024 - AYERS1 Vendor Tech report 3533, CARVER 000250 - Mackenzie Rose_ 6-15-2024 - Vendor Tech report 35706, CARVER 000251 -1 1-20-2023 GMT Report Auto Pilot, and CARVER 000252 - 3-2-2024 GMT Report Auto Pilot previously produced. Carver will**

2

**endeavor to locate and produce additional documents responsive to Request No. 8 for the past five years or until the last Vessel overhaul to the extent they exist.**

9. Produce all **documents** identifying or evidencing repairs conducted relating to the navigation, steering, or autopilot system on the **Vessel** from January 1, 2020 to present.

**RESPONSE: Subject to and without waiving its written objections served on March 7, 2025, see CARVER 000033 – 36, 10. 1 DAILY ENGINE ROOM LOG – MAINT PROCED REP-MACKENZIE ROSE, CARVER 000249 Mackenzie Rose_ 6-15-2024 - AYERS1 Vendor Tech report 3533, CARVER 000250 - Mackenzie Rose_ 6-15-2024 - Vendor Tech report 35706, CARVER 000251 -1 1-20-2023 GMT Report Auto Pilot, and CARVER 000252 - 3-2-2024 GMT Report Auto Pilot previously produced. See also Carver's Response to Norfolk's First Requests for Production No. 16. Carver will endeavor to locate and produce additional documents responsive to Request No. 9 for the past five years or until the last Vessel overhaul to the extent they exist.**

10. Produce all **documents** relating to or evidencing any time within the past 10 years that the navigation, steering, or autopilot system on the **Vessel** malfunctioned.

**RESPONSE: Subject to and without waiving its written objections served on March 7, 2025, see CARVER 000033 – 36 10. 1 DAILY ENGINE ROOM LOG – MAINT PROCED REP-MACKENZIE ROSE, CARVER 000234 – 243 Tug Mackenzie Rose - Emergency Steering Procedure – Rough Engine Logs, CARVER 000251 - 1-20-2023 GMT Report Auto Pilot, CARVER 000252- 3-2-2023 GMT Report Auto Pilot previously produced. Carver will endeavor to locate and produce documents responsive to Request No. 10 for five years before June 15, 2024, the date of the incident.**

11. Produce all **documents** identifying or evidencing training conducted relating to the navigation, steering, or autopilot system on the **Vessel** from January 1, 2020 to present, including who performed it and who received it.

**RESPONSE: See Carver's written objection to Request No. 11 served on March 7, 2025.**

12. Produce all **documents** evidencing company rules or protocols in effect from January 1, 2020 to present relating to the use of lookouts on the **Vessel**.

**RESPONSE: Subject to and without waiving its written objections served on March 7, 2025,** *see* **CARVER 000155 7.16 Look Out previously produced.**

3

13.     Produce all **documents** evidencing company rules or protocols in effect from January 1, 2020 to present that identify procedures for testing/inspecting the "Steering System," "Navigation Equipment," and "Propulsion Controls/Systems" as described in the Master Daily Vessel reporting forms for the **Vessel**.

**RESPONSE: Subject to and without waiving its written objections served on March 7, 2025,** see CARVER 000162 8.8 M STEERING FAILURE , CARVER 000194 –199 Safety Management Form 7.9 K Navigation Watch Assessment, Norfolk, VA Data, Carver 000201 – 226 Safety Management Form, 7.9 K Navigation Watch Assessment, Norfolk, VA-NC/SC State Line Data - Voyage Planning Information, and CARVER 000233 Tug Mackenzie Rose - Emergency Steering Procedure previously produced.

14.     Produce all **documents** evidencing company rules or protocols in effect from January 1, 2020 to present that identify when, how, and/or where **Your** employees must report collision or allision encountered by the Vessel.

**RESPONSE: Subject to and without waiving its written objections served on March 7, 2025,** see Safety Management Forms, CARVER 000163-169 9.5 Accident/Incident Reporting.

