IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division
In Admiralty

| | |
|---|---|
| In the Matter of COEYMANS MARINE TOWING, LLC D/B/A CARVER MARINE TOWING as Owner and Operator of M/T Mackenzie Rose, (IMO No. 8968765) her cargo, engines, boilers, tackle, equipment, apparel, and appurtenances, etc., *in rem*, petitioning for Exoneration from or Limitation of Liability in allision with Norfolk and Portsmouth Belt Line Railroad Company Main Line Railroad Bridge occurring June 15, 2024 in and about the Elizabeth River, Virginia. | Civil Action No: 2:24-cv-00490 |

## STIPULATED PROTECTIVE ORDER

This matter came before this Court on the Joint Motion for Entry of a Stipulated Protective Order ("Joint Motion") filed by Petitioner Coeymans Marine Towing, LLC d/b/a Carver Marine Towing ("Petitioner"), Claimant/Respondent Norfolk and Portsmouth Belt Line Railroad Company ("Belt Line"), and Claimant/Respondent Evanston Insurance Company ("Evanston") (collectively, the "Parties" and each individually a "Party").

Pursuant to Federal Rule of Civil Procedure 26(C) and Federal Rule of Evidence 502(E), the Parties agree that disclosure of confidential information (as defined below) poses a substantial risk of harm to the proprietary interests of the Parties and good cause therefore exists for the entry of this Stipulated Protective Order ("Order"). The Parties also agree that good cause exists for the entry of this Order to protect against waiver of any privilege or work product protection that might otherwise arise from the disclosure of information in this action (the "Action").

Accordingly, the Court hereby enters the following Order to control the disclosure, dissemination, use, and claw-back of confidential information in this Action:

## I. THE PURPOSE OF THE PROTECTIVE ORDER

The purpose of the Order is to provide a means for the Parties to limit access to and disclosure of Confidential documents and information (as defined herein). This Order shall govern information disclosed during discovery in this Action, including, but not limited to, documents, things, requests, responses to requests, interrogatory answers, deposition testimony, admissions, and expert reports, as well as any copies, notes, abstracts, or summaries of such information. The provisions of this Order shall not affect, and this Order does not limit, the use or admissibility of protected information or material or references to such information or material as evidence as trial, or during a hearing or similar proceeding in this matter or as a part of the record on appeal, provided that either Party may seek an appropriate Court order to protect such material.

## II. DESIGNATION OF CONFIDENTIAL DOCUMENTS AND INFORMATION

Either Party may designate documents or information (which shall for purposes of this Order include, without limitation, video recordings, audio recordings, data memorialized in any form, and/or deposition testimony) as Confidential. Documents or information produced by a non-party or testimony provided by a non-party may be designated by the non-party or a Party as Confidential in accordance with this Order.

For purposes of this Order, "Confidential" means information that a party reasonably believes contains or discloses secret, classified, private, or proprietary technical, financial, commercial, or otherwise protected information that has not been made public, or information which, if produced without a confidential designation, could require a Party to violate the terms of a court order, licensing agreement, or other contract or legal document.

By way of example, the Parties submit that the following categories of information may qualify as Confidential if so designated, regardless of the form such information may take, whether

produced informally or in response to formal methods of discovery:

      i.     Pricing information, including rates and fees;

      ii.    Financial data, including sales, profits, and costs;

      iii.   Secret or proprietary business information;

      iv.   Medical information for any individual;

      v.    Personnel or employment records of a person who is not a party to the case;

      vi.   Tax returns, including all schedules and forms (e.g., W-2s, 1099s, etc.).

If discovery is sought from a non-party to this Action, the words "party" and "parties" herein shall be read to include that non-party once that non-party informs the parties to this Action in writing or by e-mail that it is invoking the terms of this Order. Any such non-party shall have all the rights and all the responsibilities set forth under this Order

    **A.**    **Time of Designation**

Unless otherwise agreed between counsel for the Parties, the designation of Confidential documents and information shall be made prior to the production of a copy of any requested document, item, or thing. To the extent either Party does not timely designate documents or information as Confidential, it may so designate as provided under Paragraph II(C) below.

