LAW OFFICES

## CRENSHAW, WARE & MARTIN, P.L.C.

150 WEST MAIN STREET, SUITE 1923
Norfolk, Virginia 23510
www.cwm-law.com

TELEPHONE (757) 623-3000
FACSIMILE (757) 623-5735

March 21, 2025

MACKENZIE PENSYL
EMAIL:mpensyl@cwm-law.com
Also licensed in Ohio

### VIA ELECTRONIC MAIL

James H. Rodgers, Esq.
CLYDE & CO US LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
James.Rodgers@clydeco.us

Harold L. Cohen, Esq.
CLYDE & CO US LLP
1221 Brickell Ave #1600
Miami, FL 33131
Harry.Cohen@clydeco.us

Michael Roman, Esq.
Dawn Johnson, Esq.
CLYDE & CO US LLP
30 S. Wacker Drive, Ste 2600
Chicago, IL 60606
Michael.Roman@clydeco.us
Dawn.Johnson@clydeco.us

Re:    COEYMANS MARINE TOWING, LLC D/B/A CARVER MARINE TOWING
       as Owner and Operator of M/T Mackenzie Rose (IMO No. 8968765), etc.
       United States District Court, Eastern District of Virginia, Case No. 2:24-cv-00490

Dear Mr. Rodgers:

This is to memorialize the meet and confer between counsel for the Belt Line and counsel for Carver on March 17, 2025 to discuss discovery issues.

The Belt Line's Objections to Carver's Requests for Production

- For the Belt Line's objections to Requests No. 2 and 3, the objections stand based on the time frame spanning more than half a century. The Belt Line has produced the documents listed in its response.
- For the Belt Line's objection to Request No. 4, the objection stands based on the time frame spanning more than half a century. The Belt Line has produced inspection documents dating back to 2018, a 2015 underwater inspection, and a soil settlement analysis. The Belt Line has also agreed to inquire as to inspection documents before 2018.
- For the Belt Line's objection to Request No. 5, the objection is moot based on agreement to the Protective Order, and the Belt Line has already produced documents responsive to this request marked as CONFIDENTIAL.



James H. Rodgers, Esq.
March 21, 2025
Page 2 of 3

Carver's Objections Generally

- For Carver's objections to the Belt Line's First Requests for Production, Carver failed to serve the objections within 15 days pursuant to EDVA Local Rule 26 and instead sent them after 40 days. The parties disagree over whether these objections have been waived.
- Carver also objects to producing anything from after June 15, 2024 except what it has already produced, or will produce, to the United States Coast Guard ("USCG"). The Belt Line disagrees that Carver can limit its responses in this manner.

Carver's Objections to the Belt Line's First Requests for Production

- For Carver's objections to Request Nos. 1, 4, 16, 17, 20, 21, and 22, Carver will consult with corporate counsel to determine whether to produce documents for the time frames requested. Carver has also stated that it will provide documents it classifies as "remedial" to the Belt Line and USCG simultaneously. The Belt Line did not agree to accept a limited set of documents based on Carver's objections or USCG production.
- For Carver's objection to Request No. 33, Carver has agreed to produce appraisals, valuations, and surveys for the past 5 years. Carver's objection stands as to other re-financing documents.
- For Carver's objections to Request Nos. 26 and 30, Carver affirmed that it will not withhold documents based on its objection. Carver also reiterated its position that any documents provided to the USCG would simultaneously be provided to the Belt Line. The Belt Line did not agree to accept a limited set of documents based on Carver's objections or USCG production.

Carver's Objections to the Belt Line's Interrogatories and Second Set of Requests for Production

- For Carver's objection to Interrogatory No. 4, Carver stated it will consult with corporate counsel about providing responsive documents. The Belt Line did not agree to limit the reasonable time frame in the request.
- For Carver's objection to Interrogatory No. 8, the objection to the documents as remedial stands. The Belt Line did not agree to limit the request to before the allision.
- For Carver's objection to Interrogatory No. 10, the objection is unresolved but Carver will provide responsive documents to the Belt Line.
- For Carver's objection to Interrogatory Nos. 7, 11, and 20, the issues remain unresolved.
- For Carver's objections to Interrogatory Nos. 17 and 18, the issues remain unresolved.
- For Carver's objection to Interrogatory No. 19, the objection that the request is overbroad and unduly burdensome stands. The Belt Line did not agree to limit the request to before the allision.
- For Carver's objection to Request No. 4, Carver stands on its objection that post-allision documents are remedial but will provide documents responsive to the request from before the allision. The Belt Line did not agree to limit the reasonable time frame in the request.



James H. Rodgers, Esq.
March 21, 2025
Page **3** of **3**

- For Carver's objections to Request Nos. 2, 3, 5, 6, 7, 9, 10, 11, 12, 13 and 14, Carver's objections to the requests being overbroad and unduly burdensome stand. The Belt Line did not agree to limit the requests' reasonable time frames.

<u>Additional Matters Discussed</u>

- Carver agreed to provide available dates in the next 2-3 weeks for the Belt Line's expert to inspect the M/T MACKENZIE ROSE.
- The Belt Line also agreed to provide available dates in the next 2-3 weeks for a second inspection of the Main Line Bridge.
- The Belt Line sent deposition notices on March 19, 2025 for the dates and times as follows:

| Deponent | Date | Time |
|---|---|---|
| Brian Moore | April 28, 2025 | 9:00 a.m. |
| Sharif Porter | April 28, 2025 | 3:00 p.m. |
| Leonard Baldassari | April 29, 2025 | 9:00 a.m. |
| Jarkeis Morrissey | April 29, 2025 | 3:00 p.m. |
| Chris Miller | April 30, 2025 | 9:00 a.m. |
| Jason McGrath | April 30, 2025 | 1:00 p.m. |

As noted in the meeting, if discovery issues remain unresolved after Carver's production deadline of **March 24, 2025**, then the Belt Line will file a Motion to Compel.

Very truly yours,

Mackenzie R. Pensyl

MRP/lah

cc:    James L. Chapman, IV, Esq.
       W. Ryan Snow, Esq.

