UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

In the Matter of COEYMANS MARINE TOWING, LLC,
*d/b/a* CARVER MARINE TOWING AS OWNER AND
OPERATOR OF M/T MACKENZIE ROSE, (IMO No. 8968765),
Her Cargo, Engines, Boilers, Tackle, Equipment, Apparel, and App,

Case No.: 2:24cv490

NORFOLK AND PORTSMOUTH BELT LINE
RAILROAD COMPANY,

     Consolidated Plaintiff/Claimant,

and

EVANSTON INSURANCE COMPANY,

     Intervening Plaintiff/Claimant,

v.

JAMES MORRISEY,

     Defendant.

### ORDER

This matter is before the Court on Claimant/Respondent Norfolk and Portsmouth Belt Line Railroad Company's ("Belt Line") Motion to Compel. ECF No. 42. Therein, the Belt Line requests that the Court compel Petitioner Coeymans Marine Towing, LLC d/b/a Carver Marine Towing ("Carver") to provide full and complete answers and responses to the Belt Line's requests for production of documents and interrogatories, and that the Court overrule Carver's objections to those requests for production and interrogatories. *Id.* at 1.

The Court held a hearing on the Motion to Compel on April 25, 2025. ECF No. 50. For the reasons stated on the record at the hearing, the Court **GRANTS** in part and **DENIES** in part the Belt Line's Motion to Compel and rules as follows:

1. The Court **FINDS** that the parties engaged in a sufficient meet-and-confer before the Belt Line filed the Motion to Compel.

2. The Court **FINDS** that Carver's objections to the Belt Line's discovery requests were not timely, but it will rule on those objections to streamline litigation between the parties.

3. The Court **FINDS** that Carver's numerous relevance and undue burden objections are without merit because Carver failed to establish why these documents may not be relevant and failed to establish what burden they would experience if subjected to the Belt Line's discovery requests.

4. Carver's objections to the Belt Line's First set of Requests for Production Numbers 4, 16, 17, 20, 21, 22, 33, and 34 are overruled.

5. Carver's objections to the Belt Line's Second set of Requests for Production Numbers 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 13, and 14 are overruled.

6. Carver's objections to the Belt Line's First set of Interrogatories Numbers 4, 7, 17, 18, 19, 20, and 21 are overruled.

7. Carver's objection to Interrogatory Number 11 of the Belt Line's First set of Interrogatories is sustained to the extent that Carver objects to the disclosure of privileged communications between Carver's counsel and Carver.

Carver must produce the documents and responses as outlined above by Friday, May 9, 2025.

Rule 37(a)(5) of the Federal Rules of Civil Procedure requires the Court to award the moving party attorney's fees if the Court grants a motion to compel unless an enumerated exception to that general rule applies. The Court takes the attorney's fee issue under advisement.

The Clerk is **DIRECTED** to forward this Order to all counsel of record.

It is so **ORDERED**.

                                                                       Lawrence R. Leonard
                                                                       United States Magistrate Judge

Norfolk, Virginia
April 25, 2025