**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**
**In Admiralty**

| | |
|---|---|
| In the Matter of COEYMANS MARINE TOWING, LLC D/B/A CARVER MARINE TOWING as Owner and Operator of M/T Mackenzie Rose, (IMO No. 8968765) her cargo, engines, boilers, tackle, equipment, apparel, and appurtenances, etc., *in rem*, petitioning for Exoneration from or Limitation of Liability in allision with Norfolk and Portsmouth Belt Line Railroad Company Main Line Railroad Bridge occurring June 15, 2024 in and about the Elizabeth River, Virginia. | Civil Action No: 2:24-cv-00490 |

**JOINT MOTION TO MODIFY**
**RULE 16(B) SCHEDULING ORDER AND ORDER ON MOTION TO COMPEL**

Petitioner Coeymans Marine Towing, LLC dba Carver Marine Towing ("Petitioner" or "Carver"), and Claimants Norfolk and Portsmouth Belt Line Railroad Company ("Belt Line") and Evanston Insurance Company, pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure and Local Civil Rule 7, jointly request that Carver's time for complying with the Court's Order on the Belt Line's motion to compel be extended and the discovery deadlines set forth in Paragraphs 2, 3, and 4 of the Court's Rule 16(b) Scheduling Order be modified. No change to the trial date is requested or sought. In support thereof, the parties state as follows:

1. The parties, by counsel, conducted a meet and confer on May 8, 2025, to discuss the progress of written and oral discovery in light of the deadlines set forth in the Court's Rule 16(b) Scheduling Order ("Scheduling Order") [Doc. 32] and the Court's Order on Belt Line's motion to compel [Doc. 50].

1

2.      In order to accommodate the number of party and non-party witnesses to be deposed and complete written discovery and oral discovery in an orderly fashion, the parties propose the following modifications:

a.      Carver Marine shall produce documents and responses according to the Court's April 25, 2025 Order [Doc. 50] by **May 23, 2025**.

b.      Paragraphs 2, 3, and 4 of the Rule 16(b) Scheduling Order be amended as follows:

2.      The party having the burden of proof upon the primary issue to which potential Rule 702, 703 or 705 evidence is directed shall identify expert witnesses to be proffered upon such an issue by name, residence and business address, occupation and field of expertise on **June 4, 2025**. The disclosure outlined in Rule 26(a)(2)(B) shall be made on **July 2, 2025**. In addition to the disclosures required by Rule 26(a)(2)(B), the same disclosure shall be made on the same dates regarding all witnesses proffered by a party for the purpose of presenting evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence, whose first direct contact with the case or the parties occurred subsequent to the filing of this action. Rule 702, 703 or 705 disclosures intended solely to respond to, contract or rebut evidence on the same subject matter disclosed by another party pursuant to paragraph (a)(2)(B) of Rule 26, or pursuant to this order, shall be made on **August 1, 2025**. Any rebuttal disclosure by the party bearing the initial burden of proof shall be made on **August 15, 2025**, and shall be limited as to the source to expert witnesses previously identified. Further rebuttal to rule 702, 703 or 705 evidence shall be permitted only by leave of court.

3.      Discovery shall be commenced timely and, except as to expert witnesses, shall be completed by **plaintiff(s)** on or before **July 29, 2025**; by **defendant(s)** on or before **August 26, 2025**. "Completed" means that interrogatories, requests for production, and requests for admission must be served at least thirty (30) days prior to the established completion date so that responses thereto will be due on or before the completion date. All

subpoenas issued for discovery shall be returnable on or before the completion date. Unrepresented parties may request subpoenas of witnesses for depositions or trial, but such requests must be accompanied by a memorandum containing the name, address and purpose of the testimony of each witness and be approved in advance of issuance by a judge or magistrate judge of this court. Such approval shall not preclude any witness from contesting a summons. In accordance with Rule 5(d), depositions upon oral examination and upon written questions, interrogatories, requests for production, requests for admission, notices for deposition and production, requests for disclosure of expert information, expert information, disclosures, and answers and responses or objections to such discovery request shall not be filed with court until they are used in the proceeding, or ordered filed by the court. Discovery improperly submitted will be discarded by the clerk without notice to counsel. The party taking a deposition or obtaining material through discovery is responsible for its preservation and delivery to the court if sought to be used in any party or ordered filed.

