UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA: NORFOLK DIVISION
----------------------------------------------------------------------x
IN THE MATTER OF COEYMANS MARINE TOWING,
LLC D/B/A CARVER MARINE TOWING AS OWNER                              Case No. 2:24-cv-490
AND OPERATOR OF M/T MACKENZIE ROSE, (IMO
NO. 8968765), HER CARGO, ENGINES, BOILERS,                           In Admiralty
TACKLE, EQUIPMENT, APPAREL, AND
APPURTENCES, ETC., IN REM ("M/T MACKENZIE ROSE")
PETITIONING FOR EXONERATION FROM
OR LIMITATION OF LIABILITY IN ALLISION WITH
NORFOLK AND PORTSMOUTH BELT LINE
RAILROAD COMPANY MAIN LINE RAILROAD
BRIDGE (THE "BRIDGE") OCCURING JUNE 15, 2024
IN AND ABOUT THE ELIZABETH RIVER, VIRGINIA

## ORDER

Subject to any motions now pending, Petitioner Coeymans Marine Towing, LLC dba Carver Marine Towing ("Carver Marine") and Claimants Norfolk and Portsmouth Belt Line Railroad Company ("Belt Line") and Evanston Insurance Company, upon their joint request to allow Carver additional time to respond to the Court's Order on the Belt Line's motion to compel [Doc. 50] and to modify the discovery schedule set forth in the Rule 16(b) Scheduling Order [Doc. 32], as set forth below, the Court ORDERS as follows:

1. Carver Marine shall produce documents and responses per the Court's April 25, 2025 Order [Doc. 50] by **May 23, 2025**.

2. The following paragraphs of the Rule 16(b) Scheduling Order [Doc. 32] are replaced in their entirety as follows:

> 2. The party having the burden of proof upon the primary issue to which potential Rule 702, 703 or 705 evidence is directed shall identify expert witnesses to be proffered upon such an issue by name, residence and business address, occupation and field of expertise on **June 4, 2025**. The disclosure outlined in Rule 26(a)(2)(B) shall be made on **July 2, 2025**. In

addition to the disclosures required by Rule 26(a)(2)(B), the same disclosure shall be made on the same dates regarding all witnesses proffered by a party for the purpose of presenting evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence, whose first direct contact with the case or the parties occurred subsequent to the filing of this action. Rule 702, 703 or 705 disclosures intended solely to respond to, contract or rebut evidence on the same subject matter disclosed by another party pursuant to paragraph (a)(2)(B) of Rule 26, or pursuant to this order, shall be made on **August 1, 2025**. Any rebuttal disclosure by the party bearing the initial burden of proof shall be made on **August 15, 2025**, and shall be limited as to the source to expert witnesses previously identified. Further rebuttal to rule 702, 703 or 705 evidence shall be permitted only by leave of court.

       3.     Discovery shall be commenced timely and, except as to expert witnesses, shall be completed by **plaintiff(s)** on or before **July 29, 2025**; by **defendant(s)** on or before **August 26, 2025**. "Completed" means that interrogatories, requests for production, and requests for admission must be served at least thirty (30) days prior to the established completion date so that responses thereto will be due on or before the completion date. All subpoenas issued for discovery shall be returnable on or before the completion date. Unrepresented parties may request subpoenas of witnesses for depositions or trial, but such requests must be accompanied by a memorandum containing the name, address and purpose of the testimony of each witness and be approved in advance of issuance by a judge or magistrate judge of this court. Such approval shall not preclude any witness from contesting a summons. In accordance with Rule 5(d), depositions upon oral examination and upon written questions, interrogatories, requests for production, requests for admission, notices for deposition and production, requests for disclosure of expert information, expert information, disclosures, and answers and responses or objections to such discovery request shall not be filed with court until they are used in the proceeding, or ordered filed by the court. Discovery improperly submitted

will be discarded by the clerk without notice to counsel. The party taking a deposition or obtaining material through discovery is responsible for its preservation and delivery to the court if sought to be used in any party or ordered filed.

       4.      All discovery of experts, and all depositions taken by the proponent of a witness for presentation in evidence in lieu of the appearance of the witness at trial, shall be concluded on or before **August 26, 2025**.

       9(a).    While the Court always has discretion to determine whether it will address any dispositive motions, all dispositive motions, including summary judgment motions, must be filed no later than **September 4, 2025.**

       3.      Except for the foregoing, no other changes are made to the Rule 16(b) Scheduling Order [Doc. 32] or the Order on motion to compel [Doc. 50].

Norfolk, Virginia  
May 15, 2025

Lawrence R. Leonard  
United States Magistrate Judge