IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division
In Admiralty

| | |
|---|---|
| In the Matter of COEYMANS MARINE TOWING, LLC D/B/A CARVER MARINE TOWING as Owner and Operator of M/T Mackenzie Rose, (IMO No. 8968765), *et al*. | Civil Action No. 2:24-cv-00490-MSD-LRL |

**NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY'S
AND EVANSTON INSURANCE COMPANY'S
<u>MOTION FOR RELIEF UNDER RULES 30 AND 37</u>**

Norfolk and Portsmouth Belt Line Railroad Company ("Belt Line") and Evanston Insurance Company ("Evanston"), by counsel, move this Court for relief under Fed. R. Civ. P. 30 and 37 to remedy repeated obstructions by Petitioner Coeymans Marine Towing, LLC d/b/a Carver Marine Towing ("Carver") during depositions of its senior management, tug crew, and corporate designee, all designed to block the Belt Line's ability to defeat Carver's limitation effort.

These obstructions follow a pattern of evasion and obstruction that began with Carver's hit-and-run departure from the scene of the allision, continued into this litigation with Carver's failure to respond to discovery until ordered by this Court (after overruling nearly every objection Carver raised) (ECF 50), and manifested most recently with Carver's refusal to allow the Belt Line's and Evanston's tug captain expert to inspect the tug.

Yet Carver's production deficiencies are only part of the pattern. As explained in the accompanying brief, during depositions of Carver's current and former employees, Carver's lead counsel from New York interposed a total of **144** improper speaking objections, instructed witnesses not to answer **13** times without a privilege, and coached Carver's Rule 30(b)(6) designee to avoid nearly all responses that could possibly affect Carver's attempt to limit its liability.

Rules 30(d), (g), and 37, together with this Court's inherent authority, empower the Court to order "appropriate" relief to remedy such extensive obstructive conduct. And importantly, lesser relief like new depositions or cost-shifting will be ineffective here, as new depositions will only allow the witnesses (especially the corporate designee) to better prepare for now-known lines of questioning, and cost-shifting alone will be a minor triumph for Carver, well worth the obstruction compared to the $15 million at issue. The only effective remedy is to (1) *dismiss* Carver's limitation Complaint and allow this case to proceed on the claims by the Belt Line and Evanston, and (2) *deem* the facts underlying the obstructed testimony admitted against Carver, just like a Request for Admission that is improperly obstructed or denied under Rule 36.

A Certificate of Good Faith identifying meet and confer efforts is set forth below.

WHEREFORE, for the reasons above and as more fully set forth in the accompanying brief, the Belt Line and Evanston respectfully requests that this Court enter an Order:

1. *Dismissing* the Limitation Complaint and allowing this action to proceed on the claims by the Belt Line and Evanston without a limitation on recovery;

2. *Deeming* the facts underlying the obstructed testimony admitted against Carver for purposes of this action as detailed in **Appendix A**;

3. *Deeming* all text messages produced by Carver after the depositions of its witnesses (and after the Court's deadline for production) admissible against Carver for purposes of summary judgment or trial; and

4. *Granting* the Belt Line and Evanston all other just relief, including their attorneys' fees associated with this motion.

Dated: July 16, 2025

NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY

By:     */s/ James L. Chapman, IV*
James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Mackenzie R. Pensyl, VSB No. 100012
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
mpensyl@cmw-law.com
*Counsel for Norfolk and Portsmouth Belt Line Railroad Company*

EVANSTON INSURANCE COMPANY, a/s/o NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY

    */s/ Mark C. Nanavati*
Mark C. Nanavati, VSB No. 38709
G. Christopher Jones, Jr., VSB No. 82260
SINNOTT, NUCKOLS & LOGAN, P.C.
13811 Village Mill Drive
Midlothian, Virginia 23114
(804) 893-3866 (Nanavati)
(804) 378-2610 (Facsimile)
mnanavati@snllaw.com
cjones@snllaw.com

Zachary M. Jett, VSB No. 93285
BUTLER WEIHMULLER KATZ CRAIG LLP
11525 N. Community House Road, Ste 300
Charlotte, North Carolina 28277
(704) 543-2321 (Telephone)
(704) 543-2324 (Facsimile)
zjett@butler.legal
*Counsel for Evanston Insurance Company, a/s/o Norfolk and Portsmouth Belt Line Railroad Company*

## CERTIFICATE OF GOOD FAITH UNDER LOCAL RULE 37

Pursuant to Local Rule 37, counsel for the Belt Line and Evanston certify that they made a good faith effort to confer with Carver's counsel to resolve the issues presented herein. On July 3, 2025, counsel for the Belt Line sent a letter to Carver requesting a meet and confer on the pattern of obstruction outlined in the instant motion and accompanying brief. A copy of the letter is attached as **Motion Exhibit A**. The letter is the culmination of many discussions and emails between counsel about the multiple different obstructions described in the accompanying brief, including on the record at each of the depositions. After a series of emails regarding the letter, Carver provided dates for a meet and confer via email attached as **Motion Exhibit B**.

The parties met virtually to discuss the issues on July 8, 2025. This virtual meeting resulted in Carver agreeing to provide a proposed resolution within 48 hours, which Evanston's counsel confirmed by email attached as **Motion Exhibit C**. Two days later, on July 10, 2025, Carver sent the correspondence attached as **Motion Exhibit D**, failing to offer any solutions and instead arguing that its obstructions are all permissible under Rule 30. Carver's position appears to be that the Belt Line and Evanston should be satisfied with the limited information they were able to obtain. At this point, counsel for the Belt Line and Evanston do not perceive that further efforts will resolve the issues presented herein.

      */s/ James L. Chapman, IV*                    */s/ Mark C. Nanavati*

## **CERTIFICATE OF SERVICE**

      I certify that on this 16th day of July 2025 a true and correct copy of the foregoing was served on parties via CM/ECF electronic filing system upon the following:

James H. Rodgers, Esq. *(pro hac vice)*
CLYDE & CO US LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 702-6771
(212) 710-3950
*James.Rodgers@clydeco.us*

Harold L. Cohen. Esq.
CLYDE & CO US LLP
1221 Brickell Ave #1600
Miami, Florida 33131
(202) 747-5108
(202) 747-5150
*Harry.Cohen@clydeco.us*

Rachel Werner, Esq. *(pro hac vice)*
CLYDE & CO US LLP
One N. Central Avenue, Ste 1030
Pheonix, Arizona 85004
(480) 746-4580
(480) 746-4569 Direct
(480) 746-4556 Fax
*Rachel.werner@clydeco.us*

Michael Roman, Esq.
Dawn Johnson, Esq.
Siobhan Murphy, Esq.
CLYDE & CO US LLP
30 S. Wacker Drive, Ste 2600
Chicago, IL 60606
Tel No.: (312) 635-6971
Fax No.: (312)635-6950
*Michael.Roman@clydeco.us*
*Dawn.Johnson@clydeco.us*
*Siobhan.murphy@clydeco.us*
*Counsel for Coeymans Marine Towing, LLC,*
*d/b/a Carver Marine Towing*

James Morrissey (via electronic mail)
4723 Baywood Drive
Lynnhaven, FL 32444
*jdmorrissey15@gmail.com*

          */s/ James L. Chapman, IV*