| | |
|---|---|
| **From:** | Mark Nanavati |
| **To:** | Rodgers, James; James Chapman |
| **Cc:** | W. Ryan Snow; Zach Jett; Christopher Jones; Tressa Lucas; Mariah Adickes; Breanna Morgan; Mackenzie Pensyl; Johnson, Dawn; Roman, Michael; Murphy, Siobhan; Alonzo, Jennifer; Vega, Joslin; jdmorrissey15@gmail.com; Werner, Rachel; Cohen, Harry |
| **Subject:** | RE: [External] In re Coeymans Marine Towing, et al. - Correspondence regarding objections [CC-US.60032.10679176] |
| **Date:** | Tuesday, July 8, 2025 3:32:31 PM |
| **Attachments:** | image001.png<br>image002.png<br>image008.png<br>image009.png |

**CAUTION External Email:** This email originated from outside of the CWM network. Do not click any links or open any attachments unless you trust the sender and know the content is safe.

Siobhan,

Following up on the "meet and confer" today and as requested during the call, if Carver has a proposed or suggested resolution of this discovery dispute other than the discussed dismissal, please let us know so we can consider it in the next two days.

Thank you,

Mark

Mark C. Nanavati
(804) 893-3866

---

**From:** Mark Nanavati
**Sent:** Tuesday, July 08, 2025 7:42 AM
**To:** 'Rodgers, James' <James.Rodgers@clydeco.us>; James Chapman <jchapman@cwm-law.com>
**Cc:** W. Ryan Snow <wrsnow@cwm-law.com>; Zach Jett <zjett@butler.legal>; Christopher Jones <cjones@snllaw.com>; Tressa Lucas <tlucas@cwm-law.com>; Mariah Adickes <madickes@cwm-law.com>; Breanna Morgan <bmorgan@cwm-law.com>; Mackenzie Pensyl <mpensyl@cwm-law.com>; Johnson, Dawn <Dawn.Johnson@clydeco.us>; Roman, Michael <Michael.Roman@clydeco.us>; Murphy, Siobhan <Siobhan.Murphy@clydeco.us>; Alonzo, Jennifer <Jennifer.Alonzo@clydeco.us>; Vega, Joslin <Joslin.Vega@clydeco.us>; jdmorrissey15@gmail.com; Werner, Rachel <Rachel.Werner@clydeco.us>; Cohen, Harry <Harry.Cohen@clydeco.us>
**Subject:** RE: [External] In re Coeymans Marine Towing, et al. - Correspondence regarding objections [CC-US.60032.10679176]

Jim,

Thank you for setting out Carver's position below. To further our meet and confer today, I have included an example of the question/objection/knowledge issue from the Carver 30(b)(6) deposition and the relevant rules. Look forward to chatting at 2:30.

Mark


Carver Dep Testimony

Page 7

```
17       Q.    And that is the notice of the
18  deposition of Coeymans Marine Towing, d/b/a
19  Carver Marine Towing.
20             And attached as Exhibit A,
21  there's some definitions and a couple of
22  dozen topics.
23             See that?
24       A.    I do.
25       Q.    You've had a chance to review
```

Page 8

```
1   it prior to the deposition?
2        A.    I have.
3        Q.    And it's your understanding
4   that you've been designated to testify on
5   those topics?
6        A.    Yes.
```

Page 171

```
6        Q.    And if I missed this I
7   apologize and I am confident that Jim will
8   object.
9              But do you know whether or not
10  there was working radar on Mackenzie Rose
11  on the date of the allision?
12             MR. RODGERS:  Objection.  Asked
13    and answered, but you can answer.
14       A.    I would rely on the testimony
15  of Brian, Lenny, the crew, the documents
16  we've provided.
17             And as we summarized in the
18  end, I have no reason to believe there
19  wasn't, but I don't know firsthand.
20       Q.    Okay.  And when you are saying
21  that you're relying on the testimony of
22  Brian, Lenny, the crew, what other crew are
23  you relying on?
24       A.    For that answer specifically or
25  for all of the times I said that.
```

