IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division
In Admiralty

| | |
|---|---|
| In the Matter of COEYMANS MARINE TOWING, LLC D/B/A CARVER MARINE TOWING as Owner and Operator of MiT Mackenzie Rose, (IMO No. 8968765) her cargo, engines, boilers, tackle, equipment, apparel, and appurtenances, etc., *in rem,* ("M/T MACKENZIE ROSE"), petitioning for Exoneration from or Limitation of Liability in allision with Norfolk and Portsmouth Belt Line Railroad Company Main Line Railroad Bridge (the "Bridge") occurring June 15, 2024 in and about the Elizabeth River, Virginia. | Civil Action No: 2:24-cv-00490 |

**PETITIONER'S MOTION
FOR PROTECTIVE ORDER**

Petitioner, Coeymans Marine Towing, LLC d/b/a Carver Marine Towing ("Carver"), as Owner and Operator of M/T Mackenzie Rose (IMO No. 8968765) her cargo, engines, boilers, tackle, equipment, apparel, and appurtenances, etc., *in rem,* moves under Federal Rule of Civil Procedure 26(c)(1) and L.R. Civ. 37(G) and (H) for a protective order to (1) prevent Claimant Norfolk and Portsmouth Belt Line Railroad Company ("Belt Line") and Intervening Claimant, Evanston Insurance Company from engaging in abusive and unnecessary discovery and discovery motions and to require that they engage in good faith efforts to resolve discovery discussions, rather than refusing to engage while demanding that Carver concede its case or waive its rights; (2) to prevent Claimants from conducting discovery depositions designed to invade Carver's attorney-client relationship, attorney-client privilege and work product based on an unfounded *ad hominem* attack on Carver, its attorneys, and its Chief General Counsel, Josef Malik, Esq.; (3) and, in light of the abusive practices of Claimants in this matter, Carver asks this Court supervise the remaining discovery to facilitate bringing this matter to a resolution on the merits without violating Carver's rights and privileges. (4) & (5) In addition, Carver requests an award of its costs in this matter.

1

While Carver will separately brief its oppositions to Claimants' motion seeking a dispositive sanction and its motion to compel another inspection of the M/V Mackenzie Rose, it respectfully submits that both of those motions should be denied or stayed pending completion of supervised discovery. In addition to its accompanying Memorandum filed concurrently herewith, Carver states the following in support of its Motion:

1. This Motion is addressed to a pattern of conduct by counsel for Claimant/Respondent and for Intervening Claimant. The parties have engaged in detailed conferences where Carver sought, in good faith, to meet and confer with regard to discovery and to facilitate discovery in this matter. Counsel for Carver specifically discussed its intent to seek a protective order with Claimants' counsel in a video conference conducted on July 21, 2025. See Affidavit of James Rodgers, attached as <u>Exhibit A</u> to the Brief in Support of this Motion, at ¶ 57.

2. On July 3, 2025, Claimants served Carver with correspondence accusing it of "obstructionist" behavior during the depositions of its employees that proceeded in April 2025 and Carver's Rule 30(b)(6) corporate designee that proceeded in June 2025. The relevant procedural history is detailed in the Brief in Support of this Motion, as evidence by Affidavit and exhibits thereto.

3. Claimants' July 3, 2025 letter was the first time Claimants raised any issue with the depositions outside of colloquy on record at the depositions starting at the end of April. Their claim, per the July 3 letter, is that Carver impeded their ability to obtain information during the depositions. Rather than work in good faith, as required by Local Rule 37, to resolve this discovery dispute, Claimants informed in their July 3 letter that the only remedy would be to move to dismiss Carver's Limitation of Liability petition.

4. The undersigned counsel certifies that in the ensuing discussions, Claimants refused to confer in good faith as to what additional discovery Claimants sought. They also refused to withdraw from their demand that Carver dismiss its Limitation petition. This was despite Carver's invitation to work through the dispute, and despite Carver's request for Claimants to identify what prejudice needed to be addressed. Claimants did not propose, for example, that any witnesses or provide supplemental testimony or that Carver provide supplemental responses to deposition topics in Answer to Interrogatory form. Carver continued these efforts by providing Claimants with an 8-page letter summarizing the responsive testimony of its Rule 30(b)(6) representative and inviting Claimants to respond and identify any prejudice or topics that remained outstanding. Claimants ignored this letter and then filed their Motion for Sanctions and Dismissal.

5. Claimants' failure to confer in good faith and seriously work through the dispute are emblematic of their discovery strategy of baselessly accusing Carver of noncompliance in discovery in an effort to prevail on a sanctions motion rather than the merits. In the most recent example, Claimants have served notices of depositions for Carver's general counsel, Josef Malik, Esq., and Jason Galioto. Both individuals have no personal knowledge of the incident at issue. Their involvement in the case has been to manage the litigation for Carver and assist its litigation counsel with gathering documents to produce in discovery. Carver conferred with Claimants and informed they would produce Attorney Malik for deposition, subject to its objections that Attorney Malik would not divulge information protected by attorney-client or work product privileges. Claimants refused this compromise, and remain intent on an unlimited scope deposition.

