# EXHIBIT 10

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**
**In Admiralty**

|  |  |
|---|---|
| In the Matter of COEYMANS MARINE TOWING, LLC D/B/A CARVER MARINE TOWING as Owner and Operator of M/T Mackenzie Rose, (IMO No. 8968765) her cargo, engines, boilers, tackle, equipment, apparel, and appurtenances, etc., *in rem*, petitioning for Exoneration from or Limitation of Liability in allision with Norfolk and Portsmouth Belt Line Railroad Company Main Line Railroad Bridge occurring June 15, 2024 in and about the Elizabeth River, Virginia. | **Civil Action No: 2:24-cv-00490** |

## PETITIONER'S OBJECTIONS TO NPBL'S RULE 30(B)(6) TOPICS

Petitioner Coeymans Marine Towing, LLC d/b/a Carver Marine Towing ("Carver"), for its objections to Claimant Norfolk and Portsmouth Belt Line Railroad Company's ("Belt Line") Amended Notice of Deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) served on June 10, 2025, states as follows:

### Deposition Topics

1.    Carver's answers to NPBL's interrogatories.

2.    Carver's responses to NPBL's requests for production of documents.

3.    The corporate structure and ownership of Coeymans Marine Towing, LLC d/b/a Carver Marine Towing, Inc.

4.    Carver's ownership of the Vessel.

5.    Mortgages on the Vessel.

6.    Value of the Vessel.

7.    Freight, towage or hire received or owed for the service of the Vessel at the time of the Incident.

8.      Seaworthiness of the Vessel at the time of the Incident.

**Objection:      This topic calls for a legal conclusion and interpretation of the legal concept of "seaworthiness" which is the ultimate issue in the case, and is thus improper for a fact discovery deposition.**

9.      The operation, course and speed of the Vessel on the date of the Incident.

**Objection:      This topic seeks information and testimony already offered by Carver's General Manager and Port Captain, as well as the Crew who were on board the vessel at the time of the incident. It is also duplicative of the logs, voyage data, and other information produced in discovery which are the best evidence of the facts relating to this topic. In addition, this information is best obtained from the upcoming deposition of James Morrissey, the mate on watch at the time of the incident.**

10.     The crew on board the Vessel on the date of the Incident.

11.     The training Carver provided for the crew of the Vessel.

12.     Communications by and between the Vessel and its crew members with and among Carver's shore personnel (including Leonard Baldassare, Brian Moore and Nick Laraway) following the Incident, whether by text, SMS, email, phone, video or in person.

**Objection:      The Belt Line has already deposed Carver's General Manager, Port Captain, as well as the Crew Members on board the vessel and the Belt Line is in possession of e-mails, messages, and other communications relating to the incident and Carver's response to it. Subject to its objections, Subject to its objections, Carver will produce a representative to testify as to the subject matter of No. 12.**

13.     Carver's protocols and procedures for reporting allisions in place at the time of the Incident.

14.     Carver's Safety Management System that was in effect at the time of the Incident.

15.     Damage to the Vessel resulting from the Incident.

16.     Damage to the Barge resulting from the Incident.

17.     Charter or hire of the Barge by Carver.

18.     All repairs made to the Vessel as a result of the Incident.

19.     All repairs made to the Barge as a result of the Incident.

20. All repairs made to the navigation, steering, or autopilot systems of the Vessel during the five (5) year period before the Incident.

**Objection:** **The Belt Line has already deposed Carver's General Manager, Port Captain, and the Crew Members on board the vessel and is in possession of logs, reports, invoices, and other documents relating to repairs referenced in this topic. Subject to its objections, Carver will produce a representative to testify as to the subject matter of No. 20.**

21. All disciplinary or employment action taken against members of the crew of the Vessel, including James Morrissey and Christopher Miller.

22. All actions taken by Carver as a result of the Incident.

**Objection:** **This topic is vague, ambiguous, and overly broad and is therefore improper. Carver further objects to testifying regarding any remedial actions until the conclusion of the Coast Guard's investigation. Subject to its objections, Carver will produce a representative to testify as to the subject matter of No. 22.**

23. All reasons why Carver did not notify the U.S. Coast Guard on June 15, 2024 of the Incident.

**Objection:** **This topic assumes facts not in evidence. Moreover, Carver was fully in compliance with SMS 8.8F based on the information available to the company on June 15, 2024.**

24. All reasons why Carver did not notify the Norfolk and Portsmouth Belt Line Railroad on June 15, 2024.

**Objection:** **This topic assumes facts not in evidence. Moreover, Carver was fully in compliance with SMS 8.8F based on the information available to the company on June 15, 2024.**

Dated: June 12, 2025

Respectfully submitted,

**CLYDE & CO US LLP**

By:  */s/ Harold L. Cohen*
Harold L. Cohen, Esq.
VSB No.: 98148
1221 Brickell Avenue, Ste. 1600
Miami, Florida 33131

3

James H. Rodgers, Esq., *Pro Hac Vice*
CLYDE & CO US LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Tel No.: (212) 702-6771
Fax No.: (212) 710-3950
Email: james.rodgers@clydeco.us

Michael H. Roman, Esq. *Pro Hac Vice*
Dawn L. Johnson Esq., *Pro Hac Vice*
30 S. Wacker Drive, Ste. 2600
Chicago, IL 60606
Dawn L. Johnson, Esq.
Pro Hac Vice Forthcoming
Tel: (312) 635-6971
Fax: (312) 635-6950
Email: Michael.roman@clydeco.us;
Dawn.johnson@clydeco.us
***Attorneys For Coeymans Marine Towing,
LLC D/B/A Carver Marine Towing***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of June 2025, I served the foregoing by electronic mail on the following:

Mark C. Nanavati, Esq. (VSB No.: 38709)
G. Christopher Jones, Jr., Esq. (VSB No.: 82260)
SINNOT, NUCKOLS & LOGAN, P.C.
13811 Village Mill Drive
Midlothian, Virginia 23114
(804) 893-3866 (Nanavati)
(804) 893-3862 (Jones)
(804) 378-2610 (Facsimile)
mnanavati@snllaw.com
cjones@snllaw.com
*Counsel for Evanston Insurance Company a/s/o*
*Norfolk and Portsmouth Belt Line Railroad Company*

James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Mackenzie R. Pensyl VSB No. 100012
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
mpensyl@cwm-law.com
*Attorneys for Norfolk and Portsmouth Belt*
*Line Railroad Company*

Zachary M. Jett, Esq. (VSB #93285)
BUTLER WEIHMULLER KATZ, et al
11525 North Community House Road
Suite 300
Charlotte, North Carolina 28277
(704) 543-2321 (Telephone)
(704) 543-2324 (Facsimile)
zjett@butler.legal
*Counsel for Evanston Insurance Company,*
*a/s/o Norfolk and Portsmouth Belt Line*
*Railroad Company*

*/s/ Harold L. Cohen*
Harold L. Cohen, Esq.