# EXHIBIT 11

LAW OFFICES
# CRENSHAW, WARE & MARTIN, P.L.C.
150 WEST MAIN STREET, SUITE 1923
Norfolk, Virginia 23510
www.cwm-law.com

TELEPHONE (757) 623-3000
FACSIMILE (757) 623-5735

June 12, 2025

MACKENZIE R. PENSYL
EMAIL: mpensyl@cwm-law.com
Also licensed in Ohio

**VIA ELECTRONIC MAIL**

| | |
|---|---|
| James H. Rodgers, Esq.<br>CLYDE & CO US LLP<br>The Chrysler Building<br>405 Lexington Avenue<br>New York, New York 10174<br>James.Rodgers@clydeco.us | Harold L. Cohen. Esq.<br>CLYDE & CO US LLP<br>1221 Brickell Avenue #1600<br>Miami, FL 33131<br>Harry.Cohen@clydeco.us |
| Michael Roman, Esq.<br>Dawn Johnson, Esq.<br>CLYDE & CO US LLP<br>30 S. Wacker Drive, Ste 2600<br>Chicago, IL 60606<br>Michael.Roman@clydeco.us<br>Dawn.Johnson@clydeco.us | Rachel Werner, Esq.<br>CLYDE & CO US LLP<br>One North Central Avenue, Suite 1030<br>Pheonix, Arizona 85004<br>Rachel.werner@clydeco.us |

Re:    COEYMANS MARINE TOWING, LLC D/B/A CARVER MARINE TOWING
as Owner and Operator of M/T Mackenzie Rose (IMO No. 8968765), etc.
United States District Court, Eastern District of Virginia, Case No. 2:24-cv-00490

Dear Mr. Roman:

We write to address two discovery issues that have developed today which may require us to meet and confer if they cannot be resolved as described below.

RULE 30(b)(6) NOTICE OF DEPOSITION

We are in receipt of Carver's Objections served today (June 12, 2025) to several of the topics listed in the Belt Line's Rule 30(b)(6) notice of deposition. The parties had originally held the date of June 10 for the deposition and on your request, it was rescheduled for next Tuesday, June 17, 2025, because your deponent (Nick Laraway) was unavailable until then.

The Belt Line initially served its Rule 30(b)(6) deposition notice containing the same topics on May 21, 2025. However, Carver failed to raise any objection to the topics until late today, barely two working days before the deposition.

Carver's objections are improper and without merit. Of the 24 topics listed in the notice of deposition, Carver objected to Topic Nos. 8, 9, 12, 20, 22, 23, and 24. This letter will address each of these objections.



Michael Roman, Esq.
June 12, 2025
Page 2

Carver objects to Topic 8 on grounds that it calls for a legal conclusion and requires an interpretation of "seaworthiness" This objection is without merit. Carver avers in its limitation complaint that the MACKENZIE ROSE was "in all respects seaworthy" so the concept is hardly foreign to the company. The deponent will not be asked to provide a legal interpretation of the word seaworthiness but instead will be asked questions pertaining to the seaworthiness of the vessel. As Carver states, this information is pertinent to the case and the Belt Line is entitled to Carver's representative's testimony thereon.

Carver objects to Topic Nos. 9, 12, and 20 on grounds that the Belt Line already took depositions of Carver's General Manger and Port Captain and is already in possession of documents addressing the information therein. Such objections are improper. Prior testimony from fact witnesses and documents is not a substitute for Carver's representative's testimony on the same topics. Thus, the objections to Topic Nos. 9, 12, and 20 are improper.

Carver objects to Topic No. 22 on grounds that it is vague, ambiguous, and pertains to remedial measures. This objection is also without merit. This topic pertains to actions taken by Carver resulting from the allision with the Main Line Bridge. Additionally, Carver raises the same objection for remedial measures that was overruled by the Court on the Belt Line's Motion to Compel. The objection to Topic 22 is likewise improper.

Finally, Carver objects to Topic Nos. 23 and 24 on grounds that they "assume facts not in evidence." This objection is without merit. Topic No. 23 is "all reasons why Carver did not notify the U.S. Coast Guard on June 15, 2024 of the Incident" and Topic No. 24 is "all reasons why Carver did not notify the Norfolk and Portsmouth Belt Line Railroad on June 15, 2024 of the Incident." Neither topic assumes a fact not in evidence, but instead seeks discovery regarding the reasons underlying two undisputed facts, that on June 15, 2024 1) Carver did not notify the U.S. Coast Guard of the allision, and 2) Carver did not notify the Belt Line of the allision. The objections to Topic Nos. 23 and 24 are therefore improper.

Carver states in its objections to Topic Nos. 12, 20, and 22, that subject to the objection, it will produce a representative to testify to the subject matter. However, Carver's other objections do not provide the same assurance. Please confirm that Carver will produce a representative to testify to all of the topics listed in the Rule 30(b)(6) Notice and that Carver will not instruct the witness to not answer questions on the topics to which it has objected. If not, we will need to meet and confer in compliance with Rule 37.

DEPOSITION OF ERIK WALORDY

In addition to the 30(b)(6) deposition, Carver has not responded to the Belt Line's many requests to depose Erik Walordy. The Belt Line first requested dated for Mr. Walordy on May 21, 2025. After several follow up email requests to schedule it, for the first time yesterday during a meet and confer, Carver's counsel asked that we provide a notice of deposition for Mr. Walordy, which was sent the same day. Though you have responded to our requests to confirm the depositions of Carver's corporate representative and Mr. McGrath, you have not extended the same



Michael Roman, Esq.
June 12, 2025
Page 2

courtesy with respect to the requested deposition of Mr. Walordy. Please confirm Carver will produce Mr. Walordy for deposition pursuant to the notice. If not, we will need to meet and confer in compliance with Rule 37.

Given the rapidly approaching depositions next week, if you cannot confirm your agreement to these requests, we need to meet and confer to discuss the foregoing issues on **June 13, 2025**. Please let us know your availability as soon as possible.

Very truly yours,

Mackenzie R. Pensyl

MRP/tal
cc:     Counsel of Record

