# EXHIBIT 30

LAW OFFICES
## CRENSHAW, WARE & MARTIN, P.L.C.
150 WEST MAIN STREET, SUITE 1923
NORFOLK, VIRGINIA 23510

TELEPHONE (757) 623-3000
FACSIMILE (757) 623-5735

July 7, 2025

JAMES L. CHAPMAN, IV
EMAIL: Jchapman@cwm-law.com

**VIA ELECTRONIC MAIL ONLY**
Siobhan Murphy, Esq.
Clyde & Co. US LLP
30 S. Wacker Drive, Suite 2600
Chicago, IL 60606
Email: siobhan.murphy@clydeco.us

Re: COEYMANS MARINE TOWING, LLC d/b/a CARVER MARINE TOWING as Owner and Operator of M/T MACKENZIE ROSE (IMO No. 8968765), etc. United States District Court, Eastern District of Virginia, Case No. 2:24-cv-00490

Dear Siobhan,

I write in response to your email yesterday regarding the deposition of Josef Malik which we have noticed. I seek to resolve the claim of privilege raised in your email which we contend is inapplicable.

While under certain circumstances in-house counsel's thought processes are protected under the work-product doctrine, *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986), this protection does not extend to factual information merely because it was obtained or organized by an attorney, *Mead Corp. v. Riverwood Natural Resources Corp.*, 145 F.R.D. 512, 518 (D. Minn. 1992). The sole purpose of the deposition would be to obtain factual information relating to the declaration.

The Belt Line seeks information regarding the statements made in Mr. Malik's declaration, dated June 9, 2025, and Addendum A, which were voluntarily provided to us by Carver. We do not intend to ask Mr. Malik about his legal impressions of the dispute or Carver's strategy in the case.

Carver chose to have its in-house counsel provide a declaration. Had Carver wanted to avoid Mr. Malik's deposition, Carver could have selected a different officer to state under oath that responses to the Belt Line's discovery requests were complete. Decl. Josef Malik, at 2, ¶¶ 7 and 8. Instead, Carver provided Mr. Malik's declaration and therefore waived any privilege to his being deposed regarding the statements he made.

The questions for Mr. Malik are factual and relate to apparent discrepancies between Mr. Malik's Declaration and the documents Carver has produced, including Carver's numerous supplementations since June 9, 2025. *See General Refractories Co. v. Fireman's Fund Ins. Co.*, 45 Pa. D. & C.4th 159, 165–66 (Pa. Ct. Com. Pl. 2000) (illustrating that counsel may be subject to scrutiny where their sworn representations prove materially false or misleading).

Carver offered Mr. Malik's sworn testimony in the form of an declaration, which appears to be inaccurate. The Belt Line is legally entitled to seek answers regarding these apparent discrepancies, including some of most glaring as follows:



Siobhan Murphy, Esq.
July 17, 2025
Page 2

1) Paragraph 8 specifies that responses to Second Requests for Production Nos. 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 13, and 14 are complete, yet documents produced after the declaration indicate the existence of other responsive documents. (*e.g.*, just this afternoon Carver produced an incident report for May 21, 2024; this is responsive to RFP No. 6).
2) Paragraph 9(B) states that Carver is still searching for data related to the two company issued cell phones for Leonard Baldassare and the Mackenzie Rose which is responsive to RFP Nos. 30 and 34. A portion of relevant messages reportedly from Mr. Baldassare's phone were belatedly produced following our expert disclosures, and just this afternoon messages reportedly from the Mackenzie Rose phone were produced. Neither came with an affirmation of completeness. Nothing from Brian Moore's cell phone has been produced.
3) Contrary to ESI protocols, Addendum A fails to explain the basis for the selected search terms or custodians. The Belt Line was never requested to provide input regarding the search and it is apparent from belatedly-produced records and the testimony of Mr. Laraway at least some were omitted.

These are just a few of the topics that are ripe for discovery in the deposition of Mr. Malik. As previously stated, The Belt Line seeks only to exercise its legal right to determine whether the affidavit conflicts Carver's actual production of documents and whether Carver preserved evidence as it was obligated to do. Carver cannot divert this inquiry with an improper assertion of privilege.

Please let me know whether you will withdraw the privilege objection. If not, I ask that you provide your availability for a meet and confer on **July 18, 2025**, to discuss the foregoing issues, or an alternative date as agreed upon by the parties.

Very truly yours,

James L. Chapman, IV

JLC/clm
cc: W. Ryan Snow, Esq.
    Mackenzie R. Pensyl, Esq.
    James H. Rodgers, Esq.
    Harold L. Cohen. Esq.
    Rachel Werner, Esq.
    Dawn Johnson, Esq.
    Mark Nanavati, Esq.
    Zach Jett, Esq.

