**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division
In Admiralty**

| | |
|---|---|
| In the Matter of COEYMANS MARINE TOWING, LLC D/B/A CARVER MARINE TOWING as Owner and Operator of MiT Mackenzie Rose, (IMO No. 8968765) her cargo, engines, boilers, tackle, equipment, apparel, and appurtenances, etc., *in rem*, ("M/T MACKENZIE ROSE"), petitioning for Exoneration from or Limitation of Liability in allision with Norfolk and Portsmouth Belt Line Railroad Company Main Line Railroad Bridge (the "Bridge") occurring June 15, 2024 in and about the Elizabeth River, Virginia. | **Civil Action No: 2:24-cv-00490** |

**PETITIONER CARVER'S FIRST AMENDED RESPONSES TO BELT LINE'S FIRST REQUEST FOR ADMISSIONS AND SUPPLEMENTAL INTERROGATORIES**

Petitioner Coeymans Marine Towing, LLC d/b/a Carver Marine Towing by counsel, pursuant to Fed. R. Civ. P. Rules 33 and 36, and for its First Amended Responses and Objections to Claimant/Respondent Norfolk and Portsmouth Line Railroad Company's ("Belt Line") First Request for Admissions and Supplemental Interrogatories.

**GENERAL OBJECTION**

This Request for Admissions is voluminous and is composed of twenty-six individual requests, most of which fail the requirement of Rule 36(a)(2) that each matter must be separately stated. As a result, the effective number of requests is significantly multiplied. Further, by virtue of that violation, the Request is unreasonably burdensome, cumulative and duplicative of the pleadings and of discovery that has been or will be obtained through other, more convenient sources. The use of multiple confusing and ill-defined terms as outlined below is abusive of the process and needlessly increases the burden of litigation. In addition, requests to admit directed to matters already denied or addressed in the pleadings (like Requests 15 and 16) are cumulative and abusive.

**REQUEST FOR ADMISSIONS**

1. Admit that on June 15, 2024, the **Vessel**, while pushing the **Barge**, allided with the western section of the **Bridge**.



**AMENDED RESPONSE:**

Petitioner DENIES Request 1, as stated. Answering further, Belt Line defines "Vessel" as the "M/T Mackenzie Rose," which did not strike any part of the Bridge. Carver admits that video footage as provided by the Belt Line appears to show the Barge came into contact with the western section of the Bridge, however Petitioner DENIES this request, as stated.

Additionally, Mr. Morrissey has not appeared for his deposition, and Norfolk has a pending motion to compel Mr. Morrissey to appear or for sanctions. In addition, the United States Coast Guard has not released the transcript of Mr. Morrissey's interview with the Coast Guard at this time, such that Petitioner does not have full information as to the accident.

This answer is subject to the following objections: This request is compound and confusing as to the mechanics of the accident at issue in this case, which are yet to be determined. In addition, the term "allided" improperly calls for a legal opinion and interpretation. Also, the term "allided" is not defined for purposes of this First Request for Admissions.

2. Admit that, at the time of the **Incident**, the **Bridge** was raised and did not block or otherwise restrict the navigational channel.

**RESPONSE:**

Petitioner DENIES Request 2.

This answer is subject to the following objection: The term "Incident" conflates multiple events and is confusing as to the mechanics of the accident at issue in this case, which are yet to be determined.

3. Admit that, at the time of the **Incident**, the **Vessel** was being operated on autopilot.

**RESPONSE:**

Petitioner DENIES Request 3. See also response as to Request 1 pertaining to the testimony and interview of Mr. Morrissey.

The above answer is subject to the following objections: The term "Incident" conflates multiple events and is confusing as to the mechanics of the accident at issue in this case, which are yet to be determined. In addition, this request is confusing as to what operations are considered part of the "Incident" and what constitutes a Vessel "being operated on autopilot" at the time of the "Incident".

4. Admit that, at the time of the **Incident**, the **Vessel** was operating without an effective lookout.

**RESPONSE:**

**Petitioner DENIES Request 4.**

**See above objection as to the definition provided for the term "Incident". Petitioner further objects that this request improperly calls for a legal conclusion and/or and expert opinion yet to be formed. In addition, the request treats the Vessel as operating rather than being operated.**

5. Admit that the **Vessel** and **Barge** struck the **Bridge** at a steady speed.

**RESPONSE:**

**Petitioner DENIES Request 5.**

**See above objections as to Request 1.  Further, this request is compound and confusing as to the mechanics of the accident at issue in this case, which are yet to be determined.**

6. Admit that, after the **Incident**, the operator of the **Vessel** departed Norfolk Harbor without informing the informing the United States Coast Guard of the allision.

