**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**
**In Admiralty**

| | |
|---|---|
| In the Matter of COEYMANS MARINE TOWING, LLC D/B/A CARVER MARINE TOWING as Owner and Operator of M/T Mackenzie Rose, (IMO No. 8968765) her cargo, engines, boilers, tackle, equipment, apparel, and appurtenances, etc., *in rem*, petitioning for Exoneration from or Limitation of Liability in allision with Norfolk and Portsmouth Belt Line Railroad Company Main Line Railroad Bridge occurring June 15, 2024 in and about the Elizabeth River, Virginia. | Civil Action No: 2:24-cv-00490 |

**PETITIONER'S BRIEF IN OPPOSITION TO MOTION TO COMPEL**
**ANOTHER INSPECTION OF THE M/T MACKENZIE ROSE**

NOW COMES Petitioner Coeymans Marine Towing, LLC dba Carver Marine Towing ("Petitioner" or "Carver"), by its attorneys and for its Brief in Opposition to the Motion to Compel Another Inspection of the M/T MACKENZIE ROSE, states as follows:

1. Norfolk and Portsmouth Belt Line Railroad Company ("Belt Line") and Evanston Insurance Company ("Evanston") (collectively, "Claimants"), bring this Motion based on a supposed June 10, 2025 conference "in person or by telephone to explore with opposing counsel the possibility of resolving the discovery matters in controversy." L.R. 37(E). See Brief in Support of Joint Motion to Compel ("Brief"), [ECF No. 68 at p. 4, citing ECF 68-5, e-mail of June 10, 2025]. At that time, Petitioner had requested a call to discuss Belt Line's objections to discovery served by Petitioner. *Id.*

2. Claimants' Counsel wrote to add agenda items, not to request that the parties meet and confer over a dispute or planned motion to compel. In fact, at that time, there was no dispute over the tug inspection as to which the parties could meet and confer. As of June 10, 2025, Belt

1

Line and Evanston had not filed a notice for inspection. Rather, as the movants admit, the request for a second inspection of the Tug was served about two weeks later, on June 23, 2025. *See* Doc. 68, p. 5 (requesting an inspection date by July 15, 2025).

3. Further, Counsel for Evanston requested that Carver give it notice of a second opportunity to inspect the Tug at least three (3) days before the Tug was made available:

> We still need an inspection of the tug and want to inspect it in the next two weeks. We will need **at least three days' notice of the location where it can be inspected**. Under the circumstances, to the extent that anything learned from the inspection bears on expert opinions, it will be included in our rebuttal reports. Please let me know if this is agreeable so we can work out a date for the inspection.

See email of July 10, 2025, attached as **Exhibit A** (emphasis added).

4. Since Movants filed to compel the inspection, Counsel for Evanston requested that the Tug be made available for inspection on July 26, 27 or July 31, 2025.

5. Carver attempted to coordinate the inspection on the above dates with multiple possibilities as to when the tug would be in port.

6. On July 25, 2025, as soon as Counsel for Carver was notified as to the Tug's estimated arrival date, Counsel notified Claimants that the Tug was scheduled to arrive in New York Harbor on July 28, 2025 (when it is in harbor between voyages), however Movants' expert did not appear during this window. Movants now, essentially, seek a third opportunity to inspect the Tug.

7. Given Plaintiffs' propensity to file unnecessary discovery motions and paint Carver in a negative light, Carver submits this response and opposition to the substance of Plaintiffs' motion to compel.

8. The supposed dispute came to a head during the week after the fourth of July, when Belt Line and Evanston raised multiple issues that are now the topic of their motion to dismiss the

limitation case brought by Petitioners. At that time, attorney Rodger's wrote: "We have not consented to an additional inspection. **However, we will take your request ... to our client**." Doc. 68-7 (emphasis added).  After July 11, Movants never requested that counsel meet and confer over this open issue.

9. In fact, after July 3, 2025, and before counsel filed the present motion, counsel for all parties have had several telephonic conferences, but the question of inspecting the vessel was never posed as a topic over which counsel would meet and confer.

10. Of course, under L.R. 37(E), "[t]he Court will not consider any motion concerning discovery matters unless the motion is accompanied by a statement of counsel that a good faith effort has been made between counsel to resolve the discovery matters at issue." That alone warrants a denial of the present motion.

