# Exhibit B

| | |
|---|---|
| **From:** | Mark Nanavati <mnanavati@snllaw.com> |
| **Sent:** | Friday, July 25, 2025 10:00 AM |
| **To:** | Johnson, Dawn; Rodgers, James; Holbert, Liset; Christopher Jones; Zach Jett; Jennifer Huber; James Chapman; W. Ryan Snow; Mackenzie Pensyl; bmorgan@cwm-law.com; tlucas@cwm-law.com |
| **Cc:** | Werner, Rachel; Roman, Michael; Cohen, Harry; Alonzo, Jennifer; Vega, Joslin |
| **Subject:** | RE: In the Matter of Coeymans Marine Towing, LLC/NPBL - 07/02/2025 Correspondence [CC-US.60032.10679176.FID4210633] |

No


Mark C. Nanavati
Sinnott, Nuckols & Logan, PC
(804) 893-3866



-------- Original message --------
From: "Johnson, Dawn" <Dawn.Johnson@clydeco.us>
Date: 7/25/25 10:59 AM (GMT-05:00)
To: Mark Nanavati <mnanavati@snllaw.com>, "Rodgers, James" <James.Rodgers@clydeco.us>, "Holbert, Liset" <Liset.Holbert@clydeco.us>, Christopher Jones <cjones@snllaw.com>, Zach Jett <zjett@butler.legal>, Jennifer Huber <jhuber@butler.legal>, James Chapman <jchapman@cwm-law.com>, "W. Ryan Snow" <wrsnow@cwm-law.com>, Mackenzie Pensyl <mpensyl@cwm-law.com>, bmorgan@cwm-law.com, tlucas@cwm-law.com
Cc: "Werner, Rachel" <Rachel.Werner@clydeco.us>, "Roman, Michael" <Michael.Roman@clydeco.us>, "Cohen, Harry" <Harry.Cohen@clydeco.us>, "Alonzo, Jennifer" <Jennifer.Alonzo@clydeco.us>, "Vega, Joslin" <Joslin.Vega@clydeco.us>
Subject: RE: In the Matter of Coeymans Marine Towing, LLC/NPBL - 07/02/2025 Correspondence [CC-US.60032.10679176.FID4210633]

Mark – Can you make Mon. 7/28 work?  The tug will be in New York Harbor.

---

**From:** Johnson, Dawn <Dawn.Johnson@clydeco.us>
**Sent:** Thursday, July 24, 2025 6:40 PM
**To:** Mark Nanavati <mnanavati@snllaw.com>; Rodgers, James <James.Rodgers@clydeco.us>; Holbert, Liset <Liset.Holbert@clydeco.us>; Christopher Jones <cjones@snllaw.com>; Zach Jett <zjett@butler.legal>; Jennifer Huber <jhuber@butler.legal>; James Chapman <jchapman@cwm-law.com>; W. Ryan Snow <wrsnow@cwm-law.com>; Mackenzie Pensyl <mpensyl@cwm-law.com>; bmorgan@cwm-law.com; tlucas@cwm-law.com
**Cc:** Werner, Rachel <Rachel.Werner@clydeco.us>; Roman, Michael <Michael.Roman@clydeco.us>; Cohen, Harry <Harry.Cohen@clydeco.us>; Alonzo, Jennifer <Jennifer.Alonzo@clydeco.us>; Vega, Joslin <Joslin.Vega@clydeco.us>
**Subject:** RE: In the Matter of Coeymans Marine Towing, LLC/NPBL - 07/02/2025 Correspondence [CC-US.60032.10679176.FID4210633]

The tug is in transit 7/26-27.  It docks on 7/30 in New York Harbor.  I will see about 7/31

---

**From:** Mark Nanavati <mnanavati@snllaw.com>
**Sent:** Thursday, July 24, 2025 6:37 PM
**To:** Johnson, Dawn <Dawn.Johnson@clydeco.us>; Rodgers, James <James.Rodgers@clydeco.us>; Holbert, Liset <Liset.Holbert@clydeco.us>; Christopher Jones <cjones@snllaw.com>; Zach Jett <zjett@butler.legal>; Jennifer Huber <jhuber@butler.legal>; James Chapman <jchapman@cwm-law.com>; W. Ryan Snow <wrsnow@cwm-law.com>; Mackenzie Pensyl <mpensyl@cwm-law.com>; bmorgan@cwm-law.com; tlucas@cwm-law.com
**Cc:** Werner, Rachel <Rachel.Werner@clydeco.us>; Roman, Michael <Michael.Roman@clydeco.us>; Cohen, Harry <Harry.Cohen@clydeco.us>; Alonzo, Jennifer <Jennifer.Alonzo@clydeco.us>; Vega, Joslin <Joslin.Vega@clydeco.us>
**Subject:** RE: In the Matter of Coeymans Marine Towing, LLC/NPBL - 07/02/2025 Correspondence [CC-US.60032.10679176.FID4210633]

Dawn,

Is anyone on your team
available tomorrow?  Been trying to get these for awhile now...

