# Exhibit T

LAW OFFICES
# CRENSHAW, WARE & MARTIN, P.L.C.
150 WEST MAIN STREET, SUITE 1923
Norfolk, Virginia 23510
www.cwm-law.com

TELEPHONE (757) 623-3000
FACSIMILE (757) 623-5735

JAMES L. CHAPMAN, IV
EMAIL: jchapman@cwm-law.com

August 13, 2025

**VIA ELECTRONIC MAIL**

| | |
|---|---|
| James H. Rodgers, Esq.<br>CLYDE & CO US LLP<br>The Chrysler Building<br>405 Lexington Avenue<br>New York, New York 10174<br>James.Rodgers@clydeco.us | Harold L. Cohen. Esq.<br>CLYDE & CO US LLP<br>1221 Brickell Avenue #1600<br>Miami, FL 33131<br>Harry.Cohen@clydeco.us |
| Michael Roman, Esq.<br>Dawn Johnson, Esq.<br>Siobhan Murphy, Esq.<br>CLYDE & CO US LLP<br>30 S. Wacker Drive, Ste 2600<br>Chicago, IL 60606<br>Michael.Roman@clydeco.us<br>Dawn.Johnson@clydeco.us<br>Siobhan.Murphy@clydeco.us | Rachel Werner, Esq.<br>CLYDE & CO US LLP<br>One North Central Avenue, Suite 1030<br>Pheonix, Arizona 85004<br>Rachel.werner@clydeco.us |

Re:   COEYMANS MARINE TOWING, LLC D/B/A CARVER MARINE TOWING as Owner and Operator of M/T Mackenzie Rose (IMO No. 8968765), etc.
United States District Court, Eastern District of Virginia, Case No. 2:24-cv-00490

Dear Mr. Rodgers:

I wrote you on May 5, 2025, June 3, 2025, June 30, 2025, and July 3, 2025 requesting communications to and from Brian Moore's cell phone related to the incident, as he was Carver's general manager at the time of the allision. These communications are responsive to, at a minimum, the Belt Line's First Requests for Production No. 34. On April 25, 2025, the Court overruled all of Carver's objections to that request and ordered the production. *See* ECF 50.

To date, Carver still has not produced the communications. We have been waiting to receive the texts from Mr. Moore to determine whether to further depose both him and Mr. Baldassare (whose texts and attachments were not produced until July 3, 2025, one day after we served our expert witness disclosures).



On Friday afternoon, August 8, 2025, you sent an email to counsel for the parties advising that Mr. Moore no longer was employed by Carver and was not cooperating with your requests to secure the information from his cell phone:



See **Attachment A**.

What is omitted is that Mr. Moore appears to have left employment with Carver in May 2025. Based on an internet search, his LinkedIn profile notes leaving Carver's employment three months ago, in May 2025. *See* screenshot below; also enclosed as **Attachment B**.



His full LinkedIn profile can be found at: https://www.linkedin.com/in/brian-b-moore.



James H. Rodgers, Esq.
August 13, 2025
Page 2

    If Mr. Moore's profile is correct, we are perplexed by the responses from you and Dawn Johnson in your firm from July 2025. On July 24, 2025, for example, after repeated inquiries from our office and Mark Nanavati about the cell phone, you stated that Ms. Johnson was "waiting to hear from Brian Moore" and instructed Mr. Nanavati not to contact her. *See* **Attachment C**. You never disclosed that Mr. Moore had left Carver, nor did Carver supplement its Rule 26(a)(1) disclosures to provide or update his address and phone number.

> -------- Original message --------
> From: "Rodgers, James" <James.Rodgers@clydeco.us>
> Date: 7/24/25 10:05 PM (GMT-05:00)
> To: Mark Nanavati <mnanavati@snllaw.com>, "Johnson, Dawn" <Dawn.Johnson@clydeco.us>, "Holbert, Liset" <Liset.Holbert@clydeco...
> <jhuber@butler.legal>, James Chapman <jchapman@cwm-law.com>, "W. Ryan Snow" <wrsnow@cwm-law.com>, Mackenzie Pensyl <m...
> Cc: "Werner, Rachel" <Rachel.Werner@clydeco.us>, "Roman, Michael" <Michael.Roman@clydeco.us>, "Cohen, Harry" <Harry.Cohen@...
> <Joslin.Vega@clydeco.us>
> Subject: Re: In the Matter of Coeymans Marine Towing, LLC/NPBL - 07/02/2025 Correspondence [CC-US.60032.10679176.FID4210633]
>
> Mark,
>
> I have updated you. Dawn is waiting to hear from Brian Moore.
>
> Do not call her. She will call you after she speaks with Mr. Moore. There is nobody else authorized to speak for Carver on this issue.
>
> Furthermore, Siobhan Murphy is the only lawyer authorized to speak for Carver with regards to the RFA issue.
>
> Jim

    Just after that correspondence, on July 30, 2024, after three follow-up inquiries from Mr. Nanavati, Ms. Johnson stated that Mr. Moore was "on vacation." Again, no one from Carver revealed that he had left the company, and the statement that he was "on vacation" indicated he was still employed.

> From: Johnson, Dawn
> To: Mark Nanavati; Rodgers, James; Holbert, Liset; Christopher Jones; Zach Jett; Jennifer Huber; ...
> Cc: Werner, Rachel; Roman, Michael; Cohen, Harry; Alonzo, Jennifer; Vega, Joslin
> Subject: RE: [External] In the Matter of Coeymans Marine Towing, LLC/NPBL - 07/02/2025 Corresponde...
> Date: Wednesday, July 30, 2025 4:29:38 PM
> Attachments: image001.png
> image004.png
> image005.png
> image006.png
> image007.png
> image008.png
> image009.png
> image010.png
> image011.png
>
> CAUTION External Email: This email originated from outside of the CWM network. Do not click any l...
>
> Hi Mark
>
> Brian Moore is on vacation. We will let you know likely early next week.



James H. Rodgers, Esq.
August 13, 2025
Page 2

Other information from Carver similarly fails to mention that Mr. Moore was no longer with the company. For example, in the June 9, 2025 declaration from Joseph Malik, Carver's Chief Legal Counsel, Mr. Malik describes overseeing document collection from Carver custodians, including Mr. Moore, but never identifies that Mr. Moore was not a current employee. He does so even while identifying a change in employment status for another employee, stating: "Leonard Baldassare, now a former employee, had a company-owned cell phone provided by Carver and the Mackenzie Rose was also equipped with a company-issued cell phone."

The belated disclosure that Carver is unable to secure information from Mr. Moore's phone has further obstructed the discovery efforts of the Belt Line and Evanston in this case. We have been effectively precluded from issuing a subpoena or seeking relief from Court during the past several months.

You are requested to immediately confirm the date on which Mr. Moore left Carver's employment in 2025, produce all documents related to termination of Mr. Moore's employment, and supplement Carver's 26(a)(1) disclosures with Mr. Moore's contact information so that we can take steps to subpoena his production of the phone and appear at deposition.

