**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**
**In Admiralty**

| | |
|---|---|
| In the Matter of COEYMANS MARINE TOWING, LLC D/B/A CARVER MARINE TOWING as Owner and Operator of M/T Mackenzie Rose, (IMO No. 8968765), *et al*. | **Civil Action No. 2:24-cv-00490-MSD-LRL** |

**CLAIMANTS' OPPOSITION TO CARVER'S *DAUBERT* MOTION**
**TO EXCLUDE TESTIMONY AND OPINIONS OF ROBERT FURBOROUGH**

Claimants Norfolk and Portsmouth Belt Line Railroad Company ("Belt Line") and

Evanston Insurance Company ("Evanston") (together, "Claimants"), jointly oppose the Motion to

Exclude Testimony and Opinions of Robert Furborough (the "Motion") filed by Coeymans Marine

Towing, LLC d/b/a Carver Marine Towing ("Carver"). Because Carver's arguments are contrary

to the Federal Rules of Evidence, and because its attacks on Mr. Furborough go to the weight of

the evidence, not its admissibility, Carver's Motion should be denied.

**Legal Standard**

Federal Rule of Evidence 702 allows a witness "qualified as an expert by knowledge, skill,

experience, training, or education" to testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. District courts are tasked to act as gatekeepers and exclude expert testimony

from trial that is irrelevant or unreliable. *See* Fed. R. Evid. 104(a); *Kumho Tire Co. v. Carmichael*,

526 U.S. 137, 141 (1999) (discussing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 593-94

(1993)). Reliability is determined by assessing "whether the reasoning or methodology underlying the testimony is scientifically valid." *Daubert*, 509 U.S. at 592-93. Relevance depends upon "whether that reasoning or methodology properly can be applied to the facts in issue." *Id*. "When the methodology is sound, and the evidence relied upon sufficiently related to the case at hand, disputes about the degree of relevance or accuracy (above this minimum threshold) may go to the testimony's weight, but not its admissibility." *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 852 (Fed. Cir. 2010) (citations omitted).

"[T]he rejection of expert testimony is the exception rather than the rule." Fed. R. Evid. 702 (advisory committee notes, 2000 amendments). District courts are "not intended to serve as a replacement for the adversary system." *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1078 (5th Cir. 1996); Fed. R. Evid. 702 (advisory committee notes, 2000 amendments). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596. Accordingly, if a party offering expert testimony can prove by a preponderance of the evidence that the expert is qualified, the expert's testimony is relevant, and the testimony is reliable, a court should not exclude it. *Id*. at 590-91; Fed. R. Evid. 702 (advisory committee notes, 2000 amendments).

<u>**Argument**</u>

**I.    Mr. Furborough is qualified to opine on autopilot use related to navigational issues.**

Mr. Furborough is an expert in marine electronics, including navigation equipment and vessel autopilot systems. ECF 101-2 (Furborough's Dep.), p.2, 7:21-22. He has worked as a marine electronics technician for over fifteen years and has installed and worked on various SIMRAD systems on vessels throughout that time. ECF 101-1, p.3. Carver argues that Mr.

Furborough is unqualified to opine on the use of autopilot because he "has no experience as a licensed mariner or vessel captain and has never navigated the Elizabeth River on a vessel like the *Mackenzie Rose*." ECF 101, p. 5. Carver's argument, however, relies on a misapplication of the Federal Rules of Evidence and relevant case law.

Federal Rule of Evidence 702 provides *multiple* avenues through which one may qualify as an expert, including "***by knowledge, skill, experience, training, or education***." Fed. R. Evid. 702 (emphasis added); *see also* 2 Moore's Federal Rules Pamphlet § 702.7 ("[W]hether a witness is formally certified in a field by a professional organization may be relevant to the witness's expertise, but Rule 702 does not require any particular imprimatur."). As such, Mr. Furborough's lack of a mariner's license does not bar his qualification as an expert or the admissibility of his testimony.

