IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division
In Admiralty

| | |
|---|---|
| In the Matter of COEYMANS MARINE TOWING, LLC D/B/A CARVER MARINE TOWING as Owner and Operator of M/T Mackenzie Rose, (IMO No. 8968765), *et al*. | Civil Action No. 2:24-cv-00490-MSD-LRL |

**MEMORANDUM IN SUPPORT OF
CLAIMANTS' FIRST MOTION *IN LIMINE* TO PRECLUDE
COAST GUARD INVESTIGATIVE MATERIALS AND CG-2692 FORMS AT TRIAL**

Norfolk and Portsmouth Belt Line Railroad Company ("Belt Line") and Evanston Insurance Company ("Evanston"), by counsel, move this Court to preclude any evidence of, mention of, or reference to Coast Guard Form 2692 Reports ("CG-2692 Forms") or any other Coast Guard investigative materials in the trial of this case.

**Introduction and Background**

This limitation action was brought by Petitioner Coeymans Marine Towing d/b/a Carver Marine Towing ("Carver"). On June 15, 2024, Carver's tug M/T MACKENZIE ROSE struck and nearly toppled the Belt Line's Main Line Railroad Bridge when the tug pushed a 200-foot loaded barge into the bridge's western span outside the navigable channel. Carver and its crew failed to notify the U.S. Coast Guard as required by law before fleeing the scene, and never notified the Belt Line, making immediate access to critical information impossible (drug and alcohol testing, inspection of the vessel, etc.).

In the days after the allision, two of Carver's upper-management employees, General Manager Brian Moore and Port Captain Leonard Baldassare, filed two different CG-2692 Forms

with the Coast Guard promoting Carver's view of the incident. These two upper-management employees in New York were the very individuals who deliberately deceived the tug crew, falsely asserting that the U.S. Coast Guard had approved their departure from the Port of Norfolk in order to induce the crew to abandon the scene. *See* ECF 70, pp. 3-5.

These CG-2692 Forms are mandatory filings used to notify the United States Coast Guard of a "marine casualty" pursuant to 46 U.S.C. § 6101 and 46 C.F.R. Part 4, and they form part of the Coast Guard's investigative process under 46 U.S.C. § 6301. Congress has expressly prohibited the use of such forms in civil litigation. Section 6308 of Title 46 of the United States Code provides that *no part* of a report of a marine casualty investigation—including any findings, opinions, or conclusions—may be admitted into evidence or subject to discovery in civil proceedings. The statutory bar is absolute, and courts within this Circuit and across the country have consistently enforced it.

Carver has repeatedly cited the CG-2692 Forms prepared by its own managerial employees when deposing witnesses and in expert disclosures. More recently, Carver relies on them in support of its Motion for Summary Judgment. Carver has also sought to designate the CG-2692 Forms as trial exhibits in its supplemental Rule 26(a)(3) disclosures, signaling its intent to rely on them as substantive evidence at trial.

Because the CG-2692 Forms and all related Coast Guard investigative materials fall squarely within the statutory prohibition, any attempt to introduce—or even reference—them at trial would violate federal law, unfairly prejudice the Claimants, and result in error. Accordingly, the Belt Line and Evanston respectfully request that this Court enter an order excluding all such evidence, testimony, and references.

## Legal Authority

The purpose of a motion *in limine* is to "exclude anticipated prejudicial evidence before the evidence is actually offered" and to "narrow the evidentiary issues for trial and eliminate unnecessary trial interruptions." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013).

Here, the exclusion of the CG-2692 Forms is not only a matter of prejudice but one of statutory mandate. Congress, in 46 U.S.C. § 6308(a), provided:

> Notwithstanding any other provision of law, no part of a report of a marine casualty investigation conducted under section 6301 of this title, including findings of fact, opinions, recommendations, deliberations, or conclusions, shall be admissible as evidence or subject to discovery in any civil or administrative proceedings, other than an administrative proceeding initiated by the United States.

Further, § 6308(b) provides that Coast Guard investigators may not be deposed or testify in such proceedings without the permission of the Secretary of Homeland Security, and even then, the statutory exclusion of the reports themselves remains intact. Federal courts consistently enforce this prohibition. *See*, *e.g.*, *In re Complaint of Cozy Cove Marina, Inc.*, 521 F. Supp. 2d 504, 506-07 (E.D. Va. 2007) (holding that 46 U.S.C § 6308 precludes the use of U.S. Coast Guard accident reports as evidence in private civil litigation); *In re Eternity Shipping, Ltd.*, 444 F. Supp. 2d 347, 352 (D. Md. 2006) (excluding Coast Guard investigative reports under § 6308).

## Argument

**I.     Coast Guard Investigation Materials Are Inadmissible in Civil Actions.**

CG-2692 Forms, witness interviews, reports, notes, records, and related materials generated during a marine casualty investigation are not independent accident accounts, but integral components of the Coast Guard's investigative process under 46 U.S.C. § 6301. They serve as the initial written notification and subsequent documentation of the Coast Guard's investigation and therefore fall within the scope of § 6308's prohibition. Courts have recognized

3

that Congress enacted § 6308 both to prevent the Coast Guard from becoming embroiled in private litigation arising out of marine accidents and to ensure that the agency's resources remain focused on promoting maritime safety rather than adjudicating liability. *Cozy Cove*, 521 F. Supp. 2d at 507. By drawing this line, Congress preserved the integrity of the Coast Guard's investigative function.

