**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| In the Matter of COEYMANS MARINE TOWING, LLC d/b/a CARVER MARINE TOWING, as Owner and Operator of the *M/T Mackenzie Rose*, (IMO No. 8968765), *et al.* | Civil Action No. 2:24-cv-00490-MSD LRL |

**MOTION TO MODIFY BRIEFING AND HEARING SCHEDULES**
**FOR PENDING DISPOSITIVE AND EVIDENTIARY MOTIONS**

Petitioner Coeymans Marine Towing, LLC d/b/a Carver Marine Towing respectfully moves to extend and modify the briefing schedules on two Motions *in Limine* filed by Claimants Norfolk and Portsmouth Belt Line Railroad Company ("Belt Line") and Motions to Exclude expert witnesses filed by Petitioner. Petitioner respectfully requests that the Court set its response deadlines for each Motion discussed herein to October 31, 2025 and set a hearing on all pending motions (including Summary Judgment) to a date on or after January 12, 2026. Such relief will not prejudice any party in light of the new trial date that has been set for March 10, 2026. In support of its Motion, Petitioner states as follows:

1.   On September 24, 2025, Petitioner and Claimant Evanston Insurance Company ("Evanston") filed a Stipulation of Dismissal of Evanston's claim pursuant to settlement in this matter. Evanston's claimed damages in this case were $10,000,000, the amount of its policy limits issued and paid to the Belt Line in two equal installments of $5,000,000 for repair costs incurred as a result of the allision to the Belt Line's Main Line Bridge on June 15, 2024.

2.   On September 25, 2024, the Court entered an Order, *sua sponte*, continuing the October 21, 2025 trial date to March 2026. ECF 126. After consulting with the parties, the Court set trial for March 10, 2026 and the Pre-Trial Hearing for February 12, 2026. ECF 128.

1

3. The remaining issues for trial center on Petitioner's claim under the Limitation of Liability Act and Belt Line's uninsured claim for damages that purportedly amounts to ~$5,992,000. Notwithstanding the Limitation of Liability issues, Petitioner and Belt Line are at odds over several components of the uninsured damages, including (1) the amount of depreciation applicable to reduce Belt Line's potential recoverable damages; (2) whether Belt Line can apply "additive rates" upwards of 200% to certain labor charges that has, in Petitioner's view, inflated Belt Line's claim by close to $1,000,000; (3) whether Belt Line can recover costs for installing a new rail and tie system on the Bridge, which Petitioner contends was not damaged in the allision; (4) whether approximately $400,000 in damages disclosed by Belt Line on the eve of mediation and after close of discovery should be excluded from trial as untimely and unfair surprise; (5) whether Belt Line can recover for upgrades it made to mechanical and electrical components of the Bridge during repairs resulting from the allision; and (6) whether Belt Line is equitably entitled to interest despite the fact that Evanston prepaid its policy limits to Belt Line and the State of Virginia paid at least a portion of the uninsured repair costs from grant money extended to the Belt Line.

4. Importantly, these issues have been borne out during extensive and contentious discovery and are ripe to be decided at trial or compromised as part of good faith settlement discussions.

5. The remaining work to be done in this case primarily relates to evidentiary issues for trial. Currently Belt Line has two pending evidentiary motions:

    i. Motion *in Limine* to Exclude USCG-2692 Forms from Evidence, filed on September 18, 2025 at ECF 114-15 (Petitioner's response due on October 2, 2025);

    ii. Motion *in Limine* to Exclude Opinions and Evidence of Expert Captain Sam Stephenson, filed on September 23, 2025 at ECF 123-24 (Petitioner's response due on October 7, 2025).

2

6. Petitioner respectfully requests that the Court set its response deadlines on these motions for October 31, 2025 and Belt Line's reply deadline to a date of its choosing, so long as it allows the Court sufficient time to review and rule upon the Motions prior to trial. Such relief will preserve the parties' resources for trial and allow Petitioner to continue focusing efforts to engage Belt Line in good faith settlement discussions. There is no urgency in briefing the evidentiary motions in light of the new trial date, and neither party will be prejudiced by a brief reprieve in responding to motion practice in this property damage matter.

7. In addition, Petitioner requests that any hearing on pending motions be set for a date after January 12, 2026, including any hearing on the parties' fully brief Motions for Summary Judgment filed at ECF 90 and 99. In the same vein as extending the briefing schedule on Belt Line's evidentiary motions, holding any hearing in abeyance until closer to the March 10, 2026 trial date will allow the parties to preserve resources for settlement discussions and attend to the press of other business matters before the need to prepare for trial arises again.

8. On September 29, 2025, Petitioner's counsel wrote Belt Line's to confer on Petitioner's request for an extension on the evidentiary motions. Petitioner followed up with Belt Line again on October 1, 2025, at which time Belt Line advised it could only agree to a one-week extension of time for each evidentiary motion. Thus, Belt Line objects to Petitioner's request for a 30-day standdown of briefing motions before the trial in March of next year.

