IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division
In Admiralty

| | |
|---|---|
| In the Matter of COEYMANS MARINE TOWING, LLC D/B/A CARVER MARINE TOWING as Owner and Operator of M/T Mackenzie Rose, (IMO No. 8968765), *et al.* | Civil Action No. 2:24-cv-00490-MSD-LRL |

**NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY'S MEMORANDUM IN SUPPORT OF ITS FOURTH MOTION IN LIMINE TO EXCLUDE TESTIMONY AND OPINIONS OF JASON R. MEYERROSE**

Norfolk and Portsmouth Belt Line Railroad Company ("Belt Line"), by counsel, for its Memorandum in Support of its Fourth Motion in Limine to Exclude Testimony and Opinions of Carver's expert, Jason R. Meyerrose ("Mr. Meyerrose"), states as follows: [1]

**Legal Standard**

Federal Rule of Evidence 702 allows a witness "qualified as an expert by knowledge, skill, experience, training, or education" to testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. District courts are tasked to act as gatekeepers and exclude expert testimony from trial that is irrelevant or unreliable. *See* Fed. R. Evid. 104(a); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) (discussing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 593-94 (1993)). Reliability is determined by assessing "whether the reasoning or methodology underlying

---

[1] This filing is also submitted on behalf of Evanston Insurance Company to the extent Evanston remains in the case.

the testimony is scientifically valid." *Daubert*, 509 U.S. at 592-93. Factors for evaluating reliability include, but are not limited to, testing, peer review, publication, error rates, the existence and maintenance of standards controlling the technique's operation, and general acceptance in the relevant community. *Daubert*, 509 U.S. at 593-94. The burden is on the party offering the expert testimony to demonstrate by a preponderance of the evidence that the expert's qualifications and opinions comply with Rule 702. *Daubert*, 509 U.S. at 592-93 (citation omitted); *see also Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001).

<u>Argument</u>

### I.  Mr. Meyerrose's Expert Report fails to comply with requirements of Rule 26(a)(2)(B).

The Rule 16(b) Scheduling Order, as amended, required the Parties' expert witnesses to submit reports pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), by July 2, 2025. ECF 66, p.1. Rule 26(a)(2)(B) provides, in relevant part:

> Unless otherwise stipulated or ordered by the court, this ***disclosure must be accompanied by a written report***—prepared and signed by the witness—***if the witness is one retained or specially employed to provide expert testimony*** in the case or one whose duties as the party's employee regularly involve giving expert testimony. ***The report must contain***: **(i)** *a complete statement of all opinions the witness will express and the basis and reasons for them*; [*and*] **(ii**) *the facts or data considered by the witness in forming them*[.]

Fed. R. Civ. P. 26(a)(2)(B) (emphasis added). On July 7, 2024, Mr. Meyerrose completed an "Inspection Report," which was then submitted as his expert report pursuant to Rule 26(a)(2)(B) (the "Expert Report"). *See* Jason R. Merryrose's Expert Report, attached as **Exhibit A**. According to Mr. Meyerrose's Expert Report, he "carr[ied] out a general Condition and Suitability for service inspection survey" of the M/T MACKENZIE ROSE. **Exhibit A**, p.1. Pursuant to that inspection, Mr. Meyerrose provided the particulars of the vessel, a description of the vessel, a list of the equipment on the vessel, and a description of the vessel's condition. **Exhibit A**, pp.2-8. Mr.

2

Meyerrose ended his Expert Report by stating, based on "a general examination of the subject vessel[,]" an estimate of both the current and replacement values of the M/T MACKENZIE ROSE. **Exhibit A**, p.8.

Nowhere in Mr. Meyerrose's Expert Report did he provide the basis and reasons for his valuation opinion, nor did he include any data that he may have considered to arrive there. As such, Mr. Meyerrose's Expert Report fails to comply with the requirements of Rule 26(a)(2)(B).

