# Exhibit H

Case 2:24-cv-00490-MSD-LRL    Document 139-8    Filed 10/07/25    Page 2 of 5 PageID# 4775

Holzhauer v. Golden Gate Bridge Highway &..., 745 Fed.Appx. 265...

745 Fed.Appx. 265
This case was not selected for
publication in West's Federal Reporter.
See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also U.S.Ct. of App. 9th Cir. Rule 36-3.
United States Court of Appeals, Ninth Circuit.

Mary HOLZHAUER, Individually and as the Personal Representative of Harry Holzhauer, deceased, Plaintiff-counter-defendant-Appellee,
v.
GOLDEN GATE BRIDGE HIGHWAY & TRANSPORTATION DISTRICT, a governmental entity, Defendant-cross-defendant-cross-claimant-Appellant,
David P. Rhoades, an Individual, Defendant-cross-defendant-cross-claimant-Appellee.

Nos. 17-15092, 17-15763
|
Argued and Submitted June 14, 2018 San Francisco, California
|
Filed August 10, 2018

**Synopsis**
**Background:** Speedboat driver's widow, individually and as personal representative of his estate, brought wrongful death action in diversity under California law against speedboat's owner-passenger and ferry owner. Speedboat owner filed cross-claim against ferry owner and counterclaim against driver's estate. Ferry owner filed cross-claim against speedboat owner and counterclaim against estate. The United States District Court for the Northern District of California, Jon S. Tigar, J., 2016 WL 7242108, denied ferry owner's motion for new trial. Owner appealed.

**Holdings:** The Court of Appeals held that:

[1] Coast Guard interview summary documenting what captain said when asked questions about incident was admissible;

[2] interview summary documenting what captain said when asked questions about incident was admissible under public record exception and as admission of party opponent;

[3] negligent act of captain's use of personal cell phone moments before collision caused harm, weighing in favor of not applying Limitation of Liability Act to limit ferry owner's liability; and

[4] ferry owner had constructive knowledge of captain's negligent cell phone use that contributed to his distraction while moving ferry, weighing in favor of not applying Limitation of Liability Act.

Affirmed.

**Procedural Posture(s):** On Appeal; Motion for New Trial; Motion in Limine.

West Headnotes (4)

[1]   **Privileged Communications and Confidentiality** ⚷ Accident reports
Coast Guard interview summary documenting what ferry captain said when asked questions about incident was admissible in widow's action against ferry owner, since summary did not contain Coast Guard's findings of fact or conclusions and captain's statement in summary was used to impeach him on cross-examination. 46 U.S.C.A. § 6308.

2 Cases that cite this headnote

[2]   **Evidence** ⚷ Official Records and Reports
**Evidence** ⚷ Agents and Other Representatives
Interview summary documenting what captain said when asked questions about incident was admissible under public record exception and as admission of party opponent in widow's action against ferry owner, since summary was created as part of Coast Guard's practice of investigating all boating accidents in navigable waters and captain was employee of ferry owner. Fed. R. Evid. 801(d)(2)(D), 803(8).

2 Cases that cite this headnote

Case 2:24-cv-00490-MSD-LRL   Document 139-8   Filed 10/07/25   Page 3 of 5 PageID# 4776

Holzhauer v. Golden Gate Bridge Highway &..., 745 Fed.Appx. 265...

[3]  **Maritime and Admiralty Law**  Collision and allision

Negligent act of ferry captain's use of personal cell phone moments before collision caused harm, weighing in favor of not applying Limitation of Liability Act to limit ferry owner's liability for death of speedboat operator, since captain's cell phone use contributed to his distraction while moving ferry. 46 U.S.C.A. § 30505(b).

2 Cases that cite this headnote

[4]  **Maritime and Admiralty Law**  Limit of liability for personal injury or death

Ferry owner had constructive knowledge of ferry captain's negligent cell phone use that contributed to his distraction while moving ferry, weighing in favor of not applying Limitation of Liability Act to limit ferry owner's liability for death of speedboat operator, since owner did not have policy against use of personal cell phones by captains, owner knew that its captains carried personal cell phones with them while operating ferries, and owner permitted use of personal cell phones. 46 U.S.C.A. § 30505(b).

2 Cases that cite this headnote

**Attorneys and Law Firms**

**\*266**  Kurt Micklow, Attorney, Brodksy Micklow Bull & Weiss LLP, Oakland, CA, Edward Myron Bull, III, Attorney, Banning Micklow & Bull LLP, Oakland, CA, for Plaintiff-counter-defendant-Appellee

Matthew William James Johnston, David Eugene Russo, Partner, Lewis Brisbois Bisgaard & Smith LLP, San Francisco, CA, for Defendant-cross-defendant-cross-claimant-Appellant

Francesca Lanpher, John David Giffin, Attorney, Keesal Young & Logan, San Francisco, CA, Lindsay McKasson, Philip Weltin, Attorney, Weltin Streb & Weltin, LLP, Oakland, CA, for Defendant-cross-defendant-cross-claimant-Appellee

Appeal from the United States District Court for the Northern District of California, Jon S. Tigar, District Judge, Presiding, D.C. No. 3:13-cv-02862-JST

Before: SCHROEDER and GOULD, Circuit Judges, and DU,[*] District Judge.

