IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division
In Admiralty

| | |
|---|---|
| In the Matter of COEYMANS MARINE TOWING, LLC D/B/A CARVER MARINE TOWING as Owner and Operator of M/T Mackenzie Rose, (IMO No. 8968765), *et al*. | Civil Action No. 2:24-cv-00490-MSD-LRL |

**THE BELT LINE'S REPLY IN SUPPORT
OF ITS FIRST MOTION *IN LIMINE* TO PRECLUDE
COAST GUARD INVESTIGATIVE MATERIALS AND CG-2692 FORMS AT TRIAL**

Norfolk and Portsmouth Belt Line Railroad Company ("Belt Line")[1], by counsel, submits this Reply in Support of its Motion in Limine (Doc. 114) and states as follows:

Carver's brief in opposition advances two propositions—first, that CG-2692 forms fall outside 46 U.S.C. § 6308; and second, that the Federal Rules of Evidence permit admission of the same materials via hearsay exceptions, expert reliance, or impeachment. Neither withstands scrutiny.

**Argument**

**I.     Section 6308's "Notwithstanding" Clause Bars All Evidentiary Workarounds.**

Congress enacted a categorical bar: "**Notwithstanding any other provision of law**, no part of a report of a marine casualty investigation conducted under this chapter, including findings of fact, opinions, recommendations, deliberations, or conclusions, may be admitted into evidence or used in any civil or administrative proceeding…." 46 U.S.C. § 6308(a) (emphasis added).

---

[1]     The filing is also submitted on behalf of Evanston Insurance Company to the extent Evanston remains in the case.

This text does two things. First, by its "notwithstanding" command, 46 U.S.C. § 6308 supersedes conflicting evidentiary rules—including Fed. R. Evid. 803(8), 803(6), 807, and 801(d)(2)—and forecloses reliance on those provisions to admit Coast Guard investigative content. Second, the prohibition extends to all materials comprising a marine-casualty investigation, not merely the Coast Guard's final report, and encompasses investigative inputs such as elicited witness statements, mandatory reporting forms, investigative notes, interim drafts, recommendations, and comparable components. The opposition does not grapple with this structure; it recharacterizes Coast Guard-directed submissions as "business records" or "party admissions" and seeks admission on that basis. Section 6308 forecloses that approach.

## II. CG-2692 Forms, as Mandatory Inputs to the Chapter 63 Investigation, Are Subject to the Prohibition of § 6308.

CG-2692 forms are not a litigant's own documents. They are Coast Guard-created and Coast Guard-distributed reporting forms, promulgated by federal maritime-casualty regulations, and mandatory investigative submissions the Coast Guard uses to initiate and conduct its Chapter 63 investigation. Their very purpose is to initiate the investigation that Congress walled off from civil litigation—and the form itself warns that it is protected from use in civil litigation under 46 U.S.C. § 6308. Recasting a CG-2692 as a "business record" or a "party admission" would nullify that statutory command.

Nor does it matter that a private party completes the narrative fields. Section 6308 protects "a report of a marine-casualty investigation" and its component parts, including "findings of fact, opinions, recommendations, deliberations, or conclusions." The Coast Guard's investigation necessarily encompasses the materials it requires parties to submit to carry it out, including CG-2692 forms. Any contrary reading would create the very end-run 46 U.S.C. § 6308 forbids.

### III.     Section 6308 Preempts Fed. R. Evid. 803, 807, and 801(d)(2).

Opposing counsel invokes various hearsay exceptions (Fed. R. Evid. 803(8), 803(6), 807) and party-opponent admissions (Fed. R. Evid. 801(d)(2)). But Congress's directive—"[n]otwithstanding any other provision of law"—in 46 U.S.C. § 6308(a) governs and forecloses those avenues.

The Supreme Court has recognized that "notwithstanding" clauses resolve statutory conflicts by specifying which provision prevails. *See NLRB v. SW Gen., Inc.*, 580 U.S. 288, 290 (2017) (explaining that a "notwithstanding" clause "shows which of two or more provisions prevails in the event of a conflict" and applying that rule to give priority to the specific subsection over a conflicting default rule); *Shomberg v. United States*, 348 U.S. 540, 547–48 (1955) (treating Congress's "notwithstanding" language as an operative instruction that the prioritized rule governs over other provisions and rejecting a reading that would render the clause meaningless).

The Fourth Circuit applies the same principle, enforcing a "notwithstanding" clause to displace conflicting federal law. *See United States v. Frank*, 8 F.4th 320, 331–39 (4th Cir. 2021) (enforcing the Mandatory Victim Restitution Act's "[n]otwithstanding" language to permit enforcement against Employee Retirement Income Security Act-protected funds and explaining that "notwithstanding" clauses are Congress's tool for specifying which statute prevails in the event of a conflict). As *Frank* further notes—quoting the Supreme Court—such clauses are "precisely how Congress indicates that one statute supersedes another," and "a clearer statement is difficult to imagine." *Id*. at 331 (quoting *Cisneros v. Alpine Ridge Grp.*, 508 U.S. 10, 18 (1993)).

