## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division
### In Admiralty

| | |
|---|---|
| In the Matter of COEYMANS MARINE TOWING, LLC D/B/A CARVER MARINE TOWING as Owner and Operator of M/T Mackenzie Rose, (IMO No. 8968765), *et al*. | Civil Action No. 2:24-cv-00490-MSD-LRL |

### NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY'S REPLY IN SUPPORT OF ITS SECOND MOTION *IN LIMINE* TO EXCLUDE EXPERT OPINION AND EVIDENCE FROM SAM STEPHENSON

Norfolk and Portsmouth Belt Line Railroad Company ("Belt Line"), by counsel, submits this Reply in Support of its Second Motion *in Limine* (ECF 123) and states as follows:

### Introduction

Carver's opposition does not cure the core defects in Stephenson's proposed testimony. It confirms them. Stephenson ultimately (i) offers credibility determinations about fact witnesses; (ii) advances legal conclusions and regulatory interpretations; and (iii) attempts to introduce otherwise-prohibited Coast Guard materials—including CG-2692 reporting and investigative processes—into evidence through Rule 703.

None of that is permissible under the Federal Rules of Evidence and controlling Supreme Court precedent. Rule 702 (as amended in 2023) requires the proponent to demonstrate by a preponderance of the evidence that the witness is qualified, that the opinions rest on reliable principles and methods, and that those methods have been reliably applied to the case facts; *ipse dixit* does not suffice. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589–92 (1993) (trial court as "gatekeeper" ensuring reliability and relevance); *Gen. Elec. Co. v. Joiner*, 522 U.S. 136,

146 (1997) (courts may exclude opinions connected to data only by the expert's say-so); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147–49 (1999) (gatekeeping applies to all expert testimony, including experience-based opinions).

The Fourth Circuit underscores that rigor. *See, e.g., Sardis v. Overhead Door Corp.*, 10 F.4th 268, 283–84 (4th Cir. 2021) (vacating judgment where district court failed to perform Rule 702's reliability analysis); *Nease v. Ford Motor Co.*, 848 F.3d 219, 229–32 (4th Cir. 2017) (excluding methodology-free opinions). Experts also may not offer legal conclusions. *See, e.g., United States v. McIver*, 470 F.3d 550, 562 (4th Cir. 2006) (expert may not "stat[e] legal standards or dra[w] legal conclusions"); *United States v. Barile*, 286 F.3d 749, 760 (4th Cir. 2002) (same). Nor may an expert opine on witness credibility or truthfulness. Fed. R. Evid. 608, 702(a); *McIver*, 470 F.3d at 561–62 (credibility determinations are for the finder of fact).

The Court should grant Belt Line's Second Motion *in Limine* and preclude Stephenson's testimony as requested therein.

## Argument

### I.     Credibility Opinions Are Per Se Inadmissible and Not "Expertise."

Plaintiff recasts Stephenson's credibility determinations as "context" or "industry insight." Relabeling does not change substance. Calling a witness's account "false," "unreliable," "contradictory," or "consistent with" negligence is an opinion on credibility and the ultimate factual determination reserved to the factfinder—not a topic for expert testimony. *See* Fed. R. Evid. 702(a), 608; *cf.* 704 advisory committee notes (experts may not tell the trier of fact what result to reach). The opposition points to no methodology—much less a testable, peer-reviewed human-factors framework—by which a mariner can scientifically evaluate demeanor, memory, perception, or truthfulness. What remains is *ipse dixit*, which does not satisfy Rule 702.

## II. Legal Conclusions and Regulatory Interpretation Are the Court's Role, Not an Expert's.

Plaintiff contends Stephenson will "explain" Coast Guard reporting obligations and maritime standards; that is impermissible legal instruction reserved exclusively to the Court. Experts may not instruct the factfinder on what the law is or apply legal standards to facts under the guise of "industry practice." *See* Fed. R. Evid. 702; *Daubert,* 509 U.S. at 589; *Joiner*, 522 U.S. at 146; *Kumho*, 526 U.S. at 147. Whether a regulation required a CG-2692, whether a party "complied," and what legal consequences follow are judicial questions. Allowing an expert to deliver black-letter interpretations—and to apply them to pronounce compliance or falsity—invades the Court's judicial role and invites collateral mini-trials over regulatory meaning and credibility.

