**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| In the Matter of COEYMANS MARINE TOWING, LLC d/b/a CARVER MARINE TOWING, as Owner and Operator of the *M/T Mackenzie Rose*, (IMO No. 8968765), *et al.* | **Civil Action No. 2:24-cv-00490-MSD LRL** |

**COEYMANS MARINE TOWING, LLC D/B/A
CARVER MARINE TOWING'S ("PETITIONER") REPLY IN FURTHER SUPPORT OF
JOINT MOTION TO DISMISS WITH PREJUDICE**

Coeymans Marine Towing, LLC d/b/a Carver Marine Towing ("Petitioner") submits this Reply in further support of the Joint Motion to Dismiss with Prejudice filed by Evanston Insurance Company ("Evanston") and Petitioner.

1. Petitioner hereby adopts the argument contained in the Joint Motion and Joint Reply submitted by Evanston and Petitioner (ECF-132 and ECF-133). The Joint Reply is due no later than November 7, 2025, and will be filed separately.

2. Petitioner hereby submits the Declaration of Robert A. Milana in further support of the Joint Motion as well as the Joint Reply. *See* Declaration of Robert A. Milana, annexed hereto as **Exhibit "A"**.

3. As more particularly set forth in the Milana Declaration, it was represented to Petitioner and its insurers that Norfolk-Portsmouth Belt Line Railroad Company ("Belt Line") had consented to Evanston negotiating and settling separately with Petitioner. Notwithstanding any legal arguments regarding allocation of settlement funds between Belt Line and Evanston, Petitioner has arrived at a full and final settlement with Evanston, settlement funds have been paid in full and are being held in trust by counsel for Evanston.

4. Petitioner further notes that in Belt Line's Opposition counsel neither asserted, nor submitted any evidence, that Belt Line refused or withheld permission for Evanston to negotiate and settle separately with Petitioner. Accordingly, to the extent that the issue of permission is relevant or applicable, it is Petitioner's position that Belt Line has waived that argument now and in any future proceedings.

1

WHEREFORE, Petitioner respectfully requests that the Court enter an Order of Dismissal of all claims by Evanston against Petitioner, with prejudice, and with costs and attorney's fees incurred by Petitioner in seeking judicial intervention as result of Belt Line's unjustified objection to the Petitioner's settlement with Evanston.

Dated:  November 7, 2025

                              Respectfully submitted,

**CLYDE & CO US LLP**

/s/ *Harold L. Cohen*
Harold L. Cohen  (VSB No.:98148)
1221 Brickell Avenue, Suite 1600
Miami, FL  33131
Tel: 305-446-2646
Fax: 305-441-2374
Email: harry.cohen@clydeco.us;


James H. Rodgers*
Clyde & Co US LLP
45 Lexington Avenue, 16th Floor
New York, NY 10174
Phone: (212) 702-6771
Email: james.rodgers@clydeco.us

Michael J. Roman*
Dawn L. Johnson
Siobhan M. Murphy*
Clyde & Co US LLP
30 South Wacker Drive, Suite 2600
Chicago, IL 60606
Phone: (312) 635-7000
Email: michael.roman@clydeco.us
dawn.johnson@clydeco.us

2

Siobhan.murphy@clydeco.us
*pro hac vice*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 7, 2025, a true and correct copy of the foregoing document was filed using the Court's CM/ECF system, which will serve all counsel of record by electronic mail as follows:

Mark C. Nanavati, Esq. (VSB No.: 38709)
G. Christopher Jones, Jr., Esq. (VSB No.: 82260)
SINNOT, NUCKOLS & LOGAN, P.C.
13811 Village Mill Drive
Midlothian, Virginia 23114
(804) 893-3866 (Nanavati)
(804) 893-3862 (Jones)
(804) 378-2610 (Facsimile)
mnanavati@snllaw.com
cjones@snllaw.com
*Counsel for Evanston Insurance Company a/s/o Norfolk and Portsmouth Belt Line Railroad Company*

