**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION – IN ADMIRALTY**

| | |
|---|---|
| In the Matter of COEYMANS MARINE TOWING, LLC d/b/a CARVER MARINE TOWING, as Owner and Operator of the *M/T Mackenzie Rose*, (IMO No. 8968765), *et al.* | Civil Action No. 2:24-cv-00490-MSD LRL |

**PETITIONER COEYMANS MARINE TOWING, LLC D/B/A
CARVER MARINE TOWING'S ("PETITIONER") RESPONSE TO NORFOLK'S
AND PORTSMOUTH BELTLINE RAILROAD COMPANY'S ("BELT LINE")
OBJECTION TO THE MAGISTRATE JUDGE'S DENIAL OF ITS MOTION FOR
<u>RELIEF UNDER RULES 30 AND 37</u>**

Petitioner Coeymans Marine Towing, LLC d/b/a Carver Marine Towing ("Petitioner"), by its counsel, pursuant to Federal Rules of Civil Procedure 72 for its Response to Belt Line's Objection to the Magistrate Judge's Report and Recommendation ("Magistrate Judge's Recommendation") states as follows:

1. This matter is before the Court on the Belt Line's Objection to the Magistrate Judge's Report and Recommendation as to a discovery order. That Report and Recommendation was filed on October 6, 2025. When considering a party's objections to the findings and recommendations of the Magistrate Judge, the Court conducts a *de novo* review of findings of fact or of recommendations that are the subject of an objection. *Pickett v. Astrue*, 895 F. Supp. 2d 720, 722–23 (E.D. Va. 2012).

2. Notably, however, the Belt Line does not dispute the Magistrate Judge's findings of fact.

3. For this reason, the procedural history recited by the Magistrate Judge is undisputed. That establishes that from April 25, 2025, to July 16, 2025, the only discovery motion filed was against Defendant Morrissey. ECF 136, pp. 3-4.

1

4.        Further, there is no dispute that the parties were admonished to "try in good faith to resolve disagreements or disputes before they end up in court". *Id.* (quoting ECF 52 at 59). That admonition requires that the parties seek guidance from the Court early that they seek to compel, if need be, rather than request a dispositive sanction. The above facts support the Report and Recommendation that this Court deny the Belt Line's motion seeking an ultimate sanction against Carver because Belt Line failed "to pursue cooperative remedies" or to reasonably and timely seek the intervention of the Court. ECF 134, p. 8 of 9. The Magistrate Judge correctly noted that:

> "The tools of discovery are not meant to be used as 'tactical weapons.' *See* Fed. R. Civ. P. 26 advisory committee's note to 1983 amendment. When discovery disputes arise, parties are expected to address them promptly, cooperatively, and with the purpose of reducing conflict – not escalating it."

ECF 134, p. 7 of 9.

5.        The Belt Line comments on but does not dispute three further findings of fact. As to the third, that the Belt Line did not provide a full record including context for its motion, the Belt Line argues that it could have supported its arguments and that it "would have promptly provided any transcripts the Court requested." ECF 150, p. 6 of 15. Of course, it was the Belt Line's burden to support its argument for the harshest possible sanction, and, as the Magistrate Judge found, the Belt Line did not provide an adequate record in support of its motion to deny Carver it's day in Court.

6.        Despite the above undisputed findings of fact, the Belt Line argues that the Magistrate Judge's Conclusions of Law are incorrect as to the conclusion that the Belt Line:

> … could have requested the Court's intervention during depositions, held a meet and confer with opposing counsel to resolve any disagreement regarding counsel's deposition conduct, or held an informal conference with the Court prior to filing a motion to compel.

Strangely, the Belt Line tacitly admits that it did not request the Court's intervention, hold a timely meet and confer or seek an informal conference with the Court preparatory to filing a motion to

2

compel. Nor does it assert it filed a motion to compel. It is a matter of clear undisputed record that it did not.

7. In lieu of disputing the facts supporting the Magistrate Judge's Recommendation, Belt Line asserts that the facts should not matter, as efforts to resolve disputes short of a dispositive motion would not have worked, and an appeal the Magistrate Judge would not have been helpful. There is, of course, no record to support that assertion.

8. In truth, Belt Line based its motion on eleven (11) so-called "speaking objections" gleaned from multiple depositions taken starting in April, together with six (6) instances where counsel instructed the witnesses not to answer. (*See* Appendix A, ECF 69-1 (542), ECF 150-1 (5102)). Each of those objections and instructions occurred before, often well before, the Belt Line filed its motion.

