**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division
In Admiralty**

| | |
|---|---|
| In the Matter of COEYMANS MARINE TOWING, LLC D/B/A CARVER MARINE TOWING as Owner and Operator of M/T Mackenzie Rose, (IMO No. 8968765), *et al*. | **Civil Action No. 2:24-cv-00490-MSD-LRL** |

**NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY'S
MEMORANDUM IN SUPPORT OF MOTION TO SUPPLEMENT
RECORD OF UNDISPUTED FACTS ON SUMMARY JUDGMENT**

Norfolk and Portsmouth Belt Line Railroad Company ("Belt Line"), by counsel, for its memorandum in support of its Motion to Supplement the Record of Undisputed Facts in its Motion for Summary Judgment (ECF 90 & 91) to include two exhibits containing relevant portions of the depositions of Josef Malik and Jason Galioto, states as follows:

*Background*

The background of this case is amply described in the summary judgment briefing. The case results from an allision on June 15, 2024, in which the M/T MACKENZIE ROSE, a tug owned and operated by Carver, pushed a loaded barge into the Belt Line's Main Line Bridge. Carver seeks to limit its liability under the Limitation of Liability Act. The Belt Line and its insurer, Evanston, filed claims in the limitation action and asserted defenses to the limitation demand. On August 27, 2025, the Belt Line and Evanston filed a Joint Motion for Summary Judgment and Memorandum in Support, which is fully briefed. *See* ECF 90, 91, 109, and 121.

On August 13, 2025, this Court denied Carver's Motion for Protective Order (ECF 71-72), which sought to prevent the Belt Line from deposing Carver's employees Mr. Malik and Mr.

Galioto. Subsequently, the Belt Line took the depositions of Mr. Malik on September 16, 2025 and Mr. Galioto on September 18, 2025. Both depositions took place after the Belt Line filed its Motion for Summary Judgment. The Belt Line therefore seeks to supplement the exhibits to its summary judgment brief with relevant excerpts from the deposition testimony attached as **Exhibits A and B** to its present motion. The Belt Line does not request additional briefing on the exhibits, as they only support arguments already made and briefed by the parties.

*Legal Authority*

Under Rule 56, the deadlines for motions for summary judgment apply "unless a different time is set by local rule or the Court orders otherwise." Fed. R. Civ. P. 56 (c). "It is well within the Court's discretion to adjust briefing schedules." *Marlow v. Chesterfield Cty. Sch. Bd.*, 749 F. Supp. 2d 417, 422 (E.D. Va. 2010). When there is no prejudice or undue delay to the non-moving party, this Court may permit a party to supplement the summary judgment record. *Id.*

*Mr. Malik's Testimony*

Mr. Malik is Carver's General Counsel. In the Belt Line's Motion for Summary Judgment, the Belt Line's Undisputed Facts 7, 18, 19, 27, 28, and 40 cite text messages between Leonard Baldassare (Carver's former Port Captain), Brian Moore (Carver's former General Manager), and the tug cell phone discussing the allision. Mr. Malik's testimony authenticates the text messages. It also establishes that Mr. Moore was terminated by Carver and did not resign. For these reasons, Mr. Malik's testimony should be made part of the summary judgment record as an exhibit to the Belt Line's brief.

*Mr. Galioto's Testimony*

Mr. Galioto is Carver's Compliance and Logistics Supervisor. In the Belt Line's Motion for Summary Judgment, the Belt Line's Undisputed Fact 49 cites an Incident Report from May 21,

2024, just weeks before the allision, describing a similar incident wherein the steering on the M/T MACKENZIE ROSE went unexpectedly left when the tug was in autopilot. *See* ECF 91-25. Mr. Galioto's testimony supports Undisputed Fact 49 and confirms that Carver's management received the Incident Report, but that it sat in Mr. Moore's electronic inbox unopened for months (beyond the date of the allision on June 15, 2024). Mr. Galioto's testimony also confirms that Mr. Moore left Carver in early May 2025, which supports the statement in the Belt Line's Undisputed Fact 32 and footnote 2 that he is no longer employed by Carver. For these reasons, Mr. Galiato's testimony should be made part of the summary judgment record as an exhibit to the Belt Line's brief.[1]

## Conclusion

WHEREFORE, the Belt Line respectfully requests that the Court supplement the exhibits to the Belt Line's Memorandum in Support of its Motion for Summary Judgment to include both deposition excerpts.

Dated: November 24, 2025

NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY

By:     /s/ James L. Chapman, IV
James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Mackenzie R. Pensyl, VSB No. 100012
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
mpensyl@cwm-law.com
*Counsel for Norfolk and Portsmouth Belt Line Railroad Company*

---

[1] Upon the Court's request, the full transcripts of the depositions can be made available.

3

**CERTIFICATE OF SERVICE**

 I hereby certify that on this 24th day of November 2025, a true copy of the foregoing was (i) electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all registered counsel of record, and (ii) mailed to:

  James Morrissey
  4723 Baywood Drive
  Lynnhaven, FL 32444

          By:  */s/ James L. Chapman, IV*
          James L. Chapman, IV, VSB No. 21983
          CRENSHAW, WARE & MARTIN, P.L.C.
          150 W. Main Street, Suite 1923
          Norfolk, Virginia 23510
          Telephone: (757) 623-3000
          Facsimile: (757) 623-5735
          jchapman@cwm-law.com
          *Counsel for Norfolk and Portsmouth Belt Line Railroad Company*