IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division
In Admiralty

| | |
|---|---|
| In the Matter of COEYMANS MARINE TOWING, LLC D/B/A CARVER MARINE TOWING as Owner and Operator of M/T Mackenzie Rose, (IMO No. 8968765) her cargo, engines, boilers, tackle, equipment, apparel, and appurtenances, etc., *in rem*, ("M/T MACKENZIE ROSE"), petitioning for Exoneration from or Limitation of Liability in allision with Belt Line Main Line Railroad Bridge (the "Bridge") occurring June 15, 2024 in and about the Elizabeth River, Virginia. | Civil Action No: 2:24-cv-00490 |

**CARVER'S MEMORANDUM IN OPPOSITION TO THE BELT LINE'S MOTION TO SUPPLEMENT RECORD OF UNDISPUTED FACTS ON SUMMARY JUDGMENT**

Now comes the Petitioner in Limitation, Coeymans Marine towing, LLC, d/b/a Carver Marine Towing ("Carver"), by and through its undersigned counsel, and for its Memorandum in Opposition to the Belt Line's Motion to Supplement its Record of Undisputed Facts on Summary Judgment, sets forth as follows:

**INTRODUCTION**

The Court should deny the Belt Line's Motion to Supplement the Record on the following grounds: (1) This was not an advertent omission as the Belt Line waited more than two months after the depositions were conducted and its Reply brief was submitted to seek supplementation and offers no justification for the delay; and (2) the Belt Line offers no adequate explanation for prejudice to Carver that would result; (3) The Belt Line's late-offered materials are an improper attempt to cure perceived defects in its briefing after the fact and should be denied; and (4) the supposed "new" testimony is not material to the arguments at issue on summary judgment. For these reasons, and as set forth below, the Motion should be denied. In the event that the Court allows late supplementation, then Carver should be granted the opportunity to file a Sur-Reply.

**STANDARD**

The deadlines applicable to Motions for Summary Judgment under Federal Rule of Civil Procedure 56 apply "unless a different time is set by local rule or the Court orders otherwise." Fed. R. Civ. P. 56(c); *see e.g.*, *Marlow v. Chesterfield County School Board*, 749 F. supp. 2d 417, 421 (E.D. Va. 2010). Supplementation with evidence supporting a material fact may be allowed if there is no prejudice or undue delay to the non-moving party. *Id.*

**ARGUMENT**

**1. The Belt Line's omission of the deposition testimony was not an inadvertent omission.**

On September 16, 2025, the Belt Line deposed Carver personnel Jason Galioto. On September 18, 2025, the Belt Line deposed Carver General Counsel Josef Malik. Four days later, on September 22, 2025, the Belt Line filed its Reply brief in support of its Motion for Summary Judgment. At no time before the instant motion did the Belt Line seek to supplement its Statement of Undisputed Facts with additional documentation.

Now, on November 25, 2025, more than two months after the depositions were conducted and briefing has been completed and the Belt Line determines that now it has had an opportunity to "think about it," seeks to provide additional factual support for its arguments or provide missing testimony to authenticate documents (email). This was not an inadvertent omission, as the Belt Line waited more than two months after briefing to seek supplementation. The Belt Line had adequate opportunity to obtain expedited transcripts and include same in its Reply brief and/or timely move to supplement, such as the parties in *Marlow v. Chesterfield*, *supra*, which sought leave a week following the filing of its motion. Critically, the Belt Line offers no justification for the delay. The Belt Line's omission was not inadvertent; it merely seeks to bolster arguments well after the briefing has been completed.

**2. The Belt Line offers no adequate explanation for prejudice to Carver that would result.**

In Paragraph 32, the Belt Line currently cites evidentiary support for its statement that Mr. Moore is no longer employed by Carver. The Belt Line proposes to add testimony from both Mr. Malik and Mr. Galioto that Carver former General Manager Brian Moore was terminated, not because its relevant to a

2

material fact in its argument as to negligence or unseaworthiness, or to refute Carver's argument, but in a bad faith effort to discredit Carver and Mr. Moore.

**3. The Belt Line's late-offered materials are an improper attempt to cure perceived defects in its briefing.**

The Belt Line seeks to introduce testimony of Carver General Counsel Josef Malik as it "authenticates the text messages" between Carver former Port Captain Leonard Baldassare and Carver former General Manager Brian Moore. The Belt Line deposed both Mr. Baldassare and Mr. Moore. Both Mr. Moore and Mr. Baldassare could have authenticated the text messages.

To the extent the Belt Line attempted to cure a defect in its briefing, the Court should deny its motion to supplement in that regard. Should the Court allow Belt Line to supplement the record, Carver should be afforded the opportunity to file a Sur-Reply in response to any alleged "supplemental" facts.

