# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Norfolk Division
# In Admiralty

| | |
|---|---|
| In the Matter of COEYMANS MARINE TOWING, LLC D/B/A CARVER MARINE TOWING as Owner and Operator of M/T Mackenzie Rose, (IMO No. 8968765), *et al*. | Civil Action No. 2:24-cv-00490-MSD-LRL |

### NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY'S REPLY IN SUPPORT OF ITS MOTION TO SUPPLEMENT RECORD OF UNDISPUTED FACTS ON SUMMARY JUDGMENT

Norfolk and Portsmouth Belt Line Railroad Company ("Belt Line"), by counsel, submits this Reply to Coeymans Marine Towing, LLC d/b/a Carver Marine Towing's ("Carver") Memorandum in Opposition to the Belt Line's Motion to Supplement Record of Undisputed Facts on Summary Judgment (ECF 164, 165, and 166).

### Introduction

Carver's Brief in Opposition fails to state a legitimate reason to oppose supplementing the exhibits to the Belt Line's Memorandum in Support of its Motion for Summary Judgment (ECF 91). On November 24, 2025, the Belt Line filed a Motion to Supplement (two-pages) and accompanying Memorandum in Support (four-pages) seeking to supplement the record of undisputed facts with two exhibits containing excerpts from the deposition testimony of two Carver employees, Mr. Malik and Mr. Galioto. Both depositions were taken after the summary judgment deadline. The Motion does not add any substantive arguments to the issues, which have been fully briefed by the parties.

Carver's Brief raises three main arguments: 1) the Belt Line waited too long to file its Motion; 2) Carver is exposed to some undisclosed prejudice as a result of the Motion; and 3) the

Belt Line is attempting to cure non-existent defects in its briefing with exhibits that are "not material." These arguments misconstrue the purpose of the Belt Line's motion and fail to state any true prejudice posed by supplementing two exhibits in support of the Belt Line's undisputed facts. Thus, the Belt Line's Motion should be granted.

## Argument

**I.     It is within the Court's discretion to grant the Belt Line's Motion.**

Carver's argument that the Belt Line filed its Motion too late is inaccurate and unsupported. Under Rule 56, the deadlines for motions for summary judgment apply "unless a different time is set by local rule *or the Court orders otherwise*." Fed. R. Civ. P. 56 (c) (emphasis added). When there is no prejudice or undue delay to the non-moving party, this Court may permit a party to supplement the summary judgment record. *Marlow v. Chesterfield Cty. Sch. Bd.*, 749 F. Supp. 2d 417, 422 (E.D. Va. 2010).

There is no time limit on when a motion to supplement may be filed. The Belt Line filed its motion within two months of taking the depositions. Trial has been postponed to March 10, 2026. Following the timeframes from the original scheduling order (ECF 32), summary judgment motions ordinarily would have been due in January 2026. Accordingly, filing the supplementation motion in November, still 5 months before trial, is hardly an undue delay prejudicing Carver.

What is more, Carver itself has stated, when seeking an extension of time in October, that there is no "urgency in briefing" with the postponed trial date and "[n]either party will be prejudiced by a brief reprieve in responding to motion practice." ECF 131 at 3. It is well within the Court's discretion to adjust briefing schedules and evaluating summary judgment on a complete record is in the interest of justice. The Court should therefore grant the Belt Line's Motion and accept the supplemental exhibits as requested therein.

## II. There is no prejudice posed to Carver through supplementing two exhibits.

Carver cannot and does not state any way in which granting the Belt Line's Motion would prejudice it. In fact, Carver's Brief provides only two sentences in its second argument, neither of which identifies any prejudice to Carver. Supplementing the exhibits as requested would not prejudice any party, as the issues have been fully briefed. The exhibits do not present any new arguments, but rather bolster arguments already briefed, and reflect testimony of Carver's own witnesses. Because supplementing exhibits to the Belt Line's Memorandum in Support of its Motion for Summary Judgment would not prejudice any party, the Court is within its discretion to grant the Belt Line's Motion. *Marlow* 749 F. Supp. 2d at 422.

## III. Carver's remaining points do not prevent supplementation of the Summary Judgment record.

Carver's remaining points fail to state a legitimate reason that the Belt Line's Motion should not be granted. Carver argues that the excerpts from Mr. Malik's and Mr. Galioto's testimony are unnecessary because the Belt Line should have authenticated text messages in the depositions of former Carver employees, Brian Moore and Leonard Baldassare. However, Mr. Moore was deposed on April 28, 2025 and Mr. Baldassare was deposed on April 29, 2025. The text messages authenticated in Mr. Malik's deposition testimony were not produced in discovery until July 3, 2025. Therefore, Mr. Malik's testimony is necessary to provide additional support for the Belt Line's Undisputed Fact Nos. 7, 18, 19, and 27.

Carver also misconstrues the purpose of the Belt Line's Motion and requests leave to file a sur-reply "in response to any alleged supplemental facts." The Belt Line's Motion does not seek to supplement the facts in the summary judgment briefing. The Motion serves only to supplement

3

exhibits to the Memorandum in Support. Because the Motion does not add any substantive fact or issue to the briefing, the Belt Line's Motion should be granted without need for additional briefing.

Carver's argument that the proposed deposition testimony is "not material" is likewise insufficient to prevent this Court from granting the Belt Line's Motion. ECF 16 at 3. Carver spends three pages arguing that the Belt Line should not be permitted to supplement the record only to make an argument that the information being supplemented is immaterial. The Belt Line provided the undisputed fact numbers that the testimony of Mr. Malik and Mr. Galioto supports. Instead of providing a reason why the record should not be supplemented, Carver's Brief rehashes arguments briefed on summary judgment.

## Conclusion

Because Carver fails to set for a legitimate reason the Belt Line's Motion should not be granted and because it is well within the discretion of the Court to extend the deadlines for summary judgment motions, the Belt Line respectfully requests that this Court grant its Motion and supplement the Belt Line's summary judgment record to include both deposition excerpts and award all other just and necessary relief.[1]

Dated: December 15, 2025

NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY

By:    */s/ James L. Chapman, IV*
James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Mackenzie R. Pensyl, VSB No. 100012
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735

---

[1] Carver's wherefore clause on page 4 of its Opposition asks the Court to "award the Belt Line and Evanston all other just and necessary relief." (ECF 166).

jchapman@cwm-law.com  
wrsnow@cwm-law.com  
mpensyl@cwm-law.com  
*Counsel for Norfolk and Portsmouth Belt*  
*Line Railroad Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of December 2025, a true copy of the foregoing was (i) electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all registered counsel of record, and (ii) mailed to:

> James Morrissey  
> 4723 Baywood Drive  
> Lynnhaven, FL 32444

By:     */s/ James L. Chapman, IV*  
James L. Chapman, IV, VSB No. 21983  
CRENSHAW, WARE & MARTIN, P.L.C.  
150 W. Main Street, Suite 1923  
Norfolk, Virginia 23510  
Telephone: (757) 623-3000  
Facsimile: (757) 623-5735  
jchapman@cwm-law.com  
*Counsel for Norfolk and Portsmouth Belt*  
*Line Railroad Company*

5