UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

In the Matter of COEYMANS MARINE TOWING, LLC,
d/b/a CARVER MARINE TOWING AS OWNER AND
OPERATOR OF M/T MACKENZIE ROSE, (IMO No. 8968765),
Her Cargo, Engines, Boilers, Tackle, Equipment, Apparel, and App,

Case No.: 2:24cv490

NORFOLK AND PORTSMOUTH BELT LINE
RAILROAD COMPANY,

    Consolidated Plaintiff/Claimant,

v.

JAMES MORRISEY,

    Defendant.

## ORDER

    Despite being properly served with process, Defendant James Morrissey failed to appear at his June 24, 2025, deposition scheduled to occur in Panama City, Florida—his state of residence. As a result, Claimant Norfolk and Portsmouth Belt Line Railroad Company ("Belt Line") filed a motion for sanctions on July 3, 2025, seeking, inter alia, counsel's fees and costs incurred in traveling to Florida for the failed deposition. ECF No. 62. After Morrissey failed to respond, the Court granted the motion on August 20, 2025, and ordered Morrissey to appear at a deposition in Norfolk within fourteen days. ECF No. 88. The Court also directed Belt Line to submit an application and supporting documentation for an award of attorneys' fees and expenses arising from Morrissey's non-appearance at his June 24 deposition. ECF No. 88. Belt Line's Application for Award of Fees and Costs is now before the Court. ECF No. 119.

Under Federal Rule of Civil Procedure 30(d)(2), "The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." By its application, Belt Line has sufficiently documented its court reporter fees and attendant costs (Exhibit 1) as well as travel expenses (Exhibit 2). ECF No. 119 at 1. The court reporter fees totaled $1,418.52, and the travel expenses totaled $1,116.39. *Id.* Having reviewed the documentation of these costs, the Court **FINDS** that they are reasonable.

Although Belt Line claimed time for attorneys' fees associated with preparation, travel, and attendance at the deposition, it provided no supporting documentation for this time. Further, Belt Line did not itemize time counsel spent on each task. Belt Line also did not provide any documentation as to the reasonableness of the hourly billable rate charged.[1] The Court evaluates the reasonableness of attorneys' fees by comparing the requested amount to the lodestar amount, which is defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008). Since Belt Line did not present any supporting documentation, these attorneys' fees are not recoverable.

Finally, Belt Line's application also sought fees and costs for its subsequent efforts to reschedule Morrissey's deposition in Norfolk on September 2, 2025, at which Morrissey again failed to appear. However, those expenses were obviously incurred after the Court issued its Order on August 20, 2025, and therefore were not encompassed in that Order.[2] Any request for additional

---

[1] The Court notes that the billable rate charged for attorney time varied between $450 per hour and $400 per hour. ECF No. 119. While the Court can surmise that two different attorneys were billing time, Belt Line's failure to specify these attorneys' fees presents further problems.

[2] The Court notes that, in its July 3, 2025 Motion for Sanctions, Belt Line sought to have included as relief an Order warning Morrissey "that any further failure to attend his deposition may result in additional sanctions, including potential evidentiary or dispositive relief." ECF No. 62 at 2. The Court granted this relief in its August 20, 2025 Order. ECF No. 88 at 2. Clearly then, Belt Line understood that Morrissey's failure to attend a second scheduled deposition would result in Belt Line seeking further sanctions,

2

sanctions for Morrissey's failure to appear at a second deposition required another motion, presumably to be brought under Federal Rule of Civil Procedure 37(b).

Accordingly, the Court **GRANTS** in part Belt Line's Application for Award of Fees and Costs, ECF No. 119. The Court **AWARDS** Belt Line and against James Morrissey fees and costs in the amount of $2,534.91 for court reporter and travel costs associated with the failed June 24 deposition. The Court **DENIES** Belt Line's application for attorneys' fees for the failed June 24 deposition for lack of supporting documentation. The Court also **DENIES** Belt Line's application for all fees and costs for the failed September 2 deposition.

The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/ Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
February 20, 2026

---

including, potentially, recovery of Belt Line's fees and costs. However, to date, Belt Line has not filed any such motion and therefore is not entitled to recover those expenses in connection with its pending motion.

3