IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division
In Admiralty

| | |
|---|---|
| In the Matter of COEYMANS MARINE TOWING, LLC D/B/A CARVER MARINE TOWING as Owner and Operator of M/T Mackenzie Rose, (IMO No. 8968765), *et al*. | Civil Action No. 2:24-cv-00490-MSD-LRL |

**CARVER'S OBJECTION TO THE MAGISTRATE JUDGE'S
ORDER GRANTING NPBL'S MIL No. 3 (Dkt. 175)**

Pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1), Petitioner Coeymans Marine Towing, LLC d/b/a Carver Marine Towing ("Carver") respectfully objects to the Magistrate Judge's February 6, 2026 Order granting Claimant Norfolk and Portsmouth Belt Line Railroad Company's ("Belt Line") Third Motion in Limine (ECF 175). The Order precludes Carver from presenting any evidence or argument that Belt Line's claimed bridge repair costs must be reduced to account for depreciation/betterment and bars Carver's damages experts from applying depreciation in their analysis.

Because the Order effectively eliminates a core damages defense—and with it the principal expert support for that defense—it is dispositive of a "claim or defense" in practical effect and should be reviewed *de novo*. Under *de novo* review, the Court should vacate the Order and permit Carver to present depreciation/betterment evidence at trial. Alternatively, if the order is non-dispositive it should still be vacated as contrary to law.

**I. The Ruling on Belt Line's MIL No. 3.**

Belt Line moved to broadly preclude "all efforts to depreciate" its claimed repair costs and to exclude the testimony of Carver's engineering experts, R.L. Banks & Associates, Inc., and their opinions that Belt Line's claimed damages should be reduced through depreciation. ECF 134 at

1

1. The Magistrate Judge granted the motion, in part, holding "the Court does not find persuasive the argument that depreciation should apply," reasoning that the allision damage was confined to Span 4, "an integral part of the bridge," and that repairing Span 4 was necessary "to restore the bridge to its pre-allision condition rather than to improve or upgrade it." ECF 175 at 7. The Order further states that "repairing one span of the bridge cannot conceivably extend the life of the entire structure" and that the bridge's useful life must be assessed as a whole. *Id.*

## II. Standard of Review.

### i. *De novo* review should apply because the Order is dispositive in effect of a "claim or defense."

"Rule 72(a) of the Federal Rules of Civil Procedure allows a magistrate judge to hear and decide non-dispositive motions" while "Rule 72(b) provides that a magistrate judge can make only recommendations as to dispositive motions and that the district judge, upon *de novo* review, makes the final decision." *Walgreen Co. v. United States DEA*, 913 F.Supp.2d 243, 247 (E.D. Va. 2012). Although motions *in limine* are often treated as non-dispositive, courts "reach commonsense decisions rather than becoming mired in a game of labels" when determining whether a matter is dispositive or non-dispositive. *Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12-CV-525, 2015 WL 846012, at \*5 (E.D. Va. Feb. 25, 2015), *aff'd sub nom. Intelligent Verification Sys., LLC v. Majesco Ent. Co.*, 628 F. App'x 767 (Fed. Cir. 2016) (citation omitted). A matter may be dispositive when it is "dispositive of a party's claim or defense," including where it necessarily forces a party to reject defenses relied upon the litigation. *Id.* \*5. "A district judge ultimately determines the categorization of a matter as dispositive or non-dispositive by the standard of review applied to the magistrate judge's decision, notwithstanding whether the magistrate judge handled the matter entirely or only recommended findings of fact and conclusions of law." *Id.* at \*5 (citation omitted).

> **ii. If the Court applies Rule 72(a), the ruling is contrary to law and should be vacated.**

A district judge may modify or set aside a magistrate judge's non-dispositive order if it "is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Bruce v. Hartford*, 21 F. Supp. 3d 590, 593-94 (E.D. Va. 2014) (citing *United States v. United States Gypsum Co*, 333 U.S. 364, 395, 68 S. Ct. 525 (1948)). For questions of law "there is no practical difference between review under Rule 72(a)'s contrary to law standard and [a] *de novo* standard." *Id.* at 594.

**III. Argument**

> **A. The Order is dispositive in effect because it forecloses Carver's depreciation/betterment defense on NPBL's claimed damages.**

The practical effect of the Order is to remove from the case an entire defense theory: that Belt Line's repair invoice must be reduced to avoid a windfall where new materials and replacement work confer betterment. The Order does not limit a particular exhibit or a narrow evidentiary foundation; it bars "all efforts to depreciate" Belt Line's repair costs and prohibits Carver's experts from applying depreciation. This is materially the same scenario the Magistrate Judge recognized in *Intelligent Verification*: when a ruling necessarily forces a party to abandon defenses, it may be considered dispositive of a "claim or defense." *See* , 2015 WL 846012, at *5 ("Proceeding with caution, then, as the action of limiting invalidity arguments has not yet been categorized as a dispositive or non-dispositive matter within this Circuit, the undersigned issues the following as a recommendation"). Removing Carver's depreciation defense is outcome determinative of the parties' claims and defense, not merely an evidentiary ruling. The Order here finally forecloses Carver's theory for trial. Accordingly, the Order should be considered "dispositive," reviewed *de novo,* and vacated.

