IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division
In Admiralty

| | |
|---|---|
| In the Matter of COEYMANS MARINE TOWING, LLC D/B/A CARVER MARINE TOWING as Owner and Operator of M/V Mackenzie Rose, (IMO No. 8968765), *et al.* | Civil Action No: 2:24-cv-00490-MDS-LRL |

**CARVER'S OBJECTION TO THE MAGISTRATE'S
RULING ON BELT LINE'S GRANT MONEY RECORDS**

Petitioner, Coeymans Marine Towing LLC d/b/a Carver Marine Towing ("Carver"), by counsel, pursuant to Federal Rule of Civil Procedure 72, respectfully objects to Magistrate Judge Leonard's Ruling dated February 12, 2026,[1] which sustained the Belt Line's objections on Carver's offering as evidence for trial documents received from the Virginia Department of Rail & Public Transportation (*see* ECF No. 178 at 35) regarding grant money used for the repairs, as follows:

**INTRODUCTION**

In discovery, Carver requested that Belt Line produce all evidence of its claimed damages, including records of payment for the repairs made after the allision. Belt Line's production included documents indicating it used grant money from the State of Virginia for some of the repairs, but the amounts were unclear. Belt Line's President confirmed in deposition that Belt Line used grant money for the repairs after it received its $10M from Evanston Insurance, but he also could not recall the amounts. Given Belt parties' the contentious discovery history, Carver issued a FOIA request directly to Virginia for the payment records. It received a ~7,300-page response,

---

[1] Filed on the docket on February 13, 2026.

which are records that Belt Line has access to and should have been produced in discovery. Thus far, Carver has identified at least $284,346.10 of engineering charges that the State paid for and which Belt Line is likely to request as damages at trial. **Exhibit A.**

Belt Line payment history is relevant to its request for prejudgment interest on any award it might obtain at trial. The State payment records bear on that issue and thus are relevant. Belt Line should not be able to claim surprise or prejudice for failing to produce its own records during discovery. At the very least, the records should be available for use as impeachment evidence if Belt Line's President cannot recall facts at trial on the grant money issue, as was the case during his discovery deposition. The Magistrate Judge's ruling should thus be overruled or at least vacated and a ruling reserved until trial.

## LEGAL STANDARD

"Rule 72(a) of the Federal Rules of Civil Procedure allows a magistrate judge to hear and decide non-dispositive motions" while "Rule 72(b) provides that a magistrate judge can make only recommendations as to dispositive motions and that the district judge, upon *de novo* review, makes the final decision." *Walgreen Co. v. United States DEA,* 913 F.Supp.2d 243, 247 (E.D. Va. 2012). Although motions *in limine* are often treated as non-dispositive, courts "reach commonsense decisions rather than becoming mired in a game of labels" when determining whether a matter is dispositive or non-dispositive. *Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12-CV-525, 2015 WL 846012, at *5 (E.D. Va. Feb. 25, 2015), *aff'd sub nom. Intelligent Verification Sys., LLC v. Majesco Ent. Co*., 628 F. App'x 767 (Fed. Cir. 2016) (citation omitted). A matter may be dispositive when it is "dispositive of a party's claim or defense," including where it necessarily forces a party to reject defenses relied upon the litigation. *Id*. at *5. "A district judge ultimately determines the categorization of a matter as dispositive or non-dispositive by the standard of

review applied to the magistrate judge's decision, notwithstanding whether the magistrate judge handled the matter entirely or only recommended findings of fact and conclusions of law." *Id*. at \*5 (citation omitted).

## ARGUMENT

### I. The grant money records are relevant to the issue of prejudgment interest.

Belt Line objected to the use of the Virginia FOIA records based on collateral source and that it had not received its own records from Carver in discovery. The Magistrate Judge sustained those objections. ECF 178 at 35. Notwithstanding the collateral source rule and whether Carver is entitled to a set off, the payment records are relevant to the issue of prejudgment issue and should be admissible at trial.

