IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division
In Admiralty

In the Matter of COEYMANS MARINE TOWING, LLC D/B/A CARVER MARINE TOWING as Owner and Operator of M/T Mackenzie Rose, (IMO No. 8968765), *et al*.

Civil Action No. 2:24-cv-00490-MSD-LRL

**CARVER'S RESPONSE TO BELT LINE'S OBJECTION (ECF 188) TO THE MAGISTRATE JUDGE'S RULING ON MIL #3 (ECF 175)**

Petitioner Coeymans Marine Towing LLC d/b/a Carver Marine Towing ("Carver") submits this Response in Opposition to Norfolk & Portsmouth Belt Line Railroad Company's ("Belt Line") Limited Objection (ECF 188) to the Magistrate Judge's Order granting Belt Line's Motion in Limine #3 (ECF 175). The Objection should be overruled.

**I.      INTRODUCTION**

Belt Line makes a "limited objection" to the Magistrate Judge's conclusion that Carver did not violate Rule 26(a)(2)(B) by disclosing R.L. Banks & Associates' ("RLBA") non-depreciation opinions as collective opinions jointly held by both report co-authors. Those opinions are aimed at Yardmaster and Train & Engine labor costs that Belt Line categorizes as "repair damages," plus an "additive rate" of 185% to 285% that Belt Line tacks on to the direct costs to inflate their claimed damages. Other courts have rejected such efforts as "patently unreasonable" in similar cases. See, *e.g.*, *In re Matteson Marine Serv.,* No. 08-cv-4023, 2011 U.S. Dist. LEXIS 75168, at *58 (C.D. Ill. July 13, 2011).

Belt Line's objection adds nothing new to the parties' original briefing. The Magistrate Judge correctly found that Rule 26(a)(2)(B) does not bar collectively held opinions like those at

issue. Belt Line simply seeks a ruling stating each author holds different opinions, as it attempted to argue in prior briefing, which is not the case. The objection should be overruled.

## II.   LEGAL STANDARD

To set aside the order under Rule 72(a), Belt Line must establish that the Magistrate Judge's ruling is "clearly erroneous or is contrary to law." *Tafas v. Dudas*, 530 F. Supp. 2d 786, 792 (E.D. Va. 2008). Clear error occurs when, "although there is evidence to support it, the [district] court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Wall v. Rasnick*, 42 F.4th 214, 220 (4th Cir. 2022) (quotation omitted) (reviewing a Magistrate Judge's decision). A magistrate judge's order stands "contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *In re Eli Lilly & Co.*, 580 F. Supp. 334, 337 (E.D. Va. 2022) (quotation omitted).

## III.   ARGUMENT

### A.  The Magistrate Judge's Rule 26 ruling is not "contrary to law"

The Magistrate Judge found no Rule 26(a)(2)(B) violation "simply because Carver disclosed the opinions as jointly held by both experts," explaining that if both experts in fact hold each opinion, joint disclosure "sufficiently apprises" Belt Line. ECF 175.  That is a straightforward application of Rule 26(a)(2)(B) to the disclosure Carver made.  Carver's opposition brief to the original motion *in limine* squarely presented this point: the RL Banks report states they are collective, thus no "separate opinions" require attribution.  Belt Line's objection here simply attempts to portray the opinions as separate ones and adds nothing new to the argument.

Belt Line's own lead case—*MS Amlin*—affirms that co-authored reports "make sense when both experts reviewed the same materials, and working together, came to the same conclusions."

2

348 F.R.D. 658, 679 (W.D. Wash. 2025). The Magistrate Judge correctly found this applies here and Belt Line's objection should be overruled.

### B. The Scrap Steel Credit issue affirms why PCL Invoice No. 5524004-014 should be barred from evidence entirely.

Belt Line takes issue with RL Banks' underlying "assumptions" regarding a scrap steel credit and argues that RL Banks' opinion "is simply incorrect." ECF 188 at 6. Notably, Belt Line relies on its expert's *rebuttal* report disclosed on August 22, 2025, which cites to a $1,467.04 line item in PCL invoice 5524004-014 (the "PCL Invoice") that its expert apparently relied on in "correcting" RL Banks. As Carver noted in its Objection to the Magistrate's Ruling on Exhibit 105 (ECF 193), the PCL Invoice was never disclosed to Carver until September 3, 2025, well after the July 29, 2025 discovery cutoff and after RL Banks' opinions were due. Belt Line now attempts to discredit RL Banks by using information RL Banks never had access to because of Belt Line's late disclosure. That is wholly improper and illustrative of why Belt Line's discovery violations prejudice Carver and the PCL Invoice should be barred from evidence entirely. Carver respectfully incorporates its Objection to the PCL Invoice here. ECF 193.

