IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division
In Admiralty

| | |
|---|---|
| In the Matter of COEYMANS MARINE TOWING, LLC D/B/A CARVER MARINE TOWING as Owner and Operator of M/T Mackenzie Rose, (IMO No. 8968765), *et al*. | Civil Action No. 2:24-cv-00490-MSD-LRL |

**NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY'S OPPOSITION TO CARVER'S RULE 72 OBJECTION TO THE MAGISTRATE'S ORDER (ECF 174) EXCLUDING OPINIONS OF SAM STEPHENSON**

Norfolk and Portsmouth Belt Line Railroad Company ("Belt Line"), by counsel, for its Opposition to the Rule 72 Objection filed by Petitioner Coeymans Marine Towing, LLC d/b/a Carver Marine Towing's ("Carver") (ECF 189) to the Magistrate's Order at ECF 174, states as follows:

### Introduction

On September 25, 2025, the Belt Line filed its Second Motion in Limine challenging the opinion of Captain Sam Stephenson, Carver's proposed expert witness. The Belt Line's Motion centered on Opinion 4 in Stephenson's report. In his fourth opinion, Stephenson concludes "The evidence clearly establishes that Mate Morrisey' initial statement the autopilot malfunctioned was false." *See* ECF 124-2 at 17. The Motion challenged the opinion on grounds that 1) Stephenson improperly opined as to the credibility of a witness, and 2) Stephenson improperly relied on inadmissible Coast Guard investigative materials in making his determination. *See* ECF 124.

On February 6, 2026, the Magistrate Judge agreed, granting the Belt Line's Second Motion in Limine and excluding Stephenson's Opinion 4 on grounds that Stephenson improperly assessed

1

Morrissey's credibility and relied on inadmissible investigative materials under 46 U.S.C. § 6308. *Id*. at 7.[1]

On February 20, 2026, Carver filed an objection to the Magistrate's Order under Fed. R. Civ. P. 72(a). *See* ECF 189. Carver objects on two grounds: 1) Stephenson examined sufficient evidence to form his opinions based on his experience and 2) Stephenson's Opinion 4 is not based on Coast Guard investigative materials. Neither argument is valid. Carver's Objection does not (and cannot) transform Opinion 4 into a permissible expert opinion. Nor does it overcome the statutory exclusion of Coast Guard investigative materials in civil actions. The Order is supported by the record and the Objection should be overruled.

## Standard of Review

Where a Magistrate Judge issues an order under Rule 72(a), a party may serve and file an objection to the order within 14 days of being served with a copy. *See* Fed. R. Civ. P. 72(a). The United States District Judge may only "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id*. "A finding is 'clearly erroneous' only 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *In re Subpoena for Documents Issued to Peninsula Pathology Assocs.*, 2023 U.S. Dist. LEXIS 171595 at *2 (E.D. Va. 2023) (internal citations omitted). "A ruling is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Id*. at 2 (internal citations omitted).

---

[1] In a separate ruling, the Magistrate Judge also excluded all parts "of the Coast Guard's investigation of the allision — including the CG 2692 Forms and witness interview transcripts," holding that they may not be "introduced as evidence, referenced, or relied upon by expert opinions in this case." ECF 169 at 9.

2

**Argument**

I.  **The Magistrate Judge correctly excluded Stephenson's Opinion 4 as an impermissible credibility assessment.**

It is well established that experts are not permitted to opine on the credibility of witnesses; that role is reserved for the factfinder. *See United States v. Cecil*, 836 F.2d 1431 (4th Cir. 1998). Here, Stephenson's Opinion 4 is precisely what the law forbids: a credibility determination that "Mate Morrissey's initial statement that the autopilot malfunctioned was false." ECF 124-2 at 7.

The Magistrate Judge properly held that "by concluding that Morrissey 'lied' or that his initial statement was false, Stephenson makes a credibility assessment that exceeds the bounds of his permitted analysis as an expert witness." *See* ECF 174 at 7.

Carver does not object to the Magistrate's finding that credibility determinations are reserved for the fact finder. *See* ECF 189 at 9. Instead, Carver recasts Opinion 4 as an experiential "inference" that Morrissey's statement "could not be relied upon." *See* ECF 189 at 6. But that is not Stephenson's opinion. Opinion 4 states definitively that Morrissey's initial statement "was false." *See* 124-2 at 34. Relabeling a credibility assessment as expertise does not cure the defect and fails to demonstrate that the Magistrate's ruling was clearly erroneous.

