FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division
In Admiralty

| | |
|---|---|
| In the Matter of COEYMANS MARINE TOWING, LLC D/B/A CARVER MARINE TOWING as Owner and Operator of M/T Mackenzie Rose, (IMO No. 8968765), *et al*. | Civil Action No. 2:24-cv-00490-MSD-LRL |

**NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY'S OPPOSITION TO CARVER'S RULE 72 OBJECTION TO THE MAGISTRATE JUDGE'S ORDER (ECF 172) PRECLUDING TESTIMONY AND OPINONS OF JASON R. MEYERROSE**

Norfolk and Portsmouth Belt Line Railroad Company ("Belt Line"), by counsel, for its Opposition to Petitioner, Coeymans Marine Towing, LLC d/b/a Carver Marine Towing's ("Carver") Objection to the Magistrate Judge's Order at ECF 172, states as follows:

**Introduction**

Mr. Meyerrose's Expert Report fails to provide the basis and reasons for his valuation opinion, in violation of Rules 26(a)(2)(B) and F.R.E. 702.  Carver does not contend that Mr. Meyerrose's Report contains this information but, instead, argues that the deficiencies of the Report are somehow cured by Mr. Meyerrose's six-paragraph Affidavit of Valuation, which Carver claims reveals Mr. Meyerrose's "two-part methodology."  Carver is incorrect for three reasons.

First, Carver misquotes Mr. Meyerrose's Affidavit which, in fact, provides only one methodology: fair market valuation.  *See* ECF 3-1.  As pointed out by both Belt Line and the Magistrate Judge, Mr. Meyerrose's subsequent Rebuttal Report and Carver's Pleadings contradict this sworn statement, repeatedly stating that a fair market valuation of the M/T MACKENZIE ROSE is not possible.  *See e.g.*, ECF 138-2; ECF 156, pp. 7-10.

1

Second, even if Mr. Meyerrose's Affidavit did provide a second methodology, which it does not, the only supporting information Carver provides for this methodology comes from Mr. Meyerrose's Rebuttal Report, which not only falls short of the requirements of Rule 702 itself but cannot be used to cure Mr. Meyerrose's initial insufficient Expert Report. For these reasons, the Belt Line requests that the Court overrule Carver's Objection.

## Standard of Review

Where a Magistrate Judge issues an order under Rule 72(a), a party may serve and file with the clerk of court an objection to the order within 14 days of being served with a copy. *See* Fed. R. Civ. P. 72(a). The United States District Judge shall "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id*. A finding is "clearly erroneous" only "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Subpoena for Documents Issued to Peninsula Pathology Assocs.*, 2023 U.S. Dist. LEXIS 171595 at *2 (E.D. Va. 2023). "A ruling is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Id*. at 2 (internal citations omitted).

## Argument

I.  **Mr. Meyerrose's opinions regarding the value of the M/T MACKENZIE ROSE are unreliable and fail to comply with the requirements of Federal Rule of Evidence 702.**

Mr. Meyerrose's opinion regarding the value of the M/T MACKENZIE ROSE is unreliable, as he fails to provide any explanation at all for how he reached his conclusion. Under Rule 702, an expert opinion must (1) be "based on sufficient facts or data;" (2) be "the product of reliable principles and methods;" and (3) reflect "a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702. An expert opinion "must not be based on 'belief or speculation and inferences must be derived using other valid methods.'" *Small v.*

*WellDyne, Inc.*, 972 F.3d 169, 177 (4th Cir. 2019) (quoting *Oglesby v. General Motors Corp.*, 190 F.3d 244 (4th Cir. 1999)). "Without testing, supporting literature in the pertinent field, peer reviewed publications or some basis to assess the level of reliability, expert opinion testimony can easily, but improperly, devolve into nothing more than proclaiming an opinion is true 'because I say so.'" *Small v. WellDyne, Inc.*, 972 F.3d at 169; *see also Hambrick v. Ken-Bar Mfg. Co.*, 422 F. Supp. 2d 627, 633 (W.D. Va. 2002) ("Even when an expert is eminently qualified to opine on an issue, the expert must still actually *apply* a reliable methodology to the facts, drawing upon his specialized knowledge by testing the product or referring to expert literature, in order for his proffer to be admissible.").

