IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division
In Admiralty

| | |
|---|---|
| In the Matter of COEYMANS MARINE TOWING, LLC D/B/A CARVER MARINE TOWING as Owner and Operator of M/T Mackenzie Rose, (IMO No. 8968765), *et al*. | Civil Action No. 2:24-cv-00490-MSD-LRL |

**NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY'S OPPOSITION TO CARVER'S RULE 72 OBJECTION TO THE MAGISTRATE JUDGE'S ORDER (ECF 169) PRECLUDING USCG-2692 FORMS**

Norfolk and Portsmouth Belt Line Railroad Company ("Belt Line"), by counsel, for its Opposition to the Rule 72 Objection filed by Coeymans Marine Towing, LLC d/b/a Carver Marine Towing ("Carver") (ECF 190) to the Magistrate Judge's Order at ECF 169, states as follows:

**Introduction**

Carver asks this Court to revisit an issue that the Magistrate Judge correctly decided: whether 46 U.S.C. § 6308 bars the use at trial of CG-2692 Forms and related Coast Guard investigative materials arising from the Coast Guard's marine casualty investigation of the June 15, 2024 allision. The Belt Line moved in limine to preclude (i) the CG-2692 Forms, (ii) testimony or questioning about their contents, and (iii) any other Coast Guard investigative materials or testimony at trial. ECF Nos. 114, 115. Carver opposed on the theory that the CG-2692 Forms were Carver's "own" documents and thus admissible regardless of the statute. ECF No. 139.

On February 6, 2026, Magistrate Judge Leonard granted the Belt Line's motion and entered a clear operative rule for trial: "no portion of the Coast Guard's investigation of the allision—including CG-2692 Forms and witness interview transcripts—may be introduced as evidence, referenced, or relied upon by expert opinions in this case." *See* ECF No. 169 at 9.

On February 20, 2026, Carver objected to the Magistrate's Order under Fed. R. Civ. P. 72(a). *See* ECF No. 190. Carver's Rule 72(a) objection repackages two points: first, that § 6308(a) supposedly does not reach Carver's CG-2692 submissions because they are Carver's "own" documents; and second, that even if § 6308 applies, the Order purportedly goes too far by prohibiting use of those materials through testimony or expert opinions. *Id.* Neither point shows clear error or legal mistake. The Order is legally correct and Carver's objection should be overruled.

## Standard of Review

Where a Magistrate Judge issues an order under Rule 72(a), a party may serve and file objections within fourteen (14) days after being served. Fed. R. Civ. P. 72(a). The District Judge may "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id*. A finding is "clearly erroneous" only when, despite supporting evidence, the reviewing court is left with the "definite and firm conviction that a mistake has been committed." *In re Subpoena for Documents Issued to Peninsula Pathology Assocs.*, 2023 U.S. Dist. LEXIS 171595, at *2 (E.D. Va. 2023) (citations omitted). A ruling is "contrary to law" when it fails to apply, or misapplies, relevant statutes, case law, or procedural rules. *Id.* Carver meets neither standard.

## Argument

**I.   The Magistrate Judge properly found that Section 6308(a) bars the CG-2692 Forms as part of the Coast Guard's marine casualty investigation record.**

Section 6308(a) imposes a categorical evidentiary bar. It begins with a priority clause, "notwithstanding any other provision of law," and then provides that "no part of a report of a marine casualty investigation … including findings of fact, opinions, recommendations, deliberations, or conclusions … shall be admissible as evidence or subject to discovery in any civil proceeding." 46 U.S.C. § 6308(a). The "notwithstanding" clause is the point. It prevents parties

2

from using other evidentiary routes to accomplish indirectly what the statute forbids directly.

The Magistrate Judge applied the well-recognized interpretation of the statute exemplified by *In re Eternity Shipping*, reading "including" to mean "including, but not limited to," and holding that § 6308 reaches the investigative record, including CG-2692 Forms and interview materials. *In re Eternity Shipping, Ltd., Eurocarriers, S.A. for Exoneration from or Limitation of Liab.*, 444 F. Supp. 2d 347, 363 n.56 (D. Md. 2006)); ECF No. 169 at 4, 6. That interpretation is consistent with the statute's function in private litigation and with the Court's obligation to enforce Congress's evidentiary command.

That statutory bar governs whether the CG-2692 Forms may be admitted, referenced, or relied upon at trial, and it applies here because the CG-2692 is not a neutral "business record." It is a Coast Guard casualty reporting form required and used to conduct a Chapter 63 investigation, and it expressly states that such Forms are protected from use in civil litigation under § 6308. Carver's objection effectively concedes the dispositive question by framing the dispute as whether § 6308 reaches "documents or other materials" a party "produced to the Coast Guard in furtherance of the Coast Guard's investigation." ECF No. 190 at 6. The Magistrate Judge correctly answered yes and explained why: allowing parties to use Coast Guard investigative materials at trial would convert a safety investigation into a litigation tool used to "strategically assign liability rather than promote maritime safety." *See* ECF No. 169 at 6.

Because the CG-2692 Forms are mandatory investigative inputs and part of the Coast Guard's marine casualty investigation, § 6308(a) bars their admission, reference, or reliance. And because § 6308 operates "[n]otwithstanding any other provision of law," it forecloses Carver's attempt to repackage the Forms through hearsay exceptions, "business record" labels, or expert conduits. The statute draws the line, and the Order respects it.

