IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division
In Admiralty

| | |
|---|---|
| In the Matter of COEYMANS MARINE TOWING, LLC D/B/A CARVER MARINE TOWING as Owner and Operator of M/V Mackenzie Rose, (IMO No. 8968765), *et al*. | Civil Action No: 2:24-cv-00490-MDS-LRL |

### CARVER'S MOTION FOR LEAVE TO UPDATE TRIAL DISCLOSURES

**I.**
**MOTION FOR LEAVE TO DESIGNATE DEPOSITION TESTIMONY OF LENNY BALDASSARE FOR TRIAL DUE TO LATE NOTICE FROM WITNESS AS TO UNAVAILABILITY AND LOCATION OUTSIDE 100 MILES FROM THE COURT**

Plaintiff Coeymans Marine Towing, LLC d/b/a Carver Marine Towing ("Carver"), by its undersigned counsel, respectfully moves this Court (1) pursuant to Federal Rule of Civil Procedure 32(a)(4) to designate the deposition testimony of Lenny Baldassare for use at trial and (2) to include two additional exhibits, D130 and D131, as Carver's trial exhibits. In support of this Motion, Carver states as follows:

**A. Introduction**

Lenny Baldassare is a former Carver employee who resides in New York. Throughout discovery, he voluntarily appeared for his deposition and advised that he would continue to work with counsel for Carver as needed. During discussion with counsel about trial preparation, Mr. Baldassare advised that he would be available for trial if he could secure childcare, as his spouse works evenings. Despite initially agreeing to cooperate, Mr. Baldassare, who continues to reside in New York, more than 100 miles from Norfolk, Virginia, has advised that he will not attend trial. The Belt Line has designed Mr. Baldassare as a witness whom it intends to call for trial

Given the late notice to Carver and. Under Federal Rule of Civil Procedure 32(a)(4)(B) and (E), his deposition testimony should be designated for use at trial as he is an unavailable witness.

### B. Factual Background

1. Mr. Baldassare's deposition was taken on April 29, 2026 at Carver's counsel's office in New York.

2. All parties were present or represented at the deposition, and the deposition was conducted in accordance with the Federal Rules of Civil Procedure.

3. Since the onset of the case, Mr. Baldassare has cooperated with Carver throughout the discovery process, including appearing for his deposition and as needed during the litigation.

4. Mr. Baldassare currently resides in Lindenhurst, New York, which is more than 100 miles from the Norfolk Division of the Eastern District of Virginia where this case is venued. See **Exhibit A, Baldassare Dep.,** p. 6 (testimony as to residence location in Lindenhurst, New York).

5. Carver has endeavored to have all of its witnesses (some of whom are third-party witnesses and all of whom reside more than 100 miles from court) appear in person at trial, given the Courts' and parties' preferences for live testimony. Given that, Carver employees will appear live. Non-party witnesses, Lenny Baldassare, former Carver Port Captain and Jason McGrath, formerly an engineer at Carver, both reside more than 100 miles from Norfolk, Virginia and have cooperated throughout discovery and advised that their testimony at trial might be necessary. Carver has or will arrange to reimburse all costs of travel to Norfolk, Virginia for both witnesses.

6. Mr. McGrath advised that he will attend trial, with testimony to take place on March 16, 2026.

7. Counsel for Carver contacted Mr. Baldassare to advise him of potential dates to testify at trial, and Mr. Baldassare advised that he would have to discuss the dates with his spouse as to their schedules and childcare needs.

8. Today, Mr. Baldassare advised Carver that he has changed his mind and will not participate in trial.

9. In reliance on Mr. Baldassare's cooperation and assurances, Carver did not issue a subpoena to Mr. Baldassare.

10. The Belt Line has designated more than 200 pages of Mr. Baldassare's deposition testimony alone. *See* Supplement to D178 Final Pretrial Order, ECF 180, pp. 9-15 of 30 (Belt Line's deposition designations of Brian More, Lenard Baldassare, Jason Galioto, Nick Laraway 30(b)(6), Josef Malik, Erick Walordy, Jarkeis Morrissey, Jason McGrath, Sharif Porter, Alex O'Rourke).

