UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

In the Matter of COEYMANS
MARINE TOWING, LLC, d/b/a
CARVER MARINE TOWING AS OWNER         Civil No. 2:24cv490
AND OPERATOR OF M/T MACKENZIE
ROSE (IMO No. 8968765), etc.

## MEMORANDUM ORDER

This matter is before the Court upon the objections of Petitioner Coeymans Marine Towing, LLC, d/b/a Carver Marine Towing ("Carver") to two rulings by the Magistrate Judge in the final pretrial order. See Fed. R. Civ. P. 72(a).

Carver objects to the Magistrate Judge's orders, ECF No. 178, excluding evidence of a grant the Belt Line received and declining to exclude one of the Belt Line's exhibits purporting to summarize its damages. ECF Nos. 192-93. Claimant Norfolk and Portsmouth Belt Line Railroad Company ("the Belt Line") filed a response in opposition to Carver's objections. ECF No. 206.

Because the parties' contentions are adequately presented in their filings, a hearing is unnecessary. Fed. R. Civ. P. 78; Local Civ. R. 7(J). For the following reasons, Carver's objections, ECF Nos. 192-93, are **OVERRULED**.

### I. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(a), parties may seek a district judge's review of a Magistrate Judge's order

deciding "a pretrial matter not dispositive of a party's claim or defense" by filing timely and specific objections thereto. Fed. R. Civ. P. 72(a). The district judge must "modify or set aside any part of the [Magistrate Judge's] order that is clearly erroneous or is contrary to law." Id.; see also 28 U.S.C. § 636(b)(1)(A).

A Magistrate Judge's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). Under this standard, "altering . . . non-dispositive orders" is often "extremely difficult to justify." CertusView Techs., LLC v. S & N Locating Servs., LLC, 107 F. Supp. 3d 500, 504 (E.D. Va. 2015) (citation modified).

With respect to "questions of law," however, "there is no practical difference between review under Rule 72(a)'s contrary to law standard and a de novo standard." Id. (quoting Bruce v. Hartford, 21 F. Supp. 3d 590, 594 (E.D. Va. 2014)). "A magistrate judge's order is contrary to law when the order 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" SageWater, LLC v. Hossfeld, No. 1:23cv770, 2024 WL 4520646, at *1 (E.D. Va. Oct. 17, 2024) (citation omitted).

2

## II. ANALYSIS

### A. Grant Money Records

In the Final Pretrial Order, the Magistrate Judge sustained the Belt Line's objections to Carver's proposed use as an exhibit at trial of "[d]ocuments received in response to a subpoena issued to [the] Virginia Department of Rail & Public Transportation." See ECF No. 178, at 35, 45. After learning that the Belt Line had "used [state] grant money . . . for some of the repairs," Carver "issued a [Freedom of Information Act ("FOIA")] request directly to Virginia for the payment records." ECF No. 192, at 1.

The Belt Line objected at the final pretrial conference to Carver's effort to introduce documents which it had not specifically disclosed and which, even by that time, Carver had not produced.[1] ECF No. 178, at 35 (identifying the proposed exhibit generally as "Documents received in response to subpoena issued to Virginia Department of Rail & Public Transportation"); ECF No. 32, at 3 ("With the exception of rebuttal or impeachment, any information required by Rule 26(a)(3) not timely disclosed, delivered, and incorporated in the proposed final pretrial order shall result in the exclusion of the witnesses, depositions, and exhibits which are the subject of such default.").

---

[1] According to the Belt Line, Carver submitted its FOIA request on December 19, 2025, without alerting the Belt Line. See ECF No. 206, at 3. Carver first alerted the Belt Line to the documents generally on January 27, 2026, but the documents themselves were not actually produced until February 26, 2026, two weeks after the final pretrial conference. Id. at 3 & n.1.

3

Carver suggests that its late disclosure of these documents was justified because, though they "should have been produced in discovery," they were only recently obtained via FOIA request. ECF No. 192, at 1-2. However, Carver learned of the grant money during the course of discovery, yet chose not to seek relief from the Court for the Belt Line's purported failure to produce relevant documents. See id. Given its choice, Carver's subsequent failure to timely disclose some 7,000 pages of documents warrants the documents' exclusion, particularly given "the extent to which allowing" their admissibility could "disrupt" the imminent trial. S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 596 (4th Cir. 2003).

The Belt Line also objected, and the Magistrate Judge ruled, that the documents are not relevant to any fact "of consequence." Fed. R. Evid. 401(b); see ECF No. 178, at 35. According to Carver, the grant "payment history is relevant to [the Belt Line's] request for prejudgment interest on any award it might obtain at trial." ECF No. 192, at 2.

Notwithstanding the Court's discretion to vary from the general rule in admiralty, awarding prejudgment interest from the date of the allision,[2] the Court has been presented with no

---

[2] "[T]he weight of authority" holds "that prejudgment interest should start to accrue from the date of the loss, i.e., the date of the allision." Norfolk & Portsmouth Belt Line R. Co. v. M/V MARLIN, No. 2:08cv134, 2009 A.M.C. 2465, 2009 WL 3363983, at *14 (E.D. Va. Oct. 9, 2009); see also, e.g., Ryan Walsh Stevedoring Co. v. James Marine Servs., Inc., 792 F.2d 489,

4

"peculiar facts" justifying a departure from such general rule. Bunge Corp. v. Am. Com. Barge Line Co., 630 F.2d 1236, 1242 (7th Cir. 1980); see also Ameejee Valleejee & Sons v. M/V Victoria U., 661 F.2d 310, 313 (4th Cir. 1981) (noting district courts' "sound discretion" over the "award of prejudgment interest in admiralty cases").

