**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division
In Admiralty**

| | |
|---|---|
| In the Matter of COEYMANS MARINE TOWING, LLC D/B/A CARVER MARINE TOWING as Owner and Operator of M/T Mackenzie Rose, (IMO No. 8968765), *et al.* | **Civil Action No. 2:24-cv-00490-MSD-LRL** |

**NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY'S
MEMORANDUM IN SUPPORT OF
MOTION FOR VOLUNTARY DISMISSAL**

Norfolk and Portsmouth Belt Line Railroad Company ("Belt Line"), by counsel, submits this memorandum in support of its Motion for Voluntary Dismissal of its Amended Complaint in Admiralty against Defendant James D. Morrissey ("Morrissey") (ECF 15).

*Procedural History*

On December 19, 2024, the Belt Line filed its Amended Complaint in Admiralty against Morrissey in Case No. 2:24-cv-00407 (ECF 15). On December 20, 2024, this Court ordered that Case No. 2:24-cv-00407 be consolidated with the instant litigation (ECF 30). On May 14, 2025, Morrissey filed his Answer to the Belt Line's Complaint (ECF 55).

On May 26, 2026, the Belt Line and Petitioner Coeymans Marine Towing, LLC d/b/a Carver Marine Towing ("Carver") notified the Court that the parties had reached a settlement in the limitation action and accompanying claim (ECF 237). On June 12, 2026, the Belt Line and Carver filed a stipulated dismissal with the Court dismissing both Carver's Complaint for Exoneration from or Limitation of Liability (ECF 1) and the Belt Line's Claim Under Supplemental Rule F (ECF 25). Accordingly, the only pending matter in this litigation is the Belt Line's Complaint against Morrissey.

*Legal Authority*

Pursuant to Fed. R. Civ. P. 41(a)(2), after a party answers or a motion for summary judgment is filed and absent an agreed stipulation of dismissal signed by all parties, a plaintiff may request voluntary dismissal of its action by Court order "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The Fourth Circuit has held, "the purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987).

*Background*

The Belt Line has requested several times that Morrissey agree to this dismissal but has received no response. On September 30, 2026, counsel for the Belt Line sent electronic correspondence to Morrissey at his last known email address including a draft stipulated dismissal for his signature. The Belt Line also copied Morrissey's last known attorney. A copy of this correspondence is attached hereto as **Exhibit A**.

On October 7, 2026, counsel for the Belt Line again requested a response to the draft stipulated dismissal and advised Morrissey that if the Belt Line did not hear back from him by October 9, 2026, it would proceed with unilaterally filing a motion for voluntary dismissal. A copy of this correspondence is attached hereto as **Exhibit B**.

To date, the Belt Line has not received a response to its attempts to obtain Morrissey's consent to a stipulated dismissal order. As a result, the Belt Line is seeking voluntary dismissal by order of this Court pursuant to Fed. R. Civ. P. 41(a)(2). A proposed Order is attached hereto as **Exhibit C**.

*Argument*

The limitation action has been resolved through settlement following trial, and the Belt Line now seeks closure of the only remaining active portion of the case—its action against Morrissey. Because Morrissey answered the Complaint but has not signed a stipulation of dismissal, dismissal requires a court order under Federal Rule of Civil Procedure 41(a)(2).

Dismissal is warranted here. The underlying limitation action has been resolved by settlement, leaving no reason to continue litigating the remaining claim against Morrissey. The Belt Line attempted on multiple occasions to secure Morrissey's agreement to a stipulated dismissal but received no response. Its request is therefore made for a legitimate purpose and without undue delay. Nor would dismissal prejudice Morrissey. He has not asserted a counterclaim and dismissal would terminate the remaining action against him rather than impair any legal right he may have.

WHEREFORE, the Belt Line respectfully requests that this Court dismiss the Belt Line's Complaint in Admiralty in its entirety and remove this action from the Court's active docket.

Dated: October 27, 2026

**NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY**

_/s/ *W. Ryan Snow*_
James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Mackenzie R. Pensyl VSB No. 100012
Crenshaw, Ware & Martin, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com

wrsnow@cwm-law.com
mpensyl@cmw-law.com
*Counsel for Norfolk and Portsmouth Belt Line Railroad Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of October 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all registered counsel of record, and mailed to:

James Morrissey
4723 Baywood Drive
Lynnhaven, FL 32444

By: *_____/s/ W. Ryan Snow_____*

W. Ryan Snow, VSB No. 47423
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
wrsnow@cwm-law.com
*Counsel for Norfolk and Portsmouth Belt Line Railroad Company*