Dated: March 26, 2025

Respectfully submitted,

**CLYDE & CO US LLP**

By: /s/ *Harold L. Cohen* _____
Harold L. Cohen, Esq.
VSB No.: 98148
1221 Brickell Avenue, Ste. 1600
Miami, Florida 33131

James H. Rodgers, Esq., *Pro Hac Vice*
CLYDE & CO US LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Tel No.: (212) 702-6771
Fax No.: (212) 710-3950
Email: james.rodgers@clydeco.us

Michael H. Roman, Esq. *Pro Hac Vice*

        Dawn L. Johnson Esq., *Pro Hac Vice*
        30 S. Wacker Drive, Ste. 2600
        Chicago, IL 60606
        Dawn L. Johnson, Esq.
        Pro Hac Vice Forthcoming
        Tel: (312) 635-6971
        Fax: (312) 635-6950
        Email: Michael.roman@clydeco.us;
        Dawn.johnson@clydeco.us
        ***Attorneys For Coeymans Marine Towing, LLC***
        ***D/B/A Carver Marine Towing***

## CERTIFICATE OF SERVICE

      I hereby certify that on this 26th day of March 2025, I served the foregoing by electronic mail on the following:

Mark C. Nanavati, Esq. (VSB #38709)
G. Christopher Jones, Jr., Esq. (VSB #82260)
SINNOT, NUCKOLS & LOGAN, P.C.
13811 Village Mill Drive
Midlothian, Virginia 23114
(804) 893-3866
(Nanavati) (804) 893-3862
(Jones) (804) 378-2610
(Facsimile)
mnanavati@snllaw.com
cjones@snllaw.com
*Counsel for Evanston Insurance Company, s/s/o Norfolk and Portsmouth Belt Line Railroad Company*

Zachary M. Jett, Esq. (VSB #93285)
BUTLER WEIHMULLER KATZ CRAIG LLP
11525 North Community House Road, Suite 300
Charlotte, North Carolina 28277
(704) 543-2321 (Telephone)
(704) 543-2324 (Facsimile)
zjett@butler.legal
*Counsel for Evanston Insurance Company, s/s/o Norfolk and Portsmouth Belt Line Railroad Company*

James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Mackenzie R. Pensyl VSB No. 100012
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
mpensyl@cwm-law.com
*Counsel for Norfolk and Portsmouth Belt Line Railroad Company*

                                                By:*/s/ Harold L. Cohen*
                                                  Harold L. Cohen, Esq.
                                                  VSB No.: 98148
                                                  1221 Brickell Avenue, Ste. 1600
                                                  Miami, Florida 33131

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Norfolk Division
# In Admiralty

| | |
|---|---|
| In the Matter of COEYMANS MARINE TOWING, LLC D/B/A CARVER MARINE TOWING as Owner and Operator of MiT Mackenzie Rose, (IMO No. 8968765) her cargo, engines, boilers, tackle, equipment, apparel, and appurtenances, etc., *in rem,* ("M/T MACKENZIE ROSE"), petitioning for Exoneration from or Limitation of Liability in allision with Norfolk and Portsmouth Belt Line Railroad Company Main Line Railroad Bridge (the "Bridge") occurring June 15, 2024 in and about the Elizabeth River, Virginia. | **Civil Action No: 2:24-cv-00490** |

## ANSWERS TO NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY'S FIRST SET OF INTERROGATORIES

Petitioners Coeymans Marine Towing, LLC d/b/a Carver Marine Towing by counsel, pursuant to Fed. R. Civ. P. Rules 26 & 34, and EDVA Local Rule 26, and for its answers to Norfolk and Portsmouth Line Railroad Company (the "Belt") First Set of Interrogatories.

## **INTERROGATORIES**

1. **Identify** all persons who assisted in preparing answers to these Interrogatories.

**ANSWER: Subject to and without waiving its written objections served on March 7, 2025, these are the answers of Carver, with the assistance of counsel, based on the books and records of the company.**

2. **Identify** every person known or believed by **You** to have knowledge of any information relating to the allegations in the Complaint. For each person identified, state the subject matter of the information that person possesses, and **identify** all **documents** evidencing or supporting your answer.