    **B.**    **Manner of Designation**

     i.    **Documents and Information**

The designation of Confidential documents or information shall be made by placing the notation Confidential on each page of a document or by orally designating information confidential as part of a deposition or similar proceeding. The designation of a document as Confidential is a certification by an attorney or a party appearing pro se that the document contains Confidential information as defined in this Order.

ii. **Depositions.**

Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential until the expiration of the following: 14 days after the transcript is delivered to any party or the witness, or 14 days after the entry of this Order, whichever is later, and in no event later than 60 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential, unless otherwise ordered by the Court.

C. **Subsequent Designation**

Failure to designate or mark any document or information Confidential shall not preclude a Party from thereafter in good faith making such a designation and requesting the other Party(ies) to mark and treat such document or information accordingly. Such request shall be made in writing. Once received, the receiving Party must make reasonable efforts to assure that the document or information is thereafter treated in accordance with the provisions of this Order.

D. **Resolution of Disputes Regarding Designation**

The acceptance by a Party of Confidential documents or information shall not constitute an admission or concession that such documents or information are, in fact, Confidential. However, the documents or information will be treated as such unless the receiving Party follows the procedures to remove, change, or otherwise reclassify the designation as set forth herein.

If a receiving Party, at any time, wishes to have the Confidential designation of any documents or information removed or changed, the receiving Party shall first request in writing

that disclosing Party remove its designation and state the reason therefor. Within five (5) business days of such request, the disclosing Party must either withdraw the designation or telephonically meet and confer with counsel for the receiving Party. If the Parties cannot resolve the dispute, the receiving Party may seek permission of the Court to re-designate the documents or information. The disclosing Party has the burden of establishing that the designation is proper. The Parties shall treat the document or information as originally designated until the motion is decided.

### III. PERSONS TO WHOM CONFIDENTIAL DOCUMENTS AND INFORMATION MAY BE DISCLOSED

#### A. Disclosure of Documents and Information Designated As Confidential

Documents or information designated as Confidential may be disclosed only to:

i. The Parties' attorneys and their support staff involved in the Action;

ii. Any non-party support services including, but not limited to, insurers, outside copying services, and document imaging and database services, graphics or design services, jury or trial consulting services, outside court reporting services and court reporters as may be reasonably necessary in connection with the Action;

iii. Expert witnesses or consultants retained by the receiving Party or its attorneys in connection with this Action and the employees of such experts or consultants assisting them, but only to the extent the information disclosed is pertinent to their opinions;

iv. A court of law, including clerks, assistants, and secretaries, and any court reporter, videographer, or stenographer retained to record proceedings before this Court or at any deposition taken in this Action; and

v. The Parties and their employees who reasonably need to access the information in support of claims or litigation related to this Action, provided that

information may be designated "Attorneys' Eyes Only" if disclosure to other Parties would impair the confidential nature of the information, in which case only persons in categories i-iv above may receive or view the information.

## IV.   USE OF CONFIDENTIAL INFORMATION

### A.   Confidential Documents and Information

Confidential documents and information may be used by the Parties, their agents, and any other persons to whom such documents and information may be disclosed pursuant to the Order, for no purpose other than: (a) this Action; (b) as otherwise compelled by lawful process (c) as otherwise required by law; or (d) as permitted by a court order.

### B.   Written Request, Subpoena, or Order

   i.   If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential, the receiving party must so notify the designating party, in writing, immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

   ii.   The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

   iii.   The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential information in the court from which the subpoena or order

issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential information by the other party to this case.

### C. Applicability of Restrictions

The restrictions set forth in this Order regarding protection of Confidential information shall not apply or shall cease to apply to any document or information that (i) at the time of disclosure to the receiving Party was already lawfully in the possession of the receiving Party and was not acquired from any third party under obligations of confidence to the disclosing Party; (ii) after disclosure to the receiving Party, is acquired by the receiving Party from a third party lawfully possessing the same and having no obligation to the producing Party under this Order; (iii) after disclosure to the receiving Party, is developed by the receiving Party independently of any Confidential document or information obtained from the disclosing Party; (iv) prior to disclosure to the receiving Party, was available to the public, or subsequent to the disclosure, has become available to the public through no fault of the receiving Party; or (v) that is used or admitted in open court without objection.