4. All discovery of experts, and all depositions taken by the proponent of a witness for presentation in evidence in lieu of the appearance of the witness at trial, shall be concluded on or before **August 26. 2025**.

3. Federal Rule of Civil Procedure 16(b)(4) provides that a "schedule may be modified only for good cause and with the judge's consent."

4. The proposed modifications would not affect the October 21, 2025 trial date, the final pretrial conference date, deadlines for filing dispositive motions, Rule 26(a)(3) pretrial disclosures, tendering proposed findings of fact and conclusions of law, or submission of exhibits and witness lists.

WHEREFORE, the parties, Petitioner Coeymans Marine Towing, LLC d/b/a Carver Marine Towing and Claimants Norfolk and Portsmouth Belt Line Railroad Company and

Evanston Insurance Company, by counsel, respectfully request pursuant to Federal Rule of Civil Procedure Rule 16(b)(4), that the Court allow the foregoing amendments of the Order on the Belt Line's motion to compel and Rule 16(b) Scheduling Order in accordance with the proposed Order submitted herewith.

Dated: May 12, 2025

Respectfully submitted,

CLYDE & CO US LLP

By: */s/ Harold L. Cohen*
Harold L. Cohen  (VSB No.:98148)
1221 Brickell Avenue, Suite 1600
Miami, FL  33131
Tel: 305-446-2646
Fax: 305-441-2374
Email: harry.cohen@clydeco.us;

James H. Rodgers*
Clyde & Co US LLP
45 Lexington Avenue, 16th Floor
New York, NY 10174
Phone: (212) 702-6771
Email: james.rodgers@clydeco.us

Michael J. Roman*
Dawn L. Johnson*
Clyde & Co US LLP
30 South Wacker Drive, Suite 2600
Chicago, IL 60606
Phone: (312) 635-7000
Email: michael.roman@clydeco.us
dawn.johnson@clydeco.us

Rachel Werner*
One North Central Avenue, Suite 1030
Pheonix, Arizona 85004
Phone: 480-746-4556
Email: rachel.werner@clydeco.us
*pro hac vice*

4

**CERTIFICATE OF SERVICE**

   I hereby certify that on May 12, 2025, a true and correct copy of the foregoing document was filed using the Court's CM/ECF system, which will serve all counsel of record by electronic mail as follows:

| | |
|---|---|
| Mark C. Nanavati, Esq. (VSB No.: 38709) <br> G. Christopher Jones, Jr., Esq. (VSB No.: 82260) <br> SINNOT, NUCKOLS & LOGAN, P.C. <br> 13811 Village Mill Drive <br> Midlothian, Virginia 23114 <br> (804) 893-3866 (Nanavati) <br> (804) 893-3862 (Jones) <br> (804) 378-2610 (Facsimile) <br> mnanavati@snllaw.com <br> cjones@snllaw.com <br> *Counsel for Evanston Insurance Company a/s/o Norfolk and Portsmouth Belt Line Railroad Company* | Zachary M. Jett, Esq. (VSB #93285) <br> BUTLER WEIHMULLER KATZ, et al <br> 11525 North Community House Road <br> Suite 300 <br> Charlotte, North Carolina 28277 <br> (704) 543-2321 (Telephone) <br> (704) 543-2324 (Facsimile) <br> zjett@butler.legal <br> jhuber@butler.legal (paralegal) <br> *Counsel for Evanston Insurance Company, a/s/o Norfolk and Portsmouth Belt Line Railroad Company* |

James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Mackenzie R. Pensyl VSB No. 100012
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
mpensyl@cwm-law.com
bmorgan@cwm-law.com
*Attorneys for Norfolk and Portsmouth Belt Line Railroad Company*