Page 172

```
1        Q.    Let's start with that answer
2   specifically.
3              MR. RODGERS:  Just for the
4      record, Mark, is, when he states that
5      he is relying on the crew's testimony
6      to date, which you're aware of was
7      testified, but we also have Jason
8      McGrath tomorrow and potentially
9      Morrissey on next week, and Captain
10     Miller unfortunately passed away.
```



```
11              That's what he's referring to,
12      but he can still answer the question
13      if --
14              MR. NANAVATI:  Well, I mean,
15      now that you've answered it for him.
16      Q.   Is Mr. Rodger's answer, your
17 answer?
18              MR. RODGERS:  Is that --
19      A.   Yes.
20              MR. RODGERS:  -- what I said,
21      correct?
22      A.   Correct.
23      Q.   Okay.  And when you're saying
24 documents produced in response to that
25 question, which documents are you referring
```

Page 173

```
1  to?
2      A.   I mean, there were thousands of
3  documents produced throughout the discovery
4  is my understanding.
5            I have reviewed many of them.
6  I can't speak to which ones specifically
7  would attest to the working condition of
8  the radar if any.
9      Q.   So you're suggesting that we go
10 through the documents and pick ones out
11 that's responsive to the question and that
12 will be your answer?
13           MR. RODGERS:  Objection to
14      form.  Of course you just answered
15      your own question, yes.  You should
16      do your homework.
17      Q.   So you can't identify a single
18 document as you sit here today that would
19 answer the question regarding the status of
20 the radar on the date of the allision, can
21 you?
22      A.   Not specifically, no.
```

FRCP 30(c)(2)

FRCP 30(b)(6)

Mark C. Nanavati
(804) 893-3866

**From:** Rodgers, James [mailto:James.Rodgers@clydeco.us]
**Sent:** Monday, July 07, 2025 10:32 PM
**To:** James Chapman <jchapman@cwm-law.com>; Mark Nanavati <mnanavati@snllaw.com>
**Cc:** W. Ryan Snow <wrsnow@cwm-law.com>; Zach Jett <zjett@butler.legal>; Christopher Jones <cjones@snllaw.com>; Tressa Lucas <tlucas@cwm-law.com>; Mariah Adickes <madickes@cwm-law.com>; Breanna Morgan <bmorgan@cwm-law.com>; Mackenzie Pensyl <mpensyl@cwm-law.com>; Johnson, Dawn <Dawn.Johnson@clydeco.us>; Roman, Michael <Michael.Roman@clydeco.us>; Murphy, Siobhan <Siobhan.Murphy@clydeco.us>; Alonzo, Jennifer <Jennifer.Alonzo@clydeco.us>; Vega, Joslin <Joslin.Vega@clydeco.us>; jdmorrissey15@gmail.com; Werner, Rachel <Rachel.Werner@clydeco.us>; Cohen, Harry <Harry.Cohen@clydeco.us>
**Subject:** Re: [External] In re Coeymans Marine Towing, et al. - Correspondence regarding objections [CC-US.60032.10679176]

Jim,
Inter alia, a 30b6 witness is to identify others in the organization best suited to answer a question or testify to a particular subject matter, which, by your concession, Mr. Laraway did. There was no area in which Mr. Laraway did not refer to the proper employee, other than areas he was personally familiar with.

Since you had already deposed Mr. Moore and Mr. Baldassare and obtained the answers, there is no need for a further witness. Generally, a 30b6 witness testifies at the beginning of discovery when the opposing party has no idea who the proper witness might be. You did the reverse. Moreover, a proper answer for the 30b6 witness is to refer to prior testimony and on behalf of the company rely on and adopt those answers. This was properly done numerous times by Mr. Laraway.

 As to my direction to witnesses, the questions involved employment status protected by either federal or state law, or subject to confidentiality agreements requiring waiver from the former employee. I told you if you wanted the information to serve a written request and I would inquire from Carver about the status

of the termination and respond to you. But in two months you never served a post-deposition demand.