6. Given Claimants' continued strategy of baselessly accusing Carver of discovery malfeasance and pursuing irrelevant, burdensome, and harassing discovery of individuals who had no personal knowledge of the claims and defenses, Carver seeks protective relief from this Court

in the form of an Order supervising remaining discovery; denying or staying Claimants' pending motions to compel and for sanctions; and denying or limiting the depositions of Attorney Malik and Jason Galioto.

7. The parties last conferred via teleconference on these issues on July 21, 2025, at which time Carver informed Claimants that it intended to seek a protective order in order to address the lack of good faith efforts to resolve disputes, and in light of Claimants' refusal to withdraw their pending motions and engage as to what discovery remains needed. Claimants have maintained their position that the only issue to be discussed is whether Carver with dismiss its action or waive its privileges. Attached is a Certificate of Good Faith Conference pursuant to Local Rule 37(e). Additionally, Carver submits a Memorandum with this Motion with additional arguments and support for its Motion.

8. Pursuant to L.R.7, Carver requests a hearing on this Motion.

WHEREFORE, Petitioner Coeymans Marine Towing, LLC d/b/a Carver Marine Towing respectfully requests pursuant to Local Rule 37 and Federal Rule of Civil Procedure 26(c) that the Court grant its Motion, and enter an Order reflecting the following relief:

1. Requiring Claimants to engage in good faith efforts to resolve discovery disputes, rather than refusing to engage while demanding that Carver concede its case or waive its rights;
2. Denying Claimants notices of discovery depositions of Attorney Josef Malik and of Jason Galioto that would invade Carver's attorney-client protections and work product privileges;
3. Taking Court over Remaining Discovery;

While Carver will separately brief the Claimants' pending motions, the relief appropriate on this record also includes:

4. Denying or Staying the Belt Line's Dispositive Motion on 30(b)(6) testimony and deposition objections [ECF Nos. 69-70];

5. Denying or Staying the Motion to Compel Tug Inspection [ECF Nos. 67-68]; and

6. Taxing all costs and fees related to this motion against Claimants as a sanction pursuant to Rule 37;

Dated: July 23, 2025  **CLYDE & CO US LLP**

By: */s/ Harold L. Cohen*_____
Harold L. Cohen, Esq. (VSB No.: 98148)
1221 Brickell Avenue, Ste. 1600
Miami, Florida 33131


James H. Rodgers, Esq.*
405 Lexington Avenue
New York, New York 10174
Tel No.: (212) 702-6771
Fax No.: (212) 710-3950
Email: james.rodgers@clydeco.us
　　　　harold.cohen@clydeco.us

Siobhán M. Murphy*
Michael J. Roman, Esq.*
30 S. Wacker Drive, Ste. 2600
Chicago, IL 60606
Tel: (312) 635-6971
Fax: (312) 635-6950
Email: Michael.roman@clydeco.us;
　　　　Siobhan.Murphy@clydeco.us

Rachel Werner, Esq.*
One North Central Avenue, Suite 1030
Phoenix, AZ 85004
Tel: (480) 746-4580
Fax: (480) 746-4556
Email: Rachel.Werner@clydeco.us

*Attorneys For Coeymans Marine Towing, LLC
D/B/A Carver Marine Towing*

*pro hac vice*

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 37(E), I hereby certify that counsel for the movant has conferred with counsel for the Belt Line and Evanston Insurance company by phone on July 21, 2025, in a good faith effort to resolve the matters in controversy but was unsuccessful.

/s/ Harold L. Cohen
VA Bar No.: 98148

## CERTIFICATE OF SERVICE

I, a non-attorney, hereby certify under penalty of perjury that on this 23rd day of July 2025, I served the foregoing by electronic mail on the following:

Mark C. Nanavati, Esq. (VSB #38709)
G. Christopher Jones, Jr., Esq. (VSB #82260)
SINNOT, NUCKOLS & LOGAN, P.C.
13811 Village Mill Drive
Midlothian, Virginia 23114
(804) 893-3866
(Nanavati) (804) 893-3862
(Jones) (804) 378-2610
(Facsimile)
mnanavati@snllaw.com
cjones@snllaw.com
*Counsel for Evanston Insurance Company, s/s/o Norfolk and Portsmouth Belt Line Railroad Company*

Zachary M. Jett, Esq. (VSB #93285)
BUTLER WEIHMULLER KATZ CRAIG LLP
11525 North Community House Road, Suite 300
Charlotte, North Carolina 28277
(704) 543-2321 (Telephone)
(704) 543-2324 (Facsimile)
zjett@butler.legal
jhuber@butler.legal (*paralegal*)
*Counsel for Evanston Insurance Company, s/s/o Norfolk and Portsmouth Belt Line Railroad Company*

James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Mackenzie R. Pensyl VSB No. 100012
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
mpensyl@cwm-law.com
bmorgan@cwm-law.com
*Counsel for Norfolk and Portsmouth Belt Line Railroad Company*

                                         By:    */s/ Jennifer Alonzo*