**RESPONSE:**

**Petitioner DENIES Request 6.**

**See above objection as to the term "Incident".  Petitioner further objects that the term "operator of the Vessel" is undefined and confusing.**

**Given the above objections, Petitioner affirmatively states that, based on the facts reported to Petitioner and the Captain, the vessel properly proceeded and there was no duty to inform the United States Coast Guard of the facts as reported to Petitioner.**

7. Admit that, after the **Incident,** the operator of the **Vessel** departed Norfolk Harbor without informing the Belt Line of the allision.

**RESPONSE:**

**Petitioner DENIES Request 7.**

See above objection as to the term "Incident". Petitioner further objects that the term "operator of the Vessel" is undefined and confusing.

Given the above objections, Petitioner affirmatively states that, based on the facts reported to Petitioner and the Captain, the vessel properly proceeded and there was no duty to inform Belt Line of the facts as reported to Petitioner.

8. Admit that neither the officers or crew of the **Vessel**, nor the owner of the **Vessel**, nor any of the owner's officers, employees, or agents notified the United States Coast Guard of the **Incident** within the twenty-four hours next following the Incident.

**RESPONSE:**

Petitioner DENIES Request 8 and denies that any of the listed persons had a duty to inform the Coast Guard of the subject accident. Further no duty could arise unless and until Petitioner was made aware of damage to the Bridge or other relevant structures.

See above objection as to the term "Incident." Petitioner further objects that this request is vague as to which persons or entities are the subject of the request for admission, and is inherently compound. See further Response to Request 6, above.

9. Admit that neither the officers or crew of the **Vessel**, nor the owner of the **Vessel**, nor any of the owner's employees, or agents notified the **Belt Line** of the **Incident**.

**RESPONSE:**

Petitioner DENIES Request 9.

See above objection as to that the term "Incident." Petitioner further objects that this request is compound and goes to multiple actors who have yet to be deposed in this matter.

10. Admit that the **Incident** rendered the **Bridge** unusable for railroad traffic.

**RESPONSE:**

Petitioner lacks information sufficient to admit or deny the allegations of Request 10, including the engineering opinion inherently contained therein, and therefore neither admits nor denies the same.

See above objection as to that the term "Incident." Petitioner further objects that the term "unusable for railroad" is confusing and is a matter requiring expert analysis not yet disclosed by the parties.

     11.    Admit that the **Incident** caused damage to the **Bridge**.

**RESPONSE:**

     **Petitioner lacks information sufficient to admit or deny the allegations of Request 11, including the engineering opinions inherently contained therein, and therefore neither admits nor denies the same.**
     **See above objection as to the term "Incident."**

     12.    Admit that the cost of repairing the **Bridge** as result of the **Incident** exceeds fifteen million dollars ($15,000,000).

**AMENDED RESPONSE:**    **Petitioner DENIES Request 12.**

     **See above objection as to the term "Incident." Petitioner further objects that the term the "Bridge" is confusing in context as to what part of the structures of or surrounding the Bridge are at issue.**

     13.    Admit that, immediately before the **Incident**, the value of the **Bridge** exceeded the cost of repairing the damage caused by the **Incident**.

**RESPONSE:**

     **Petitioner lacks information sufficient to admit or deny the allegations of Request 13, including the engineering opinions and cost analyses inherently contained therein, and therefore neither admits nor denies the same.**

     **See above objection as to the term "Incident." Petitioner further objects that the term the "Bridge" is confusing in context as to what part of the structures of or surrounding the Bridge are at issue. Petitioner further objects that the value of the "Bridge" as a whole (whether or not related structures are included) is irrelevant. The depreciated value of the "Bridge" is a statement of mixed fact and opinion yet to be determined. Further, the cost of repairing damages attributed to the "Incident" is a statement of mixed fact and opinion yet to be determined.**

     14.    Admit that the repairs made to the **Bridge** as a result of the Incident did not measurably extend the useful life of the **Bridge.**

**AMENDED RESPONSE:**    **Petitioner DENIES Request 14.**

**See above objection as to the term "Incident." In addition, the phrase "measurably extend the useful life of the Bridge" is vague and undefined.**

15. Admit that, at the time of the **Incident**, the **Vessel** was unseaworthy.

**RESPONSE:**

**Petitioner DENIES Request 15.**

**See above objection as to the term "Incident." Petitioner further objects that Request 15 calls for a legal conclusion that is broad and general, and ungrounded in any alleged facts.**

16. Admit that, at the time of the **Incident**, the owner of the **Vessel**, its officers, employees, or agents had knowledge or notice of the **Vessel's** unseaworthiness.