11. In addition, movants are well aware that Petitioner is being asked to stop a vessel in commerce, for a third time,  to allow an inspection, but Movants have never offered to bear the costs of this now third requested inspection, and instead have demanded multiple items of discovery, which Petitioner has provided and is providing, in good faith, while asserting that the expense and inconvenience of all that ongoing discovery is unwarranted because they threatened (and now have filed) a motion for default sanction without ever seeking this court's rulings as to the concerns raised by Petition in its answers and objections to that discovery.  In that context, Petitioner objects to incurring significant costs to allow a second vessel inspection

12. Nonetheless, if movants had requested to meet and confer with counsel for Petitioner, the likely result would have been an agreement, as Petitioner in fact gave Movants the three-day notice that was requested to allow the second inspection to proceed. Movants have twice

had the opportunity to inspect the Tug but have not done so. This fact, reflected in **Exhibit B**, serves to highlight that this motion must be denied under Local Rule 37(E).

13. The Movants mischaracterize Petitioner's efforts. In truth, the discussions as to the Tug inspection have reflected a good faith willingness to engage in meaningful relevant discovery, and to work with opposing counsel in the expectation of a like spirit of good faith accommodation. Movants' arguments to the contrary are disingenuous, given this history.

14. As Movants have, in fact, now had two opportunities to inspect the Tug, the second of which was on July 28, 2025, their request and motion should be DENIED. In the alternative, they should be required, at a minimum, to cover the costs to Petitioner of rearranging the vessel's schedule in commerce and of having counsel attend.

WHEREFORE, Petitioner Coeymans Marine Towing, LLC d/b/a Carver Marine Towing and Claimants Norfolk and Portsmouth Belt Line Railroad Company respectfully requests that the Motion to Compel be DENIED.

Dated: July 29, 2025                                   Respectfully submitted,

                                                       CLYDE & CO US LLP


                                                       By: /s/ Harold L. Cohen
                                                       Harold L. Cohen (VSB No. 98148)
                                                       1221 Brickell Avenue, Suite 1600
                                                       Miami, FL  33131
                                                       Tel: 305-446-2646
                                                       Fax: 305-441-2374
                                                       Email: harry.cohen@clydeco.us;

                                                       James H. Rodgers*
                                                       Clyde & Co US LLP
                                                       45 Lexington Avenue, 16th Floor
                                                       New York, NY 10174
                                                       Phone: (212) 702-6771
                                                       Email: james.rodgers@clydeco.us

Michael J. Roman*
Dawn L. Johnson*
Clyde & Co US LLP
30 South Wacker Drive, Suite 2600
Chicago, IL 60606
Phone: (312) 635-7000
Email: michael.roman@clydeco.us
dawn.johnson@clydeco.us

Rachel Werner*
One North Central Avenue, Suite 1030
Pheonix, Arizona 85004
Phone: 480-746-4556
Email: rachel.werner@clydeco.us
*pro hac vice

**CERTIFICATE OF SERVICE**

  I hereby certify that on July 29, 2025, a true and correct copy of the foregoing document was filed using the Court's CM/ECF system, which will serve all counsel of record by electronic mail as follows:

| | |
|---|---|
| Mark C. Nanavati, Esq. (VSB No.: 38709)<br>G. Christopher Jones, Jr., Esq. (VSB No.: 82260)<br>SINNOT, NUCKOLS & LOGAN, P.C.<br>13811 Village Mill Drive<br>Midlothian, Virginia 23114<br>(804) 893-3866 (Nanavati)<br>(804) 893-3862 (Jones)<br>(804) 378-2610 (Facsimile)<br>mnanavati@snllaw.com<br>cjones@snllaw.com<br>*Counsel for Evanston Insurance Company a/s/o Norfolk and Portsmouth Belt Line Railroad Company* | Zachary M. Jett, Esq. (VSB #93285)<br>BUTLER WEIHMULLER KATZ, et al<br>11525 North Community House Road<br>Suite 300<br>Charlotte, North Carolina 28277<br>(704) 543-2321 (Telephone)<br>(704) 543-2324 (Facsimile)<br>zjett@butler.legal<br>*Counsel for Evanston Insurance Company, a/s/o Norfolk and Portsmouth Belt Line Railroad Company* |

James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Mackenzie R. Pensyl VSB No. 100012
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
mpensyl@cwm-law.com
*Attorneys for Norfolk and Portsmouth Belt Line Railroad Company*

                    */s/ Harold L. Cohen*