Re tug, I just heard back.  Monday still isn't available to Cpt Lewis.



Thanks,

Mark

Mark C. Nanavati
Sinnott, Nuckols & Logan, PC
(804) 893-3866


-------- Original message --------
From: "Johnson, Dawn" <Dawn.Johnson@clydeco.us>
Date: 7/24/25 7:30 PM (GMT-05:00)

3

To: Mark Nanavati <mnanavati@snllaw.com>, "Rodgers, James" <James.Rodgers@clydeco.us>, "Holbert, Liset" <Liset.Holbert@clydeco.us>, Christopher Jones <cjones@snllaw.com>, Zach Jett <zjett@butler.legal>, Jennifer Huber <jhuber@butler.legal>, James Chapman <jchapman@cwm-law.com>, "W. Ryan Snow" <wrsnow@cwm-law.com>, Mackenzie Pensyl <mpensyl@cwm-law.com>, bmorgan@cwm-law.com, tlucas@cwm-law.com
Cc: "Werner, Rachel" <Rachel.Werner@clydeco.us>, "Roman, Michael" <Michael.Roman@clydeco.us>, "Cohen, Harry" <Harry.Cohen@clydeco.us>, "Alonzo, Jennifer" <Jennifer.Alonzo@clydeco.us>, "Vega, Joslin" <Joslin.Vega@clydeco.us>
Subject: RE: In the Matter of Coeymans Marine Towing, LLC/NPBL - 07/02/2025 Correspondence [CC-US.60032.10679176.FID4210633]

Mark:

1. Let's talk Monday re cell phone issue. Thanks.
2.  Please confirm claimants' side whether the tug inspection is going Monday.

---

**From:** Mark Nanavati <mnanavati@snllaw.com>
**Sent:** Thursday, July 24, 2025 6:27 PM
**To:** Johnson, Dawn <Dawn.Johnson@clydeco.us>; Rodgers, James <James.Rodgers@clydeco.us>; Holbert, Liset <Liset.Holbert@clydeco.us>; Christopher Jones <cjones@snllaw.com>; Zach Jett <zjett@butler.legal>; Jennifer Huber <jhuber@butler.legal>; James Chapman <jchapman@cwm-law.com>; W. Ryan Snow <wrsnow@cwm-law.com>; Mackenzie Pensyl <mpensyl@cwm-law.com>; bmorgan@cwm-law.com; tlucas@cwm-law.com
**Cc:** Werner, Rachel <Rachel.Werner@clydeco.us>; Roman, Michael <Michael.Roman@clydeco.us>; Cohen, Harry <Harry.Cohen@clydeco.us>; Alonzo, Jennifer <Jennifer.Alonzo@clydeco.us>; Vega, Joslin <Joslin.Vega@clydeco.us>
**Subject:** RE: In the Matter of Coeymans Marine Towing, LLC/NPBL - 07/02/2025 Correspondence [CC-US.60032.10679176.FID4210633]

Yes, thanks



Mark C. Nanavati
Sinnott, Nuckols & Logan, PC
(804) 893-3866



-------- Original message --------
From: "Johnson, Dawn" <Dawn.Johnson@clydeco.us>
Date: 7/24/25 7:23 PM (GMT-05:00)
To: Mark Nanavati <mnanavati@snllaw.com>, "Rodgers, James" <James.Rodgers@clydeco.us>, "Holbert, Liset" <Liset.Holbert@clydeco.us>, Christopher Jones <cjones@snllaw.com>, Zach Jett <zjett@butler.legal>, Jennifer Huber <jhuber@butler.legal>, James Chapman <jchapman@cwm-law.com>, "W. Ryan Snow" <wrsnow@cwm-law.com>, Mackenzie Pensyl <mpensyl@cwm-law.com>, bmorgan@cwm-law.com, tlucas@cwm-law.com
Cc: "Werner, Rachel" <Rachel.Werner@clydeco.us>, "Roman, Michael" <Michael.Roman@clydeco.us>, "Cohen, Harry" <Harry.Cohen@clydeco.us>, "Alonzo, Jennifer" <Jennifer.Alonzo@clydeco.us>, "Vega, Joslin" <Joslin.Vega@clydeco.us>

Subject: RE: In the Matter of Coeymans Marine Towing, LLC/NPBL - 07/02/2025 Correspondence [CC-US.60032.10679176.FID4210633]

Mark:  Are you referring to Brian Moore cell phone text?