You are further requested to produce the cell phone communications from Mr. Moore's phone previously requested or, if you certify that you have none, to immediately produce all communications with Mr. Moore seeking to obtain such information so that we may evaluate our available options and whether relief must be sought from the Court.

       Very truly yours,

       /s/ James L. Chapman, IV

       James L. Chapman, IV

JLC/tal
Enclosures
cc:    Counsel of Record



| | |
|---|---|
| **From:** | Rodgers, James |
| **To:** | James Chapman; Mark Nanavati |
| **Cc:** | Rodgers, James; W. Ryan Snow; Mackenzie Pensyl; Werner, Rachel; Murphy, Siobhan; Ro Dawn; Zach Jett; Rodgers, James |
| **Subject:** | [External] In re Coeymans, et al, USDC, EDVA; Brian Moore [CC-US.60032.10679176.FID |
| **Date:** | Friday, August 8, 2025 3:03:40 PM |
| **Attachments:** | image001.png |



CAUTION External Email: This email originated from outside of the CWM network. Do not click any links or open any attachments unless you trust the sender and know the content is safe.

Jim and Mark,

Brian Moore is no longer employed by Carver. Up until August 6, 2025, Mr. Moore was cooperating as a de jure party witness and was communicating with this office regarding voluntary, and without waiver, retrieval of Carver related texts, if any, which might be retained on his personal cell phone.

However, without prior notice, on August 6th Mr. Moore indicated he would no longer cooperate with this office or Carver. The details of the communications with Mr. Moore are privileged as, again, he was still Carver's de jure party witness. This office has attempted to communicate with Mr. Moore for the past 24 hours, to no avail. Accordingly, I can report that neither I, nor Carver, have control over witness Brian Moore at this time.

As is my duty, I am informing you that, at this time, we cannot no longer represent that Mr. Moore is a party witness for Carver. Please consider this Carver's initial and timely notice pursuant to the rules, regulations and procedures governing witness disclosure.

Clyde & Co and Carver will, in the meantime, continue with our attempts to contact Mr. Moore and continue to retain him as a party witness. We will advise and update you, as necessary.
Thank you,
Jim

**James Rodgers**
Senior Counsel | Clyde & Co US LLP
**Direct Dial:** +1 212 702 6771 | **Mobile:** +1 646 853 4277

  

The Chrysler Building | 405 Lexington Avenue | 16th Floor | New York | NY 10174 | USA
Main +1 212 710 3900 | Fax +1 212 710 3950 | www.clydeco.us

Please consider the environment before printing

**If our account details change, we will notify these to you by letter, telephone or face-to-face and never by email.**

This email message and any attachments may contain legally privileged and/or confidential information intended solely for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any

reading, dissemination, distribution or copying of this message or its attachments is strictly prohibited. If you have received this email message in error, please immediately notify us by telephone, fax or email and delete the message and all attachments thereto. Thank you. Clyde & Co US LLP is a Delaware limited liability law partnership affiliated with Clyde & Co LLP, a multinational partnership regulated by The Law Society of England and Wales.

Disclosure: To ensure compliance with requirements imposed by the IRS in Circular 230, we inform you that any tax advice contained in this communication (including any attachment that does not explicitly state otherwise) is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties under the Internal Revenue Code or promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

EXHIBIT B

## 2025-08-12 Brian Moore LinkedIn Profile





---

**EXHIBIT C**

| | |
|---|---|
| **From:** | Johnson, Dawn |
| **To:** | Mark Nanavati; Rodgers, James; Holbert, Liset; Christopher Jones; Zach Jett; Jennifer Huber; James Chapman; W. Ryan Snow; Mackenzie Pensyl; Breanna Morgan; Tressa Lucas |
| **Cc:** | Werner, Rachel; Roman, Michael; Cohen, Harry; Alonzo, Jennifer; Vega, Joslin |
| **Subject:** | RE: [External] In the Matter of Coeymans Marine Towing, LLC/NPBL - 07/02/2025 Correspondence [CC-US 60032.10679176.FID4210633] |
| **Date:** | Wednesday, July 30, 2025 4:29:38 PM |
| **Attachments:** | image001.png<br>image004.png<br>image005.png<br>image006.png<br>image007.png<br>image008.png<br>image009.png<br>image010.png<br>image011.png |

**CAUTION External Email:** This email originated from outside of the CWM network. Do not click any links or open any attachments unless you trust the sender and know the content is safe.

Hi Mark

Brian Moore is on vacation. We will let you know likely early next week.

**From:** Mark Nanavati <mnanavati@snllaw.com>
**Sent:** Wednesday, July 30, 2025 8:13 AM
**To:** Rodgers, James <James.Rodgers@clydeco.us>; Johnson, Dawn <Dawn.Johnson@clydeco.us>; Holbert, Liset <Liset.Holbert@clydeco.us>; Christopher Jones <cjones@snllaw.com>; Zach Jett <zjett@butler.legal>; Jennifer Huber <jhuber@butler.legal>; James Chapman <jchapman@cwm-law.com>; W. Ryan Snow <wrsnow@cwm-law.com>; Mackenzie Pensyl <mpensyl@cwm-law.com>; bmorgan@cwm-law.com; tlucas@cwm-law.com
**Cc:** Werner, Rachel <Rachel.Werner@clydeco.us>; Roman, Michael <Michael.Roman@clydeco.us>; Cohen, Harry <Harry.Cohen@clydeco.us>; Alonzo, Jennifer <Jennifer.Alonzo@clydeco.us>; Vega, Joslin <Joslin.Vega@clydeco.us>
**Subject:** RE: In the Matter of Coeymans Marine Towing, LLC/NPBL - 07/02/2025 Correspondence [CC-US.60032.10679176.FID4210633]

Dawn,

Update on the below?

Mark

Mark C. Nanavati
(804) 893-3866

**From:** Mark Nanavati
**Sent:** Monday, July 28, 2025 12:36 PM
**To:** Rodgers, James <James.Rodgers@clydeco.us>; Johnson, Dawn <Dawn.Johnson@clydeco.us>; Holbert, Liset <Liset.Holbert@clydeco.us>; Christopher Jones <cjones@snllaw.com>; Zach Jett <zjett@butler.legal>; Jennifer Huber <jhuber@butler.legal>; James Chapman <jchapman@cwm-law.com>; W. Ryan Snow <wrsnow@cwm-law.com>; Mackenzie Pensyl <mpensyl@cwm-law.com>; bmorgan@cwm-law.com; tlucas@cwm-law.com
**Cc:** Werner, Rachel <Rachel.Werner@clydeco.us>; Roman, Michael <Michael.Roman@clydeco.us>; Cohen, Harry <Harry.Cohen@clydeco.us>; Alonzo, Jennifer <Jennifer.Alonzo@clydeco.us>; Vega, Joslin <Joslin.Vega@clydeco.us>
**Subject:** RE: In the Matter of Coeymans Marine Towing, LLC/NPBL - 07/02/2025 Correspondence [CC-US.60032.10679176.FID4210633]

Dawn,

Any update on Moore communications?