Similarly, the fact that Mr. Furborough never personally navigated the Elizabeth River on a vessel like the M/T MACKENZIE ROSE poses no bar to the admissibility of his testimony. "One knowledgeable about a particular subject need not be precisely informed about all details of issues raised in order to offer an opinion as an expert." *Radiance Found., Inc. v. NAACP*, 27 F. Supp. 3d 671, 674 (E.D. Va. 2013). Carver relies on one case, *Anderson v. R.R. Passenger Corporation*, to support the disqualification of Mr. Furborough's testimony, the facts of which materially differ from the matter at hand. 866 F. Supp. 937 (E.D. Va. 1994). The experts in *Anderson* were retained to opine on railroad dispatch systems, however, their qualifications reflected "a notable, and fatally defective ***absence of experience, training or base of knowledge*** on the role and operations of [such] systems." *Id*. at 948 (emphasis added). As such, the court found that they failed to satisfy the threshold expert requirements of Federal Rule of Evidence 702. *Id*.

Unlike the experts in *Anderson*, Mr. Furborough has extensive experience installing, operating, and troubleshooting marine electronic systems for vessel navigation, including Simrad autopilot systems such as that in the M/T MACKENZIE ROSE. Therefore, Mr. Furborough has the requisite experience and base knowledge to testify to the use and operations of the autopilot system at issue. Moreover, any alleged gap in Mr. Furborough's knowledge and experience would go to the weight given to his testimony, not disqualify its admissibility. *Radiance Found., Inc.*, 27 F. Supp. 3d at 674.[1]

## II.    Mr. Furborough's opinions regarding autopilot and navigational issues are relevant.

One of the key issues in this case pertains to the unseaworthiness of the M/T MACKENZIE ROSE. Mr. Furborough's testimony regarding the condition and use of the M/T MACKENZIE ROSE's autopilot system is directly relevant to that issue. Carver argues that because "Mr. Furborough does not actually opine that any malfunction or existing purported defect on the autopilot system caused or contributed to the allision[,]" his opinion is "irrelevant and unhelpful[.]" ECF 101, p. 6. This misstates Mr. Furborough's testimony and misapplies the Federal Rules of Evidence.

Under Federal Rule of Evidence 702, expert testimony is relevant if it will "***assist the trier of fact to understand the evidence*** or to determine a fact in issue." Fed. R. Evid. 702 (emphasis added); *see also Daubert*, 509 U.S. at 591. Nowhere do the Rules require that an expert opine as to the ultimate issue in a case. The Rules require only that an expert provide testimony based upon specialized knowledge that will ultimately assist the trier of fact. *Id*. Here, Mr. Furborough, drawing upon his expertise in marine electronic systems, opines that:

> The reports of problems with the autopilot [on the *M/T MACKENZIE ROSE*] in May 2024 raise the type of concerns that would need to be promptly repaired by a qualified technician…. There is no indication that Carver engaged anyone to

---

[1]    Notably, Carver has proffered no expert to rebut the opinions of Mr. Furborough.

inspect the system and correct the reported failures.

ECF 101-1 (Furborough's Report), p.4; *see also* ECF 101-2 (Furborough's Dep.), p.2, 7:18.

This testimony will undoubtedly assist the trier of fact in understanding the condition of the system on the date of the allision. In fact, it directly supports Claimants' position in their pending Motion for Summary Judgment that, given previous failures, Carver should have prohibited the use of autopilot outright on the M/T MACKENZIE ROSE, well before June 15, 2024. *See* ECF 91, pp. 16-18.

Carver further argues Mr. Furborough's opinions are "unfounded and speculative" because he "was never given Mate Morrissey's amended statement to the Coast Guard in which [Morrissey] admitted to his navigational error[.]" ECF 101, p.6. Carver claims that Mr. Furborough's opinions are therefore "based on a selective set of documents to sway his opinion" and "not connected to the actual record evidence in the case." *Id*. In making this argument, Carver mistakes what is and is not a part of the record. Mr. Morrissey's alleged statement comes from two Coast Guard 2692 forms submitted by Carver's own management team, Leonard Baldassare and Brian Moore (the "CG 2692"), not Mr. Morrissey, and those two employees were exactly the people at the center of Carver's effort to conceal the incident. *See* ECF 91, p. 31. Regardless, a CG 2692 form is inadmissible in this case. *See* CG-2692, p.3 (stating that "information collected on this form… is protected from use in civil litigation per 46 U.S.C. §6308.").[2] As such, the CG 2692 is not a part of the record, and cannot be a basis to exclude Mr. Furborough's testimony. It is Carver's argument, not Mr. Furborough's opinion, that is based on a selective document not connected to the actual record.[3]

_____

[2]     Claimants are separately filing a Motion in Limine to prevent Carver's improper use of CG 2692 forms.