Despite this statutory mandate, Carver has sought to rely upon and reference Coast Guard investigation materials in this litigation, citing the CG-2692 Forms submitted by its management and inaccurate summaries of Coast Guard interviews to argue that it lacked privity and knowledge of acts that it claims were the sole negligence of the tug operator. The form expressly states that the information contained therein cannot be used in civil litigation pursuant to 46 U.S.C. § 6308. The text below is from the Privacy Act Notice on page 3 of the CG-2692 Form:

> **Disclosure:** Furnishing this information is mandatory per 46 CFR §4.05-10. Failure to furnish the requested information for occurrences that are reportable marine casualties, diving casualties, or OCS-related casualties may result in civil penalty sanctions as outlined in 33 CFR Part 1. Coast Guard credentialed mariners may be subject to administrative adjudication per 46 CFR Part 5 for reporting failures. Some of the casualty information collected on this form may be made available for public inspection; **however, information collected is protected from use in civil litigation per 46 U.S.C. §6308**. Personal privacy information will not be disclosed routinely. Social Security numbers are not mandated on this form.

**Exhibit A** (Emphasis added). Because the statutory bar is explicit—"no part of a report…shall be admissible as evidence or subject to discovery in any civil…proceedings"—this Court must preclude the use or mention of CG-2692 Forms and any related Coast Guard investigative materials, including testimony of Coast Guard personnel regarding such materials.

II. **Reference to CG-2692 Forms and Other Coast Guard Investigation Materials Would Cause Prejudice and Confusion.**

Even indirect references to the existence or contents of Coast Guard reports or testimony would be prejudicial. Factfinders may give undue weight to such official government forms, despite their inadmissibility and unreliability for purposes of determining civil liability. Allowing

any discussion of CG-2692 Forms and other Coast Guard investigation materials would undermine both the statutory framework and the fairness of these proceedings.

This case illustrates exactly why Congress enacted 46 U.S.C. § 6308. Carver's two CG-2692 Forms, attached hereto as **Exhibits B** and **C**, were prepared by the same two Carver upper-management employees who failed to immediately report the allision and attempted to cover it up. In the later filing, the narrative of the incident is materially different from the first submission. These shifting accounts underscore the dangers of admitting Coast Guard filings in civil litigation: such documents are government forms with official appearance, yet the descriptions of the incidents in them can be manipulated to favor whoever fills them out. And if they can be admitted in civil litigation, a company will have every incentive to describe an incident in a way that limits liability.

Courts have recognized that strict enforcement of § 6308 is necessary to prevent precisely this type of prejudice. In *Eternity Shipping*, the court emphasized that Congress's mandate in 46 U.S.C. § 6308 is both clear and comprehensive: no part of a U.S. Coast Guard marine casualty investigation report may be admitted into evidence in civil or administrative proceedings. 444 F. Supp. 2d 347, 363 (D. Md. 2006). The court explained that the statute expressly excludes not only final findings, but also opinions, recommendations, deliberations, and conclusions, thereby ensuring that the investigative process remains distinct from liability determinations. *Id*.

The court further stressed that the statute's listing of inadmissible components is illustrative rather than exhaustive, reflecting Congress's intent to adopt a broad and categorical prohibition, including witness interviews and other materials. *Id*. This strict enforcement protects the fairness of civil proceedings by preventing parties from manipulating the forms or introducing potentially

5

incomplete, inconsistent, or biased investigative materials—precisely like the inconsistent CG-2692 Forms Carver has attempted to use here.

## Conclusion

WHEREFORE, the Belt Line and Evanston respectfully request that this Court enter an Order i) *granting* their Motion *in Limine*; ii) excluding the categories of information or evidence described therein; and iii) *granting* the Belt Line and Evanston all other just relief.

Dated: September 18, 2025                     Respectfully submitted,

NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY

By:      */s/ Mackenzie R. Pensyl*
James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Mackenzie R. Pensyl, VSB No. 100012
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
mpensyl@cwm-law.com
*Counsel for Norfolk and Portsmouth Belt Line Railroad Company*

EVANSTON INSURANCE COMPANY, a/s/o NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY

       */s/ Mark C. Nanavati*
Mark C. Nanavati, VSB No. 38709
G. Christopher Jones, Jr., VSB No. 82260
SINNOTT, NUCKOLS & LOGAN, P.C.
13811 Village Mill Drive
Midlothian, Virginia 23114
(804) 893-3866 (Nanavati)
(804) 378-2610 (Facsimile)
mnanavati@snllaw.com

        cjones@snllaw.com

        Zachary M. Jett, VSB No. 93285
        BUTLER WEIHMULLER KATZ CRAIG LLP
        11525 N. Community House Road, Ste 300
        Charlotte, North Carolina 28277
        (704) 543-2321 (Telephone)
        (704) 543-2324 (Facsimile)
        zjett@butler.legal
        *Counsel for Evanston Insurance Company,*
        *a/s/o Norfolk and Portsmouth Belt Line*
        *Railroad Company*

## **CERTIFICATE OF SERVICE**

I certify that on this 18th day of September 2025, a true copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all registered counsel of record, and a copy was mailed to:

        James Morrissey
        4723 Baywood Drive
        Lynnhaven, FL 32444

By:    */s/ Mackenzie R. Pensyl*
James L. Chapman, IV, VSB No. 21983
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
mpensyl@cwm-law.com
*Counsel for Norfolk and Portsmouth Belt Line Railroad Company*