9. Accordingly, Petitioner respectfully requests that the Court modify the briefing schedules on the motions filed at ECF 114-15 and ECF 123-24 to set Petitioner's response deadline for October 31, 2025 and set any briefing on the motions to a date after January 12, 2026.

10. Petitioner has no objection to Belt Line requesting a reciprocal 30-day response time for its Reply or a shorter amount of time if Belt Line so chooses.

11. This Motion and request for an extension is brought in good faith and not for the purposes of undue delay or to waste resources of the Court or the parties. Granting Petitioner the extension will not prejudice either party and will, instead, preserve their resources to attempt to bring this matter to resolution short of trial.

12. Finally, Petitioner requests pursuant to L.R. 83.6(G) that the Court order Petitioner and Belt Line to remotely attend either (1) another half-day private mediation before the Honorable Judge Shaddrick or (2) a settlement conference before Magistrate Judge Leonard. The parties attended a full-day mediation with Judge Shaddrick on September 4, 2025 which resulted in the settlement between Petitioner and Evanston soon thereafter. Petitioner and its insurers have engaged Belt Line several times since then to request Belt Line attend another session with a neutral, but Belt Line has not yet agreed to do so. Accordingly, Petitioner respectfully requests the Court order another private mediation or settlement conference which will allow the parties to ensure all efforts at resolving this matter short of trial have been exhausted.

13. Petitioner requests the order for mediation as separate and additional relief from its request for a modification of the briefing schedules outlined above.

WHEREFORE, Petitioner Coeymans Marine Towing, LLC respectfully requests that the Court grant its Motion to Modify Briefing and Hearing Schedules on Pending Dispositive and Evidentiary Motions, and enter and Order reflecting the following relief:

(a) Petitioner's Response to Claimant's Motion filed at ECF 114-15 shall be filed on or before October 31, 2025;

(b) Petitioner's Response to Claimant's Motion filed at ECF 123-24 shall be filed on or before October 31, 2025;

(c) Claimant Belt Line's Replies to the Motions filed at ECF 114-15 and ECF 123-24 shall be filed on or before November 31, 2025, or an earlier date of Belt Line's choosing;

4

(d)     Hearing on the parties' pending evidentiary motions and Motions for Summary Judgment shall be set at a date of the Court's convenience on or after January 12, 2026;

(e)     Ordering the parties to remotely attend either a half-day private mediation with Judge Shaddrick or a settlement conference with Magistrate Judge Leonard;

(f)     All other relief the Court deems just and proper.

Dated: October 2, 2025

Respectfully submitted by,

**CLYDE & CO US LLP**

/s/ *Harold L. Cohen*
Harold L. Cohen (VSB No.:98148)
1221 Brickell Avenue, Suite 1600
Miami, FL 33131
Tel: 305-446-2646
Fax: 305-441-2374
Email: harry.cohen@clydeco.us;
James H. Rodgers*
Clyde & Co US LLP
45 Lexington Avenue, 16th Floor
New York, NY 10174
Phone: (212) 702-6771
Email: james.rodgers@clydeco.us

Michael J. Roman*
Dawn L. Johnson
Siobhan M. Murphy*
Clyde & Co US LLP
30 South Wacker Drive, Suite 2600
Chicago, IL 60606
Phone: (312) 635-7000
Email: michael.roman@clydeco.us
dawn.johnson@clydeco.us
Siobhan.murphy@clydeco.us
**pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2025, a true and correct copy of the foregoing document was filed using the Court's CM/ECF system, which will serve all counsel of record by electronic mail as follows:

Mark C. Nanavati, Esq. (VSB No.: 38709)
G. Christopher Jones, Jr., Esq. (VSB No.: 82260)
SINNOT, NUCKOLS & LOGAN, P.C.
13811 Village Mill Drive
Midlothian, Virginia 23114
(804) 893-3866 (Nanavati)
(804) 893-3862 (Jones)
(804) 378-2610 (Facsimile)
mnanavati@snllaw.com
cjones@snllaw.com
*Counsel for Evanston Insurance Company a/s/o Norfolk and Portsmouth Belt Line Railroad Company*

Zachary M. Jett, Esq. (VSB No.: 93285)
BUTLER WEIHMULLER KATZ, et al
11525 North Community House Road
Suite 300
Charlotte, North Carolina 28277
(704) 543-2321 (Telephone)
(704) 543-2324 (Facsimile)
zjett@butler.legal
*Counsel for Evanston Insurance Company, a/s/o Norfolk and Portsmouth Belt Line Railroad Company*

James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Mackenzie R. Pensyl VSB No. 100012
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
mpensyl@cwm-law.com
*Attorneys for Norfolk and Portsmouth Belt Line Railroad Company*

                                                      */s/ Harold L. Cohen*