**II.     Mr. Meyerrose's opinions regarding the value of the M/T MACKENZIE ROSE are unreliable and fail to comply with the requirements of Federal Rule of Evidence 702.**

Mr. Meyerrose's opinion regarding the value of the M/T MACKENZIE ROSE is unreliable, as he fails to provide any explanation at all for his conclusion.[2] The generally accepted method for determining the market value of a vessel is the comparable sales method, which involves looking to "contemporaneous sales of like property in the way of ordinary business." *F.C. Wheat Mar. Corp. v. United States*, 663 F.3d 714, 724 (4th Cir. 2011). Where market value is not ascertainable, a court may permissibly value a vessel "by relying on any number of methodologies, including the vessel's replacement cost depreciated; expert opinion regarding the value of the vessel; the earning capacity of the vessel; and the amount for which the vessel was insured." *United States Fire Ins. Co. v. Allied Towing Corp.*, 966 F.2d 820, 826 (4th Cir. 1992). Where an expert opinion is to be used, it must be of "scientific, technical or other specialized knowledge." Fed. R. Evid. 702(a).

---

[2]     Carver has moved to exclude the opinions of the Belt Line's expert, John Poulson ("Mr. Poulson") on the basis that Mr. Poulson "strayed from applying the appropriate comparable sales methodology" by using offer prices rather than sales prices in conducting his calculations. *See* ECF 97, p.7. Carver claims that this makes Mr. Poulson's opinion "unreliable." *Id.* Here, however, Mr. Meyerrose not only failed to use the appropriate comparable sales methodology, but based on the face of his report, he seemingly used no data or calculations whatsoever, simply providing a valuation figure with no explanation as to how he arrived there.

An expert opinion "must not be based on 'belief or speculation and inferences must be derived using other valid methods.'" *Small v. WellDyne, Inc.*, 972 F.3d 169, 177 (4th Cir. 2019) (quoting *Oglesby v. General Motors Corp.*, 190 F.3d 244 (4th Cir. 1999)). "Without testing, supporting literature in the pertinent field, peer reviewed publications or some basis to assess the level of reliability, expert opinion testimony can easily, but improperly, devolve into nothing more than proclaiming an opinion is true 'because I say so.'" *Small v. WellDyne, Inc.*, 972 F.3d at 169; *see also Hambrick v. Ken-Bar Mfg. Co.*, 422 F. Supp. 2d 627, 633 (W.D. Va. 2002) ("Even when an expert is eminently qualified to opine on an issue, the expert must still actually *apply* a reliable methodology to the facts, drawing upon his specialized knowledge by testing the product or referring to expert literature, in order for his proffer to be admissible.").

Here, Mr. Meyerrose offers no testing, supporting literature, peer reviewed publication, or *any basis* whatsoever to support his valuation of the M/T MACKENZIE ROSE. Instead, he provides only a description of the vessel and an accompanying value. Not only does his opinion lack "sufficient data" and "reliable methods," as is required by Federal Rule of Evidence 702, but it lacks *any* data or methods at all. As such, Mr. Meyerrose's opinion regarding the value of the M/T MACKENZIE ROSE is inadmissible.

### III. The Belt Line is entitled to exclude Mr. Meyerrose from testifying for Carver's failure to comply with the discovery deadlines.

Federal Rule of Civil Procedure 37(c)(1) provides that "if a party fails to provide information… as required by Rule 26(a)… the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). "A party need not have acted in bad faith or callous disregard of the discovery rules for the sanction to apply." *Viva Healthcare Packaging USA Inc. v. CTL Packaging USA Inc.*, 197 F. Supp. 3d 837, 847 (W.D. N.C. 2016) (internal quotations

omitted); *see also See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 ("[E]ven though [defendant] never violated an explicit court order to produce the [expert] report and even absent a showing in the record of bad faith or willfulness, exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a).").

With regard to Rule 26(a)(2)(B) in particular, the Fourth Circuit Court of Appeals, in *Carr v. Deeds*, held that:

> Every litigant in federal court is plainly entitled under Rule 26(a)(2)(B) to be given the information spelled out therein, and none shoulder the burden to independently investigate and ferret out that information as best they can and at the expense of their client…. The available penalty for failure to comply with Rule 26(a)(2)(B) is equally plain, and if a litigant refuses to comply with the requirements of the rule, he does so at his peril.

453 F.3d 593, 605 (4th Cir. 2006); *see also Saudi v. Northrop Grumman Corp.*, 427 F.3d 217, 278 (4th Cir. 2005) ("Rule 26 disclosures are often the centerpiece of discovery in litigation that uses expert witnesses. A party that fails to provide these disclosures unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case.").