**\*267** MEMORANDUM[**]

This case concerns a marine accident involving a pleasure speedboat and a passenger ferry in San Francisco Bay. In this consolidated appeal, involving just some aspects of the litigation, the Golden Gate Bridge Highway & Transportation District (Golden Gate Bridge) appeals the district court's admission of a United States Coast Guard interview summary and the district court's denial of its petition to limit liability. Addressing each of these issues in turn, we affirm.

[1]  1. Appellant Golden Gate Bridge argues that it is entitled to a new trial because the district court admitted a Coast Guard interview summary even though 46 U.S.C. § 6308 prohibits the admission of reports on marine casualty investigations. Appellees Rhoades and Holzhauer contend that 46 U.S.C. § 6308 does not apply because the summary was part of the investigative file—not part of the Coast Guard's formal report. Appellees Rhoades and Holzhauer further argue that the summary is admissible under the public record exception.

The statutory and regulatory law here seem clear in their aim to exclude reports of marine casualty investigations: The statute provides that except as permitted under other law, "no part of a report of a marine casualty investigation conducted under ... this title, including findings of fact, opinions, recommendations, deliberations, or conclusions, shall be admissible as evidence or subject to discovery in any civil or administrative proceedings, other than an administrative proceeding initiated by the United States." 46 U.S.C. § 6308(a). The relevant regulation states, "investigations of marine casualties and accidents and the determinations made are for the purpose of taking appropriate measures for promoting safety of life and property at sea, and are not intended to fix civil or criminal responsibility." 46 C.F.R. § 4.07-1.

The district court initially denied Golden Gate Bridge's motion in limine to exclude the Coast Guard's summary because Golden Gate Bridge sought to prohibit the summary's

Case 2:24-cv-00490-MSD-LRL    Document 139-8    Filed 10/07/25    Page 4 of 5 PageID# 4777

Holzhauer v. Golden Gate Bridge Highway &..., 745 Fed.Appx. 265...

use but had given the report to its expert and the expert had relied on the summary. At trial, the district court permitted Rhoades to use the interview summary to impeach Captain Shonk, the ferry captain, concluding that § 6308 did not prohibit its use and that the public record exception to hearsay applied. After the trial, Golden Gate Bridge moved for a new trial arguing that the admission of the interview summary was an evidentiary error that tainted the outcome. The district court denied Golden Gate Bridge's motion for a new trial, concluding that it did not err in admitting the investigation summary, and that issue has now made its way to us on this appeal. The district court concluded that § 6308 did not bar admission of the interview summary because the interview summary did not constitute "findings of fact, opinions, recommendations, deliberations, or conclusions of the Coast Guard," even though the protections of § 6308 were expansive.

Reviewing the denial of the motion for new trial for abuse of discretion and the interpretation of the statute *de novo*, we conclude that the district court did not err. We start with the language of the statute when conducting statutory interpretation. *U.S. ex rel. Hyatt v. Northrop Corp.*, 91 F.3d 1211, 1213 (9th Cir. 1996). Section 6308 prohibits any "part of a report of a **\*268** marine casualty investigation" from being used as evidence in civil or administrative proceedings. The statute specifies that parts of a report include "findings of fact, opinions, recommendations, deliberations, or conclusions." 46 U.S.C. § 6308. But here, we have a summary of an interview. We are persuaded by the reasoning in *In re Complaint of Danos & Curole Marine Contractors, Inc.*, 278 F.Supp.2d 783, 785 (E.D. La. 2003), wherein a district court held that photographs taken by Coast Guard personnel were admissible. *Id.* There the court concluded that the Coast Guard's "photographs do not provide findings of fact, opinions, recommendations, deliberations, nor conclusions, [instead], they merely illustrate the condition of the objects depicted in the photos as they existed on September 19, 2002 *at the time that the pictures were taken.*" *Id.* That court reasoned that while "the list provided in 46 U.S.C. § 6308(a) is illustrative and not exclusive, [it did] not believe that the photographs are the type of conclusory items which the statute seeks to exclude." *Id.* The court expressly declined to adopt such an expansive reading of 46 U.S.C. § 6308(a). *Id.*

Similarly, the interview summary here does not contain the Coast Guard's findings of fact or conclusions. The one-page summary instead documents what Captain Shonk said when asked questions about the incident. In his interview with the Coast Guard, Captain Shonk recalled, "He did not make any cell phone calls or texts during the transit when the collision happened." This statement was used to impeach Captain Shonk on cross-examination because he had stated on direct that he had made an "operations" call when maneuvering away from the dock. Admission of this statement does not conflict with the letter or purpose of § 6308. *See Guest v. Carnival Corp.*, 917 F.Supp.2d 1242, 1246 (S.D. Fla. 2012). The statute was drafted to prevent Coast Guard findings of liability from being used to impose liability in civil contexts. *See* 46 C.F.R. § 4.07-1(b) ("The investigations of marine casualties and accidents ... are not intended to fix civil or criminal responsibility."). Admission of the one-page interview summary for purposes of impeachment did not violate that purpose because the summary does not contain conclusory comments or judgments on liability and was not used directly to "fix civil or criminal responsibility." We affirm the district court's denial of the motion for a new trial based on the use at trial of the Captain Shonk interview summary.