Section 6308(a) employs precisely such language—"[n]otwithstanding any other provision of law, no part of a report of a marine casualty investigation … including findings of fact, opinions, recommendations, deliberations, or conclusions … is admissible as evidence"—and therefore

supersedes the evidentiary routes identified by opposing counsel and bars admission of Coast Guard investigative materials and CG-2692 forms for any purpose. The Court should reject efforts to re-label Coast Guard investigative materials and forms as business records or party admissions to evade Congress's directive.

### IV. Expert Testimony Cannot Be Used to Convey or Circumvent 46 U.S.C. § 6308's Evidentiary Prohibition.

Opposing counsel contends that experts may "rely on" and disclose Coast Guard investigative materials under Federal Rule of Evidence 703, particularly in a bench trial. That is incorrect.

First, Rule 703 permits reliance, not transmission. The Rule allows an expert to base an opinion on facts or data that are themselves inadmissible, but it authorizes disclosure of those underlying facts or data to the factfinder only if "their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." Fed. R. Evid. 703. The 2000 Advisory Committee Note cautions that courts should prevent experts from serving as conduits for inadmissible evidence and should use exclusion, redaction, or limiting instructions where appropriate. Here, Congress has gone further: 46 U.S.C. § 6308 renders Coast Guard investigative materials inadmissible for any purpose, "notwithstanding any other provision of law." An expert therefore may not read, quote, summarize, display, or otherwise communicate the contents of CG-2692 forms or Coast Guard-elicited statements to the Court.

Second, a statutory bar cannot be sidestepped through Rule 703. Rule 703 is a general evidentiary provision; it does not—and cannot—override a specific statute that forbids the use of defined materials in civil proceedings. Section 6308's categorical command controls. Characterizing disclosure as "context" for an expert opinion does not alter that the expert would

4

be using statutorily barred material in this proceeding. The bench-trial posture is immaterial: the absence of a jury does not convert a statutory prohibition into a discretionary balancing test.

Third, an expert may not offer a "summary" or "background" opinion whose practical effect is to transmit the substance of Coast Guard-protected materials. Expert opinions must rest on independent bases—e.g., non-USCG business records, third-party documents, AIS/VDR or other electronic data, photographs, physical inspections, and percipient-witness observations that do not themselves reproduce or depend on Coast Guard investigative content.

## V.     Impeachment, Refreshing Recollection, and Rule 806 Are Not Loopholes.

46 U.S.C. § 6308 contains no impeachment exception. Courts interpreting comparable "for any purpose" prohibitions do not permit use for impeachment, prior inconsistent statements, or refreshing recollection, because such exceptions would swallow the rule. The same analysis forecloses attempts under Rule 806 or similar "truth-of-the-matter" theories. If the material forms part of the protected investigation, it may not be used at all.

## VI.    Rule 804 "Unavailability" Does Not Convert Barred Investigative Statements into Admissible Evidence.

Opposing counsel cites Rule 804 as a basis to admit statements obtained in federal safety interviews. But 46 U.S.C. § 6308 does not turn on a declarant's availability; it turns on the nature and purpose of the material. Where a statement is elicited for, and memorialized in, a federal marine-casualty investigation, it may not be "admitted into evidence or used in any civil or administrative proceeding" for any purpose—"notwithstanding any other provision of law." 46 U.S.C. § 6308(a).

That conclusion controls here. The Morrissey transcript, uploaded to the NTSB website on September 26, 2025, memorializes Captain Morrissey's statement to federal investigators. On page 11, he states:

> "I put the boat on autopilot… when I got close to the bridge… the bridge that we hit… I had lost steering and the autopilot had tripped without an alarm. I didn't realize I lost steering… I was unable to turn it… We've had trouble with the autopilot in the past…."

(Interview Tr. of Capt. James Morrissey, M/T Mackenzie Rose, NTSB No. DCA24FM049, at 11 (uploaded Sept. 26, 2025)).

Offered for its truth, for impeachment, or otherwise, the statement remains inadmissible, notwithstanding that it supports the Belt Line's contention that Carver knew of the autopilot problem and did not forbid its use. It is part of the federal safety investigation's evidentiary record and therefore squarely within the category of investigative materials Congress walled off from civil litigation. Section 6308's "notwithstanding" command forecloses reliance on Rule 804 to admit the transcript. Any gap created by unavailability must be addressed, if at all, with non-USCG/NTSB evidence (e.g., vessel records, third-party business records, AIS/VDR data, photographs, and percipient testimony). Section 6308 bars resort to the federal investigative file itself.