## III. 46 U.S.C. § 6308 Blocks the Coast Guard Backdoor; Rule 703 Does Not Unlock It.

Carver's assertion that Stephenson may rely on Coast Guard materials—including CG-2692 submissions and investigative steps—because experts can consider inadmissible facts under Rule 703 misreads both 46 U.S.C. § 6308 and Rule 703.

Coast Guard investigative materials are not merely inadmissible; Congress has prohibited their civil use. *See* 46 U.S.C. § 6308 (excluding Coast Guard casualty investigations and their component parts from civil proceedings). The statute forecloses reliance on Coast Guard processes, findings, or submissions to prove or disprove fault. Allowing an expert to convey those materials to the Court would subvert § 6308's design by indirect means. Nor do the Federal Evidence Rules provide an end-run. Rule 703 allows an expert to consider otherwise-inadmissible information in forming opinions, but it does not authorize the expert to serve as a conduit for excluded matter. The Fourth Circuit is explicit: an expert may not function as "little more than a conduit or transmitter" of inadmissible statements; the testimony must reflect independent,

3

expertise-based analysis susceptible to cross-examination. *United States v. Johnson*, 587 F.3d 625, 635 (4th Cir. 2009); *United States v. Ayala*, 601 F.3d 256, 275–76 (4th Cir. 2010). Consistent with that principle, § 6308 flatly excludes Coast Guard investigative material; Rule 703 cannot be invoked to circumvent that exclusion through an expert. The Court should therefore preclude any of Stephenson's testimony that references or depends upon Coast Guard investigative material.

Rule 703 does not authorize disclosure of prohibited evidence in these circumstances. While an expert may rely on inadmissible facts or data, permitting Stephenson to summarize Coast Guard investigative materials would invite the Court to ascribe quasi-official weight to prohibited Coast Guard nomenclature and paperwork, precisely the result § 6308 was designed to prevent.

In short, Carver's proposed "conduit" approach—having an expert relay and endorse what the statute and rules exclude—should be rejected. The proper course is to exclude any testimony that references or depends upon Coast Guard processes, forms, or investigative steps, including CG-2692.

## IV.    No Reliable Methodology Ties Stephenson's Opinions to the Facts.

To compound the errors above, Carver's opposition never articulates a reliable, discipline-based method by which Stephenson synthesizes record evidence to reach accident-causation or compliance opinions without legal instruction, credibility assessments, or Coast Guard dependency. *See Daubert*/*Kumho*/*Joiner* (requiring reliable principles and methods reliably applied). What remains is a narrative argument dressed as expertise. That is not admissible expert testimony. *See* Fed. R. Evid. 702(d).

4

## Conclusion

Stephenson's proposed testimony violates Rules 702, 703, and 46 U.S.C. § 6308. The Belt Line respectfully requests that the Court grant the Second Motion *in Limine* and exclude Stephenson's opinions and any evidence or references tied to Coast Guard processes, forms, or investigative steps, including CG-2692.

Dated: October 27, 2025

Respectfully submitted,

NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY

/s/      Mackenzie R. Pensyl
James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Mackenzie R. Pensyl, VSB No. 100012
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
mpensyl@cwm-law.com
*Counsel for Norfolk and Portsmouth Belt Line Railroad Company*

## CERTIFICATE OF SERVICE

I certify that on this 27th day of October 2025, a true copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all registered counsel of record, and a copy was mailed to:

James Morrissey
4723 Baywood Drive
Lynnhaven, FL 32444

By:      */s/ Mackenzie R. Pensyl*
James L. Chapman, IV, VSB No. 21983
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923

        Norfolk, Virginia 23510
        Telephone: (757) 623-3000
        Facsimile: (757) 623-5735
        jchapman@cwm-law.com
        *Counsel for Norfolk and Portsmouth Belt Line Railroad Company*