Zachary M. Jett, Esq. (VSB No.: 93285)
BUTLER WEIHMULLER KATZ, et al
11525 North Community House Road
 Suite 300
Charlotte, North Carolina 28277
(704) 543-2321 (Telephone)
(704) 543-2324 (Facsimile)
zjett@butler.legal
*Counsel for Evanston Insurance Company, a/s/o Norfolk and Portsmouth Belt Line Railroad Company*

James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Mackenzie R. Pensyl VSB No. 100012
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
 mpensyl@cwm-law.com
*Attorneys for Norfolk and Portsmouth Belt Line Railroad Company*

*/s/ Harold L. Cohen*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**
**In Admiralty**

| | |
|---|---|
| In the Matter of COEYMANS MARINE TOWING, LLC D/B/A CARVER MARINE TOWING as Owner and Operator of MiT Mackenzie Rose, (IMO No. 8968765) her cargo, engines, boilers, tackle, equipment, apparel, and appurtenances, etc., *in rem,* ("M/T MACKENZIE ROSE"), petitioning for Exoneration from or Limitation of Liability in allision with Norfolk and Portsmouth Belt Line Railroad Company Main Line Railroad Bridge (the "Bridge") occurring June 15, 2024 in and | **Civil Action No: 2:24-cv-00490** |

**Declaration of Robert Milana**

I, Robert Milana, declare under penalty of perjury as follows:

1.      I am an attorney licensed to practice in New York. I am an adjuster with the Major Claims Unit, for Travelers Property Casualty Company of America, the lead primary and first excess insurer for Coeymans Marine Towing LLC d/b/a Carver Marine Towing, individually and as owner of the M/T Mackenzie Rose, the Petitioner in the captioned matter.

2.      Declarant attended in person in Norfolk, together with Joseph Malik, General Counsel for Petitioner, the mediation on September 4, 2025, for Travelers as lead Insurer and for Petitioner before Judge Thomas Shadrick. The mediation was held at the offices of Crenshaw, Ware & Martin, P.L.C., attorneys for Claimant Norfolk-Portsmouth Belt Line Railroad Company ("Belt Line"), in Norfolk, Virginia. In preparing this Declaration, the Declarant reviewed his file notes concerning the mediation and settlement discussions with both Evanston and Belt Line through counsel as well as a conversation directly with Judge Shadrick post-mediation.

3.      The Declarant is acutely aware of the sanctity of mediation; however, these disclosures do not violate any duty. Travelers is compelled to reply to correct the false narrative created by Belt Line's counsel that the parties did not have the right to negotiate a settlement separate from Belt Line.

4.      During the afternoon of the mediation, Travelers and Carver learned through Judge Shadrick that Evanston and Belt Line wished to negotiate separately, and that the mediation was on hold while permission was granted and agreed to among Evanston and Belt Line. The Declarant concedes no direct communications with Belt Line on this issue and relies on the representation of others.

5.      Travelers and Petitioner were informed by Evanston and Judge Shadrick that Evanston had permission to negotiate a separate settlement with Insurers. Accordingly, Insurers commenced separate discussions with Evanston and did so only after we understood, as did Judge Shadrick, the mediator, with whom we spoke directly on or about September 8, 2025, about a mediator's proposal between Evanston and Insurers, that Belt Line had consented to separate negotiations. Had that fact not been conveyed to Insurers, we would not have negotiated separately with Evanston.

6.      Those separate negotiations resulted in a settlement between Evanston and Petitioner/Insurers. Belt Line, and its attorneys, have now tortiously interfered with that settlement contract by reneging on the permission we understood had been granted.

7.      If the settlement is not enforced, Insurers may be prejudiced in ways which cannot be adequately determined at this time.

8.      Insurers should be entitled to the cost to defend the opposition by Belt Line and its counsel to the settlement and dismissal of Evanston's claims against Petitioner.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on the 30th of October 2025, Palm Beach, Florida




*Robert A. Milana*

_____
ROBERT A. MILANA
Under penalties provided by law pursuant to 28 U.S.C. § 1746, I, Robert A. Milana, certify that the statements set forth in this Affidavit are true and correct, except as to the matters therein stated to be on information and belief, and as to such matters I certify that I verily believe the same to be true.

2