9. As the Magistrate noted, the Belt Line did not attempt "to resolve disagreements with Carver *before seeking sanctions* from the Court." ECF 136, p. 7 of 9 (emphasis added). The Belt Line's abuse of the discovery process here is:

> … most apparent in the mismatch between the relief sought by the Belt Line and the evidentiary record provided to the Court.

*Id.* (Noting that sanctions of the magnitude sought are "generally reserved for egregious cases of discovery abuse."). There is ample authority supporting the Magistrate's recommendation to deny the motion on that basis, alone.

10. In addition, the Magistrate Judge correctly found that the Belt Line has not identified a factual basis to conclude that the Belt Line was prejudiced. It is the Belt Line's burden to demonstrate harm or prejudice sufficient to justify the specific relief sought. ECF 136, p. 7 of 9. Of course, after counsel declared on July 3, 2025 that he would seek a dispositive remedy, Petitioner's counsel participated in a 'meet and confer', and then took the time necessary to address

3

the Belt Line's concerns, in depth with extensive citation to evidence. (*See* 8-page letter of July 10, 2025. ECF 69-5, ECF 150-5). Petitioner frankly wrote, at that time:

> [W]e asked that you identify what you are seeking, other than Carver's agreement to concede the limitation which was your sole proposal. Evanston's counsel, Mr. Nanavati, requested that we propose how to cure the Belt Line's so-called prejudice. Because you declined to provide any guidance as to what information you are missing or how the Belt Line is prejudiced, we undertook to review Carver's 30(b)(6) testimony and summarize it below.

*Id.*, p. 2 of 8.

11. Belt Line did not address Carver's concerns in Petitioner's July 10th letter, instead, counsel filed the subject motion demanding dispositive relief the harshest possible sanction. Carver's July 10th letter was made to an exhibit to that Motion. (ECF-69-5, 150-5, *supra*). The Magistrate Judge made it clear in his recommendation that Belt Line should have identified its supposed uncurable prejudice. Given this record, the Belt Line's assertion that it should be granted dispositive relief is unfounded.

12. As discussed by the Magistrate Judge, the Belt Line's sought to meet its burden to prove prejudice by summarizing a few excerpts of relevant depositions. *See* ECF 136, p. 4 of 9. Despite this, counsel for the Belt Line continues to assert that there were 144 (or 140) objections that, it argues, should have been overruled as "speaking objections." The FRCP requires that an objection be followed with the grounds for the objection. FRCP 30(c)(2) *"An objection at the time of the examination – whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition – must be noted on the record,* but the examination still proceeds; the testimony is taken subject to any objection. *An objection must be stated concisely in a non-argumentative and non-suggestive manner . . .."*

13. There is an obvious tension between requiring the basis of an objection to be stated during the deposition, which serves to provide a record on which the Court may later rule, and the

4

Belt Line's position that essentially the only basis that may be stated during a deposition is "form of the question." Counsel for Belt Line has misrepresented to this Court in its initial motion that counsel for Petitioner made "140 speaking objections."[1] Besides being patently incorrect, Belt Line did not move on 140 objections but moved on eleven (11) so-called "speaking objections" gleaned from five depositions and only moved on six (6) instances in all five depositions where counsel instructed the witnesses not to answer. (*See* Appendix A, ECF 69-1 (542), ECF 150-1 (5102). Counsel for Belt Line repeats the misrepresentation here in its Objection. This is material.

14. Likewise, Belt Line complains at length that the testimony of the corporate designee under Rule 30(b)(6) adopted the best available evidence from other witnesses. This was because the Belt Line had listed areas of inquiry that had been subjects already testified to by two previous management witnesses, Brian Moore, General Manager, and Leonard Baldassare, Port Captain. Both depositions were extensive. Belt Line has used the testimony of both in its summary judgment motion to dismiss the limitation on the merits. (ECF-90-91, *supra*). Yet, after deposing Moore, Baldassare, the tug's engineer, and two deckhands, counsel for Belt Line insisted on a comprehensive 30(b)(6) deposition. After receiving the notice, counsel for Petitioner objected to certain areas of inquiry and informed counsel that Mr. Laraway would rely on prior testimony for certain subjects. Belt Line insisted the deposition go forward. In the subject motion, counsel listed 14 instances in a day-long deposition (5.5 hours) where Mr. Laraway referred to prior testimony. Counsel made no attempt to seek guidance or a remedy from the Magistrate Judge before the 30(b)(6) deposition, during the deposition, or within a reasonable time afterward, or even during the deposition.[2]

---

[1] In correspondence they wrote that there were over "160 speaking objections." (ECF 69-2, ECF 150-2, p. 1).