**4. The information sought to be supplemented is not "material" to the Belt Line's case.**

For summary judgment purposes, a "material fact" is fact that might affect outcome of party's case; whether a fact is considered to be material is determined by substantive law, and only disputes over facts that might affect outcome of suit under the governing law will properly preclude entry of summary judgment. *Marlow v. Chesterfield County School Board*, 749 F. Supp. 2d 417 E.D. Va. 2010) (granting leave to submit additional documentation, where there was no prejudice or undue delay to the non-movant, reasoning that "the Court will consider the supplemental evidence to the extent material.").

As set forth supra, the Belt Line seeks to introduce Mr. Malik and Mr. Galioto's testimony two months after the close of briefing because "it establishes that Mr. Moore was terminated by Carver and did not resign." The fact that Mr. Moore may have either resigned or was terminated more than a year after the subject incident has no bearing on the issues on summary judgment in this lawsuit to Limit Liability, nor does the Belt Line provide that necessary link showing how that information may be relevant. Mr. Malik's and Mr. Galiotos' testimony is not material to the issues in Belt Line's dispositive motion.

The Belt Line further seeks to introduce testimony from Mr. Galioto to show that an incident report regarding a purported steering issue with the tug while in autopilot was received by Carver Management.

However, the undisputed testimony produced by Carver, including that provided by Claimants' maritime expert, Nicholas J. Lewis, agrees that a navigational error caused the subject bridge strike. See Carver's Response in opposition to Claimant's Motion for Summary Judgment, [ECF 109], ¶ 49. Capt. Lewis testified that "[t]he Officer on Watch (James Morrissey) failed to properly disengage the autopilot and did not switch to manual steering (Non-Follow-Up mode) in a confirmed navigational channel, resulting in loss of directional control." *See id.* The Belt Line's evidence is merely belated additional support for a debunked factual argument submitted well after the briefing concluded and is therefore untimely.

WHEREFORE, Coeymans Marine towing, LLC, d/b/a Carver Marine Towing respectfully requests that this Court:

(1) Deny the Belt Line's Motion to Supplement its Undisputed Facts; or

(2) Grant Carver leave to file a Sur-Reply in response to any alleged "supplemental" facts.

(3) Award the Belt Line and Evanston all other just and necessary relief.

**Dated: December 8, 2025**　　　　　　　　　　**CLYDE & CO US LLP**

By: /s/ Harold L. Cohen
Harold L. Cohen  (VSB No.:98148)
1221 Brickell Avenue, Suite 1600
Miami, FL  33131
Tel: 305-446-2646
Fax: 305-441-2374
Email: harry.cohen@clydeco.us;

James H. Rodgers*
Clyde & Co US LLP
45 Lexington Avenue, 16th Floor
New York, NY 10174
Phone: (212) 702-6771
Email: james.rodgers@clydeco.us

Michael J. Roman*
Dawn L. Johnson
Siobhan M. Murphy*
Clyde & Co US LLP
30 South Wacker Drive, Suite 2600

4

                                              Chicago, IL 60606
                                              Phone: (312) 635-7000
                                              Email: michael.roman@clydeco.us
                                              dawn.johnson@clydeco.us
                                              Siobhan.murphy@clydeco.us


## **CERTIFICATE OF SERVICE**

  I hereby certify that on December 8, 2025, a true and correct copy of the foregoing document was filed using the Court's CM/ECF system, which will serve all counsel of record by electronic mail as follows:

Mark C. Nanavati, Esq. (VSB No.: 38709)
G. Christopher Jones, Jr., Esq. (VSB No.: 82260)
SINNOT, NUCKOLS & LOGAN, P.C.
13811 Village Mill Drive
Midlothian, Virginia 23114
(804) 893-3866 (Nanavati)
(804) 893-3862 (Jones)
(804) 378-2610 (Facsimile)
mnanavati@snllaw.com
cjones@snllaw.com
*Counsel for Evanston Insurance Company a/s/o Norfolk and Portsmouth Belt Line Railroad Company*

Zachary M. Jett, Esq. (VSB #93285)
BUTLER WEIHMULLER KATZ, et al
11525 North Community House Road
Suite 300
Charlotte, North Carolina 28277
(704) 543-2321 (Telephone)
(704) 543-2324 (Facsimile)
zjett@butler.legal
*Counsel for Evanston Insurance Company, a/s/o Norfolk and Portsmouth Belt Line Railroad Company*

James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Mackenzie R. Pensyl VSB No. 100012
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
mpensyl@cwm-law.com
*Attorneys for Norfolk and Portsmouth Belt Line Railroad Company*

            */s/ Harold L. Cohen*