3

### B. The Order should be vacated and depreciation should apply, or, a ruling should be reserved for decision on a full evidentiary record.

Carver's betterment/depreciation defense turns on fact-bound predicates—whether the repairs enhanced value or extended useful life beyond what existed pre-casualty, and whether the claimed repair costs therefore include a nonrecoverable betterment component. Rather than leaving those predicates to adjudication on a merits record, the Order resolves them as established truths, concluding that "repairs to Span 4 could not have extended the useful life of the entire bridge," that the unaffected portions' "life expectancy is no different after the incident than it was before," and that "repairing one span of the bridge cannot conceivably extend the life of the entire structure." These findings are all ultimate factual conclusions that go to the merits of the depreciation/betterment issue. The practical effect is to grant Belt Line partial judgment on the issue without the benefit of a full evidentiary record. Carver should be entitled to prove up its depreciation defense at trial on a full record. Accordingly, the Order should be vacated and depreciation should apply in the case. Alternatively, a ruling on whether depreciation should apply should be reserved for post-trial after the evidentiary record is established.

### C. The Order should also be vacated as contrary to law.

If Rule 72(a) applies, the Court should still vacate the order as contrary to law. In particular, the Court found that "*BP Exploration & Oil, Inc.* and *Marlin* are not inconsistent" and then applied the purported rule from *BP Exploration & Oil* to hold that depreciation does not apply in this instance. However, the Magistrate Judge ignored a critical part of the rule from the District of New Jersey case: "To the extent that the damage is to an integral part of the dock facility ***and the repairs will not enhance the value of the dock facility***, there is to be no depreciation for the individual pieces." 147 F. Supp. 2d 333, 341 (D.N.J. 2001) (emphasis added). The Magistrate Judge made no findings—nor did it discuss—whether a complete overhaul to Span 4 of the bridge,

4

as happened here, would "enhance the value" of the bridge. Common sense says it does, particularly where the evidentiary record clearly establishes that Belt Line used newer, stronger steel, *completely replaced* the rails and ties on the Western portion of the bridge (adding another 20-30 years of life to the rails/ties) and added improvements like electrical conduit that never existed before. These types of enhancements go beyond restoring the bridge to its precasualty condition and Carver should be allowed to enter evidence on these issues.

Importantly, the Magistrate Judge never engaged any type of analysis on whether the repairs and brand-new rails/ties enhanced the value of the bridge and, instead, focused solely on the conclusory finding that the repairs did not extend the life of the bridge. The Order thus does not comport with *BP Exploration* on which it is purportedly founded and thus it is contrary to law. The Order should be vacated, depreciation should apply, or, a ruling reserved until post-trial on a full evidentiary record.

**IV. Conclusion**.

Coeymans Marine Towing LLC d/b/a Carver Marine Towing respectfully objects to the Order granting Belt Line's MIL No. 3 (ECF 175) and, for the reasons stated, respectfully requests that the District Judge vacate the orders, rule that depreciation applies to the claimed damages, or, alternatively, vacate the order and reserve ruling on the issue until after the close of evidence.

Respectfully submitted,

Dated: February 20, 2026

**CLYDE & CO US LLP**

By: /s/ *Matthew J. Obiala*
Matthew J. Obiala (VSB No, 100626)
Clyde & Co US LLP
30 South Wacker Drive, Suite 2600
Chicago, IL 60606

Tel: 312-635-7000
Email: matt.obiala@clydeco.us;

James H. Rodgers*
Clyde & Co US LLP
2 Grand Central Tower
140 e 45th Steet Suite 26A
New York, NY 10017
Phone: (212) 702-6771
Email: james.rodgers@clydeco.us

Michael J. Roman*
Dawn L. Johnson
Siobhan M. Murphy*
Clyde & Co US LLP
30 South Wacker Drive, Suite 2600
Chicago, IL 60606
Phone: (312) 635-7000
Email: michael.roman@clydeco.us
dawn.johnson@clydeco.us
Siobhan.murphy@clydeco.us

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2026, a true and correct copy of the foregoing document was filed using the Court's CM/ECF system, which will serve all counsel of record by electronic mail as follows:

Mark C. Nanavati, Esq. (VSB No.: 38709)
G. Christopher Jones, Jr., Esq. (VSB No.: 82260)
SINNOT, NUCKOLS & LOGAN, P.C.
13811 Village Mill Drive
Midlothian, Virginia 23114
(804) 893-3866 (Nanavati)
(804) 893-3862 (Jones)
(804) 378-2610 (Facsimile)
mnanavati@snllaw.com
cjones@snllaw.com
*Counsel for Evanston Insurance Company a/s/o Norfolk and Portsmouth Belt Line Railroad Company*

James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Mackenzie R. Pensyl VSB No. 100012
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
mpensyl@cwm-law.com
*Attorneys for Norfolk and Portsmouth Belt Line Railroad Company*

Zachary M. Jett, Esq. (VSB #93285)
BUTLER WEIHMULLER KATZ, et al
11525 North Community House Road
Suite 300
Charlotte, North Carolina 28277
(704) 543-2321 (Telephone)
(704) 543-2324 (Facsimile)
zjett@butler.legal
*Counsel for Evanston Insurance Company, a/s/o Norfolk and Portsmouth Belt Line Railroad Company*

*/s/ Harold L. Cohen*