Though prejudgment interest in admiralty actions is generally the rule rather than the exception, "the Court has discretion with regard to the interest rate and the date when interest begins to accrue." *World Fuel Servs. Trading, DMCC v. M/V Hebei Shijiazhuang*, 12 F. Supp. 3d 810, 813 (E.D. Va. 2014) (citing *Norfolk S. Ry. Co. v. Moran Towing Corp.,* 718 F. Supp. 2d 658, 663 (E.D. Va. 2010); see also *Norfolk & Portsmouth Belt Line R.R. Co. v. M/V MARLIN*, No. 2:08cv134, 2009 AMC 2465, 2009 U.S. Dist. LEXIS 104327, at \*43-44 (E.D. Va. Oct. 9, 2009) ("A trial court's broad discretion 'over awards of prejudgment interest extends to its determinations of when interest begins.'") (quoting *Indep. Bulk Transp., Inc. v. Vessel Morania Abaco*, 676 F.2d 23, 25 (2d Cir. 1982)). The purpose of prejudgment interest is for "compensation for the use of funds to which the claimant was rightfully entitled." *U.S. Fire Ins. Co. v. Allied Towing Corp*., 966 F.2d 820, 828 (4th Cir. 1992). Thus, the Court may "elect to start the accrual of interest . . . 'from the date the damaged party loses the use of its funds, e.g., from the time expenditures were actually made.'" *Norfolk & Portsmouth Belt Line R.R. Co.* at \*43-44.

Here, the record establishes that Belt Line received $10M from its insurer in or around February 2025, then expended the State's grant money for certain repairs, and only used its own money after those third-party sources were exhausted. The timing of when Belt Line's own funds were used bears on if and when interest accrues, and the FOIA records bear directly on that issue. The Magistrate Judge's order barring the FOIA records should thus be overruled.

**II.     Belt Line cannot be prejudiced by receiving its own records and, at the very least, the FOIA records should be admissible for impeachment as necessary.**

The records at issue are Belt Line's own documents that it did not produce in discovery. The purpose of disclosure under Rule 37(c)(1) is "preventing surprise and prejudice to the opposing party." *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003). Belt Line cannot be surprised by its own records evidencing when the State paid its damages, and any late disclosure on Carver's part is harmless. At the very least, the records should be admissible for impeachment purposes if Belt Line's witness claim inability to recollect the specifics of payments for repairs during trial. See Fed. R. Civ. P. 26(a)(1)(A)(ii).

## CONCLUSION

For the foregoing reasons, Carver respectfully objects to the Magistrate Judge Ruling sustaining the Belt Line's objections to Carver's offering as evidence for trial documents received in response to subpoena issues to the VA DRPT evidencing state grants received by Belt Line, or, alternatively, vacating the ruling and reserving ruling on the issue until after the close of evidence.

Respectfully submitted,

Dated: February 26, 2026                     **CLYDE & CO US LLP**

By: /s/ *Matthew J. Obiala*
Matthew J. Obiala (VSB 100626)

4

                         Michael J. Roman*
                         Siobhan M. Murphy*
                         Dawn L. Johnson*
                         Clyde & Co US LLP
                         30 South Wacker Drive, Suite 2600
                         Chicago, IL 60606
                         Phone: (312) 635-7000
                         Email: michael.roman@clydeco.us
                                    matt.obiala@clydeco.us
                                    dawn.johnson@clydeco.us
                                    Siobhan.murphy@clydeco.us

                         James H. Rodgers*
                         Clyde & Co US LLP
                         2 Grand Central Tower
                         140 E 45th Street, Suite 26A
                         New York, New York 10017
                         Phone: (212) 702-6771
                         Email: james.rodgers@clydeco.us


                         *Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2026, a true and correct copy of the foregoing document was filed using the Court's CM/ECF system, which will serve all counsel of record by electronic mail as follows:

Mark C. Nanavati, Esq. (VSB No.: 38709)
G. Christopher Jones, Jr., Esq. (VSB No.: 82260)
SINNOT, NUCKOLS & LOGAN, P.C.
13811 Village Mill Drive
Midlothian, Virginia 23114
(804) 893-3866 (Nanavati)
(804) 893-3862 (Jones)
(804) 378-2610 (Facsimile)
mnanavati@snllaw.com
cjones@snllaw.com
*Counsel for Evanston Insurance Company a/s/o Norfolk and Portsmouth Belt Line Railroad Company*

James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Mackenzie R. Pensyl VSB No. 100012
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
mpensyl@cwm-law.com
*Attorneys for Norfolk and Portsmouth Belt Line Railroad Company*

Zachary M. Jett, Esq. (VSB #93285)
BUTLER WEIHMULLER KATZ, et al
11525 North Community House Road
Suite 300
Charlotte, North Carolina 28277
(704) 543-2321 (Telephone)
(704) 543-2324 (Facsimile)
zjett@butler.legal
*Counsel for Evanston Insurance Company, a/s/o Norfolk and Portsmouth Belt Line Railroad Company*

                                                */s/ Matthew J. Obiala*