Regardless of those issues, the Magistrate Judge correctly found that Belt Line's arguments as to RL Banks' opinions regarding the scrap steel bear on the weight, not admissibility, of the opinions. Clearly RL Banks' review of the record to which they had access was correct—there was no "scrap steel credit" in the documents Belt Line actually timely produced. RL Banks thus used its experience and knowledge to opine that at least a portion of the invoices were unreasonable or not recoverable. To the extent Belt Line can show that a lower amount is unrecoverable, they can do so on cross-examination as the Magistrate Judge contemplated.

### C. Opinions regarding the "patently unreasonable" labor charges are squarely within RL Banks' expertise.

Belt Line again attempts to argue that RL Banks' collective opinions on the labor charges require separate attribution which, for reasons stated, misconstrues Rule 26. Moving from there, Belt Line attempts to discredit RL Banks' by claiming it is "unknown" why RL Banks opines that overhead (*i.e.*, Belt Line's "additive rates") "are costs incurred by the Belt Line whether the bridge allision occurred or not and are not appropriate in the context of a damages claim." ECF 188 at 7. These are arguments that bear on the weight, not admissibility, of the opinions and thus the Magistrate Judge's ruling is correct.

Moreover, Belt Line's arguments cherry-pick statements from RL Banks' report and ignore its substance. As RL Banks explained, the additive rates are unrecoverable and are unrelated to the allision because "the majority, if not all, of an additive rate is fixed costs like insurance, building leases or ownership costs, benefits, etc." Report at ¶70. This is precisely the type of expert opinion courts rely upon in determining that "additive rates" on labor charges upwards of 285% are "patently unreasonable" and do not reflect actual costs incurred because of property damage. See *In Re Matteson Marine Serv.*, 2012 U.S. Dist. LEXIS 18688 at ¶28 (An expert "testified credibly that many of the components included in these overhead costs were fixed costs that BNSF would have incurred regardless of the damaged bridge. That is, most of the overhead does not reflect any costs related to the accident itself, and BNSF did not otherwise prove that the accident caused these fixed costs to increase"). As to the Yardmaster pay, RL Banks explained that typically yardmasters are "in charge of coordinating train movements in a yard and its surrounding area." Report at ¶75. That comports with Belt Line's Superintendent's admission that yardmasters work in a single yard, regardless of the number of trains that Yardmaster coordinators. Stated otherwise, "it's hard to understand how the entire burden of a yardmasters full wages could be justifiably claims as

4

damages due to the allision" when Belt Line would have employed a yardmaster in that yard anyhow. And RL Banks clearly identified that such unrelated and unrecoverable costs include "ancillary charges in connection with vacation and off-assignment [that] are included" in Belt Line's claimed damages. *Id.* at 75. These opinions are directly supported by Belt Line's own damages documents, which indicate that Belt Line will be asking the Court to order Carver to pay at least $14,007.49 for its Yardmasters to take vacation:

| EMP_NBR | FULL_NAME | LOCAL_DT | Y_ASGN_D | ASGN_SUB | ASGN_BOA | ASGN_CRE | Y_ASGN_CR | TRAIN | COT_CD | OT_CD_DES | AMT |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 670579 | | 01-Jul-24 | NP | YM | NN | YY10 | YA | | V1 | VACATION | 367.17 |
| 670579 | | 02-Jul-24 | NP | YM | NN | YY10 | YA | | V1 | VACATION | 367.17 |
| 670579 | | 03-Jul-24 | NP | YM | NN | YY10 | YA | | V1 | VACATION | 367.17 |
| 670579 | | 05-Jul-24 | NP | YM | NN | YY10 | YA | | V1 | VACATION | 367.17 |
| 670579 | | 24-Jul-24 | NP | YM | NN | YY10 | YA | | V1 | VACATION | 367.17 |
| 349524 | | 01-Aug-24 | NP | YM | NN | YY20 | YA | | V1 | VACATION | 379.83 |
| 670579 | | 23-Sep-24 | NP | YM | NN | YY10 | YA | | V1 | VACATION | 367.17 |
| 670579 | | 26-Sep-24 | NP | YM | NN | YY10 | YA | | V1 | VACATION | 367.17 |
| 670579 | | 13-Nov-24 | NP | YM | NN | YY10 | YA | | V1 | VACATION | 367.21 |
| 670579 | | 09-Dec-24 | NP | YM | NN | YY10 | YA | | V1 | VACATION | 367.17 |
| 670579 | | 10-Dec-24 | NP | YM | NN | YY10 | YA | | V1 | VACATION | 367.17 |
| 670579 | | 11-Dec-24 | NP | YM | NN | YY10 | YA | | V1 | VACATION | 367.17 |
| 670579 | | 12-Dec-24 | NP | YM | NN | YY10 | YA | | V1 | VACATION | 367.17 |
| 670579 | | 13-Dec-24 | NP | YM | NN | YY10 | YA | | V1 | VACATION | 367.21 |
| 670579 | | 16-Dec-24 | NP | YM | NN | YY10 | YA | | V1 | VACATION | 367.17 |
| 670579 | | 17-Dec-24 | NP | YM | NN | YY10 | YA | | V1 | VACATION | 367.17 |
| 670579 | | 18-Dec-24 | NP | YM | NN | YY10 | YA | | V1 | VACATION | 367.17 |
| 670579 | | 19-Dec-24 | NP | YM | NN | YY10 | YA | | V1 | VACATION | 367.17 |
| 670579 | | 20-Dec-24 | NP | YM | NN | YY10 | YA | | V1 | VACATION | 367.21 |
| 670579 | | 23-Dec-24 | NP | YM | NN | YY10 | YA | | V1 | VACATION | 367.17 |
| 670579 | | 26-Dec-24 | NP | YM | NN | YY10 | YA | | V1 | VACATION | 367.17 |
| 670579 | | 27-Dec-24 | NP | YM | NN | YY10 | YA | | V1 | VACATION | 367.17 |
| 670579 | | 30-Dec-24 | NP | YM | NN | YY10 | YA | | V1 | VACATION | 367.17 |
| 1002149 | | 06-Jul-24 | NP | YM | NN | YY10 | YA | | VC | VACATION | 250.24 |
| 1002149 | | 07-Jul-24 | NP | YM | NN | YY10 | YA | | VC | VACATION | 250.21 |
| 1002149 | | 08-Jul-24 | NP | YM | NN | YY10 | YA | | VC | VACATION | 250.21 |
| 1002149 | | 09-Jul-24 | NP | YM | NN | YY10 | YA | | VC | VACATION | 250.21 |
| 1002149 | | 10-Jul-24 | NP | YM | NN | YY10 | YA | | VC | VACATION | 250.21 |
| 1002149 | | 11-Jul-24 | NP | YM | NN | YY10 | YA | | VC | VACATION | 250.21 |
| 1002149 | | 12-Jul-24 | NP | YM | NN | YY10 | YA | | VC | VACATION | 250.21 |
| 349524 | | 19-Aug-24 | NP | YM | NN | YY20 | YA | | VC | VACATION | 271.35 |
| 349524 | | 20-Aug-24 | NP | YM | NN | YY20 | YA | | VC | VACATION | 271.3 |
| 349524 | | 21-Aug-24 | NP | YM | NN | YY20 | YA | | VC | VACATION | 271.3 |
| 349524 | | 22-Aug-24 | NP | YM | NN | YY20 | YA | | VC | VACATION | 271.3 |
| 349524 | | 23-Aug-24 | NP | YM | NN | YY20 | YA | | VC | VACATION | 271.3 |
| 349524 | | 24-Aug-24 | NP | YM | NN | YY20 | YA | | VC | VACATION | 271.3 |
| 349524 | | 25-Aug-24 | NP | YM | NN | YY20 | YA | | VC | VACATION | 271.3 |
| 349524 | | 15-Dec-24 | NP | YM | NN | YY10 | YA | | VC | VACATION | 271.35 |
| 349524 | | 16-Dec-24 | NP | YM | NN | YY10 | YA | | VC | VACATION | 271.3 |
| 349524 | | 17-Dec-24 | NP | YM | NN | YY10 | YA | | VC | VACATION | 271.3 |
| 349524 | | 18-Dec-24 | NP | YM | NN | YY10 | YA | | VC | VACATION | 271.3 |
| 349524 | | 19-Dec-24 | NP | YM | NN | YY10 | YA | | VC | VACATION | 271.3 |
| 349524 | | 20-Dec-24 | NP | YM | NN | YY10 | YA | | VC | VACATION | 271.3 |
| 349524 | | 21-Dec-24 | NP | YM | NN | YY10 | YA | | VC | VACATION | 271.3 |