Further, Carver asserts that Opinion 4 is based on Stephenson's "review of over seventy (70) pieces of evidence." ECF 189 at 10. Yet, Stephenson himself states that Opinion 4 is "based on the incident report entry, the USCG 2692 form, and the text message." *See* 124-2 at 32. The only other evidence cited in this section of his report is two Master Daily Logs written by Captain Miller, neither of which is cited as a basis for the opinion.[2]

---

[2]   Carver also mischaracterizes Opinion 4 in an attempt to align the opinion with the Magistrate Judge's footnote 6 (finding that the Court does not hold that "Stephenson may not offer opinions directly based on the facts"). *See* ECF 174, n. 6. However, Carver's cherry-picked language from Stephenson's report does not alter Opinion 4 and cannot cure the defect that Opinion

3

Because Carver cannot meet its burden to show the Magistrate's finding that Opinion 4 is an impermissible credibility opinion was clearly erroneous, the Objection should be overruled.

**II.    The Magistrate Judge correctly held that Opinion 4 relies on inadmissible Coast Guard investigative materials.**

The Magistrate Judge correctly found that Opinion 4 "impermissibly relies on Coast Guard investigative materials, including CG-2692 Form and witness transcripts." *See* ECF 174 at 7. Carver objects to this finding on grounds that Opinion 4 is not based on Coast Guard documents but Carver's own documents. This argument is simply an attempt to use Stephenson as a conduit for introducing information excluded by law.

**a.   CG-2692 Forms are Coast Guard forms excluded by 46 U.S.C. § 6308.**

Carver argues that the Coast Guard 2692 forms (that this Court has twice found inadmissible) are not actually Coast Guard investigative materials but are Carver's own records. This argument defies credulity. The CG-2692 Form is titled "U.S. Coast Guard REPORT of MARINE CASUALTY, COMMERCIAL DIVING CASUALTY, or OCS-RELATED CASUALTY." In other words, the 2692 is a Coast Guard form by design and title. While Carver was obligated by statute to complete the form and provide it to the Coast Guard, it only did so incident to the investigation by the Coast Guard into the hit-and-run casualty.

The Objection then reiterates Carver's arguments in response to the Belt Line's First Motion in Limine (ECF 114) and the Magistrate Judge's Order granting the same (ECF 169), which excluded any portion of the Coast Guard's investigation as evidence pursuant to 46 U.S.C. § 6308.[3]

---

4 is an impermissible credibility opinion based on materials Stephenson was barred from considering.

[3]   In the interest of judicial economy, the Belt Line's argument regarding the CG 2692 forms and 46 U.S.C. § 6308 is more fully briefed in the Belt Line's Motion to Preclude the CG-2692 Forms (ECF 114), and its Reply in Support of the same (ECF 141), as well as its Response to Carver's Objection to the Magistrate's Order ECF 169.

These issues have been fully briefed by the parties and decided by this Court. The statutory language, as well as language of the 2692 form itself, makes clear that no portion of the Coast Guard's investigation may be used as evidence in civil litigation. *See* 46 U.S.C. § 6308(a); *see also* ECF 174 at 8. Carver's assertion that these forms are its own internal records cannot circumvent the statutory exclusion of 46 U.S.C. § 6308(a).

### b. Opinion 4 is based on an impermissible reference to Morrissey's Coast Guard witness interview.

Carver's only other objection, that Stephenson could not have relied on witness interviews in his opinion because the Coast Guard had not yet released the transcripts, is inaccurate and unsupported. Opinion 4 is expressly based on three things: 1) the incident report logged by Captain Miller, 2) the CG-2692 form, and 3) a text message from Brian Moore describing Mate Morrissey's Coast Guard witness interview statement. *See* ECF 124-2 at 29 & 30. Opinion 4 therefore directly relies on testimony from a Coast Guard witness interview.

The statute does not turn on whether the interview is summarized by a third-party (Moore) in a text message or transcribed by a court reporter; it bars the use of Coast Guard investigative material in "any form" as evidence in civil litigation. 46 U.S.C. § 6308(a). Stephenson bases his Opinion 4 on a text message in which Brian Moore purports to recount the testimony of Mate Morrissey to the Coast Guard during its investigation. *See* ECF 124-2 at 30. The fact that Stephenson did not rely on a transcript released by the Coast Guard is immaterial. Any expert opinion relying on a text message purporting to summarize a Coast Guard Witness Interview would contravene 46 U.S.C. § 6308(a) and must be excluded.

### Conclusion

WHEREFORE, the Belt Line respectfully requests that this Court overrule Carver's Objection to the Magistrate Judge's Order (ECF 174) and grant the Belt Line all other just relief.

Dated: March 2, 2026

NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY

By: /s/ *James L. Chapman, IV*
James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Mackenzie R. Pensyl, VSB No. 100012
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
mpensyl@cwm-law.com
*Counsel for Norfolk and Portsmouth Belt Line Railroad Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of March 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all registered counsel of record, and mailed to:

James Morrissey
4723 Baywood Drive
Lynnhaven, FL 32444

By: */s/ James L. Chapman, IV*
James L. Chapman, IV, VSB No. 21983
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
*Counsel for Norfolk and Portsmouth Belt Line Railroad Company*