Here, Mr. Meyerrose's Expert Report provides only a description of the M/T MACKENZIE ROSE and an estimated range of its value. *See* ECF 138-1. Mr. Meyerrose offers no testing, supporting literature, peer reviewed publication, or any basis whatsoever to support his valuation. *Id.* As such, Mr. Meyerrose's ipse dixit opinion regarding the value of the M/T MACKENZIE ROSE is unreliable under Rule 702.

**II.     Mr. Meyerrose's Affidavit of Valuation does not provide his methodology.**

Carver does not contend that Mr. Meyerrose's Expert Report complies with Rule 702 but, instead, argues that the deficiencies of the Report are cured by Mr. Meyerrose's Affidavit of Valuation, which, according to Carver, provides Mr. Meyerrose's "two-part methodology." *See* ECF 186, p. 5. Carver claims that Mr. Meyerrose's Affidavit states that he "examin[ed] [] the market and where there was none, provided a valuation based on the condition of the tug[.]" ECF 186, p. 5. Carver supports this claim with the following excerpt, which it claims is from Mr. Meyerrose's Affidavit:

> 3. I have been requested by counsel for the Petitioner to provide a fair market valuation of the M/T MACKENZIE ROSE as to June 15, 2024.
>
> 4. On June 25, 2024, at the request of Petitioner, I performed a General Condition and Suitability for Service Inspection Survey of the M/T MACKENZIE ROSE. . . .

ECF 186, p. 5.

The above, however, misquotes Mr. Meyerrose's Affidavit, adding a fictitious paragraph that refers to a Service Inspection Survey. In reality, Mr. Meyerrose's five-paragraph Affidavit[1] states in its entirety:

> AFFIDAVIT OF VALUATION OF VESSEL
>
> STATE OF NEW YORK )
> CITY OF AMITYVILLE )
>
> Jason R. Meyerrose, being duly sworn, deposes and says:
>
> 1. I am a Marine Surveyor for Meyerrose and Co., Inc.
>
> 2. Meyerrose and Co., Inc. is a specialized vessel surveying and valuation service provider to the marine insurance and transportation industries.
>
> 4. I have been requested by counsel for the Petitioner to provide a fair market valuation of the M/T MACKENZIE ROSE as of June 15, 2024.
>
> 5. After examining the vessel, I compared it to the fair market value for vessels of similar size and characteristics, in order to determine the fair market value of the M/T MACKENZIE ROSE.
>
> 6. In a written report, dated July 25, 2024, I concluded that the M/T MACKENZIE ROSE had a maximum fair market value as of June 15, 2024 of Two Million Five Hundred Thousand Dollars and Zero Cents ($2,500,000.00).

ECF 3-1, pp. 6-7.

The Affidavit clearly provides only one methodology: fair market valuation. However, as pointed out by both Belt Line and the Magistrate Judge, Mr. Meyerrose's subsequent Rebuttal

---

[1] The Affidavit omits Paragraph 3.

Report contradicts this sworn statement, repeatedly stating that there are no comparables to the M/T MACKENZIE ROSE and that, as a result, fair market valuation is not possible. *See e.g.*, ECF 138-2 ("There are no true comparables to the 'MACKENZIE ROSE' as she is a one off[.]"). Carver's Pleadings reiterate this position. *See e.g.,* ECF 156, pp. 7-10. As such, Mr. Meyerrose's Affidavit of Valuation does not reveal his actual methodology, and such information remains unknown.

### III. Mr. Meyerrose's subsequent Rebuttal Report cannot cure his initial insufficient Expert Report.

Even if Carver was correct that Mr. Meyerrose's Affidavit provided a second methodology, which it is not, this purported second methodology would still fall short of the requirements of Rules 26(a)(2)(B) and F.R.E. 702. Carver claims that, after finding no comparable vessels to the M/T MACKENZIE ROSE, Mr. Meyerrose provided a valuation based upon the condition of the vessel pursuant to the "guidelines for valuation provide in *North American Trailing*[.]" ECF 186, p. 5; *see In the Complaint of North American Trailing Co.*, 763 F. Supp. 152, 154 (E.D. Va. 1991) ("If there is no market for the vessel, or if sales of similar vessels are too few in number to indicate its market value with reasonable probability, the court must use other methods of arriving at its value."). Carver is incorrect in its assertion that Mr. Meyerrose provided any other acceptable methodologies.

As discussed above, both Mr. Meyerrose's Expert Report and Affidavit of Valuation contain no data or methodology whatsoever. As such, Carver points only to Mr. Meyerrose's Rebuttal Report to support its contention that he provided a "condition-based" valuation. Mr. Meyerrose's Rebuttal Report fails, however, to cure his insufficient Expert Report for two reasons.