3

## II. Carver's "business records" theory and its reading of *Guest* would collapse the statute and defeat the policy Congress enacted.

Section 6308 is designed to protect the Coast Guard's safety investigation function and to keep marine casualty investigations separate from civil litigation. The Coast Guard's regulations state the purpose plainly: investigations and determinations are undertaken "for the purpose of taking appropriate measures for promoting safety of life and property at sea," and "are not intended to fix civil or criminal responsibility." *See* 46 C.F.R. § 4.07-1(b). Consistent with that purpose, the Magistrate Judge correctly adopted a broad reading of § 6308 because to hold otherwise would impede the search for truth and encourage self-serving characterizations at the investigative stage. ECF No. 169 at 6.

Carver's objection asks the Court to disregard the function of the Form. The CG-2692 is a Coast Guard casualty reporting form titled "U.S. Coast Guard REPORT of MARINE CASUALTY, COMMERCIAL DIVING CASUALTY, or OCS RELATED CASUALTY." It is not a document Carver prepared for its internal use. It is the Form Carver was required to complete as part of the Coast Guard's investigation.

The record exemplifies why Congress drew the bar where it did. Carver submitted two CG-2692 Forms with materially different narratives, first minimizing the incident and then shifting responsibility entirely to the Mate. ECF No. 139 at 2; ECF No. 115, exs. 2-3. That is exactly the incentive § 6308 guards against: the temptation to draft investigative submissions with an eye toward later litigation. The Form itself confirms the point. The CG-2692 Form includes a Privacy Act Notice stating that the "information collected is protected from use in civil litigation" under § 6308, and the Magistrate Judge correctly treated that warning as confirmation that § 6308 excludes the Form in its entirety. ECF No. 169 at 4.

Carver's reliance on *Guest v. Carnival Corp.* does not render the Order contrary to law. 917 F. Supp. 2d 1242, 1244 (S.D. Fla. 2012). The Order recognizes the split, contrasts *Guest* with the broader approach exemplified by *In re Eternity Shipping*, and adopts the interpretation that fits the statutory text, the Coast Guard's own warning on the Form, and the safety purpose embedded in the regulations. 444 F. Supp. 2d 347, 363 n.56 (D. Md. 2006); *see also* ECF No. 169 at 4-6, 9.

Carver's "no prejudice because bench trial" point also misses the mark. Section 6308 is not a discretionary Rule 403 balance, keyed to the risk of confusing a jury. It is a categorical evidentiary bar enacted to protect the Coast Guard's safety investigation process from being repurposed in civil litigation. Whether the factfinder is a jury or the Court does not change the statutory command that "no portion" of the marine casualty investigation is admissible or usable in the case.

Carver's "line drawing" hypothetical likewise misfires. For example, the referenced Lt. Palomba voicemail contains no investigative substance; it reflects only the date Lt. Palomba contacted Carver to show that the Belt Line, not Carver, reported the allision to the Coast Guard. ECF 190 at 6. Similarly, the text messages between General Manager Brian Moore, Port Captain Leonard Baldassare, and the tug (*See* ECF 178 at. 22, J. 64, J. 65)[1] predating the Coast Guard investigation are evidence of Carver's management actively conspiring to avoid reporting the allision to the Coast Guard. Plainly, these are not part of any Coast Guard investigative material and Carver's hypothetical is pure sophistry.

At base, Carver's objection seeks a loophole that would swallow § 6308: if Carver's view prevails, all parties will be incentivized to manipulate their narratives on the Coast Guard Form

---

[1] These joint exhibits are mistakenly referenced as J. 53 in Carver's objection. *See* ECF 190 at 6.

and later offer it as their "own" record at trial. Congress closed that door, and the Magistrate Judge enforced it. Carver's objection to the Order should be overruled.

## Conclusion

WHEREFORE, the Belt Line respectfully requests that this Court overrule Carver's Objection to the Magistrate's Order and grant the Belt Line all other just relief.

Dated: March 2, 2026            NORFOLK AND PORTSMOUTH BELT
                                LINE RAILROAD COMPANY


                                By: */s/ James L. Chapman, IV*
                                    James L. Chapman, IV, VSB No. 21983
                                    W. Ryan Snow, VSB No. 47423
                                    Andrea' N. Dunlap, VSB No. 98030
                                    Mackenzie R. Pensyl, VSB No. 100012
                                    CRENSHAW, WARE & MARTIN, P.L.C.
                                    150 W. Main Street, Suite 1923
                                    Norfolk, Virginia 23510
                                    Telephone: (757) 623-3000
                                    Facsimile: (757) 623-5735
                                    jchapman@cwm-law.com
                                    wrsnow@cwm-law.com
                                    adunlap@cwm-law.com
                                    mpensyl@cwm-law.com
                                    *Counsel for Norfolk and Portsmouth Belt Line Railroad Company*

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 2nd day of March 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all registered counsel of record, and mailed to:

    James Morrissey
    4723 Baywood Drive
    Lynnhaven, FL 32444

              By: */s/ James L. Chapman, IV*
                 James L. Chapman, IV, VSB No. 21983
                 CRENSHAW, WARE & MARTIN, P.L.C.
                 150 W. Main Street, Suite 1923
                 Norfolk, Virginia 23510
                 Telephone: (757) 623-3000
                 Facsimile: (757) 623-5735
                 jchapman@cwm-law.com
                 *Counsel for Norfolk and Portsmouth Belt*
                 *Line Railroad Company*