11. Mr. Baldassare's testimony is critical to Carver's defense as to its liability, including any allegations of vessel unseaworthiness and Carver's lack of privity, particularly in the absence of testimony or evidence from or relating to the United States Coast Guard in light of the Court's recent Order barring that evidence. Mr. Baldassare's absence at trial would substantially prejudice Carver's ability to present its case.

12. Carver should be permitted to designate, and at least counter-designate, Mr. Baldassare's deposition testimony. A copy of the **proposed Deposition Designation of Mr. Baldassare** is attached as **Exhibit B**.

## C. Legal Standard

Federal Rule of Civil Procedure 32(a)(4) permits a party to use for any purpose the deposition of a witness, whether or not a party, if the court finds:

> (B) the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition;
> ...
>
> (D) the party offering the deposition could not procure the witness's attendance by subpoena; or
>
> (E) on motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used.

The use of deposition testimony at trial requires that three criteria be satisfied: (1) it is being used against a party who was present or represented at or had reasonable notice of the deposition; (2) it falls within one of the categories in Rule 32(a)(1) through (8); and (3) it is admissible under the Federal Rules of Evidence as though the witness were present and testifying. The 100-mile requirement under Rule 32(a)(4)(B) is measured from the place of trial to the witness's residence. *Tatman v. Collins*, 938 F.2d 509, 510 (4th Cir. 1991). Courts have consistently held that a witness who resides more than 100 miles from the courthouse and has not responded to attempts to secure voluntary attendance qualifies as unavailable under this rule. *See Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1362 (11th Cir. 2002) (explaining that courts should "consider all the circumstances" in "allowing or disallowing a deposition to be taken for use at trial"). Among the factors relevant to allowing for the use of depositions at trial include "the circumstances relating to the witness's absence, the surprise to opposing counsel, evidentiary rules, and the longstanding preference of federal courts to have live testimony over recorded testimony." *Truth Tellers, LLC v. Levine*, 662 F. Supp. 3d 605, 620 (N.D.W. Va. 2023) (citing

4

*Napier v. Bossard*, 102 F.2d 467, 469 (2d Cir. 1939); *Garcia-Martinez v. City & Cnty. of Denver*, 392 F.3d 1187, 1191 (10th Cir. 2004); *In re Air Crash Disaster at Stapleton Intern. Airport, Denver, Colo.*, on Nov. 15, 1987, 720 F. Supp. 1493, 1502 (D. Colo. 1989)).

### D. Argument

**1. Mr. Baldassare Is an Unavailable Witness Under Rule 32(a)(4)(B)**

Mr. Baldassare satisfies the unavailability requirements of Federal Rule of Civil Procedure 32(a)(4)(B) because he resides more than 100 miles from the place of trial in the Eastern District of Virginia. His current residence at Lindhurst, New York, places him outside the Court's subpoena power for trial attendance. he witness's absence has not been procured by Carver. To the contrary, Mr. Baldassare initially agreed to cooperate and participated in discovery by appearing for his deposition. His current decision not to participate in trial was made was independent decisions made without any involvement or encouragement from Carver.

**2. Plaintiff Cannot Procure Mr. Baldassare's Attendance by Subpoena**

Mr. Baldassare's unavailability is further established under Rule 32(a)(4)(E) because Plaintiff cannot procure his attendance by subpoena. As Mr. Baldassare resides more than 100 miles from the place of trial, he is beyond the reach of this Court's trial subpoena power pursuant to Federal Rule of Civil Procedure 45(c)(1)(A), which limits the geographic reach of trial subpoenas to within 100 miles of the place of trial. This lack of responsiveness, combined with his geographic distance, makes it impossible for Carver to secure his attendance at trial.