For each of these reasons, the Magistrate Judge's ruling excluding the grant money records was neither clearly erroneous nor contrary to law. Carver's objection, ECF No. 192, is therefore **OVERRULED**.

### B. Damages Spreadsheet

In the Final Pretrial Order, the Magistrate Judge overruled Carver's "foundation," hearsay, relevance, and timeliness objections to the Belt Line's "Damages Spreadsheet." ECF No. 178, at 49. Carver now clarifies that its "relevancy and Rule 37/26 objections are directed to [specific] entries," while its "foundation and hearsay objections are directed at Exhibit 105 generally to the extent Belt Line intends to offer the spreadsheet itself as evidence of damages." ECF No. 193, at 2.

Invoking relevance, Carver seeks to exclude "additive rates" that it views as "unrelated to any actual damage done to the bridge." Id. at 5. According to the Belt Line, these rates

---

493 (5th Cir. 1986) ("[T]his circuit has consistently held that prejudgment interest on repair costs runs from the date of the accident even though the owner does not pay these costs until some later date.").

"reflect overhead costs that would otherwise be lost if not included." ECF No. 206, at 7. Such costs may be recoverable. See Freeport Sulphur Co. v. S/S Hermosa, 526 F.2d 300, 304 (5th Cir. 1976) ("The cost of repairs performed internally by the injured party, including overhead, are recoverable in a negligence action."). Thus, whether or not the proposed additive rates are reasonable, they are relevant. To the extent Carver believes these rates to be "patently unreasonable," ECF No. 193, at 6, it may so argue at trial. See, e.g., Ziskie v. Mineta, 547 F.3d 220, 225 (4th Cir. 2008) ("The Rules of Evidence thus adopt a presumption in favor of admitting relevant evidence, and leave it up to the finder of fact to assign it proper weight.").

Carver's timeliness objection is aimed at "two invoices and information regarding claimed damages amounts" that "were disclosed on September 3, 2025 after the close of discovery," and that are now reflected in the challenged spreadsheet. Id. at 4. The Fourth Circuit has explained that a failure "to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2)," does not require the exclusion of "information not so disclosed" if "such failure is harmless." S. States Rack & Fixture, 318 F.3d at 595 (4th Cir. 2003) (quoting Fed. R. Civ. P. 37(c)(1)). Even if the Belt Line's September 3, 2025, disclosure was unjustifiably late, it occurred more than six months before the commencement of trial,

6

leaving ample time in which "to cure" any "surprise" caused thereby. Id. at 596-97.

Finally, Carver (without citing any legal authority) appears to base its "foundation and hearsay objections" on the grounds that the spreadsheet (1) "includes the 'notes' authored by Belt Line's President describing third party contractors' work," (2) was "prepared for litigation," and (3) "only includes unfounded 'top line' costs and not the underlying records establishing what damages, if any, Belt Line may have sustained from the allision." ECF No. 193, at 2.

"Rule 1006 permits admission of summary charts to serve as surrogates for voluminous, admissible evidence." United States v. Mccomber, No. 24-4376, 2026 WL 266808, at *5 (4th Cir. Feb. 2, 2026) (citing United States v. Ortiz Orellana, 90 F.4th 689, 699 (4th Cir. 2024)). "Rule 1006 summaries are themselves treated as evidence," id., "whether or not" the underlying records "have been introduced into evidence," Fed. R. Evid. 1006(a). However, a "summary spreadsheet" submitted pursuant to Rule 1006 "may not present favorable inferences to the jury in the guise of record evidence." Mccomber, 2026 WL 266808, at *5 (citing United States v. Janati, 374 F.3d 263, 272-73 (4th Cir. 2004)).

Applying these principles, the Fourth Circuit recently held that a "summary spreadsheet r[an] afoul of Rule 1006 inasmuch as it include[d] a 'NOTES' column which provide[d] commentary on the

7

evidence presented." Id. Here, the "Reason" column appearing in the Belt Line's spreadsheet similarly includes "relevant, non-numerical facts that the [Belt Line] associate[s] with each [cost] entry." Id.; see ECF No. 193-1, at 2.

In light of the foregoing, the Court will **SUSTAIN in part** Carver's objection, ECF No. 193. The Court will not consider the "Reason" column as evidence, though the Belt Line remains free to elicit testimony covering similar ground at trial.[3] The damages spreadsheet, the Belt Line's Exhibit 105, is otherwise admissible.

### III. CONCLUSION

For the reasons set forth above, Carver's objection with respect to the grant money records, ECF No. 192, is **OVERRULED**, and Carver's objection with respect to the damages spreadsheet is **OVERRULED in part** and **SUSTAINED in part**.

The Clerk is **REQUESTED** to send a copy of this Memorandum Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ [signature]
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 9, 2026

---

[3] The Belt Line may also seek to "present an illustrative aid to help the trier of fact understand the evidence" in accordance with Federal Rule of Evidence 107.