**ANSWER: Subject to and without waiving its written objections served on March 7, 2025, see the documents produced in Carver's Rule 26(a)(1). To the extent there are additional persons with knowledge of information relating to the allegations in the Complaint, Carver will supplement its responses as those persons become known during the course of discovery.**

3. Describe in detail how the Barge WEEKS 281 was made up to the M/T MACKENZIE ROSE at the time of the Incident.

**ANSWER: Subject to and without waiving its written objections served on March 7, 2025, see response to The Belt Line's First Requests for Production, No. 5. See also CARVER 000156 – 000161 7-3 MASTER'S DAILY VESSEL REPORTING - MACKENZIE ROSE 06-15-2024. To the extent that there are additional documents responsive to this Interrogatory, Carver will supplement its production.**

4. With regard to any operator of the **Vessel** on June 15, 2024, state the following;

    a. With regard to any operator of the Vessel on June 15, 2024, state the following;

    b. The length of time prior to the **Incident** he was licensed to operate a tug;

    c. The dates during which he was employed by **You** and in what capacity;

    d. Whether his licenses were ever suspended or revoked;

    **e.** Whether he has been involved in any prior accidents while operating a vessel,

**and the details of such accidents, if any.**

**ANSWER: Subject to and without waiving its written objections served on March 7, 2025, please see CARVER 00088 - CARVER 00095 - James Morrissey; CARVER 000089 – 000093 - James Morrissey - Twic, MM, Passport. Carver will check with its corporate counsel to determine if there are additional responsive documents to this Interrogatory. To the extent that there are additional documents responsive to this Interrogatory, Carver will supplement its production.**

5. Identify each crewmember, officer, and other person aboard the **Vessel** and/or **Barge** during their transit of the Elizabeth River on June 15, 2024, and state his or her job title or office, specific location at the time of the **Incident,** watch station (if any), and job responsibilities.

**ANSWER: Subject to and without waiving its written objections served on March 7, 2025, see the Crew Matrix: CARVER 000050, Jamal - CARVER 000069, Miller - CARVER 000043, McGrath – CARVER 000078, and Morrissey - CARVER 000088. See also CARVER 000019-000024 - 6-15-2024 - 7.3 Masters Daily Vessel Reporting; CARVER 000056-000057 – Logbook 2024-06-15; CARVER 000190-000191 – Logbook 2024-06-15; and CARVER 000156-000157 - 7-3 MASTER'S DAILY VESSEL REPORTING - 06-15-2024. See also CARVER 000049 - Chris Miller - June 15 Incident Report (signed); CARVER 000048- Chris Miller**

**June 15 Statement of Incident; CARVER 000047 - Chris Miller - Hand Written Statement; CARVER 000067 - 000077 - Jarkeis Jamal; CARVER 000072 - Jarkeis - June 15 Statement (signed), CARVER 000070 - Jarkeis - June 15 Statement, CARVER 000071 - Jarkeis Bass Morrissey - Hand Written Statement; CARVER 000079 - Jason McGrath Hand Written Statement, CARVER 000082 - McGrath - June 15 Incident Report (signed), and CARVER 000082 - McGrath - June 15 Incident Report (signed).**

6.   **Identify** all witnesses to the **Incident** of whom **You** are aware, whether on or off the **Vessel**, and for each person identified, state the character and subject matter of his or her knowledge (e.g., eyewitness, causation, damages, investigation, repairs, etc.) and i**dentify** all documents (including witness statements) that evidence or related to such knowledge.

**ANSWER: See Carver's Answer to Interrogatory No. 5 above.**

7.   Describe in detail the actions taken by each crewmember, officer, and other person aboard the **Vessel** and/or **Barge** immediately after the **Incident** including, but not limited to, any operational or reporting actions. If any actions were taken to report the **Incident**, identify all person(s) who took such action(s) and all **documents** memorializing or evidencing the action(s) taken.

**ANSWER: See Carver's written objection to Interrogatory No. 7 served on March 7, 2025.**

8.   **Identify** all communications pertaining to the **Incident** to or from **You**, the **Vessel's** crewmembers or officers any repair facility and/or any government entity, including but not limited to the United States Coast Guard, from **June 15, 2024 to present**.

**ANSWER: See Carver's written objection to Interrogatory No. 8, served on March 7, 2025.** *See* **also statements produced in response to Interrogatory No. 5 above. See also CARVER 000114 - 000115 - MACKENZIE ROSE Chemical Testing 26JAN2024 and CARVER 000111 – 000113 - CG_2692 26JUN2026 BM. See also CARVER000001-252 for document production to the US Coast Guard served 2024.07.26. See also CARVER 000706-795 for communications by and between counsel for Carver and the United States Coast Guard from June 15, 2024, to the present. To the extent that there are additional documents responsive to this Interrogatory, Carver will supplement its production.**

9.   State when **You** first notified the United States Coast Guard of the **Incident** and in what manner **You** did so, including the **identity** of all person(s) who prepared or communicated such

notice and all **documents** memorializing or evidencing the steps **You** took to report the **Incident** under 46CFR 4.05-1.