## V. SURVIVAL

All obligations and duties arising under this Order shall survive termination of this Action. The Court retains jurisdiction over the Parties indefinitely with respect to any dispute regarding the improper use of Confidential documents or information disclosed under protection of this Order.

## VI. INADVERTENT PRODUCTION

The inadvertent or mistaken disclosure of any Confidential documents or information by either Party, without the designation required under Article II, above, shall not constitute a waiver of any claim that the inadvertently disclosed material is entitled to protection under this Order, if such inadvertent or mistaken disclosure is brought to the attention of the receiving Party promptly after the disclosing Party's discovery of such disclosure. After providing such notice, the disclosing Party shall reproduce appropriately designated materials, and the material that was mistakenly disclosed and all copies thereof shall be immediately returned to the disclosing Party or destroyed. Upon receipt of notice of mistaken disclosure, the receiving Party shall exercise all reasonable efforts to retrieve and/or limit the disclosure of the mistakenly disclosed material to persons not authorized to receive such materials under this Order.

## VII. NON-WAIVER OF PRIVILEGE AND OTHER PROTECTIONS

Pursuant to Federal Rule of Evidence 502(d), the disclosure or production of a communication or information protected by the attorney-client privilege, work product doctrine, or any other privilege or immunity that is made in connection with this Action shall not constitute a waiver of any claim of attorney-client privilege, work product protection, and/or other privilege or immunity available with respect to that communication or information in this or any other proceeding under any circumstances. This Order applies regardless of whether the information disclosed or produced describes or relates to this Action.

The receiving Party is under a good faith obligation to promptly alert the disclosing Party if information is disclosed or produced by the disclosing Party that appears to be protected by the attorney-client privilege, work product doctrine, and/or any other privilege or immunity on its face or in light of facts known to the receiving Party.

Until such time as this Order has been entered by the Court, the Parties agree that, upon execution by all Parties, it will be treated as though it had been "So Ordered."

It is so ORDERED.

Date: April 2, 2025

Norfolk, Virginia

/s/
Lawrence R. Leonard
United States Magistrate Judge

United States Magistrate Judge

SEEN AND AGREED:

/s/ *James L. Chapman, IV*
---
James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Mackenzie R. Pensyl, VSB No. 100012
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
mpensyl@cwm-law.com
*Attorneys for Norfolk and Portsmouth Belt Line Railroad Company*

SEEN AND AGREED:

/s/ *Zachary M. Jett* via email authorization
---
Mark C Nanavati, Esq. (BSB #38709)
G. Christophen Jones, Jr., Esq. (VSB #82260)
SINNOT, NUCKOLS & LOGAN, P.C.
13811 Village Mill Drive
Midlothian, Virginia 23114
(804) 893-3866 (Nanavati)
(804) 893-3862 (Jones)
(804) 378-2610 (Facsimile)
mnanavati@snllaw.com
cjones@snllaw.com
*Counsel for Evanston Insurance Company, s/s/o Norfolk and Portsmouth Belt Line Railroad Company*

Zachary M. Jett, Esq. (VSB #93285)
BUTLER WEIHMULLER KATZ CRAIG LLP
11525 North Community House Road, Suite 300
Charlotte, North Carolina 28277
(704) 543-2321 (Telephone)
(704) 543-2324 (Facsimile)
zjett@butler.legal
*Counsel for Evanston Insurance Company, s/s/o Norfolk and Portsmouth Belt Line Railroad Company*

SEEN AND AGREED:

*/s/ Michael Roman* via email authorization
———————————————————
James H. Rodgers, Esq.
Michael Roman, Esq.
CLYDE & CO US LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 1O 174
Tel No.: (212) 702-6771
Fax No.: (212) 710-3950
Email: *James.Rodgers@clydeco.us*
*Michael.Roman@clydeco.us*

Harold L. Cohen. Esq.
1221 Brickell Ave #1600
Miami, FL 33131 Tel No.:
Tel No: (202) 747-5108
Fax No: (202) 747-5150
Email: *Harry.Cohen@clydeco.us*
*Attorneys for Coeymans Marine Towing, LLC, d/b/a Carver Marine Towing*