The other question was for personal information, which you are not entitled to. We may disagree.

I believe the only other question was asking a witness who is not a qualified master, or a designated expert, whether what Mr. Morrissey did was proper seamanship etc.

I look forward to discussing this tomorrow at 2:30.

Regards,
Jim

Get [Outlook for iOS](#)

**From:** James Chapman <jchapman@cwm-law.com>
**Sent:** Monday, July 7, 2025 7:43:13 PM
**To:** Rodgers, James <James.Rodgers@clydeco.us>; Mark Nanavati <mnanavati@snllaw.com>
**Cc:** W. Ryan Snow <wrsnow@cwm-law.com>; Zach Jett <zjett@butler.legal>; Christopher Jones <cjones@snllaw.com>; Tressa Lucas <tlucas@cwm-law.com>; Mariah Adickes <madickes@cwm-law.com>; Breanna Morgan <bmorgan@cwm-law.com>; Mackenzie Pensyl <mpensyl@cwm-law.com>; Johnson, Dawn <Dawn.Johnson@clydeco.us>; Roman, Michael <Michael.Roman@clydeco.us>; Murphy, Siobhan <Siobhan.Murphy@clydeco.us>; Alonzo, Jennifer <Jennifer.Alonzo@clydeco.us>; Vega, Joslin <Joslin.Vega@clydeco.us>; jdmorrissey15@gmail.com <jdmorrissey15@gmail.com>; Werner, Rachel <Rachel.Werner@clydeco.us>; Cohen, Harry <Harry.Cohen@clydeco.us>
**Subject:** RE: [External] In re Coeymans Marine Towing, et al. - Correspondence regarding objections [CC-US.60032.10679176]

Jim,

Yes, we do want to confer about the speaking objections and directions not to answer, as well as the failure to produce a properly prepared corporate representative as required by Rule 30(b)(6). In response to numerous questions on the designated topics, Mr. Laraway did not know the answer, stating only that he relied on whatever Brian and Lenny said in their depositions, as well as unspecified documents produced.

Thanks,
Jim

**James L. Chapman, IV**

**CRENSHAW, WARE & MARTIN, P.L.C.**
150 W. Main Street, Suite 1923
Norfolk, VA  23510

T (757) 623-3000 | F (757) 623-5735

E-mail:  jchapman@cwm-law.com

Bio | Firm Website | Super Lawyers | Best Lawyers | Martindale-Hubbell

This communication is intended only for the recipient(s) named above and may be privileged or confidential.  If you are not the intended recipient, any disclosure, distribution or other use is prohibited.  If you received this communication in error, please notify Crenshaw, Ware & Martin, P.L.C. at (757) 623-3000 or by return e-mail to jchapman@cwm-law.com

**From:** Rodgers, James <James.Rodgers@clydeco.us>
**Sent:** Monday, July 7, 2025 6:11 PM
**To:** James Chapman <jchapman@cwm-law.com>; Mark Nanavati <mnanavati@snllaw.com>
**Cc:** W. Ryan Snow <wrsnow@cwm-law.com>; Zach Jett <zjett@butler.legal>; Christopher Jones <cjones@snllaw.com>; Tressa Lucas <tlucas@cwm-law.com>; Mariah Adickes <madickes@cwm-law.com>; Breanna Morgan <bmorgan@cwm-law.com>; Mackenzie Pensyl <mpensyl@cwm-law.com>; Johnson, Dawn <Dawn.Johnson@clydeco.us>; Roman, Michael <Michael.Roman@clydeco.us>; Murphy, Siobhan <Siobhan.Murphy@clydeco.us>; Alonzo, Jennifer <Jennifer.Alonzo@clydeco.us>; Vega, Joslin <Joslin.Vega@clydeco.us>; jdmorrissey15@gmail.com; Werner, Rachel <Rachel.Werner@clydeco.us>; Cohen, Harry <Harry.Cohen@clydeco.us>; Rodgers, James <James.Rodgers@clydeco.us>
**Subject:** RE: [External] In re Coeymans Marine Towing, et al. - Correspondence regarding objections [CC-US.60032.10679176]

CAUTION External Email: This email originated from outside of the CWM network. Do not click any links or open any attachments unless you trust the sender and know the content is safe.