**RESPONSE:**

**Petitioner DENIES Request 16.**

*See* **above objection as to the term "Incident." Petitioner further objects that Request 16 calls for a legal conclusion that is broad and general, and ungrounded in any alleged facts. In addition, Request 16 is inherently compound and fails to identify what supposed facts constituted "unseaworthiness" or on what evidence those supposed how they were known to the multiple people referenced therein. Petitioner further objects that Request 16 calls for a legal opinion that is broad and general, and ungrounded in any alleged facts.**

17. Admit that, at the time of the **Incident**, the owner of the **Vessel**, its officers, employees, or agents had no policy in place prohibiting the use of autopilot while navigating in a winding and heavily trafficked navigational channel.

**RESPONSE:**

**Petitioner DENIES Request 17.**

**See above objection as to the term "Incident." Petitioner further objects that Request 17 is inherently compound and calls for an answer as to individual employees' policies, which are unknown to Petitioner. Petitioner further objects that Request 17 implies or calls for a legal conclusion as to what policies were required in inadequately described circumstances.**

18.     Admit that, at the time of the **Incident**, the owner of the **Vessel**, its officers, employees, or agents had no policy in place prohibiting navigation in a winding and heavily trafficked navigational channel without an effective lookout.

**RESPONSE:**

**Petitioner DENIES Request 18.**

**See above objection as to the term "Incident." The Petitioner further objects that Request 18 is inherently compound and calls for an answer as to individual employees' policies, which are unknown to this Petitioner. Petitioner further objects that Request 18 implies or calls for a legal opinion as to what policies were required in inadequately described circumstances.**

19.     Admit that, in the twenty-four hours next following the **Incident**, no officer or crew member of the **Vessel** was tested for alcohol or drug use.

**RESPONSE:**

**Petitioner DENIES Request 19.**

**See above objection as to the term "Incident." Petitioner further objects that Request 19 is inherently compound and calls for an answer as to individual employees' actions, which are unknown to Petitioner. Petitioner further objects that Request 19 implies or calls for a legal opinion as to whether any of the various persons who may be described as officers or crew members of the Vessel should have been tested for alcohol or drug use.**

20.     Admit that the damages claimed by the **Belt Line** are not the result of the negligent or intentional acts of any person or entity not under the control of the **Vessel's** owner, its officers, employees, or agents.

**RESPONSE:**

**Petitioner DENIES Request 20.**

**Petitioner further objects that Request 20 is inherently confusing due to its use of double negatives. It is also compound and calls for an answer as engineering opinions as to facts and engineering opinions that are yet to be developed. However, Petitioner notes that discovery to date indicates that some items of damages were or may have been the result of decisions to better the**

bridge or to replace items that were not damaged, except by failure to maintain or update the structure.

21. Admit that the **Belt Line's** claim is not barred by estoppel or waiver.

**RESPONSE:**

**Petitioner lacks information sufficient to admit or deny Request 21.**

**Petitioner further objects that Request 21 is improper in form and does not call for an admission of fact or of mixed fact and law or of opinion, rather it calls for a legal conclusion.**

22. Admit that the **Belt Line** has not failed to mitigate its damages from the **Incident.**

**AMENDED RESPONSE: Petitioner DENIES this Request.**

**See above objection to the word "Incident." Petitioner further objects that Request 22 is inherently compound and calls for an answer as multiple items of claimed damages, together with an engineering analysis of the actions of the Belt Line in maintaining the Bridge and in repairing it. Preliminarily, the facts being disclosed in discovery indicate that the changes to the Bridge at issue in this case were or may have been the result of decisions to better the bridge or replace items that were not damaged, except by failure to maintain or update the structure.**

23. Admit that the **Belt Line** has not failed to mitigate its damages from the **Incident**.

**RESPONSE:**

**See answer and objections to Request 22.**

24. Admit that the damages claimed by the **Belt Line** were not caused by a new, independent, intervening, or superseding cause other than the **Incident**.

**RESPONSE:**

**Petitioner lacks information sufficient to admit or deny the allegations of Request 24, including engineering and legal opinions and therefore neither admits nor denies the same.**

**See above objection to the term "Incident". Petitioner further objects that Request 24 is inherently compound and calls for an answer as multiple items of claimed damages, together with an engineering analysis of the actions of Belt Line in repairing the Bridge or related systems. Preliminarily, the facts being disclosed in discovery indicate that the changes to the Bridge at issue in this case were or may have been the result of decisions to better the bridge or replace items that were not damaged, except by failure to maintain or update the structure. As such, the damage**

**claimed may well have been due to a new, independent or superseding cause other than the Incident.**

25. Admit that the **Incident** and the damages claimed by the **Belt Line** did not result from any negligent or culpable act or omission of the **Belt Line.**

**RESPONSE:**

**Petitioner lacks information sufficient to admit or deny the allegations of Request 25, including engineering and legal opinions and therefore neither admits nor denies the same.**