**From:** Mark Nanavati <mnanavati@snllaw.com>
**Sent:** Thursday, July 24, 2025 5:59 PM
**To:** Rodgers, James <James.Rodgers@clydeco.us>; Holbert, Liset <Liset.Holbert@clydeco.us>; Christopher Jones <cjones@snllaw.com>; Zach Jett <zjett@butler.legal>; Jennifer Huber <jhuber@butler.legal>; James Chapman <jchapman@cwm-law.com>; W. Ryan Snow <wrsnow@cwm-law.com>; Mackenzie Pensyl <mpensyl@cwm-law.com>; bmorgan@cwm-law.com; tlucas@cwm-law.com
**Cc:** Werner, Rachel <Rachel.Werner@clydeco.us>; Roman, Michael <Michael.Roman@clydeco.us>; Johnson, Dawn <Dawn.Johnson@clydeco.us>; Cohen, Harry <Harry.Cohen@clydeco.us>; Alonzo, Jennifer <Jennifer.Alonzo@clydeco.us>; Vega, Joslin <Joslin.Vega@clydeco.us>
**Subject:** RE: In the Matter of Coeymans Marine Towing, LLC/NPBL - 07/02/2025 Correspondence [CC-US.60032.10679176.FID4210633]

Dawn - assuming no go today.   Tomorrow?



Mark C. Nanavati
Sinnott, Nuckols & Logan, PC
(804) 893-3866



-------- Original message --------
From: Mark Nanavati <mnanavati@snllaw.com>
Date: 7/24/25 2:20 PM (GMT-05:00)
To: "Rodgers, James" <James.Rodgers@clydeco.us>, "Holbert, Liset" <Liset.Holbert@clydeco.us>, Christopher Jones <cjones@snllaw.com>, Zach Jett <zjett@butler.legal>, Jennifer Huber <jhuber@butler.legal>, James Chapman <jchapman@cwm-law.com>, "W. Ryan Snow" <wrsnow@cwm-law.com>, Mackenzie Pensyl <mpensyl@cwm-law.com>, bmorgan@cwm-law.com, tlucas@cwm-law.com, bmorgan@cwm-law.com
Cc: "Werner, Rachel" <Rachel.Werner@clydeco.us>, "Roman, Michael" <Michael.Roman@clydeco.us>, "Johnson, Dawn" <Dawn.Johnson@clydeco.us>, "Cohen, Harry" <Harry.Cohen@clydeco.us>, "Alonzo, Jennifer" <Jennifer.Alonzo@clydeco.us>, "Vega, Joslin" <Joslin.Vega@clydeco.us>
Subject: RE: In the Matter of Coeymans Marine Towing, LLC/NPBL - 07/02/2025 Correspondence [CC-US.60032.10679176.FID4210633]

Siobhan -- when would it be convenient to discuss the RFA's next week?

Dawn – are you available to discuss Brian Moore's communications from his cell phone this afternoon by chance?

Still waiting to hear back from Nick on Monday for tug inspection.

Thank you both.

5

Mark

Mark C. Nanavati
(804) 893-3866

---

**From:** Rodgers, James <James.Rodgers@clydeco.us>
**Sent:** Thursday, July 24, 2025 2:06 PM
**To:** Mark Nanavati <mnanavati@snllaw.com>; Holbert, Liset <Liset.Holbert@clydeco.us>; Christopher Jones <cjones@snllaw.com>; Zach Jett <zjett@butler.legal>; Jennifer Huber <jhuber@butler.legal>; James Chapman <jchapman@cwm-law.com>; W. Ryan Snow <wrsnow@cwm-law.com>; Mackenzie Pensyl <mpensyl@cwm-law.com>; bmorgan@cwm-law.com; tlucas@cwm-law.com; bmorgan@cwm-law.com
**Cc:** Werner, Rachel <Rachel.Werner@clydeco.us>; Roman, Michael <Michael.Roman@clydeco.us>; Johnson, Dawn <Dawn.Johnson@clydeco.us>; Cohen, Harry <Harry.Cohen@clydeco.us>; Alonzo, Jennifer <Jennifer.Alonzo@clydeco.us>; Vega, Joslin <Joslin.Vega@clydeco.us>; Rodgers, James <James.Rodgers@clydeco.us>
**Subject:** RE: In the Matter of Coeymans Marine Towing, LLC/NPBL - 07/02/2025 Correspondence [CC-US.60032.10679176.FID4210633]

Mark,

You keep calling it the Rule 11 "threat." That is not appreciated. I am required to inform opposing counsel if their conduct comes within the purview of Rule 11, followed by a Safe Harbor letter. However, as Local Rules provide for a remedy, we have filed the Motion for a Protective Order.