Thanks,

Mark

Mark C. Nanavati
(804) 893-3866

**From:** Mark Nanavati <mnanavati@snllaw.com>
**Sent:** Friday, July 25, 2025 5:20 AM
**To:** Rodgers, James <James.Rodgers@clydeco.us>; Johnson, Dawn <Dawn.Johnson@clydeco.us>; Holbert, Liset <Liset.Holbert@clydeco.us>; Christopher Jones <cjones@snllaw.com>; Zach Jett <zjett@butler.legal>; Jennifer Huber <jhuber@butler.legal>; James Chapman <jchapman@cwm-law.com>; W. Ryan Snow <wrsnow@cwm-law.com>; Mackenzie Pensyl <mpensyl@cwm-law.com>; bmorgan@cwm-law.com; tlucas@cwm-law.com
**Cc:** Werner, Rachel <Rachel.Werner@clydeco.us>; Roman, Michael <Michael.Roman@clydeco.us>; Cohen, Harry <Harry.Cohen@clydeco.us>; Alonzo, Jennifer <Jennifer.Alonzo@clydeco.us>; Vega, Joslin <Joslin.Vega@clydeco.us>
**Subject:** RE: In the Matter of Coeymans Marine Towing, LLC/NPBL - 07/02/2025 Correspondence [CC-US.60032.10679176.FID4210633]

Siobhan - Mike added a couple topics to the agenda. Let us know what might work next week.

Dawn - call me whenever you are able.

All - Cpt Lewis holding 31 July for possible tug inspection.

Thanks,

Mark

Mark C. Nanavati
Sinnott, Nuckols & Logan, PC
(804) 893-3866

-------- Original message --------
**From:** "Rodgers, James" <James.Rodgers@clydeco.us>
**Date:** 7/24/25 10:05 PM (GMT-05:00)
**To:** Mark Nanavati <mnanavati@snllaw.com>, "Johnson, Dawn" <Dawn.Johnson@clydeco.us>, "Holbert, Liset" <Liset.Holbert@clydeco.us>, Christopher Jones <cjones@snllaw.com>, Zach Jett <zjett@butler.legal>, Jennifer Huber <jhuber@butler.legal>, James Chapman <jchapman@cwm-law.com>, "W. Ryan Snow" <wrsnow@cwm-law.com>, Mackenzie Pensyl <mpensyl@cwm-law.com>, bmorgan@cwm-law.com, tlucas@cwm-law.com
**Cc:** "Werner, Rachel" <Rachel.Werner@clydeco.us>, "Roman, Michael" <Michael.Roman@clydeco.us>, "Cohen, Harry" <Harry.Cohen@clydeco.us>, "Alonzo, Jennifer" <Jennifer.Alonzo@clydeco.us>, "Vega, Joslin" <Joslin.Vega@clydeco.us>
**Subject:** Re: In the Matter of Coeymans Marine Towing, LLC/NPBL - 07/02/2025 Correspondence [CC-US.60032.10679176.FID4210633]

Mark,

I have updated you. Dawn is waiting to hear from Brian Moore.

Do not call her. She will call you after she speaks with Mr. Moore. There is nobody else authorized to speak for Carver on this issue.

Furthermore, Siobhan Murphy is the only lawyer authorized to speak for Carver with regards to the RFA issue.

Jim

Get Outlook for iOS

**From:** Mark Nanavati <mnanavati@snllaw.com>
**Sent:** Thursday, July 24, 2025 9:46:23 PM
**To:** Rodgers, James <James.Rodgers@clydeco.us>; Johnson, Dawn <Dawn.Johnson@clydeco.us>; Holbert, Liset <Liset.Holbert@clydeco.us>; Christopher Jones <cjones@snllaw.com>; Zach Jett <zjett@butler.legal>; Jennifer Huber <jhuber@butler.legal>; James Chapman <jchapman@cwm-law.com>; W. Ryan Snow <wrsnow@cwm-law.com>; Mackenzie Pensyl <mpensyl@cwm-law.com>; bmorgan@cwm-law.com; tlucas@cwm-law.com; tlucas@cwm-law.com
**Cc:** Werner, Rachel <Rachel.Werner@clydeco.us>; Roman, Michael <Michael.Roman@clydeco.us>; Cohen, Harry <Harry.Cohen@clydeco.us>; Alonzo, Jennifer <Jennifer.Alonzo@clydeco.us>; Vega, Joslin <Joslin.Vega@clydeco.us>
**Subject:** RE: In the Matter of Coeymans Marine Towing, LLC/NPBL - 07/02/2025 Correspondence [CC-US.60032.10679176.FID4210633]

Disagree on the below as you know. Back and forth not productive at this point.

Just trying to find out if communications from Moore will be produced. I tried you this morning. Did not get a call back.

Happy to speak with anyone on your team about the production.

Hopefully tomorrow.

Mark

Mark C. Nanavati
Sinnott, Nuckols & Logan, PC
(804) 893-3866

-------- Original message --------
From: "Rodgers, James" <James.Rodgers@clydeco.us>
Date: 7/24/25 9:14 PM (GMT-05:00)
To: Mark Nanavati <mnanavati@snllaw.com>, "Johnson, Dawn" <Dawn.Johnson@clydeco.us>, "Holbert, Liset" <Liset.Holbert@clydeco.us>, Christopher Jones <cjones@snllaw.com>, Zach Jett <zjett@butler.legal>, Jennifer Huber <jhuber@butler.legal>, James Chapman <jchapman@cwm-law.com>, "W. Ryan Snow" <wrsnow@cwm-law.com>, Mackenzie Pensyl <mpensyl@cwm-law.com>, bmorgan@cwm-law.com, tlucas@cwm-law.com
Cc: "Werner, Rachel" <Rachel.Werner@clydeco.us>, "Roman, Michael" <Michael.Roman@clydeco.us>, "Cohen, Harry" <Harry.Cohen@clydeco.us>, "Alonzo, Jennifer" <Jennifer.Alonzo@clydeco.us>, "Vega, Joslin" <Joslin.Vega@clydeco.us>, "Rodgers, James" <James.Rodgers@clydeco.us>
Subject: RE: In the Matter of Coeymans Marine Towing, LLC/NPBL - 07/02/2025 Correspondence [CC-US.60032.10679176.FID4210633]

Mark,

I have made Dawn available to address the cell phone while I am gone. Mr. Moore is on vacation. Dawn is attempting to contact him. Please be advised that Carver's position is the following:

Your request served on Carver clearly requested only "work cell phones." We answered that Brian Moore was not issued a work cell phone. You now have requested texts from his personal cell phone. We will attempt to accommodate your request. We will not do that if your position is that our is response is late, and then you file a motion after you have received the documents.