[3]     Carver also states in the headings of its Motion that Mr. Furborough's opinions are

## Conclusion

WHEREFORE, because there is no basis to strike any part of Mr. Furborough's report or testimony, Claimants request that the Court deny Carver's motion, allow Mr. Furborough to testify at trial in accordance with his report, and grant them all other just and necessary relief.

Dated: <u>September 17, 2025</u>.

**NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY**

<u>            /s/ Mackenzie R. Pensyl            </u>
James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Mackenzie R. Pensyl, VSB No. 100012
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
Email: jchapman@cwm-law.com
Email: wrsnow@cwm-law.com
Email: mpensyl@cwm-law.com
*Counsel for Defendant Norfolk Portsmouth Belt Line Railroad Company*

<u>            /s/ Mark C. Nanavati            </u>
Mark C Nanavati, Esq. (VSB #38709)
G. Christopher Jones, Jr., Esq. (VSB #82260)
SINNOT, NUCKOLS & LOGAN, P.C.
13811 Village Mill Drive
Midlothian, Virginia 23114
(804) 893-3866 (Nanavati)
(804) 893-3862 (Jones)
(804) 378-2610 (Fax)
mnanavati@snllaw.com
cjones@snllaw.com
*Counsel for Evanston Insurance Company, s/s/o Norfolk and Portsmouth Belt Line Railroad Company*

---

"unreliable," however, nowhere in the Motion does Carver make any argument or provide any facts supporting such assertion.  *See* ECF 101, p.5-6.

Zachary M. Jett, Esq. (VSB #93285)
BUTLER WEIHMULLER KATZ CRAIG LLP
11525 N. Community House Rd, Suite 300
Charlotte, North Carolina 28277
(704) 543-2321
(704) 543-2324 (Fax)
*zjett@butler.legal*
*Counsel for Evanston Insurance Company*
*s/s/o Norfolk and Portsmouth Belt Line*
*Railroad Company*

## CERTIFICATE OF SERVICE

I certify that on this 17th day of September 2025 a true and correct copy of the foregoing was served via CM/ECF electronic filing system upon the following:

Harold L. Cohen. Esq. VSB No. 98148
CLYDE & CO US LLP
1221 Brickell Ave #1600
Miami, Florida 33131
(202) 747-5108
(202) 747-5150
*Harry.Cohen@clydeco.us*

James H. Rodgers, Esq. *(pro hac vice)*
CLYDE & CO US LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 702-6771
(212) 710-3950
*James.Rodgers@clydeco.us*

Rachel Werner, Esq. *(pro hac vice)*
CLYDE & CO US LLP
One N. Central Avenue, Ste 1030
Pheonix, Arizona 85004
(480) 746-4580
(480) 746-4569 Direct
(480) 746-4556 Fax
*Rachel.werner@clydeco.us*

Michael Roman, Esq.
Dawn Johnson, Esq.
Siobhan Murphy, Esq.
CLYDE & CO US LLP
30 S. Wacker Drive, Ste 2600
Chicago, IL 60606
Tel No.: (312) 635-6971
Fax No.: (312)635-6950
*Michael.Roman@clydeco.us*
*Dawn.Johnson@clydeco.us*
*Siobhan.murphy@clydeco.us*
*Counsel for Coeymans Marine*
*Towing, LLC,*
*d/b/a Carver Marine Towing*

James Morrissey (via electronic mail)
4723 Baywood Drive
Lynnhaven, FL 32444
(850) 901-3893
*jdmorrissey15@gmail.com*

_____/s/ Mackenzie R. Pensyl_____