Here, even if Mr. Meyerrose had utilized an accepted method of valuation to arrive at his conclusion regarding the M/T MACKENZIE ROSE, because he failed to disclose which method he utilized, his opinion is impossible for the Belt Line to evaluate. Where a party fails to disclose information required by Rule 26, preventing the opposing party from meaningfully investigating an expert's report, the court is within its discretion to preclude the testimony. *See Carr v. Deeds*, 453 F.3d at 604 (4th Cir. 2006) (finding that the district court did not abuse its discretion in precluding testimony when a party failed to provide an expert's qualifications alongside his report, preventing the opposing party from investigating whether the expert had the requisite qualifications to render his opinions).

5

### IV. Mr. Meyerrose's subsequent Rebuttal Report cannot cure his initial insufficient Expert Report.

On August 28, 2025, one year after his Inspection Report and one month after the deadline for Rule 26(a)(2)(B) disclosures, Mr. Meyerrose submitted a "Rebuttal Report" to the opinions of the Belt Line's expert, John Poulson. *See* Jason R. Meyerrose's Rebuttal Report, attached as **Exhibit B**. While couched as a rebuttal to Mr. Poulson's documented methodologies, the report from Mr. Meyerrose is only a veiled attempt to cure the deficiencies of his initial Expert Report. In that Rebuttal Report, Mr. Meyerrose provided a slight, yet still deficient, explanation as to how he arrived at his initial valuation, writing:

> [B]ased on the fact that the last true sales price of the vessel was $1,000,000.00 at the time of purchase by Carver Companies in year 2020, the survey of Rick Meyerrose in 2018 valuing the tug at $3 Million, and based on our review done for our July 2024 survey, soon after the incident, of the Marcon Intl., and Heartland Barge websites of comparable vessel sale values, the extensive Meyerrose & Co., Inc. file reference material (over 40 years [*sic*] worth), knowledge and experience in the industry, we stand firm that as of July 2024 the "MACKENZIE ROSE" current value was $2,500,000.00.

**Exhibit B**, p. 3.

Not only does this explanation still fall short of the requirements of Federal Rule of Evidence 702, but it came well after the deadline for Rule 26(a)(2)(B) disclosures. *See Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d at 1107 (upholding Rule sanctions where a rebuttal expert's report was disclosed more than one year after the opposing party's expert report and just twenty-eight days prior to trial). An expert witness cannot cure the deficiencies of his initial report by stating the basis and reasons for his opinions in a rebuttal report. *See EEOC v. Freeman*, 961 F. Supp. 2d 783, 797 (Md. 2013) (holding that supplementation "does not create a right to produce information in a belated fashion") (internal quotations omitted); *see also Luke v. Family Care & Urgent Med Clinics*, 323 Fed. Appx. 496, 500 (9th Cir. 2009) (finding that Rule 26(e) "creates a

6

duty to supplement, not a right. Nor does [it] create a loophole through which a party who submits partial expert witness disclosures, or who wishes to revise her disclosures in light of her opponent's challenges to the analysis and conclusions therein, can add to them to her advantage after the court's deadline for doing so has passed.").

Here, Mr. Meyerrose's Rebuttal Report provided information that was seemingly available to him at the time that he submitted his Expert Report, yet inexplicably omitted in violation of Rule 26(a)(2)(B). As such, Mr. Meyerrose's testimony should be excluded from trial.

### Conclusion

WHEREFORE, the Belt Line requests that the Court exclude from trial expert testimony from Carver's expert Jason R. Meyerrose and grant it all other just and necessary relief.

Dated: October 7, 2025

NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY

By: _____/s/ Mackenzie R. Pensyl_____
James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Mackenzie R. Pensyl, VSB No. 100012
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
mpensyl@cwm-law.com
*Counsel for Norfolk and Portsmouth Belt Line Railroad Company*

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 7th day of October 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all registered counsel of record, and mailed to:

        James Morrissey
        4723 Baywood Drive
        Lynnhaven, FL 32444

                By:    */s/ Mackenzie R. Pensyl*
                     Mackenzie R. Pensyl, VSB No. 100012
                     CRENSHAW, WARE & MARTIN, P.L.C.
                     150 W. Main Street, Suite 1923
                     Norfolk, Virginia 23510
                     Telephone: (757) 623-3000
                     Facsimile: (757) 623-5735
                     mpensyl@cwm-law.com
                     *Counsel for Norfolk and Portsmouth Belt*
                     *Line Railroad Company*