**[2]** Also, the interview summary does not constitute inadmissible hearsay under the Federal Rules of Evidence because the interview summary is admissible under the public record exception and as an admission of a party opponent. The public record exception to hearsay applies when a record or statement of a public office sets out factual findings of a legally authorized investigation and the opponent does not show lack of trustworthiness. Fed. R. Evid. 803(8). Here, the interview summary was created as part of the Coast Guard's practice of investigating all boating accidents in navigable waters. There is also no argument that the summary lacked trustworthiness. Additionally, there is no hearsay barrier to the admission of the statements in summary. The statement of a party opponent, in this case Captain Shonk as an employee of Golden Gate Bridge, is not hearsay. *See* Fed. R. Evid. 801(d)(2)(D). We affirm.

**[3]** 2. Golden Gate Bridge argues that the district court erred by denying its Petition for Limitation of Liability because the district court wrongly concluded that Golden Gate Bridge had knowledge or privity with Captain Shonk. Golden Gate Bridge argues that no evidence showed **\*269** that its management knew Captain Shonk made routine operations calls while adjusting the speed and course of the ferry, and that no evidence was provided to contradict its own evidence that the ferry operator had discretion in making operational communications. Further, there was no evidence

Case 2:24-cv-00490-MSD-LRL   Document 139-8   Filed 10/07/25   Page 5 of 5 PageID# 4778

Holzhauer v. Golden Gate Bridge Highway &..., 745 Fed.Appx. 265...

that the Golden Gate Bridge was "on notice" of similar prior incidents. Appellees Rhoades and Holzhauer argue that there was evidence that showed that Golden Gate Bridge had privity and knowledge of Captain Shonk's action—the use of the cellphone while operating the ferry—and that the district court's findings were not "illogical, implausible, or without support on inferences that may be drawn from the facts in the record."

The Limitation of Liability Act limits shipowner liability arising from the unseaworthiness of the vessel or the negligence of the vessel's crew to the value of the boat unless the condition of unseaworthiness or the act of negligence was within the shipowner's "privity or knowledge." 46 U.S.C. § 30505(b); *In re BOWFIN M/V*, 339 F.3d 1137 (9th Cir. 2003). The shipowner has the burden of proving that the act or condition was outside its privity and knowledge after the claimant establishes the act or condition caused the loss. *In re BOWFIN M/V*, 339 F.3d at 1138. Whether a defendant is without privity or knowledge is a question of fact. *See Coryell v. Phipps*, 317 U.S. 406, 411, 63 S.Ct. 291, 87 L.Ed. 363 (1943).

**[4]** The district court denied Golden Gate Bridge's petition, concluding that Golden Gate Bridge did not meet its burden of showing lack of privity or knowledge. The district court agreed with the parties that the first element—whether a negligent act caused the plaintiffs' harm—was satisfied based on Captain Shonk's use of a personal cell phone moments before the collision. The district court then concluded that Golden Gate Bridge did not meet its burden of showing lack of privity or knowledge because Golden Gate Bridge did not have a policy against use of personal cell phones by captains, because Golden Gate Bridge knew that its captains carried personal cell phones with them while operating the ferries, and because Golden Gate Bridge permitted the use of personal cell phones.

We conclude that the district court did not err. We review the district court's factual findings for clear error. *See In re BOWFIN M/V*, 339 F.3d at 1138; *Hercules Carriers, Inc. v. Claimant State of Fla., Dep't of Transp.*, 768 F.2d 1558, 1565 (11th Cir. 1985). Privity or knowledge does not require actual knowledge, but includes anything the shipowner could have discovered with reasonable investigation. *Hercules Carriers, Inc.*, 768 F.2d at 1564. Here, Captain Shonk was on his personal cell phone at 4:07 p.m. for two minutes, and the accident occurred at 4:09 p.m. Golden Gate Bridge did not have a policy against the use of personal cell phones, and allowed its ferryboat operators to carry personal cell phones. Those facts are sufficient to establish knowledge. It was not clear error for the district court to find that Captain Shonk's cell phone use contributed to his distraction while moving the ferry, and that Golden Gate Bridge's lack of a policy against cell phone use and ability to discover with "reasonable investigation" that ferry operators used their cellphone while operating the ferry gave it constructive knowledge that negligence could occur. We affirm the district court's denial of the petition to limit liability.

**AFFIRMED.**

**All Citations**

745 Fed.Appx. 265

---

## Footnotes

\*   The Honorable Miranda M. Du, United States District Judge for the District of Nevada, sitting by designation.

\*\*  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

---

End of Document © 2025 Thomson Reuters. No claim to original U.S. Government Works.