### VII. Bench-Trial Status Does Not Dissolve a Statutory Bar.

Opposing counsel suggests that, in a bench trial, disclosure of otherwise inadmissible investigative material poses minimal risk and may be sorted out as evidence comes in. But 46 U.S.C. § 6308 is a categorical statutory bar; it prohibits use of Coast Guard investigative materials "for any purpose." That command does not evaporate in a non-jury context. Rule 703 (or any appeal to reduced prejudice) cannot be invoked to disclose, quote, summarize, or otherwise convey 46 U.S.C. § 6308-barred content to the trier of fact.

### VIII. The Requested Order Is Neither Premature Nor Overbroad; It Is Narrowly Tailored and Promotes Judicial Economy.

The relief sought is precisely calibrated to the statute. Section 6308 imposes a categorical prohibition—"notwithstanding any other provision of law"—on the admission or use of Coast

6

Guard marine-casualty investigative materials "for any purpose." The proposed order mirrors that command: it bars only Coast Guard investigative materials and CG-2692 forms (and derivative disclosures), while expressly preserving all independently obtained evidence and live percipient testimony. Far from overbroad, the order tracks the statute's text and closes the very end-runs the opposition proposes (hearsay exceptions, "party admissions," Rule 703 disclosure, impeachment/refreshing), each of which would otherwise nullify Section 6308's supremacy.

Nor is the request premature. The opposition's position confirms these issues will recur at trial if not addressed now—through claimed expert reliance and disclosure, impeachment, and references to CG-2692 narratives. Pretrial clarity also provides a bright-line framework for witness preparation and exhibit designations consistent with 46 U.S.C. § 6308's categorical bar. That is classic judicial-economy territory for a motion *in limine*.

Finally, the order is narrowly tailored in three concrete ways: (1) it excludes only Coast Guard investigative materials and CG-2692 forms (including attempts to convey their substance indirectly); (2) it prohibits disclosure to the factfinder solely to the extent necessary to enforce § 6308's "for any purpose" command; and (3) it affirmatively preserves parties' ability to prove their cases through non-USCG business records, third-party documents, photographs, physical evidence, and eyewitness testimony regarding personal observations. In short, the proposed order enforces the statute in the least intrusive manner.

## Requested Relief

For the foregoing reasons, and those set forth in the Belt Line's Motion and Memorandum in Support (ECF 114 and 115), the Court should grant the Motion *in Limine* and order:

1. No party, witness, or expert may introduce, reference, elicit, summarize, describe, display, publish, or otherwise use in this proceeding any part of a report of a marine-casualty

7

investigation conducted under Chapter 63 of Title 46, including but not limited to Coast Guard-elicited statements, interviews, notes, analyses, findings of fact, opinions, recommendations, deliberations, conclusions, preliminary or final reports, drafts, or any derivative thereof, for any purpose, consistent with 46 U.S.C. § 6308(a).

2. The CG-2692 forms and attachments—including all versions, revisions, and narratives submitted to or at the direction of the Coast Guard pursuant to casualty-reporting regulations—are excluded from evidence and may not be referenced at hearing or trial.

3. The barred materials may not be used for impeachment, refreshing recollection, Rule 806 attacks, or disclosed to the Court through expert testimony or summaries. Experts shall not quote, display, or transmit the content of any barred material to the trier of fact.

4. The prohibition applies equally to opening statements, closing arguments, and any examination that would reveal the existence or content of Coast Guard investigative materials or CG-2692 forms.

5. Nothing in the Order shall preclude any party from introducing independently obtained evidence (e.g., a party's internal contemporaneous records, third-party business records, photographs, physical evidence) or from eliciting percipient-witness testimony about their personal observations—so long as the party does not reference Coast Guard investigative materials or CG-2692 forms.

6. The parties shall instruct witnesses and experts accordingly and promptly notify the Court if a dispute arises concerning whether a particular item is encompassed by this Order.

Dated: <u>October 13, 2025</u>.                     Respectfully submitted,

NORFOLK AND PORTSMOUTH BELT
LINE RAILROAD COMPANY

<u>/s/     Mackenzie R. Pensyl     </u>

James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Mackenzie R. Pensyl, VSB No. 100012
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
mpensyl@cwm-law.com
*Counsel for Norfolk and Portsmouth Belt Line Railroad Company*

## CERTIFICATE OF SERVICE

I certify that on this 13th day of October 2025, a true copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all registered counsel of record, and a copy was mailed to:

James Morrissey
4723 Baywood Drive
Lynnhaven, FL 32444

By:    */s/ Mackenzie R. Pensyl*
James L. Chapman, IV, VSB No. 21983
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
*Counsel for Norfolk and Portsmouth Belt Line Railroad Company*