[2] As a result of numerous occasions where Petitioner believed Belt Line's conduct had become abusive, Petitioner filed a Motion for Protective Order. (ECF-71-72, 73, 77). In denying Petitioner's motion, the Magistrate Judge directed counsel to the FRCP, EDVA Local Rules, and Virginia Local Civil Rules as protecting Petitioner from Belt Line's strident demands that Petition waive its attorney-client and work product protections. (See Order at ECF-86).

15. Petitioner is a family-owned marine towing company that has put great effort and expenses into discovery in this case including hiring an outside vendor to assist in its response. Rather than work with Petitioner's counsel to obtain relevant documents and other discovery, the Belt Line's counsel has preferred to litigate its case by threat of sanctions, and accusations suggesting that Belt Line's General Counsel had perjured himself. Belt Line's counsel has now gone so far as suggesting that the decision to reach a settlement with Evanston reflects some improper "motive." (*See* ECF-149, at 5079-5080, 5083).

16. The Magistrate Judge has direct involvement with the matters set forth above and has personal knowledge that Belt Line did not try to work things out short of a belated motion for a dispositive sanction. The inference that a request for relief of the Court would have been useless also is contrary to later decisions, which, among other things, required Carver to make its tug available for a repeat inspection after discovery was complete and to produce company witnesses, including Petitioner's General Counsel, post-discovery. In both instances, the Magistrate Judge provided a remedy to Belt Line <u>when such a remedy was requested</u>.

17. Given these facts, Petitioner respectfully requests that the Court adopt the Magistrate Judge's Report and Recommendation denying Belt Line's Motion for Relief under Rules 30 and 37, and for such other and further relief as this Court deems just and equitable.

Dated: November 10, 2025

Respectfully submitted,

**CLYDE & CO US LLP**

/s/ *Harold L. Cohen*
Harold L. Cohen (VSB No.:98148)
1221 Brickell Avenue, Suite 1600

---

Rather than ignore those demands, Petition sought the Court's guidance in good faith and respectfully submits that it has sought to conduct this case to a trial on the merits, in good faith.

6

Miami, FL 33131
Tel: 305-446-2646
Fax: 305-441-2374
Email: harry.cohen@clydeco.us;

_____
James H. Rodgers*
Clyde & Co US LLP
45 Lexington Avenue, 16th Floor
New York, NY 10174
Phone: (212) 702-6771
Email: james.rodgers@clydeco.us

Michael J. Roman*
Dawn L. Johnson
Siobhan M. Murphy*
Clyde & Co US LLP
30 South Wacker Drive, Suite 2600
Chicago, IL 60606
Phone: (312) 635-7000
Email: michael.roman@clydeco.us
dawn.johnson@clydeco.us
Siobhan.murphy@clydeco.us
*pro hac vice

7

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2025, a true and correct copy of the foregoing document was filed using the Court's CM/ECF system, which will serve all counsel of record by electronic mail as follows:

Mark C. Nanavati, Esq. (VSB No.: 38709)
G. Christopher Jones, Jr., Esq. (VSB No.: 82260)
SINNOT, NUCKOLS & LOGAN, P.C.
13811 Village Mill Drive
Midlothian, Virginia 23114
(804) 893-3866 (Nanavati)
(804) 893-3862 (Jones)
(804) 378-2610 (Facsimile)
mnanavati@snllaw.com
cjones@snllaw.com
*Counsel for Evanston Insurance Company a/s/o Norfolk and Portsmouth Belt Line Railroad Company*

James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Mackenzie R. Pensyl VSB No. 100012
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
mpensyl@cwm-law.com
*Attorneys for Norfolk and Portsmouth Belt Line Railroad Company*

Zachary M. Jett, Esq. (VSB No.: 93285)
BUTLER WEIHMULLER KATZ, et al
11525 North Community House Road
Suite 300
Charlotte, North Carolina 28277
(704) 543-2321 (Telephone)
(704) 543-2324 (Facsimile)
zjett@butler.legal
*Counsel for Evanston Insurance Company, a/s/o Norfolk and Portsmouth Belt Line Railroad Company*

                                               */s/ Harold L. Cohen*