The amount of vacation pay included in the Yardmaster sheet, alone, infers that Belt Line simply included its full amount of employee pay that it would have incurred notwithstanding the allision to the bridge.

Importantly, "damages are not presumed, nor may they be based on speculation, but they must be proven, and [Belt Line] bears the burden of proof to show the amount, as well as the fact of damages." *Filkins v. McAllister Bros, Inc.*, 695 F.Supp. 845, 854 (E.D. Va. 1988) (citing *Pizani v. M/V Cotton Blossom*, 669 F.2d 1084, 1088 (5th Cir. 1982)). If Belt Line is able to sustain a motion directed verdict on the patently unreasonable additive rates and other labor charges, which as of now appear unrelated and included only to inflate their damages for leverage, RL Banks' expert opinions on the issue will assist the trier fact in Carver's defense of the unrelated charges. The Magistrate Judge's order correctly held these opinions are admissible and Belt Line's objection should be overruled.

### IV. CONCLUSION

For the foregoing reasons, Petitioner Coeymans Marine Towing LLC d/b/a Carver Marine Towing respectfully requests that the Court overrule Norfolk and Portsmouth Belt Line Railroad Company's objection to ECF 188 and award all other relief in favor of Petitioner as the Court deems just and proper.

Respectfully submitted,

Dated: March 2, 2026 **COEYMANS MARINE TOWING LLC**

By: /s/ Matthew J. Obiala

James H. Rodgers*
Clyde & Co US LLP
2 Grand Central Tower
140 E 45th Street, Suite 26A

6

        New York, New York 10017
        Phone: (212) 702-6771
        Email: james.rodgers@clydeco.us

        Michael J. Roman*
        Matthew J. Obiala (VSB 100626)
        Siobhan M. Murphy*
        Clyde & Co US LLP
        30 South Wacker Drive, Suite 2600
        Chicago, IL 60606
        Phone: (312) 635-7000
        Email: michael.roman@clydeco.us
                matt.obiala@clydeco.us
                Siobhan.murphy@clydeco.us

**CERTIFICATE OF SERVICE**

        I hereby certify that on March 2, 2026, a true and correct copy of the foregoing document was filed using the Court's CM/ECF system, which will serve all counsel of record by electronic mail as follows:

Mark C. Nanavati, Esq. (VSB No.: 38709)
G. Christopher Jones, Jr., Esq. (VSB No.: 82260)
SINNOT, NUCKOLS & LOGAN, P.C.
13811 Village Mill Drive
Midlothian, Virginia 23114
(804) 893-3866 (Nanavati)
(804) 893-3862 (Jones)
(804) 378-2610 (Facsimile)
mnanavati@snllaw.com
cjones@snllaw.com
*Counsel for Evanston Insurance Company a/s/o Norfolk and Portsmouth Belt Line Railroad Company*

James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Mackenzie R. Pensyl VSB No. 100012
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
mpensyl@cwm-law.com
*Attorneys for Norfolk and Portsmouth Belt Line Railroad Company*

Zachary M. Jett, Esq. (VSB #93285)
BUTLER WEIHMULLER KATZ, et al
11525 North Community House Road
Suite 300
Charlotte, North Carolina 28277
(704) 543-2321 (Telephone)
(704) 543-2324 (Facsimile)
zjett@butler.legal
*Counsel for Evanston Insurance Company, a/s/o Norfolk and Portsmouth Belt Line Railroad Company*

                                       */s/ Matthew J. Obiala*