First, the explanation Mr. Meyerrose provides in his Rebuttal Report as to how he arrived at his valuation opinion remains deficient under Rule 702:

5

> [B]ased on the fact that the last true sales price of the vessel was $1,000,000.00 at the time of purchase by Carver Companies in year 2020, the survey of Rick Meyerrose in 2018 valuing the tug at $3 Million, and based on our review done for our July 2024 survey, soon after the incident, of the Marcon Intl., and Heartland Barge websites of comparable vessel sale values, the extensive Meyerrose & Co., Inc. file reference material (over 40 years [*sic*] worth), knowledge and experience in the industry, we stand firm that as of July 2024 the "MACKENZIE ROSE" current value was $2,500,000.00.

ECF 138-2.

While providing *some* isolated figures, this rambling statement still fails to provide sufficient data or any analytical steps explaining how Mr. Meyerrose arrived at his conclusion.[2] This fails to meet the requirements of Rule 702.

Second, Mr. Meyerrose's Rebuttal Report came well after the deadline for Rule 26(a)(2)(B) disclosures. *See Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (upholding sanction of exclusion where a rebuttal expert's report was disclosed more than one year after the opposing party's expert report and just twenty-eight days prior to trial). An expert witness cannot cure the deficiencies of his initial report by stating the basis and reasons for his opinions in a rebuttal report. *See EEOC v. Freeman*, 961 F. Supp. 2d 783, 797 (Md. 2013) (holding that supplementation "does not create a right to produce information in a belated fashion") (internal quotations omitted); *see also Luke v. Family Care & Urgent Med Clinics*, 323 Fed. Appx. 496, 500 (9th Cir. 2009) (finding that Rule 26(e) "creates a duty to supplement, not a right. Nor does [it] create a loophole through which a party who submits partial expert witness disclosures, or who

---

[2] Notably absent is any information of comparable sales which Mr. Meyerrose implies are available on the websites of Marcon Intl. and Heartland Barge. However, both websites appear to be brokerage sites that display offering prices, not confirmed sales prices. Macron Intl.'s "Vessel Listings" (https://www.marcon.com/index.cfm?/Vessels-and-Barges/page/Search-Vessel-Listings, last accessed March 2, 2026) and Heartland Barge's "Exclusive Listings" of vessels (https://heartlandbarge.com/shop/, last accessed March 2, 2026) display inconsistent offer prices, with some vessels having no associated offer price. This is in line with the testimony of the Belt Line's vessel valuation expert, John Poulson. *See* ECF 187, pp 3-4.

wishes to revise her disclosures in light of her opponent's challenges to the analysis and conclusions therein, can add to them to her advantage after the court's deadline for doing so has passed."). Thus, even if Mr. Meyerrose's Rebuttal Report met the requirements of Rule 702, which it does not, it could still not cure his deficient Expert Report.

The basis for Mr. Meyerrose's opinion remains an enigma. Not one document produced by Carver reveals the facts or methodology supporting his valuation opinion. Without any data or methodologies to support his valuation, Mr. Meyerrose's opinion is unreliable under Rule 702, his opinion is inadmissible, and Carver's objection should be overruled.

## Conclusion

WHEREFORE, the Belt Line requests that the Court overrule Carver's Rule 72 Objection to the Magistrate Judge's Order Granting the Belt Line's Motion to Exclude Testimony and Opinions of Jason R. Meyerrose and grant the Belt Line all other just relief.

Dated: March 2, 2026  NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY

By: /s/ James L. Chapman, IV
James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Mackenzie R. Pensyl, VSB No. 100012
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
mpensyl@cwm-law.com
*Counsel for Norfolk and Portsmouth Belt Line Railroad Company*

7

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 2nd day of March 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all registered counsel of record, and mailed to:

    James Morrissey
    4723 Baywood Drive
    Lynnhaven, FL 32444

            By: */s/ James L. Chapman, IV*
              James L. Chapman, IV, VSB No. 21983
              CRENSHAW, WARE & MARTIN, P.L.C.
              150 W. Main Street, Suite 1923
              Norfolk, Virginia 23510
              Telephone: (757) 623-3000
              Facsimile: (757) 623-5735
              jchapman@cwm-law.com
              *Counsel for Norfolk and Portsmouth Belt*
              *Line Railroad Company*