**3. All Requirements for Use of Deposition Testimony Are Satisfied**

The requirements for admission of Mr. Baldassare's deposition testimony are fully satisfied:

    **a. Notice and Presence:** All parties were present or represented at Mr. Baldassare's deposition, which was properly noticed and conducted in accordance with the Federal Rules of Civil

5

Procedure. The Belt Line has currently designated multiple pages of Mr. Baldassare's testimony for trial. See

> **b. Proper Category:** Mr. Baldassare's testimony falls within the "unavailable witness" category of Rule 32(a)(4), specifically subsections (B) and (E), as he resides more than 100 miles from the courthouse and Plaintiff cannot procure his attendance by subpoena or voluntary cooperation.
>
> **c. Admissibility:** Mr. Baldassare's deposition testimony is admissible under the Federal Rules of Evidence. His testimony concerns facts within his personal knowledge regarding Carver's alleged negligence, including issues pertaining to operator error in navigation on the date of the incident, alleged unseaworthiness, testimony pertaining to lack of privity and other issues to be addressed by Carver as part of its burden of proof, would be admissible if he were present and testifying at trial.

**4. Mr. Baldassare Is a Critical Witness for Carver and the Belt Line will suffer no prejudice given that the Belt Line has designated various segments of testimony in more than 200 pages of Mr. Baldassare's deposition transcript.**

Counsel for the Belt Line Mr. Baldassare's testimony is not merely cumulative or supplemental—it is critical to Carver's case. His testimony is necessary to authenticate documents, including email and text messages, and to establish material facts regarding vessel operator navigational error on June 15, 2026 particularly in light of the Court's ruling which barred any testimony or evidence pertaining to Coast Guard investigations. His testimony is necessary to defend Carver against claims of alleged vessel unseaworthiness, as well as testimony to establish lack of privity regarding any alleged negligence associated with the incident in question. His testimony will center on the condition or operation of equipment, conversations or admissions by

6

parties, Carver's compliance with the SMS or practices, or other essential elements of Carver's claims and defenses.

Without Mr. Baldassare's testimony, Carver would be substantially prejudiced in presenting essential evidence to the Court. The deposition testimony provides the only means by which this critical evidence can be presented, and Rule 32(a)(4) specifically contemplates this situation.

## Conclusion

For the foregoing reasons, Carver respectfully requests that this Court grant this Motion and designate the attached deposition testimony of Lenny Baldassare for use at trial. Mr. Baldassare is an unavailable witness under Federal Rule of Civil Procedure 32(a)(4)(B) and (E), all procedural requirements are satisfied, and his testimony is critical to Plaintiff's case at no prejudice to the Belt Line's case.

**WHEREFORE,** Plaintiff Carver respectfully requests that this Court:

1. Grant this Motion to designate deposition testimony of Lenny Baldassare for use at trial;
2. Permit Plaintiff to introduce the deposition testimony of Lenny Baldassare at trial in lieu of live testimony; and
3. Grant such other and further relief as the Court deems just and proper.

## II.

## MOTION FOR LEAVE TO ADD TWO EXHIBITS [D130, D131] TO TRIAL EXHIBIT LIST

Carver, by and through undersigned counsel, respectfully moves the Court for leave to add two additional exhibits, identified as [Exhibit Nos. D130, D131][1], to its trial exhibit list previously submitted in this matter, and states as follows:

1. On January 27, 2026 the parties filed their Pretrial Disclosures. The Court's Pretrial Order issued On February 13, 2026. On March 6, 2026 consistent with the Federal Rules of Civil Procedure and the Court's scheduling order, the parties exchanged and filed their final pretrial disclosures, including trial exhibit lists.

2. The exhibits that are the subject of this Motion are business records, including email correspondence June 19, 2024 between Port Captain Leonard Baldassare and General Manager Brian Moore and an attached incident statements describing the events of June 15, 2026 [bearing Bates numbers CARVER ESI 000948-000953 - Proposed Carver Exhibit D130]; and an incident statement from James Morrissey regarding the events of June 15, 2024 [bearing Bates number CARVER ESI 947- Proposed Carver Exhibit 131]. True and correct copies of **[Proposed] D130 and D131** are attached hereto as **Exhibit C**.