**ANSWER: See Carver's written objection to Interrogatory No. 9 served on March 7, 2025.**

10. State when **You** first notified the **Belt Line** of the **Incident** and in what manner **You** did so, including the **identify** of all person(s) who prepared or communicated such notice and all **documents** memorializing or evidencing the steps **You** took to notify the **Belt Line**.

**ANSWER: See Carver's written objection to Interrogatory No. 10 served on March 7, 2025.**

11. For each investigation, inspection, or analysis of the facts and circumstances of the **Incident**, state all results, findings, and determinations, thereof, and **identify** the person(s) who conducted such investigation, inspection, or analysis, all **documents** that evidence or relate to the same, and the person or organization on whose behalf such investigation, inspection, or analysis was conducted.

**ANSWER: See Carver's written objection to Interrogatory No. 11 served on March 7, 2025.**

12. **Identify** all communications equipment or systems available or aboard the **Vessel** during the voyage in which the **Incident** occurred, including, without limitation, radios, satellite, communication systems, electronic mail, facsimile devices, cellular phones in use on the **Vessel**, and any identifying or account information for the use of such systems.

**ANSWER: See CARVER 000796-000815, Meyerrose & Co., Inc. Inspection Report/Survey, produced herewith.**

13. **Identify** all navigation equipment or systems available or aboard the **Vessel** during the voyage in which the **Incident** occurred, including, without limitation, Automatic Identification System

("AIS") equipment, satellite navigation devices, chart plotters or recorders, depth sounding equipment, radars, Automatic Radar Plotting Aid ("ARP A") radar equipment, speed log, engine order bell logger, voyage recording device or system, and identifying or account information for the use of such systems.

**ANSWER: See Carver's written response to Interrogatory No. 12.**

14.  **Identify** any voice or video recording systems that were available aboard the **Vessel** in June 2024, whether or not actually in use at the time of the **Incident**, that could record, without limitation, radio communications with other vessels or shore side entities, conversations or activities of persons on the bridge, internal communications among vessel watch stations, and/or communications between line handling stations and others, etc., and identify all documents that show or memorialize their use on June 15, 2024.

**ANSWER: See Carver's written response to Interrogatory No. 12.**

15.  **Identify** all vessel voyage records, including electronic data relating to the Incident, that have been retained pursuant to the requirements of 46 C.F.R. § 4.05-15 or otherwise, and identify the custodian of said records.

**ANSWER: Subject to and without waiving its written objections served on March 7, 2025, to the extent that The Belt Line is seeking a "vessel voyage record" or "voyage data recorder (VDR)", Carver will endeavor to produce additional data responsive to this Interrogatory.**

16.  **Identify** all **documents** relating to any survey, appraisal, valuation, or refinancing of the M/T MACKENZIE ROSE during the period from January 1, 2020 through December 31, 2024.

**ANSWER: See CARVER 000796-000815 MeyerRose Survey/Inspection Report, produced herewith.**

17.  If **you** contend that the **Incident**, or any part of the **Belt Line's** damages, was caused or contributed to by any act or omission of the **Belt Line**, its agents or employees, please state with particularity what each such act or omission was, when and where it occurred, who committed or

omitted it, and how it caused or contributed to the **Incident** or damages; and **identify** all persons and **documents** from whom or from which **You** obtained information concerning the same; and if **You** make no such contention, so state.

**ANSWER: See Carver's written objection to Interrogatory No. 17 served on March 7, 2025.**

18. If **you** contend that the **Incident**, or any part of the **Belt Line's** damages, was caused or contributed to by any act, omission, event, condition, or other thing outside **Your** supervision and control, not mentioned in your Answer to the previous Interrogatory, please state with particularity what each such act, omission, event, condition, or other thing was, when and where it occurred or was located, and how it caused or contributed to the **Incident** or damages; and **identify** all persons and **documents** from whom or from which **You** obtained information concerning the same; and if **You** make no such contention, so state.