Jim,

Please confirm that the scope of tomorrow's meet and confer, and your planned dispositive motion, relates only to the issue of objections and/or counsel's directions to Carver's witnesses, and no other discovery issue.

Thank you,
Jim

**James Rodgers**
Senior Counsel | Clyde & Co US LLP
Direct Dial: +1 212 702 6771 | Mobile: +1 646 853 4277



The Chrysler Building | 405 Lexington Avenue | 16th Floor | New York | NY 10174 | USA
Main +1 212 710 3900 | Fax +1 212 710 3950 | www.clydeco.us

**From:** James Chapman <jchapman@cwm-law.com>
**Sent:** Monday, July 7, 2025 4:30 PM
**To:** Rodgers, James <James.Rodgers@clydeco.us>; Mark Nanavati <mnanavati@snllaw.com>
**Cc:** W. Ryan Snow <wrsnow@cwm-law.com>; Zach Jett <zjett@butler.legal>; Christopher Jones <cjones@snllaw.com>; Tressa Lucas <tlucas@cwm-law.com>; Mariah Adickes <madickes@cwm-law.com>; Breanna Morgan <bmorgan@cwm-law.com>; Mackenzie Pensyl <mpensyl@cwm-law.com>; Johnson, Dawn <Dawn.Johnson@clydeco.us>; Roman,

Michael <Michael.Roman@clydeco.us>; Murphy, Siobhan <Siobhan.Murphy@clydeco.us>; Alonzo, Jennifer <Jennifer.Alonzo@clydeco.us>; Vega, Joslin <Joslin.Vega@clydeco.us>; jdmorrissey15@gmail.com; Werner, Rachel <Rachel.Werner@clydeco.us>; Cohen, Harry <Harry.Cohen@clydeco.us>
**Subject:** RE: [External] In re Coeymans Marine Towing, et al. - Correspondence regarding objections [CC-US.60032.10679176]

Jim,

I hope you had a pleasant Fourth of July holiday weekend.

Thank you for letting us know your availability to meet and confer on Tuesday July 8. After checking with our team, we are available at 2:30pm tomorrow. I will send a Zoom invitation for the meeting shortly.

Per your request for the citations to the instructions not to answer in the depositions, please see attached. There were 10, plus one when Mr. Baldassare refused to answer.

Little purpose would be served addressing the remaining comments in your email on July 3, but if there is anything else you need before the meeting, please let me know.

Thanks,

Jim

**James L. Chapman, IV**

**CRENSHAW, WARE & MARTIN, P.L.C.**
150 W. Main Street, Suite 1923
Norfolk, VA  23510
T (757) 623-3000 | F (757) 623-5735
E-mail:  jchapman@cwm-law.com

Bio | Firm Website | Super Lawyers | Best Lawyers | Martindale-Hubbell

This communication is intended only for the recipient(s) named above and may be privileged or confidential.  If you are not the intended recipient, any disclosure, distribution or other use is prohibited.  If you received this communication in error, please notify Crenshaw, Ware & Martin, P.L.C. at (757) 623-3000 or by return e-mail to jchapman@cwm-law.com