**See above objection to the term "Incident". Petitioner further objects that Request 25 compound and calls for an answer as multiple items of claimed damages, together with an engineering analysis of the actions of the Belt Line in maintaining the Bridge and in repairing it. Preliminarily, the facts being disclosed in discovery indicate that the changes to the Bridge at issue in this case were or may have been the result of decisions to better the bridge or replace items that were not damaged, except by failure to maintain or update the structure.**

26. Admit that no part of the **Belt Line's** claim is barred by any statute of limitations.

**RESPONSE:**

**Petitioner lacks information sufficient to admit or deny the allegations of Request 26, and neither admits nor denies the same.**

**Petitioner further objects that Request 26 is inherently confusing in that it fails to segregate or identify what parts of its claim might be barred by some statute of limitations. Petitioner notes that it has withdrawn its statute of limitations defense, without prejudice.**

## SUPPLEMENTAL INTERROGATORIES

1. If any response to the foregoing Requests for Admission is anything other than an unqualified admission, then for each such response,

    a. explain in detail the factual basis for **your** denial or qualification;

    b. **identify** any **document** or other thing on which you rely to support your denial or qualification; and

   c. **identify** any person having knowledge or information concerning the basis for **your** denial or qualification.

**ANSWER:**

 **See answers contained above.**

2. If you lack knowledge or information sufficient to enable you to admit or deny any of the foregoing Requests for Admission, describe in detail, as to each such Request, the efforts you made to obtain sufficient knowledge or information to permit you to admit or deny the same.

**ANSWER:**

 **Petitioner has engaged in discovery from the Belt Line and is in the process of reviewing testimony and documents relevant to this matter and anticipates continuing to do so.**

Dated: July 24, 2025       **CLYDE & CO US LLP**

               By: */s/ James H. Rodgers*
               James H. Rodgers, Esq.
               *Pro Hac Vice*
               The Chrysler Building
               405 Lexington Avenue
               New York, New York 10174
               Tel No.: (212) 702-6771
               Fax No.: (212) 710-3950
               Email: james.rodgers@clydeco.us
                   harold.cohen@clydeco.us

               By: */s/ Harold L. Cohen*
               Harold L. Cohen, Esq. (VSB No.: 98148)
               1221 Brickell Avenue, Ste. 1600
               Miami, Florida 33131

Siobhán M. Murphy, Esq.
Michael J. Roman, Esq.
*Pro Hac Vice*
30 S. Wacker Drive, Ste. 2600
Chicago, IL 60606
Dawn L. Johnson, Esq.
*Pro Hac Vice Forthcoming*
Tel: (312) 635-6971
Fax: (312) 635-6950
Email:  siobhan.murphy@clydeco.us
           Michael.roman@clydeco.us;
           Dawn.johnson@clydeco.us

Rachel Werner, Esq.
*Pro Hac Vice*
One North Central Avenue, Suite 1030
Phoenix, AZ 85004
Tel: (480) 746-4580
Fax: (480) 746-4556
Email: Rachel.Werner@clydeco.us

*Attorneys For Coeymans Marine Towing, LLC D/B/A Carver Marine Towing*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this July 24, 2025, I served the foregoing by electronic mail on the following:

Mark C. Nanavati, Esq. (VSB #38709)
G. Christopher Jones, Jr., Esq. (VSB #82260)
SINNOT, NUCKOLS & LOGAN, P.C.
13811 Village Mill Drive
Midlothian, Virginia 23114
(804) 893-3866
(Nanavati) (804) 893-3862
(Jones) (804) 378-2610
(Facsimile)
mnanavati@snllaw.com
cjones@snllaw.com
*Counsel for Evanston Insurance Company, s/s/o Norfolk and Portsmouth Belt Line Railroad Company*

Zachary M. Jett, Esq. (VSB #93285)
BUTLER WEIHMULLER KATZ CRAIG LLP
11525 North Community House Road, Suite 300
Charlotte, North Carolina 28277
(704) 543-2321 (Telephone)
(704) 543-2324 (Facsimile)
zjett@butler.legal
jhuber@butler.legal (*paralegal*)
*Counsel for Evanston Insurance Company, s/s/o Norfolk and Portsmouth Belt Line Railroad Company*

James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Mackenzie R. Pensyl VSB No. 100012
Breanna Morgan
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
mpensyl@cwm-law.com
bmorgan@cwm-law.com
*Counsel for Norfolk and Portsmouth Belt Line Railroad Company*

By:<u>*/s/ Harold L. Cohen*</u>
Harold L. Cohen, Esq.
CLYDE & CO US LLP
VSB No.: 98148
1221 Brickell Avenue, Ste. 1600
Miami, Florida 33131