The substance of my letter response to Jim's improper threat of a dispositive motion is not the position of Carver, nor is it evidence. As you well know. Your continued invocation of it is harassment and violates the code of ethical conduct. Notwithstanding that, as I stated below, ultimately the _current_ available evidence shows that Morrissey did not switch off the autopilot when he thought he had, then apparently switched it off just prior to the Incident. But why ask me. Ask Jim--he was at the hearing. More importantly, this debate is not relevant nor constructive.

As to your other comments, they only prove that the parties disagree about the facts, which means your RFAs are inappropriate, as well as inartful.

I am away next week; however, Siobhan Murphy is available to conduct any Rule 37 meeting relating to RFAs. Please contact Siobhan directly and she will be prepared to discuss.

Likewise, Dawn Johnson can be contacted going forward regarding the issue of your recent request for Brian Moore's personal cell phone texts.

For anything else that crosses your desk, I am here until COB tomorrow.

Regards,
Jim

---

**James Rodgers**
Senior Counsel | Clyde & Co US LLP
**Direct Dial:** +1 212 702 6771 | **Mobile:** +1 646 853 4277



The Chrysler Building | 405 Lexington Avenue | 16th Floor | New York | NY 10174 | USA
Main +1 212 710 3900 | Fax +1 212 710 3950 | **www.clydeco.u**s

 Please consider the environment before printing

**From:** Mark Nanavati <mnanavati@snllaw.com>
**Sent:** Thursday, July 24, 2025 12:42 PM
**To:** Rodgers, James <James.Rodgers@clydeco.us>; Holbert, Liset <Liset.Holbert@clydeco.us>; Christopher Jones <cjones@snllaw.com>; Zach Jett <zjett@butler.legal>; Jennifer Huber <jhuber@butler.legal>; James Chapman <jchapman@cwm-law.com>; W. Ryan Snow <wrsnow@cwm-law.com>; Mackenzie Pensyl <mpensyl@cwm-law.com>; bmorgan@cwm-law.com; tlucas@cwm-law.com; bmorgan@cwm-law.com
**Cc:** Werner, Rachel <Rachel.Werner@clydeco.us>; Roman, Michael <Michael.Roman@clydeco.us>; Johnson, Dawn <Dawn.Johnson@clydeco.us>; Cohen, Harry <Harry.Cohen@clydeco.us>; Alonzo, Jennifer <Jennifer.Alonzo@clydeco.us>; Vega, Joslin <Joslin.Vega@clydeco.us>
**Subject:** RE: In the Matter of Coeymans Marine Towing, LLC/NPBL - 07/02/2025 Correspondence [CC-US.60032.10679176.FID4210633]

Jim,

Re the missing Moore communications, as I said call at your convenience and I will call you back if you miss me as am on some calls today.

Not sure the Reagan – Carter debate has much to do with this. . . . . but appreciate the attempt at humor.

1. On Carver's most recent auto-pilot statement below -- "He then, according to documents in your possession, switched off auto-pilot prior to hitting the bridge." That is contrary to the position Carver took in its Rule 11 threat.  Carver took the position then that "**he did not switch off the auto-pilot switch**."

> I am not sure why you have chosen to do this at this time. Perhaps after deposing the entire crew and managem
> that he did not switch off the auto-pilot switch, thereby voiding hand steering. You knew it when Carver amenc
> **the auto pilot was defective**. *see* Rule 11 (b)(3). The additional evidence you have gathered now confirms tha
> conceive a plan to get the evidence thrown out. This is outrageous.

2. On the issue of whether or not Baldassare "misled" the crew as to what he was doing, that issue has no bearing on whether Carver had a duty, or not, to contact the Coast Guard. Notwithstanding that the issue has absolutely no bearing on Carver's privity or knowledge of any negligence or unseaworthiness that may have *caused* the incident.

Seems to clearly show privity and knowledge on the part of Carver. . . .  Whey else would management encourage a hit and run when Miller obviously wanted to report. . . . .  Seems to me to be very relevant to both the known duty to report and an attempt cover up known wrongdoing. . .

Let know when we can set up a Rule 37 meeting on these responses.

Thanks,

Mark

Mark C. Nanavati
(804) 893-3866

**From:** Rodgers, James <James.Rodgers@clydeco.us>
**Sent:** Thursday, July 24, 2025 12:15 PM
**To:** Mark Nanavati <mnanavati@snllaw.com>; Holbert, Liset <Liset.Holbert@clydeco.us>; Christopher Jones <cjones@snllaw.com>; Zach Jett <zjett@butler.legal>; Jennifer Huber <jhuber@butler.legal>; James Chapman <jchapman@cwm-law.com>; W. Ryan Snow <wrsnow@cwm-law.com>; Mackenzie Pensyl <mpensyl@cwm-law.com>; bmorgan@cwm-law.com; tlucas@cwm-law.com; bmorgan@cwm-law.com
**Cc:** Werner, Rachel <Rachel.Werner@clydeco.us>; Roman, Michael <Michael.Roman@clydeco.us>; Johnson, Dawn <Dawn.Johnson@clydeco.us>; Cohen, Harry <Harry.Cohen@clydeco.us>; Alonzo, Jennifer <Jennifer.Alonzo@clydeco.us>; Vega, Joslin <Joslin.Vega@clydeco.us>; Rodgers, James <James.Rodgers@clydeco.us>
**Subject:** RE: In the Matter of Coeymans Marine Towing, LLC/NPBL - 07/02/2025 Correspondence [CC-US.60032.10679176.FID4210633]

Mark,

To quote Ronald Reagan, : "There you go again."