For the record:

1. On June 3, 2025 Mackenzie Pensyl sent us a demand for Mr. Moore's "work cell phone" texts;
2. On July 3, 2025 you e-mailed me and reiterated Ms. Pensyl's demand for "work cell phone" texts;
3. On July 23, 2025 you again e-mailed reiterating Ms. Pensyl's demand for "work cell phone" texts, by attaching the July 3rd e-mail (see attached).

Therefore, you and Claimants need to acknowledge that this is a new demand before Carver spend thousands of dollars accommodating this request. We will not allow our client to be subject again to bad faith discovery tactics. Be advised accordingly.

Regards,
Jim

James Rodgers
Senior Counsel | Clyde & Co US LLP
Direct Dial +1 212 702 6771 | Mobile +1 646 853 4277

**CLYDE&CO**   The Chrysler Building | 405 Lexington Avenue | 16th Floor | New York | NY 10174 | USA
Main +1 212 710 3900 | Fax +1 212 710 3950 | www.clydeco.us

Please consider the environment before printing

**From:** Mark Nanavati <mnanavati@snllaw.com>
**Sent:** Thursday, July 24, 2025 7:37 PM
**To:** Johnson, Dawn <Dawn.Johnson@clydeco.us>; Rodgers, James <James.Rodgers@clydeco.us>; Holbert, Liset <Liset.Holbert@clydeco.us>; Christopher Jones <cjones@snllaw.com>; Zach Jett <zjett@butler.legal>; Jennifer Huber <jhuber@butler.legal>; James Chapman <jchapman@cwm-law.com>; W. Ryan Snow <wrsnow@cwm-law.com>; Mackenzie Pensyl <mpensyl@cwm-law.com>; bmorgan@cwm-law.com; tlucas@cwm-law.com
**Cc:** Werner, Rachel <Rachel.Werner@clydeco.us>; Roman, Michael <Michael.Roman@clydeco.us>; Cohen, Harry <Harry.Cohen@clydeco.us>; Alonzo, Jennifer <Jennifer.Alonzo@clydeco.us>; Vega, Joslin <Joslin.Vega@clydeco.us>
**Subject:** RE: In the Matter of Coeymans Marine Towing, LLC/NPBL - 07/02/2025 Correspondence [CC-US.60032.10679176.FID4210633]

Dawn,

Is anyone on your team
available tomorrow? Been trying to get these for awhile now…

Re tug, I just heard back. Monday still isn't available to Cpt Lewis.



Thanks,

Mark

Mark C. Nanavati
Sinnott, Nuckols & Logan, PC
(804) 893-3866

-------- Original message --------
From: "Johnson, Dawn" <Dawn.Johnson@clydeco.us>
Date: 7/24/25 7:30 PM (GMT-05:00)
To: Mark Nanavati <mnanavati@snllaw.com>, "Rodgers, James" <James.Rodgers@clydeco.us>, "Holbert, Liset" <Liset.Holbert@clydeco.us>, Christopher Jones <cjones@snllaw.com>, Zach Jett <zjett@butler.legal>, Jennifer Huber

<jhuber@butler.legal>, James Chapman <jchapman@cwm-law.com>, "W. Ryan Snow" <wrsnow@cwm-law.com>, Mackenzie Pensyl <mpensyl@cwm-law.com>, bmorgan@cwm-law.com, tlucas@cwm-law.com>
Cc: "Werner, Rachel" <Rachel.Werner@clydeco.us>, "Roman, Michael" <Michael.Roman@clydeco.us>, "Cohen, Harry" <Harry.Cohen@clydeco.us>, "Alonzo, Jennifer" <Jennifer.Alonzo@clydeco.us>, "Vega, Joslin" <Joslin.Vega@clydeco.us>
Subject: RE: In the Matter of Coeymans Marine Towing, LLC/NPBL - 07/02/2025 Correspondence [CC-US.60032.10679176.FID4210633]

Mark:

1. Let's talk Monday re cell phone issue. Thanks.
2.  Please confirm claimants' side whether the tug inspection is going Monday.

**From:** Mark Nanavati <mnanavati@snllaw.com>
**Sent:** Thursday, July 24, 2025 6:27 PM
**To:** Johnson, Dawn <Dawn.Johnson@clydeco.us>; Rodgers, James <James.Rodgers@clydeco.us>; Holbert, Liset <Liset.Holbert@clydeco.us>; Christopher Jones <cjones@snllaw.com>; Zach Jett <zjett@butler.legal>; Jennifer Huber <jhuber@butler.legal>; James Chapman <jchapman@cwm-law.com>; W. Ryan Snow <wrsnow@cwm-law.com>; Mackenzie Pensyl <mpensyl@cwm-law.com>; bmorgan@cwm-law.com; tlucas@cwm-law.com
**Cc:** Werner, Rachel <Rachel.Werner@clydeco.us>; Roman, Michael <Michael.Roman@clydeco.us>; Cohen, Harry <Harry.Cohen@clydeco.us>; Alonzo, Jennifer <Jennifer.Alonzo@clydeco.us>; Vega, Joslin <Joslin.Vega@clydeco.us>
**Subject:** RE: In the Matter of Coeymans Marine Towing, LLC/NPBL - 07/02/2025 Correspondence [CC-US.60032.10679176.FID4210633]

Yes, thanks

Mark C. Nanavati
Sinnott, Nuckols & Logan, PC
(804) 893-3866

-------- Original message --------
From: "Johnson, Dawn" <Dawn.Johnson@clydeco.us>
Date: 7/24/25 7:23 PM (GMT-05:00)
To: Mark Nanavati <mnanavati@snllaw.com>, "Rodgers, James" <James.Rodgers@clydeco.us>, "Holbert, Liset" <Liset.Holbert@clydeco.us>, Christopher Jones <cjones@snllaw.com>, Zach Jett <zjett@butler.legal>, Jennifer Huber <jhuber@butler.legal>, James Chapman <jchapman@cwm-law.com>, "W. Ryan Snow" <wrsnow@cwm-law.com>, Mackenzie Pensyl <mpensyl@cwm-law.com>, bmorgan@cwm-law.com, tlucas@cwm-law.com>
Cc: "Werner, Rachel" <Rachel.Werner@clydeco.us>, "Roman, Michael" <Michael.Roman@clydeco.us>, "Cohen, Harry" <Harry.Cohen@clydeco.us>, "Alonzo, Jennifer" <Jennifer.Alonzo@clydeco.us>, "Vega, Joslin" <Joslin.Vega@clydeco.us>
Subject: RE: In the Matter of Coeymans Marine Towing, LLC/NPBL - 07/02/2025 Correspondence [CC-US.60032.10679176.FID4210633]

Mark:  Are you referring to Brian Moore cell phone text?