3. Carver did not initially include these exhibits on its previously-filed Trial Exhibit list because the need for these specific documents became apparent only after recent pretrial Order (ECF 114) which excluded all testimony and evidence pertaining to the United States Coast Guard investigation of the subject allision, and Carver is now submitting this evidence as additional support if the Magistrate's ruling upheld. Courts routinely permit

---

[1] The Exhibits D130, and D131 have been included in the Trial Binders submitted to the Court and the Parties in the event this motion is granted.

8

amendment of exhibit lists where the omission was inadvertent and causes no unfair surprise or prejudice. The Court's Pretrial Order (ECF 178) does not prohibit either party from seeking leave to add an exhibit or exhibits as Trial Exhibits.

4. Allowing these two additional exhibits will not prejudice the Belt Line. The documents have been produced during discovery. The Belt Line has ample opportunity to review them before trial; and the exhibits concern the issue of whether the allision was caused by Capt. James Morrissey's navigation error, the subject matter already at issue in this case.

5. The exhibit is relevant and admissible under the Federal Rules of Evidence as it tends to make more probable than not that the subject allision was caused by navigational error.

6. Granting this Motion will promote a full and fair adjudication of the issues on the merits without disrupting the trial schedule or otherwise burdening the Court.

WHEREFORE, Carver respectfully requests that the Court enter an order granting leave to amend its trial exhibit list to add [Exhibit Nos. 130 and 131 described above, and granting such other and further relief as the Court deems just and proper.

Dated: <u>March 6, 2026</u>                             Respectfully submitted,

**CLYDE & CO US LLP**

/s/ *Matthew J. Obiala*
Matthew J. Obiala  (VSB No. 100626)
30 S. Wacker Drive, Suite 2600
Chicago, IL 60606
T:  (312) 635-7000
E:  Matt.Obiala@clydeco.us

James H. Rodgers*
Clyde & Co US LLP
45 Lexington Avenue, 16th Floor
New York, NY 10174
Phone: (212) 702-6771
Email: james.rodgers@clydeco.us

        Michael J. Roman*
        Dawn L. Johnson
        Siobhan M. Murphy*
        Clyde & Co US LLP
        30 South Wacker Drive, Suite 2600
        Chicago, IL 60606
        Phone: (312) 635-7000
        Email: michael.roman@clydeco.us
        dawn.johnson@clydeco.us
        Siobhan.murphy@clydeco.us
        *pro hac vice*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 6, 2026, a true and correct copy of the foregoing document was filed using the Court's CM/ECF system, which will serve all counsel of record by electronic mail as follows:

Mark C. Nanavati, Esq. (VSB No.: 38709)
G. Christopher Jones, Jr., Esq. (VSB No.: 82260)
SINNOT, NUCKOLS & LOGAN, P.C.
13811 Village Mill Drive
Midlothian, Virginia 23114
(804) 893-3866 (Nanavati)
(804) 893-3862 (Jones)
(804) 378-2610 (Facsimile)
mnanavati@snllaw.com
cjones@snllaw.com
*Counsel for Evanston Insurance Company a/s/o Norfolk and Portsmouth Belt Line Railroad Company*

Zachary M. Jett, Esq. (VSB No.: 93285)
BUTLER WEIHMULLER KATZ, et al
11525 North Community House Road
Suite 300
Charlotte, North Carolina 28277
(704) 543-2321 (Telephone)
(704) 543-2324 (Facsimile)
zjett@butler.legal
*Counsel for Evanston Insurance Company, a/s/o Norfolk and Portsmouth Belt Line Railroad Company*

James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Mackenzie R. Pensyl VSB No. 100012
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
mpensyl@cwm-law.com
*Attorneys for Norfolk and Portsmouth Belt Line Railroad Company*

                                      /s/ Matthew J. Obiala