**ANSWER: See Carver's written objection to Interrogatory No. 18 served on March 7, 2025.**

19. If, at any time during the voyage on which the **Incident** occurred, or in the ten years prior to that voyage or the time since that voyage to present, any navigational, steering, electronic guidance, or autopilot system or device aboard the **Vessel** malfunctioned or failed to operate as intended or expected, please state, as to each such occurrence, the date and time thereof, the facts and circumstances thereof, and any action taken by **You** as a consequence thereof; and **identify** all persons involved and all **documents** that evidence or relate to the same.

**ANSWER: See Carver's written objection to Interrogatory No. 19 served on March 7, 2025.**

20. Describe everything **You** did to inspect and/or test the navigational, steering, electronic guidance, and autopilot systems on June 15, 2024, before beginning **your** voyage

from Virginia to New York and prior to the **Incident**, and identify all persons involved and all documents that evidence or relate to the same.

**ANSWER: See Carver's written objection to Interrogatory No. 20 served on March 7, 2025.**

21. State the basis for Affirmative Defenses 1 through 21 as stated in **Your** Answer to the Belt Line's Claim and **identify** all **documents** supporting **Your** answer.

**ANSWER: See Carver's written objection to Interrogatory No. 19 served on March 7, 2025.**

Dated:   New York, New York
         March 25, 2025

                Respectfully submitted,

                CLYDE & CO US LLP

                */s/ Harold L. Cohen*
                _____
                Harold L. Cohen, Esq.
                VSB No. 98148
                1221 Brickell Avenue, Ste. 1600
                Miami, Florida 33131

                James H. Rodgers, Esq.
                Admitted Pro Hac Vice (JR-4798)
                The Chrysler Building
                405 Lexington Avenue
                New York, New York 10174
                Tel No.: (212) 702-6771
                Fax No.: (212) 710-3950
                Email: james.rodgers@clydeco.us

               *Attorneys for Coeymans Marine*
               *Towing, LLC, d/b/a Carver Marine Towing*

## **VERIFICATION**

I Josef Malik, Coeymans Marine Towing, LLC d/b/a/ Carver Marine Towing ("Carver Marine") am authorized to sign these **"Answers to Norfolk and Portsmouth Belt Line Railroad Company's First Set of Interrogatories"** on behalf of Carver Marine. I declare under penalty of perjury under the laws of the United States of America that the statements made in the foregoing Answers to Plaintiff's First Set of Interrogatories are true and correct to the best of my knowledge, information and belief.

Executed on March 25, 2025 at
Albany, New York

Josef Malik – Chief Legal Officer
Name/Title

_____
Signature

## CERTIFICATE OF SERVICE

   I hereby certify that on this 25th day of March 2025, I served the foregoing by electronic mail on the following:

James H. Rodgers, Esq.
CLYDE & CO US LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 1O 174
Tel No.: (212) 702-6771
Fax No.: (212) 710-3950
*Email:james.rodgers@clydeco.us*

Joseph Macy, Esq.
CLYDE & CO US LLP
1775 Pennsylvania Avenue NW Suite 400
Washington, DC 20006
Tel No.: (202) 747-5108
Fax No.: (202) 747-5150
Email: *joseph.macy@clydeco.us*
*Attorneys for Coeymans Marine Towing, LLC, d/b/a Carver Marine Towing*


Mark C Nanavati, Esq. (BSB #38709)
G. Christophen Jones, Jr., Esq. (VSB #82260)
SINNOT, NUCKOLS & LOGAN, P.C.
13811 Village Mill Drive
Midlothian, Virginia 23114
(804) 893-3866 (Nanavati)
(804) 893-3862 (Jones)
(804) 378-2610 (Facsimile)
mnanavati@snllaw.com
cjones@snllaw.com
*Counsel for Evanston Insurance Company, s/s/o Norfolk and Portsmouth Belt Line Railroad Company*

Zachary M. Jett, Esq. (VSB #93285)
BUTLER WEIHMULLER KATZ CRAIG LLP
11525 North Community House Road, Suite 300
Charlotte, North Carolina 28277
(704) 543-2321 (Telephone)
(704) 543-2324 (Facsimile)
zjett@butler.legal
*Counsel for Evanston Insurance Company, s/s/o Norfolk and Portsmouth Belt Line Railroad Company*

                */s/ Harold L. Cohen*
                _____