---

**From:** Rodgers, James <James.Rodgers@clydeco.us>
**Sent:** Friday, July 4, 2025 1:48 PM
**To:** Mark Nanavati <mnanavati@snllaw.com>; James Chapman <jchapman@cwm-law.com>
**Cc:** W. Ryan Snow <wrsnow@cwm-law.com>; Zach Jett <zjett@butler.legal>; Christopher Jones <cjones@snllaw.com>; Tressa Lucas <tlucas@cwm-law.com>; Mariah Adickes <madickes@cwm-law.com>; Breanna Morgan <bmorgan@cwm-law.com>; Mackenzie Pensyl <mpensyl@cwm-law.com>; Johnson, Dawn <Dawn.Johnson@clydeco.us>; Roman, Michael <Michael.Roman@clydeco.us>; Murphy, Siobhan <Siobhan.Murphy@clydeco.us>; Alonzo, Jennifer <Jennifer.Alonzo@clydeco.us>; Vega, Joslin <Joslin.Vega@clydeco.us>; jdmorrissey15@gmail.com; Werner, Rachel <Rachel.Werner@clydeco.us>; Cohen, Harry <Harry.Cohen@clydeco.us>; Rodgers, James <James.Rodgers@clydeco.us>
**Subject:** Re: [External] In re Coeymans Marine Towing, et al. - Correspondence regarding objections [CC-US.60032.10679176]

CAUTION External Email: This email originated from outside of the CWM network. Do not click any links or open any attachments unless you trust the sender and know the content is safe.

Mark -
I understand you are both claimants and may need to carry water for Jim, but given your lack of participation in the depositions, at best it is a thimble full. Your ad hominem insults are not appreciated on a day when we are celebrating our independence and the right of due process.

Jim Chapman -

We are prepared to have a meet and confer via Teams on Tuesday any time after 10:30 am EST. Siobhan Murphy will be joining me pending an opening in her schedule.  Consistent with your good faith obligation please identify the 12
Questions, as well as your position on why counsel's direction was unwarranted.

I will try for a third time to wish you all a happy and collegial Fourth of July.

Regards,
Jim


Get Outlook for iOS

---

**From:** Mark Nanavati <mnanavati@snllaw.com>
**Sent:** Friday, July 4, 2025 11:18 AM
**To:** Rodgers, James <James.Rodgers@clydeco.us>; James Chapman <jchapman@cwm-law.com>; Mark Nanavati <mnanavati@snllaw.com>
**Cc:** W. Ryan Snow <wrsnow@cwm-law.com>; Zach Jett <zjett@butler.legal>; Christopher Jones <cjones@snllaw.com>; Tressa Lucas <tlucas@cwm-law.com>; Mariah Adickes <madickes@cwm-law.com>; Breanna Morgan <bmorgan@cwm-law.com>; Mackenzie Pensyl <mpensyl@cwm-law.com>; Johnson, Dawn <Dawn.Johnson@clydeco.us>; Roman, Michael <Michael.Roman@clydeco.us>; Murphy, Siobhan <Siobhan.Murphy@clydeco.us>; Alonzo, Jennifer <Jennifer.Alonzo@clydeco.us>; Vega, Joslin <Joslin.Vega@clydeco.us>; jdmorrissey15@gmail.com <jdmorrissey15@gmail.com>; Werner, Rachel <Rachel.Werner@clydeco.us>; Cohen, Harry <Harry.Cohen@clydeco.us>
**Subject:** RE: In re Coeymans Marine Towing, et al. - Correspondence regarding objections [CC-US.60032.10679176]

Jim,

I concur with Jim Chapman. I have never seen a lawyer testify as much (in the guise of "objections") and then throw around Rule 11 threats.....

I would also point out, I have rarely seen a corporate representative so woefully unprepared.....

Happy to chat as needed but maybe ice the threats.