The Request was "at the time of the Incident."

Jim was at the hearing. Perhaps you were there as well. I was not. So, at the very least, Jim knows exactly what Morrissey said at the hearing. The Coast Guard will not release the transcript until the investigation is completed. The investigation is not completed. We have subpoenaed the Coast Guard. We may have to move for an order from the Court if the Coast Guard refuses to comply with our subpoena. Moreover, Morrissey was the only witness. Thus, there are only two sources of what may have happened: 1. Morrissey's testimony or the interview at the Coast Guard hearing, and 2. the documents.

However, based on documents only, it would appear that the Mate on watch, Morrissey, thought he was off auto-pilot, and then in attempting to hand-steer realized he had not turned off the auto-pilot switch. He then, according to documents in your possession, switched off auto-pilot prior to hitting the bridge. Jim Chapman would know this, or exactly what Morrissey told the Coast Guard, because he was there at the hearing. Accordingly, at the time of the "Incident" the tug was not on autopilot. We cannot be responsible for Jim, as a seasoned maritime lawyer who knows the implications, not liking what Morrissey said. We also cannot be responsible for inartful requests. As a manifestation of my collegiality, I sent you some relevant law on RFAs. They are not designed to get information from an adversary. They are designed to admit to facts not in dispute.

On the issue of whether or not Baldassare "misled" the crew as to what he was doing, that issue has no bearing on whether Carver had a duty, or not, to contact the Coast Guard. Notwithstanding that the issue has absolutely no bearing on Carver's privity or knowledge of any negligence or unseaworthiness that may have *caused* the incident.

If Claimants are teeing up yet another discovery/dispositive motion based on the RFAs, please <u>do not</u> consider this a meet and confer, nor represent it as such.

I am prepared to talk to you today about your request for personal cell phone records of Brian Moore. Please let me know the best time for you.

Regards,
Jim

**James Rodgers**
Senior Counsel | Clyde & Co US LLP
**Direct Dial:** +1 212 702 6771 | **Mobile:** +1 646 853 4277

8

**CLYDE&CO**

The Chrysler Building | 405 Lexington Avenue | 16th Floor | New York | NY 10174 | USA
Main +1 212 710 3900 | Fax +1 212 710 3950 | **www.clydeco.u**s

Please consider the environment before printing

**From:** Mark Nanavati <mnanavati@snllaw.com>
**Sent:** Thursday, July 24, 2025 10:48 AM
**To:** Holbert, Liset <Liset.Holbert@clydeco.us>; Christopher Jones <cjones@snllaw.com>; Zach Jett <zjett@butler.legal>; Jennifer Huber <jhuber@butler.legal>; James Chapman <jchapman@cwm-law.com>; W. Ryan Snow <wrsnow@cwm-law.com>; Mackenzie Pensyl <mpensyl@cwm-law.com>; bmorgan@cwm-law.com; tlucas@cwm-law.com; bmorgan@cwm-law.com
**Cc:** Rodgers, James <James.Rodgers@clydeco.us>; Werner, Rachel <Rachel.Werner@clydeco.us>; Roman, Michael <Michael.Roman@clydeco.us>; Johnson, Dawn <Dawn.Johnson@clydeco.us>; Cohen, Harry <Harry.Cohen@clydeco.us>; Alonzo, Jennifer <Jennifer.Alonzo@clydeco.us>; Vega, Joslin <Joslin.Vega@clydeco.us>
**Subject:** RE: In the Matter of Coeymans Marine Towing, LLC/NPBL - 07/02/2025 Correspondence [CC-US.60032.10679176.FID4210633]

Jim,

Thank you for the Amended responses. Might want to schedule a time tomorrow or Monday to discuss these as I do not think the amended responses solve many of the problems with the deficient responses. For instance:

1. On July 3, 2025 Carver threatened Rule 11 sanctions based on its position that the vessel was using auto pilot at the time of the Allision.

> I am not sure why you have chosen to do this at this time. Perhaps after deposing the entire crew and managem
> that he did not switch off the auto-pilot switch, thereby voiding hand steering. You knew it when Carver amend
> **the auto pilot was defective**. *see* Rule 11 (b)(3). The additional evidence you have gathered now confirms tha
> conceive a plan to get the evidence thrown out. This is outrageous.