**From:** Mark Nanavati <mnanavati@snllaw.com>
**Sent:** Thursday, July 24, 2025 5:59 PM
**To:** Rodgers, James <James.Rodgers@clydeco.us>; Holbert, Liset <Liset.Holbert@clydeco.us>; Christopher Jones <cjones@snllaw.com>; Zach Jett <zjett@butler.legal>; Jennifer Huber <jhuber@butler.legal>; James Chapman <jchapman@cwm-law.com>; W. Ryan Snow <wrsnow@cwm-law.com>; Mackenzie Pensyl <mpensyl@cwm-law.com>; bmorgan@cwm-law.com; tlucas@cwm-law.com
**Cc:** Werner, Rachel <Rachel.Werner@clydeco.us>; Roman, Michael <Michael.Roman@clydeco.us>; Johnson, Dawn <Dawn.Johnson@clydeco.us>; Cohen, Harry <Harry.Cohen@clydeco.us>; Alonzo, Jennifer <Jennifer.Alonzo@clydeco.us>; Vega, Joslin <Joslin.Vega@clydeco.us>
**Subject:** RE: In the Matter of Coeymans Marine Towing, LLC/NPBL - 07/02/2025 Correspondence [CC-US.60032.10679176.FID4210633]

Dawn - assuming no go today.   Tomorrow?

Mark C. Nanavati
Sinnott, Nuckols & Logan, PC
(804) 893-3866

-------- Original message --------
From: Mark Nanavati <mnanavati@snllaw.com>
Date: 7/24/25 2:20 PM (GMT-05:00)
To: "Rodgers, James" <James.Rodgers@clydeco.us>, "Holbert, Liset" <Liset.Holbert@clydeco.us>, Christopher Jones <cjones@snllaw.com>, Zach Jett <zjett@butler.legal>, Jennifer Huber <jhuber@butler.legal>, James Chapman <jchapman@cwm-law.com>, "W. Ryan Snow" <wrsnow@cwm-law.com>, Mackenzie Pensyl <mpensyl@cwm-law.com>, bmorgan@cwm-law.com, tlucas@cwm-law.com, bmorgan@cwm-law.com
Cc: "Werner, Rachel" <Rachel.Werner@clydeco.us>, "Roman, Michael" <Michael.Roman@clydeco.us>, "Johnson, Dawn" <Dawn.Johnson@clydeco.us>, "Cohen, Harry" <Harry.Cohen@clydeco.us>, "Alonzo, Jennifer" <Jennifer.Alonzo@clydeco.us>, "Vega, Joslin" <Joslin.Vega@clydeco.us>
Subject: RE: In the Matter of Coeymans Marine Towing, LLC/NPBL - 07/02/2025 Correspondence [CC-US.60032.10679176.FID4210633]

Siobhan -- when would it be convenient to discuss the RFA's next week?

Dawn – are you available to discuss Brian Moore's communications from his cell phone this afternoon by chance?

Still waiting to hear back from Nick on Monday for tug inspection.

Thank you both.

Mark

Mark C. Nanavati
(804) 893-3866

**From:** Rodgers, James <James.Rodgers@clydeco.us>
**Sent:** Thursday, July 24, 2025 2:06 PM
**To:** Mark Nanavati <mnanavati@snllaw.com>; Holbert, Liset <Liset.Holbert@clydeco.us>; Christopher Jones <cjones@snllaw.com>; Zach Jett <zjett@butler.legal>; Jennifer Huber <jhuber@butler.legal>; James Chapman <jchapman@cwm-law.com>; W. Ryan Snow <wrsnow@cwm-law.com>; Mackenzie Pensyl <mpensyl@cwm-law.com>; bmorgan@cwm-law.com; tlucas@cwm-law.com; bmorgan@cwm-law.com
**Cc:** Werner, Rachel <Rachel.Werner@clydeco.us>; Roman, Michael <Michael.Roman@clydeco.us>; Johnson, Dawn <Dawn.Johnson@clydeco.us>; Cohen, Harry <Harry.Cohen@clydeco.us>; Alonzo, Jennifer <Jennifer.Alonzo@clydeco.us>; Vega, Joslin <Joslin.Vega@clydeco.us>; Rodgers, James <James.Rodgers@clydeco.us>
**Subject:** RE: In the Matter of Coeymans Marine Towing, LLC/NPBL - 07/02/2025 Correspondence [CC-US.60032.10679176.FID4210633]

Mark,

You keep calling it the Rule 11 "threat."  That is not appreciated.  I am required to inform opposing counsel if their conduct comes within the purview of Rule 11, followed by a Safe Harbor letter.  However, as Local Rules provide for a remedy, we have filed the Motion for a Protective Order.

The substance of my letter response to Jim's improper threat of a dispositive motion is not the position of Carver, nor is it evidence.  As you well know. Your continued invocation of it is harassment and violates the code of ethical conduct.  Notwithstanding that, as I stated below, ultimately the <u>current</u> available evidence shows that Morrissey did not switch off the autopilot when he thought he had, then apparently switched it off just prior to the Incident. But why ask me. Ask Jim-- he was at the hearing. More importantly, this debate is not relevant nor constructive.

As to your other comments, they only prove that the parties disagree about the facts, which means your RFAs are inappropriate, as well as inartful.

I am away next week; however, Siobhan Murphy is available to conduct any Rule 37 meeting relating to RFAs.  Please contact Siobhan directly and she will be prepared to discuss.

Likewise, Dawn Johnson can be contacted going forward regarding the issue of your recent request for Brian Moore's personal cell phone texts.

For anything else that crosses your desk, I am here until COB tomorrow.

Regards,
Jim

James Rodgers
Senior Counsel | Clyde & Co US LLP
**Direct Dial** +1 212 702 8771 | **Mobile** +1 646 853 4277



The Chrysler Building | 405 Lexington Avenue | 16th Floor | New York | NY 10174 | USA
Main +1 212 710 3900 | Fax +1 212 710 3950 | www.clydeco.us

🌿 Please consider the environment before printing

**From:** Mark Nanavati <mnanavati@snllaw.com>
**Sent:** Thursday, July 24, 2025 12:42 PM
**To:** Rodgers, James <James.Rodgers@clydeco.us>; Holbert, Liset <Liset.Holbert@clydeco.us>; Christopher Jones <cjones@snllaw.com>; Zach Jett <zjett@butler.legal>; Jennifer Huber <jhuber@butler.legal>; James Chapman <jchapman@cwm-law.com>; W. Ryan Snow <wrsnow@cwm-law.com>; Mackenzie Pensyl <mpensyl@cwm-law.com>; bmorgan@cwm-law.com; tlucas@cwm-law.com; bmorgan@cwm-law.com
**Cc:** Werner, Rachel <Rachel.Werner@clydeco.us>; Roman, Michael <Michael.Roman@clydeco.us>; Johnson, Dawn <Dawn.Johnson@clydeco.us>; Cohen, Harry <Harry.Cohen@clydeco.us>; Alonzo, Jennifer <Jennifer.Alonzo@clydeco.us>; Vega, Joslin <Joslin.Vega@clydeco.us>
**Subject:** RE: In the Matter of Coeymans Marine Towing, LLC/NPBL - 07/02/2025 Correspondence [CC-US.60032.10679176.FID4210633]

Jim,

Re the missing Moore communications, as I said call at your convenience and I will call you back if you miss me as am on some calls today.