Mark

Mark C. Nanavati
Sinnott, Nuckols & Logan, PC
(804) 893-3866

-------- Original message --------
From: "Rodgers, James" <James.Rodgers@clydeco.us>
Date: 7/3/25 8:11 PM (GMT-06:00)
To: James Chapman <jchapman@cwm-law.com>
Cc: "W. Ryan Snow" <wrsnow@cwm-law.com>, Mark Nanavati <mnanavati@snllaw.com>, Zach Jett <zjett@butler.legal>, Christopher Jones <cjones@snllaw.com>, Tressa Lucas <tlucas@cwm-law.com>, Mariah Adickes <madickes@cwm-law.com>, Breanna Morgan <bmorgan@cwm-law.com>, Mackenzie Pensyl <mpensyl@cwm-law.com>, "Johnson, Dawn" <Dawn.Johnson@clydeco.us>, "Roman, Michael" <Michael.Roman@clydeco.us>, "Murphy, Siobhan" <Siobhan.Murphy@clydeco.us>, "Alonzo, Jennifer" <Jennifer.Alonzo@clydeco.us>, "Vega, Joslin" <Joslin.Vega@clydeco.us>, jdmorrissey15@gmail.com, "Werner, Rachel" <Rachel.Werner@clydeco.us>, "Rodgers, James" <James.Rodgers@clydeco.us>, "Cohen, Harry" <Harry.Cohen@clydeco.us>
Subject: RE: In re Coeymans Marine Towing, et al. - Correspondence regarding objections [CC-US.60032.10679176]

To: James L. Chapman, IV, Esq.

Dear Jim,

Tonight's letter from you, where you once again threaten motion practice if Carver does not immediately cede to your demands, rises to level of harassment. Nor is it collegial as Judge Leonard ordered. Again, without warning or a phone call, you have fired off a threat with an unreasonable deadline for a "Meet and Confer" (on July 4th Eve for the Monday following).

I am not sure why you have chosen to do this at this time. Perhaps after deposing the entire crew and management of Carver you realize that the facts of the case support a Limitation. We believe you knew it when James Morrissey testified to the USCG that he did not switch off the auto-pilot switch, thereby voiding hand steering. You knew it when Carver amended its report to the USCG to reflect that. **Yet, you subsequently filed a pleading in EDVA stating otherwise—claiming, inter alia, that the auto pilot was defective**. see Rule 11 (b)(3). The additional evidence you have gathered now confirms that Carver had none of the privity or knowledge necessary to break the Limitation. We have met our burden. So now, in the dead of night, you conceive a plan to get the evidence thrown out. This is outrageous.

Perhaps because now that you have served your expert reports you wish to distract our team from responding. Or perhaps it is because of the paucity and quality of your expert reports. Or, perhaps, you have had a chance to review Evanston's disclosures, in which its expert, Zane Sadik, P.E., concedes that the bridge's lifespan only has 34 years remaining, thus conceding a 66% depreciation rate. Therefore, even on a good day, the total recoverable amount for both claimants combined is $5,000,000—without the Limitation. **Maritime Rule of Law** -To calculate recoverable damages, courts (1) determine the life expectancy of the bridge (2) determine the amount of depreciation at the time of the incident (e.g., life expectancy – elapsed time = % depreciated) (3) then reduce the repair/replacement costs by the amount of depreciation. The costs subject to reduction by depreciation include both materials and labor. See *Seaboard*, 237 F.Supp. 10 at 14 ("depreciation is allowed against the entire costs of repair, without distinction between cost of materials and cost of labor").

For the past 36 years I have appeared in federal courts in New York, New Jersey, Pennsylvania, Wisconsin, Minnesota, Florida, Arizona, and yes, EDVA in another allision case involving a city's fishing pier, and I have never, including the case in EDVA, experienced such non-collegiality and conduct bordering on sharp practice.

Perhaps you misunderstand Rule 30. There is no restriction on how many objections are made, or how many instances a witness can be directed not to answer a question.

2) Objections. *An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).*

There is no rule permitting you to require new depositions because of objections. The pedantic accounting of objections, many because of inartful or improper questions, is irrelevant. Thus, what is your basis? Twelve (12) instances of directing witnesses not to answer? There were six (6) witnesses. That is two (2) each witness. Two. To be clearer—two.

Since you so very much intend to force a Meet and Confer the Monday after July 4th, three (3) holiday days from now, then you are required and duty bound to provide us a list of all twelve instances, including testimony of the Questions and the Directions not to Answer, with any accompanying objection, along with your reason why they were improper. In that way we can be prepared to reassess your questions and decide if we can come to mutual agreement on a remedy. Unless, like the last time, you already have the motion drafted, and your Meet and Confer lacks the requisite good faith.