Then in its response to RFA 3, it denies that the Vessel was being operated on autopilot:

3. Admit that, at the time of the **Incident**, the Ves

**RESPONSE:**

Petitioner DENIES Request 3. See also response as t and interview of Mr. Morrissey.

The above answer is subject to the following obje multiple events and is confusing as to the mechanics of the yet to be determined. In addition, this request is confusing part of the "Incident" and what constitutes a Vessel "being the "Incident".

2.   Just an another example, the below responses to RFA 6-8 do not make sense in light of Mr. Baldassare's texts where he apparently mislead the crew into the believing he reported the Allision as required by CG regs so the crew would leave the scene before the CG could board the vessel and conduct a proper and timely investigation. . . . .

Given the above objections, Petitioner affirmatively stat to Petitioner and the Captain, the vessel properly proceeded ar United States Coast Guard of the facts as reported to Petitioner

10

From: +18382072960 Lenny Baldassare
To: +15187084887 (owner)

I'm on with CG now. Continue on the slow bell I'll let you know what th[e] shortly

| Participant | Delivered | Read | |
|---|---|---|---|
| +15187084887 | | 6/15/2024 5:24:44 PM(UTC-4) | |

Status: Read

6/15/2024

Source Info:
iPhone/mobile/Library/SMS/sms.db : 0x71C482 (Table: message, handle; Size: 26599424 bytes)

> From: +18382072960 Lenny Baldassare
> To: +15187084887 (owner)
>
> Okay I'm sending the CG statements and photos- they are allowing us to voyage but will most likely need to board the vessel upon arrival to NYH bridge tomorrow for any damage. Please proceed as planned. I will notify TVIB.
>
> | Participant | Delivered | Read |
> |---|---|---|
> | +15187084887 | | 6/15/2024 5:28:43 PM(UTC-4) |
>
> Status: Read
>
> 6/15/20

Source Info:
iPhone/mobile/Library/SMS/sms.db : 0x71DCC3 (Table: message, handle; Size: 26599424 bytes)

Thanks,

Mark

Mark C. Nanavati
(804) 893-3866

**From:** Holbert, Liset <Liset.Holbert@clydeco.us>
**Sent:** Thursday, July 24, 2025 10:28 AM
**To:** Mark Nanavati <mnanavati@snllaw.com>; Christopher Jones <cjones@snllaw.com>; Zach Jett <zjett@butler.legal>; Jennifer Huber <jhuber@butler.legal>; James Chapman <jchapman@cwm-law.com>; W. Ryan Snow <wrsnow@cwm-law.com>; Mackenzie Pensyl <mpensyl@cwm-law.com>; bmorgan@cwm-law.com; tlucas@cwm-law.com; bmorgan@cwm-law.com
**Cc:** Rodgers, James <James.Rodgers@clydeco.us>; Werner, Rachel <Rachel.Werner@clydeco.us>; Roman, Michael <Michael.Roman@clydeco.us>; Johnson, Dawn <Dawn.Johnson@clydeco.us>; Cohen, Harry <Harry.Cohen@clydeco.us>; Alonzo, Jennifer <Jennifer.Alonzo@clydeco.us>; Vega, Joslin <Joslin.Vega@clydeco.us>
**Subject:** RE: In the Matter of Coeymans Marine Towing, LLC/NPBL - 07/02/2025 Correspondence [CC-US.60032.10679176.FID4210633]

Counsel,

Attached please find Petitioner Carver's First Amended Responses to Belt Line's First Request for Admissions and Supplemental Interrogatories.

Thank you.

**Liset Holbert**
Legal Assistant | Clyde & Co US LLP
**Direct Dial:** +1 312 635 6944



30 S Wacker Drive | Suite 2600 | Chicago | IL 60606 | USA
Main +1 312 635 7000 | Fax +1 312 635 6950 | **www.clydeco.u**s



---

**From:** Mark Nanavati <mnanavati@snllaw.com>
**Sent:** Thursday, July 24, 2025 8:19:38 AM
**To:** Rodgers, James <James.Rodgers@clydeco.us>; Vega, Joslin <Joslin.Vega@clydeco.us>; Mackenzie Pensyl <mpensyl@cwm-law.com>; W. Ryan Snow <wrsnow@cwm-law.com>; James Chapman <jchapman@cwm-law.com>; Christopher Jones <cjones@snllaw.com>; Zach Jett <zjett@butler.legal>; Tressa Lucas <tlucas@cwm-law.com>; Breanna Morgan <bmorgan@cwm-law.com>
**Cc:** Werner, Rachel <Rachel.Werner@clydeco.us>; Roman, Michael <Michael.Roman@clydeco.us>; Johnson, Dawn <Dawn.Johnson@clydeco.us>; Cohen, Harry <Harry.Cohen@clydeco.us>; Alonzo, Jennifer <Jennifer.Alonzo@clydeco.us>
**Subject:** RE: In the Matter of Coeymans Marine Towing, LLC/NPBL - 07/02/2025 Correspondence [CC-US.60032.10679176.FID4210633]

Jim,

Please let us know when you expect to serve the Amended RFA so we can review and decide if further discussion or action is needed. Regarding your explanation, I would note a few things. 1. The exemplar RFA did not ask Carver to admit the vessel hit the bridge. It said vessel pushing Barge.