Not sure the Reagan – Carter debate has much to do with this. . . . . but appreciate the attempt at humor.

1. On Carver's most recent auto-pilot statement below -- "He then, according to documents in your possession, switched off auto-pilot prior to hitting the bridge." That is contrary to the position Carver took in its Rule 11 threat. Carver took the position then that "he did not switch off the auto-pilot switch."

I am not sure why you have chosen to do this at this time. Perhaps after deposing the entire crew and management of Carver you realize that the facts of the case support a Limitation. We believe you knew it when James Morrissey testified to the USCG that he did not switch off the auto-pilot switch, thereby voiding hand steering. You knew it when Carver amended its report to the USCG to reflect that. Yet, you subsequently filed a pleading in EDVA stating otherwise—claiming, *inter alia*, that the auto pilot was defective. *see* Rule 11 (b)(3). The additional evidence you have gathered now confirms that Carver had none of the privity or knowledge necessary to break the Limitation. We have met our burden. So now, in the dead of night, you conceive a plan to get the evidence thrown out. This is outrageous.

2. On the issue of whether or not Baldassare "misled" the crew as to what he was doing, that issue has no bearing on whether Carver had a duty, or not, to contact the Coast Guard. Notwithstanding that the issue has absolutely no bearing on Carver's privity or knowledge of any negligence or unseaworthiness that may have *caused* the incident.

Seems to clearly show privity and knowledge on the part of Carver. . . . Whey else would management encourage a hit and run when Miller obviously wanted to report. . . . . Seems to me to be very relevant to both the known duty to report and an attempt cover up known wrongdoing. . . .

Let know when we can set up a Rule 37 meeting on these responses.

Thanks,

Mark


Mark C. Nanavati
(804) 592-3155

---

**From:** Rodgers, James <James.Rodgers@clydeco.us>
**Sent:** Thursday, July 24, 2025 12:15 PM
**To:** Mark Nanavati <mnanavati@snllaw.com>; Holbert, Liset <Liset.Holbert@clydeco.us>; Christopher Jones <cjones@snllaw.com>; Zach Jett <zjett@butler.legal>; Jennifer Huber <jhuber@butler.legal>; James Chapman <jchapman@cwm-law.com>; W. Ryan Snow <wrsnow@cwm-law.com>; Mackenzie Pensyl <mpensyl@cwm-law.com>; bmorgan@cwm-law.com; tlucas@cwm-law.com; bmorgan@cwm-law.com
**Cc:** Werner, Rachel <Rachel.Werner@clydeco.us>; Roman, Michael <Michael.Roman@clydeco.us>; Johnson, Dawn <Dawn.Johnson@clydeco.us>; Cohen, Harry <Harry.Cohen@clydeco.us>; Alonzo, Jennifer <Jennifer.Alonzo@clydeco.us>; Vega, Joslin <Joslin.Vega@clydeco.us>; Rodgers, James <James.Rodgers@clydeco.us>
**Subject:** RE: In the Matter of Coeymans Marine Towing, LLC/NPBL - 07/02/2025 Correspondence [CC-US.60032.10679176.FID4210633]

Mark,

To quote Ronald Reagan, : "There you go again."

The Request was "at the time of the Incident."

Jim was at the hearing. Perhaps you were there as well. I was not. So, at the very least, Jim knows exactly what Morrissey said at the hearing. The Coast Guard will not release the transcript until the investigation is completed. The investigation is not completed. We have subpoenaed the Coast Guard. We may have to move for an order from the Court if the Coast Guard refuses to comply with our subpoena. Moreover, Morrissey was the only witness. Thus, there are only two sources of what may have happened: 1. Morrissey's testimony or the interview at the Coast Guard hearing, and 2. the documents.

However, based on documents only, it would appear that the Mate on watch, Morrissey, thought he was off auto-pilot, and then in attempting to hand-steer realized he had not turned off the auto-pilot switch. He then, according to documents in your possession, switched off auto-pilot prior to hitting the bridge. Jim Chapman would know this, or exactly what Morrissey told the Coast Guard, because he was there at the hearing. Accordingly, at the time of the "Incident" the tug was not on autopilot. We cannot be responsible for Jim, as a seasoned maritime lawyer who knows the implications, not liking what Morrissey said. We also cannot be responsible for inartful requests. As a manifestation of my collegiality, I sent you some relevant law on RFAs. They are not designed to get information from an adversary. They are designed to admit to facts not in dispute.

On the issue of whether or not Baldassare "misled" the crew as to what he was doing, that issue has no bearing on whether Carver had a duty, or not, to contact the Coast Guard. Notwithstanding that the issue has absolutely no bearing on Carver's privity or knowledge of any negligence or unseaworthiness that may have *caused* the incident.

If Claimants are teeing up yet another discovery/dispositive motion based on the RFAs, please do not consider this a meet and confer, nor represent it as such.

I am prepared to talk to you today about your request for personal cell phone records of Brian Moore. Please let me know the best time for you.

Regards,
Jim

**James Rodgers**
Senior Counsel | Clyde & Co US LLP
**Direct Dial** +1 212 702 6771 | **Mobile** +1 646 853 4277

**CLYDE&CO**   The Chrysler Building | 405 Lexington Avenue | 16th Floor | New York | NY 10174 | USA
Main +1 212 710 3900 | Fax +1 212 710 3950 | www.clydeco.com

🌿 Please consider the environment before printing

---

**From:** Mark Nanavati <mnanavati@snllaw.com>
**Sent:** Thursday, July 24, 2025 10:48 AM
**To:** Holbert, Liset <Liset.Holbert@clydeco.us>; Christopher Jones <cjones@snllaw.com>; Zach Jett <zjett@butler.legal>; Jennifer Huber <jhuber@butler.legal>; James Chapman <jchapman@cwm-law.com>; W. Ryan Snow <wrsnow@cwm-law.com>; Mackenzie Pensyl <mpensyl@cwm-law.com>; bmorgan@cwm-law.com; tlucas@cwm-law.com; bmorgan@cwm-law.com
**Cc:** Rodgers, James <James.Rodgers@clydeco.us>; Werner, Rachel <Rachel.Werner@clydeco.us>; Roman, Michael <Michael.Roman@clydeco.us>; Johnson, Dawn <Dawn.Johnson@clydeco.us>; Cohen, Harry <Harry.Cohen@clydeco.us>; Alonzo, Jennifer <Jennifer.Alonzo@clydeco.us>; Vega, Joslin <Joslin.Vega@clydeco.us>
**Subject:** RE: In the Matter of Coeymans Marine Towing, LLC/NPBL - 07/02/2025 Correspondence [CC-US.60032.10679176.FID4210633]

Jim,

Thank you for the Amended responses. Might want to schedule a time tomorrow or Monday to discuss these as I do not think the amended responses solve many of the problems with the deficient responses. For instance:

1. On July 3, 2025 Carver threatened Rule 11 sanctions based on its position that the vessel was using auto pilot at the time of the Allision.