The parties have set a date for private mediation. We have all agreed on the mediator. This next six weeks is earmarked for Carver's responsive expert reports, claimants' replies, expert depositions if necessary, and then a serious private mediation, where Carver and its insurers are prepared for serious discussions. I expect Evanston, who paid for Belt Line's repairs, is also prepared for serious discussions. Your letter tonight indicates that your firm and Belt Line are not. Judge Leonard was not happy at the last conference as to why the parties were not prepared for the mandatory court settlement conference on July 9th. Your continued demand for more and more discovery has hampered the completion of this case. Today it was a voicemail allegedly attached to a text that we paid a vendor to retrieve from a cell phone, a few days ago it was falsely alleging that Carver omitted documents that were retrieved by another third-party vendor, and now, the final hubris, demanding to depose all six (6) of Carver's witnesses in order to answer 12 questions. *Gnicht ist gnicht* as the great advocate Michael Cook was often heard to expostulate.

Please provide the above-requested list prior to Monday and we will Meet and Confer and see what is really behind this tardy and unsupported threat.

Best regards,

Jim

**James Rodgers**
Senior Counsel | Clyde & Co US LLP
**Direct Dial:** +1 212 702 6771 | **Mobile:** +1 646 853 4277

The Chrysler Building | 405 Lexington Avenue | 16th Floor | New York | NY 10174 | USA
Main +1 212 710 3900 | Fax +1 212 710 3950 | www.clydeco.us

---

**From:** Mackenzie Pensyl <mpensyl@cwm-law.com>
**Sent:** Thursday, July 3, 2025 6:19 PM
**To:** Roman, Michael <Michael.Roman@clydeco.us>; Rodgers, James <James.Rodgers@clydeco.us>; Cohen, Harry <Harry.Cohen@clydeco.us>; Werner, Rachel <rachel.werner@clydeco.us>; Johnson, Dawn <Dawn.Johnson@clydeco.us>; Alonzo, Jennifer <jennifer.alonzo@clydeco.us>; Vega, Joslin <Joslin.vega@clydeco.us>; Murphy, Siobhan <Siobhan.Murphy@clydeco.us>; jdmorrissey15@gmail.com
**Cc:** James Chapman <jchapman@cwm-law.com>; W. Ryan Snow <wrsnow@cwm-law.com>; Mark Nanavati <mnanavati@snllaw.com>; Zach Jett <zjett@butler.legal>; Christopher Jones <cjones@snllaw.com>; Tressa Lucas <tlucas@cwm-law.com>; Mariah Adickes <madickes@cwm-law.com>; Breanna Morgan <bmorgan@cwm-law.com>
**Subject:** In re Coeymans Marine Towing, et al. - Correspondence regarding objections

Good afternoon,

Please see the attached correspondence in the above-captioned matter.

Thank you,

Mackenzie

**Mackenzie R. Pensyl, Esquire**

CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923 | Norfolk, VA 23510
**T** (757) 623-3000 | **F** (757) 623-5735 | www.cwm-law.com | mpensyl@cwm-law.com

This communication is intended only for the recipient(s) named above and may be privileged or confidential. If you are not the intended recipient, any disclosure, distribution or other use is prohibited. If you received this communication in error, please notify Crenshaw, Ware & Martin, P.L.C. at (757) 623-3000 or by return email to mpensyl@cwm-law.com.

**If our account details change, we will notify these to you by letter, telephone or face-to-face and never by email.**

This email message and any attachments may contain legally privileged and/or confidential information intended solely for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution or copying of this message or its attachments is strictly prohibited. If you have received this email message in error, please immediately notify us by telephone, fax or email and delete the message and all attachments thereto. Thank you. Clyde & Co US LLP is a Delaware limited liability law partnership affiliated with Clyde & Co LLP, a multinational partnership regulated by The Law Society of England and Wales.

Disclosure: To ensure compliance with requirements imposed by the IRS in Circular 230, we inform you that any tax advice contained in this communication (including any attachment that does not explicitly state otherwise) is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties under the Internal Revenue Code or promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.