1. Admit that on June 15, 2024, the **Vessel**, wh western section of the **Bridge**.

**RESPONSE:**

Petitioner DENIES Request 1, as stated. Answe

2. The word Allision is not legal term of art. As I think you know, an allision is the striking of a moving vessel against a stationary object.

3. The permissable scope of an RFA is much broader than you suggest. .. .

## Rule 36. Requests for Admission

(a) SCOPE AND PROCEDURE.

   (1) *Scope.* A party may serve on any other party a written request to admit, fo pending action only, the truth of any matters within the scope of Rule 26(b)(1) r

   (A) facts, the application of law to fact, or opinions about either; and

   (B) the genuineness of any described documents.

Thanks,

Mark

Mark C. Nanavati
(804) 893-3866

---

**From:** Rodgers, James <James.Rodgers@clydeco.us>
**Sent:** Wednesday, July 23, 2025 1:38 PM
**To:** Mark Nanavati <mnanavati@snllaw.com>; Vega, Joslin <Joslin.Vega@clydeco.us>; Mackenzie Pensyl <mpensyl@cwm-law.com>; W. Ryan Snow <wrsnow@cwm-law.com>; James Chapman <jchapman@cwm-law.com>; Christopher Jones <cjones@snllaw.com>; Zach Jett <zjett@butler.legal>; Tressa Lucas <tlucas@cwm-law.com>; Breanna Morgan <bmorgan@cwm-law.com>; Rodgers, James <James.Rodgers@clydeco.us>
**Cc:** Werner, Rachel <Rachel.Werner@clydeco.us>; Roman, Michael <Michael.Roman@clydeco.us>; Johnson, Dawn <Dawn.Johnson@clydeco.us>; Cohen, Harry <Harry.Cohen@clydeco.us>; Alonzo, Jennifer <Jennifer.Alonzo@clydeco.us>
**Subject:** RE: In the Matter of Coeymans Marine Towing, LLC/NPBL - 07/02/2025 Correspondence [CC-US.60032.10679176.FID4210633]

Mark,

Good afternoon.  My responses:

<u>Brian Moore</u>

15

I am confused. Our response stated that Moore was not issued a work phone, thus Carver was not in possession of responsive documents. Did I even ask Brian Moore? What kind of question is that. Be that as it may, On July 3rd, the day before Independence Day, I spent the evening responding to your co-claimant's threatening and non-collegial letter stating that Belt Line/Evanston would make a Dispositive Motion on our limitation petition. So perhaps, just maybe, I missed your e-mail or put it aside. If I did, my apologies. In order that I may consult with Carver with some semblance of knowledge, could you please send me any information that you have obtained which indicates that Brian Moore was issued a work phone. That would be helpful. Finally, you can communicate directly with Dawn Johnson on this issue—if there is one—going forward.

Expert Depositions

We have confirmed with you that I will depose Captain Lewis and Mr. Furborough on August 13th via Zoom, 10:30 am and 3 pm EST, respectively. Dawn Johnson is working on availability of Captain Stephenson and Jason Meyerrose for the week of August 11th. I do not know yet if we are designating Hutcheson and disclosures are not due until August 8th. Notwithstanding that, we will check on Hutcheson's availability as well.

RFA

As part of the original federal discovery rules, "requests for admission are generally viewed as a facet of discovery… [b]ut, in many ways, "[r]equests for [a]dmission are not a discovery device."…As one court remarked, "The essential function of requests for admission is to establish 'facts,' not to discover them." The Advisory Committee for the 1970 amendments to Federal Rule 36 identified "two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be."… Put another way, "requests for admission are used to establish admission of facts about which there is no real dispute." See generally, St Mary's Journal of Legal Malpractice & Ethics, May 2018, *It's a Trap! The Ethical Dark Side of Requests for Admissions, by Colin Flora.* See also Lakehead Pipe Line Co. v. Am. Home Assurance Co., 177 F.R.D. 454, 458 (D. Minn. 1997); accord Misco, Inc. v. U.S. Steel Corp., 784 F.2d 198, 205–06 (6th Cir. 1986) ("Requests for admissions are not a general discovery device." (citing WRIGHT, at § 2253, 706 n.23)); Nguyen v. Winter, 756 F. Supp. 2d 128, 129 (D.D.C. 2010) ("Requests for [a]dmission are not a discovery device but are designed to narrow the issues for trial." (citing McFadden v. Ballard, Spahr, Andrews & Ingersoll, LLP, 243 F.R.D. 1, 7 (D.D.C. 2007))).