I am not sure why you have chosen to do this at this time. Perhaps after deposing the entire crew and management of Carver you realize that the facts of the case support a Limitation. We believe you knew it when James Morrissey testified to the USCG that he did not switch off the auto-pilot switch, thereby voiding hand steering. You knew it when Carver amended its report to the USCG to reflect that. Yet, you subsequently filed a pleading in EDVA stating otherwise—claiming, *inter alia*, that the auto pilot was defective. *see* Rule 11 (b)(3). The additional evidence you have gathered now confirms that Carver had none of the privity or knowledge necessary to break the Limitation. We have met our burden. So now, in the dead of night, you conceive a plan to get the evidence thrown out. This is outrageous.

Then in its response to RFA 3, it denies that the Vessel was being operated on autopilot:

> 3. Admit that, at the time of the **Incident**, the **Vessel** was being operated on autopilot.
>
> **RESPONSE:**
>
> Petitioner DENIES Request 3. See also response as to Request 1 pertaining to the testimony and interview of Mr. Morrissey.
>
> The above answer is subject to the following objections: The term "Incident" conflates multiple events and is confusing as to the mechanics of the accident at issue in this case, which are yet to be determined. In addition, this request is confusing as to what operations are considered part of the "Incident" and what constitutes a Vessel "being operated on autopilot" at the time of the "Incident".

2. Just an another example, the below responses to RFA 6-8 do not make sense in light of Mr. Baldassare's texts where he apparently mislead the crew into the believing he reported the Allision as required by CG regs so the crew would leave the scene before the CG could board the vessel and conduct a proper and timely investigation. . . . .

> Given the above objections, Petitioner affirmatively states that, based on the facts reported to Petitioner and the Captain, the vessel properly proceeded and there was no duty to inform the United States Coast Guard of the facts as reported to Petitioner.



Thanks,

Mark

Mark C. Nanavati
(804) 893-3866

**From:** Holbert, Liset <Liset.Holbert@clydeco.us>
**Sent:** Thursday, July 24, 2025 10:28 AM
**To:** Mark Nanavati <mnanavati@snllaw.com>; Christopher Jones <cjones@snllaw.com>; Zach Jett <zjett@butler.legal>; Jennifer Huber <jhuber@butler.legal>; James Chapman <jchapman@cwm-law.com>; W. Ryan Snow <wrsnow@cwm-law.com>; Mackenzie Pensyl <mpensyl@cwm-law.com>; bmorgan@cwm-law.com; tlucas@cwm-law.com; bmorgan@cwm-law.com
**Cc:** Rodgers, James <James.Rodgers@clydeco.us>; Werner, Rachel <Rachel.Werner@clydeco.us>; Roman, Michael <Michael.Roman@clydeco.us>; Johnson, Dawn <Dawn.Johnson@clydeco.us>; Cohen, Harry <Harry.Cohen@clydeco.us>; Alonzo, Jennifer <Jennifer.Alonzo@clydeco.us>; Vega, Joslin <Joslin.Vega@clydeco.us>
**Subject:** RE: In the Matter of Coeymans Marine Towing, LLC/NPBL - 07/02/2025 Correspondence [CC-US.60032.10679176.FID4210633]

Counsel,

Attached please find Petitioner Carver's First Amended Responses to Belt Line's First Request for Admissions and Supplemental Interrogatories.

Thank you.

Liset Holbert
Legal Assistant | Clyde & Co US LLP
Direct Dial +1 312 635 6944

**CLYDE&CO**
30 S Wacker Drive | Suite 2600 | Chicago | IL 60606 | USA
Main +1 312 635 7000 | Fax +1 312 635 6950 | www.clydeco.us

Please consider the environment before printing

---

**From:** Mark Nanavati <mnanavati@snllaw.com>
**Sent:** Thursday, July 24, 2025 8:19:38 AM
**To:** Rodgers, James <James.Rodgers@clydeco.us>; Vega, Joslin <Joslin.Vega@clydeco.us>; Mackenzie Pensyl <mpensyl@cwm-law.com>; W. Ryan Snow <wrsnow@cwm-law.com>; James Chapman <jchapman@cwm-law.com>; Christopher Jones <cjones@snllaw.com>; Zach Jett <zjett@butler.legal>; Tressa Lucas <tlucas@cwm-law.com>; Breanna Morgan <bmorgan@cwm-law.com>
**Cc:** Werner, Rachel <Rachel.Werner@clydeco.us>; Roman, Michael <Michael.Roman@clydeco.us>; Johnson, Dawn <Dawn.Johnson@clydeco.us>; Cohen, Harry <Harry.Cohen@clydeco.us>; Alonzo, Jennifer <Jennifer.Alonzo@clydeco.us>
**Subject:** RE: In the Matter of Coeymans Marine Towing, LLC/NPBL - 07/02/2025 Correspondence [CC-US.60032.10679176.FID4210633]

Jim,

Please let us know when you expect to serve the Amended RFA so we can review and decide if further discussion or action is needed. Regarding your explanation, I would note a few things. 1. The exemplar RFA did not ask Carver to admit the vessel hit the bridge. It said vessel pushing Barge.

> 1. Admit that on June 15, 2024, the **Vessel**, while pushing the **Barge**, allided with the western section of the **Bridge**.
>
> **RESPONSE:**
>
> Petitioner DENIES Request 1, as stated. Answering further Mr. Morrissey has not

2. The word Allision is not legal term of art. As I think you know, an allision is the striking of a moving vessel against a stationary object.

3. The permissable scope of an RFA is much broader than you suggest. . . .

> **Rule 36. Requests for Admission**
> (a) SCOPE AND PROCEDURE.
> (1) *Scope.* A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
> (A) facts, the application of law to fact, or opinions about either; and
> (B) the genuineness of any described documents.