Based on your RFAs, I think we have a fundamental difference on the use of RFAs. They are not Interrogatories. Moreover, when used for issues other than for documents, the facts requested must be precise and specific, not vague, or "well, you know what we mean." That is what the law states. They are not a discovery device to be utilized to gain information the proponent does not know, or to beat a party into an admission that is in dispute. Belt Line/Evanston's interrogatories are inartful and vague, often too broad. It is unlikely they would pass as Interrogatories, let alone RFAs. A party is not required to guess what you meant and refashion the request. For instance, Belt Line/Evanston requested that we admit that the "vessel" hit the bridge. Belt Line/Evanston's Definitions defined the vessel as the tug. The tug clearly did not strike the bridge. Your definition, your question. The facts requested to be admitted must be facts which both parties are not contesting, like a document or prior testimony. It is also improper to request a conclusion to a legal term of art, such "allision."

Notwithstanding the above, we intend to serve a timely Amended RFA with a few amended responses.

Please call if you wish to discuss.

Yours, etc,
Jim

**James Rodgers**
Senior Counsel | Clyde & Co US LLP

**Direct Dial:** +1 212 702 6771 | **Mobile:** +1 646 853 4277

 The Chrysler Building | 405 Lexington Avenue | 16th Floor | New York | NY 10174 | USA
Main +1 212 710 3900 | Fax +1 212 710 3950 | **www.clydeco.u**s

 Please consider the environment before printing

**From:** Mark Nanavati <mnanavati@snllaw.com>
**Sent:** Wednesday, July 23, 2025 9:01 AM
**To:** Vega, Joslin <Joslin.Vega@clydeco.us>; Mackenzie Pensyl <mpensyl@cwm-law.com>; W. Ryan Snow <wrsnow@cwm-law.com>; James Chapman <jchapman@cwm-law.com>; Christopher Jones <cjones@snllaw.com>; Zach Jett <zjett@butler.legal>; Tressa Lucas <tlucas@cwm-law.com>; Breanna Morgan <bmorgan@cwm-law.com>
**Cc:** Rodgers, James <James.Rodgers@clydeco.us>; Werner, Rachel <Rachel.Werner@clydeco.us>; Roman, Michael <Michael.Roman@clydeco.us>; Johnson, Dawn <Dawn.Johnson@clydeco.us>; Cohen, Harry <Harry.Cohen@clydeco.us>; Alonzo, Jennifer <Jennifer.Alonzo@clydeco.us>
**Subject:** In the Matter of Coeymans Marine Towing, LLC/NPBL - 07/02/2025 Correspondence

Jim,

Good morning.  Following up on our recent call and emails, I recalled a few other items we still need to address by email or a call.

1. The attached July 3, 2025 email.  I do not recall receiving a response.
2. The second paragraph of the attached July 16, 2025 letter. I do not recall receiving a response.
3. The objections and denials contained in the attached responses to RFA.  For one example, the denial that an allision took place with the west side of the bridge is very hard to understand.  See e.g. Video of allision and  Carver's Complaint for Exoneration, paragraph 3.

Thanks,

Mark


Mark C. Nanavati, Esquire
Sinnott, Nuckols & Logan, PC
13811 Village Mill Drive
Midlothian, Virginia 23114
(804) 893-3866 (direct)
(804) 378-7600 (office)
(804) 378-2610 (fax)
www.snllaw.com

This message is being sent by or on behalf of a lawyer.  It is intended exclusively for the individual or the entity to which it is addressed.  This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure.  If you are not the named addressee, you are not authorized to read, print, retain or otherwise disseminate this message or any part of it.  If you have received this message in error, please notify the sender immediately by email and delete all copies of the message.




**If our account details change, we will notify these to you by letter, telephone or face-to-face and never by email.**

This email message and any attachments may contain legally privileged and/or confidential information intended solely for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution or copying of this message or its attachments is strictly prohibited. If you have received this email message in error, please immediately notify us by telephone, fax or email and delete the message and all attachments thereto. Thank you. Clyde & Co US LLP is a Delaware limited liability law partnership affiliated with Clyde & Co LLP, a multinational partnership regulated by The Law Society of England and Wales.

Disclosure: To ensure compliance with requirements imposed by the IRS in Circular 230, we inform you that any tax advice contained in this communication (including any attachment that does not explicitly state otherwise) is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties under the Internal Revenue Code or promoting, marketing or recommending to another party any transaction or matter addressed herein.