Thanks,
Mark

Mark C. Nanavati
(804) 893-3866

---

**From:** Rodgers, James <James.Rodgers@clydeco.us>
**Sent:** Wednesday, July 23, 2025 1:38 PM
**To:** Mark Nanavati <mnanavati@snllaw.com>; Vega, Joslin <Joslin.Vega@clydeco.us>; Mackenzie Pensyl <mpensyl@cwm-law.com>; W. Ryan Snow <wrsnow@cwm-law.com>; James Chapman <jchapman@cwm-law.com>; Christopher Jones <cjones@snllaw.com>; Zach Jett <zjett@butler.legal>; Tressa Lucas <tlucas@cwm-law.com>; Breanna Morgan <bmorgan@cwm-law.com>; Rodgers, James <James.Rodgers@clydeco.us>
**Cc:** Werner, Rachel <Rachel.Werner@clydeco.us>; Roman, Michael <Michael.Roman@clydeco.us>; Johnson, Dawn <Dawn.Johnson@clydeco.us>; Cohen, Harry <Harry.Cohen@clydeco.us>; Alonzo, Jennifer <Jennifer.Alonzo@clydeco.us>
**Subject:** RE: In the Matter of Coeymans Marine Towing, LLC/NPBL - 07/02/2025 Correspondence [CC-US.60032.10679176.FID4210633]

Mark,

Good afternoon. My responses:

**Brian Moore**

I am confused. Our response stated that Moore was not issued a work phone, thus Carver was not in possession of responsive documents. Did I even ask Brian Moore? What kind of question is that. Be that as it may, On July 3rd, the day before Independence Day, I spent the evening responding to your co-claimant's threatening and non-collegial letter stating that Belt Line/Evanston would make a Dispositive Motion on our limitation petition. So perhaps, just maybe, I missed your e-mail or put it aside. If I did, my apologies. In order that I may consult with Carver with some semblance of knowledge, could you please send me any information that you have obtained which indicates that Brian Moore was issued a work phone. That would be helpful. Finally, you can communicate directly with Dawn Johnson on this issue—if there is one—going forward.

**Expert Depositions**

We have confirmed with you that I will depose Captain Lewis and Mr. Furborough on August 13th via Zoom, 10:30 am and 3 pm EST, respectively. Dawn Johnson is working on availability of Captain Stephenson and Jason Meyerrose for the week of August 11th. I do not know yet if we are designating Hutcheson and disclosures are not due until August 8th. Notwithstanding that, we will check on Hutcheson's availability as well.

**RFA**

As part of the original federal discovery rules, "requests for admission are generally viewed as a facet of discovery… [b]ut, in many ways, "[r]equests for [a]dmission are not a discovery device."…As one court remarked, "The essential function of requests for admission is to establish 'facts,' not to discover them." The Advisory Committee for the 1970 amendments to Federal Rule 36 identified "two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be."… Put another way, "requests for admission are used to establish admission of facts about which there is no real dispute." See generally, *St Mary's Journal of Legal Malpractice & Ethics*, May 2018, *It's a Trap! The Ethical Dark Side of Requests for Admissions, by Colin Flora*. See also *Lakehead Pipe Line Co. v. Am. Home Assurance Co.*, 177 F.R.D. 454, 458 (D. Minn. 1997); accord *Misco, Inc. v. U.S. Steel Corp.*, 784 F.2d 198, 205–06 (6th Cir. 1986) ("Requests for admissions are not a general discovery device." (citing WRIGHT, at § 2253, 706 n.23)); *Nguyen v. Winter*, 756 F. Supp. 2d 128, 129 (D.D.C. 2010) ("Requests for [a]dmission are not a discovery device but are designed to narrow the issues for trial." (citing *McFadden v. Ballard, Spahr, Andrews & Ingersoll*, LLP, 243 F.R.D. 1, 7 (D.D.C. 2007))).

Based on your RFAs, I think we have a fundamental difference on the use of RFAs. They are not Interrogatories. Moreover, when used for issues other than for documents, the facts requested must be precise and specific, not vague, or "well, you know what we mean." That is what the law states. They are not a discovery device to be utilized to gain information the proponent does not know, or to beat a party into an admission that is in dispute. Belt Line/Evanston's interrogatories are inartful and vague, often too broad. It is unlikely they would pass as Interrogatories, let alone RFAs. A party is not required to guess what you meant and refashion the request. For instance, Belt Line/Evanston requested that we admit that the "vessel" hit the bridge. Belt Line/Evanston's Definitions defined the vessel as the tug. The tug clearly did not strike the bridge. Your definition, your question. The facts requested to be admitted must be facts which both parties are not contesting, like a document or prior testimony. It is also improper to request a conclusion to a legal term of art, such "allision."

Notwithstanding the above, we intend to serve a timely Amended RFA with a few amended responses.

Please call if you wish to discuss.

Yours, etc,
Jim

**James Rodgers**
Senior Counsel | Clyde & Co US LLP
**Direct Dial** +1 212 702 6771 | **Mobile** +1 646 853 4277

**CLYDE&CO**   The Chrysler Building | 405 Lexington Avenue | 16th Floor | New York | NY 10174 | USA
Main +1 212 710 3900 | Fax +1 212 710 3950 | www.clydeco.us

Please consider the environment before printing

**From:** Mark Nanavati <mnanavati@snllaw.com>
**Sent:** Wednesday, July 23, 2025 9:01 AM
**To:** Vega, Joslin <Joslin.Vega@clydeco.us>; Mackenzie Pensyl <mpensyl@cwm-law.com>; W. Ryan Snow <wrsnow@cwm-law.com>; James Chapman <jchapman@cwm-law.com>; Christopher Jones <cjones@snllaw.com>; Zach Jett <zjett@butler.legal>; Tressa Lucas <tlucas@cwm-law.com>; Breanna Morgan <bmorgan@cwm-law.com>
**Cc:** Rodgers, James <James.Rodgers@clydeco.us>; Werner, Rachel <Rachel.Werner@clydeco.us>; Roman, Michael <Michael.Roman@clydeco.us>; Johnson, Dawn <Dawn.Johnson@clydeco.us>; Cohen, Harry <Harry.Cohen@clydeco.us>; Alonzo, Jennifer <Jennifer.Alonzo@clydeco.us>
**Subject:** In the Matter of Coeymans Marine Towing, LLC/NPBL - 07/02/2025 Correspondence

Jim,

Good morning. Following up on our recent call and emails, I recalled a few other items we still need to address by email or a call.

1. The attached July 3, 2025 email. I do not recall receiving a response.
2. The second paragraph of the attached July 16, 2025 letter. I do not recall receiving a response.
3. The objections and denials contained in the attached responses to RFA. For one example, the denial that an allision took place with the west side of the bridge is very hard to understand. See e.g. Video of allision and Carver's Complaint for Exoneration, paragraph 3.

Thanks,

Mark

Mark C. Nanavati, Esquire
Sinnott, Nuckols & Logan, PC
13811 Village Mill Drive
Midlothian, Virginia 23114
(804) 893-3866 (direct)
(804) 378-7600 (office)
(804) 378-2610 (fax)
www.snllaw.com

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or the entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain or otherwise disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by email and delete all copies of the message

**If our account details change, we will notify these to you by letter, telephone or face-to-face and never by email.**

This email message and any attachments may contain legally privileged and/or confidential information intended solely for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution or copying of this message or its attachments is strictly prohibited. If you have received this email message in error, please immediately notify us by telephone, fax or email and delete the message and all attachments thereto. Thank you. Clyde & Co US LLP is a Delaware limited liability law partnership affiliated with Clyde & Co LLP, a multinational partnership regulated by The Law Society of England and Wales.

Disclosure: To ensure compliance with requirements imposed by the IRS in Circular 230, we inform you that any tax advice contained in this communication (including any attachment that does not explicitly state otherwise) is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties under the Internal Revenue Code or promoting, marketing or recommending to another party any transaction or matter addressed herein.